1  RANDALL C. CREECH, Cal. Bar #65542
   CREECH, LIEBOW & KRAUS
2  333 West San Carlos Street, Suite 1600
   San Jose, CA  95110
3  Telephone:  (408) 993-9911
   Facsimile:   (408) 993-1335
4
5  MICHAEL E. MOLLAND, Cal. Bar #111830
   MORGAN, LEWIS & BOCKIUS, LLP
6  One Market, Spear Street Tower
   San Francisco, CA  94105
7  Telephone:  (415) 442-1121
   Facsimile:   (415) 442-1001
8
   **Attorneys for Defendant Olin Corporation**
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| MARK DANIELS, KISTI DANIELS, SUE MCELWAINE, LOUIS J. KATEN, JR. and FRED N. THREATT, on Behalf of Themselves and All Others Similarly Situated, | Case No. C 03-01211 RMW  **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| Plaintiffs, v. | |
| OLIN CORPORATION, | |
| Defendant. | |
| SANTA CLARA VALLEY WATER DISTRICT, | Case No.:  C 07-03756 JW |
| Plaintiffs, v. | |
| OLIN CORPORATION, | |
| Defendant. | |

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

- 1

TO THE HONORABLE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

In compliance with Local Rules 3-12 and 7-11, Defendant Olin Corporation ("Olin") hereby moves District Court to relate the case of *Santa Clara Valley Water District v. Olin Corporation,* Action No. 07-03756, to the 245 cases previously related to *Mark Daniels v. Olin Corporation, et al* case. Those related cases encompass the action entitled *Mark Daniels v. Olin Corporation, et al*, Case No. 03-01211 (the action in which filings in the four putative class actions brought by the Alexander firm are to be filed, based on the prior Order of the Court), *Albert Aguilar, et al. v. Olin Corporation, et al.*, Case No. 03-01644 (the action which all filings relating to the 125 individual Alexander cases are to be filed pursuant to Order of this Court), *Jane Palmisano, et al. v. Olin Corporation, et al.*, Case No. 03-01607 (into which the pleadings related to the Rapazzini Graham/Duane Morris are to be filed), *Birkey, et al. v. Olin Corporation,* Case No. 04-00888, *Brothers, et al. v. Olin Corporation*, Case No. 03-04038, *Rianda, et al. v. Olin Corporation, et al.,* Case No. 04-02668, *Wilkins v. Olin Corporation*, Case No. 04-05277 (hereinafter collectively referred to as the "Related Actions" – see Attachment "A" for a full list of these cases). Olin brings this motion on the following grounds:

1. Beginning in April, 2003, 129 cases were brought by the Alexander firm, including the four putative class actions contained in the *Daniels* filing and the 125 individual cases contained in the *Aguilar* filings, 112 cases brought by the Rapazzini Graham/Duane Morris firms contained in the *Palmisano* filings, as well as four other individual cases, the *Birkey, Brothers, Rianda* and *Wilkins* cases, were filed against Olin based on the alleged contamination of the groundwater in the Llagas sub-basin, a groundwater basin in Santa Clara County. The 129 cases filed by the Alexander firm named the *District* as a Defendant.[1] Plaintiffs in those actions, as does the District in this case, alleged that the Olin had contaminated the groundwater of the Llagas sub-basin (and the resulting drinking water) with potassium perchlorate as a result of operations conducted by them at a manufacturing facility located at 425 Tennant Road in San

---

[1] The District was subsequently severed and the claims against it remanded to state court. All 245 cases, contrary to the representation made by the District in its "Statement of Related Cases", remained before the United States District Court of the Northern District of California, San Jose Division, and were presided over by the Honorable Ronald M. Whyte.

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

- 2 -

1 Martin.  All of those cases were determined by the Court to be related cases and were
2 coordinated before District Court Judge Ronald M. Whyte.  Those cases were resolved in various
3 fashions, including a full-scale jury trial that consumed several weeks of the Court's time.  The
4 last of those cases, the *Wilkins* matter, was resolved a few weeks ago.

5    2.  On July 24, 2007, Olin was served with a summons and complaint in the *District*
6 action.  Olin requests that the *District* action be found related to the *Daniels, Aguilar* and
7 *Palmisano* cases and that the *District* action be reassigned to Judge Ronald M. Whyte.  Olin
8 makes this request on the following grounds:

9 - The Related Actions and *District* action concern the same property.  Each of these
10   actions center on alleged perchlorate contamination of the Llagas Subbasin and the
11   drinking water of Santa Clara County residents.
12 - The cases allege that the contamination arises out of the same property, to wit, the
13   425 Tennant Avenue site previously operated by Olin Corporation.
14 - The Related Action, and *District* action concern the same transaction or event.  Each
15   of the actions allege Olin's alleged contamination of the Llagas Subbasin through its
16   manufacture of signal flares at its 425 Tennant Avenue facility in Morgan Hill,
17   California.
18 - All of the Related Actions and the *District* action allege overlapping causes of action
19   – including claims for public nuisance.  In addition, the 112 Rappazzini
20   Graham/Duane Morris cases contained CERCLA claims for damages and declaratory
21   relief, including claims for "necessary response costs, including costs to assess and
22   investigate the nature and extent of the contamination, cross-related through remedial
23   action, including enforcement activities relating to", which are substantially similar to
24   the relief sought in the *District* action and, therefore, presents substantially similar
25   questions of law and fact.

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

- 3 -

- Like the other plaintiffs in the other 245 related cases, the District seeks money damages for past or present injuries because of Olin's alleged misconduct.[2]

- As previously noted, the District and Olin were parties to the 129 Alexander cases and the *Birkey* case, and are the only parties to the *District* action. Indeed, in the *District* action, the District seeks the recovery of attorneys' fees and costs incurred by it in the defense of these earlier-filed actions. *See District* action Complaint at ¶73.

3. Responsive pleadings are not yet due and have not been filed in the *District* action. As noted above, litigation in the Related actions has been concluded.

4. Assignment of the *District* action to the Honorable Ronald M. Whyte will conserve judicial resources, prevent inconsistent rulings, and avoid expense and duplication of efforts by the Court. In particular, the Honorable Ronald M. Whyte has presided over these cases for more than four years. During that time, the Court has conducted numerous Case Management Conferences, Pre-Trial Conferences, heard substantive and evidentiary motions, heard and ruled upon *Daubert* motions and, most significantly, presided over the trial of the four Bellwether plaintiffs, which consumed several weeks of the Court's time. It is hard to envision a greater waste of judicial resources than to disregard all of that judicial expertise as it pertains to the very specific fact pattern before this Court.

5. In its Statement of Related Cases, (a true and correct copy of which is attached hereto as Exhibit A) the District appears to suggest that there are few, if any, similarities between its case and the Related Actions. One needs not to do more than to compare the factual allegations of the District's Complaint, which, in essence, in contained in Paragraphs 18-29 with the factual allegations contained in the Rapazzini Graham claims (*Palmisano* Complaint, Paragraphs 17-40) and the Alexander claims (*Aguilar* Complaint, Paragraph 22-40) to realize that the Related cases and the *District* case arise out of exactly the same fact pattern and set of circumstances. Indeed, it is interesting to note that while the District references some unspecified other cases, it does not

---

[2] The District may also suggest it seeks declaratory relief as well, regarding future cleanup, but as the Court is aware, the cleanup is proceeding under the regulatory control of the California Regional Water Quality Control Board and the District neither suggests it seeks to usurp this authority, nor has it named the Regional Water Quality Control Board as a party to this action.

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

- 4 -

1  identify any of them so the Court could compare their allegations with those of the District, does
2  not advice the Court that those actions were all determined to be related cases or make mention
3  of the significant efforts Judge Whyte made in managing those cases.  Judge Whyte has already
4  invested a great deal of time and effort in dealing with the common fact pattern and the law that
5  applies to it.

6.  A true and correct copy of the *Albert Aguilar v. Olin Corporation, et al.* complaint[3] is attached hereto as Exhibit B.

7.  A true and correct copy of the *Mark Daniels, et al. v. Olin Corporation, et al.* complaint[4] is attached hereto as Exhibit C.

8.  A true and correct copy of the complaint in *James Palmisano, et al. v. Olin Corporation, et al*[5]. is attached hereto as Exhibit D.

9.  A true and correct copy of the complaint in *James Birkey, et al. v. Olin Corporation, et al.* is attached herewith as Exhibit E.

10. A true and correct copy of the complaint in *Daniel Brothers, et al. v. Olin Corporation, et al.* is attached herewith as Exhibit F.

11. A true and correct copy of the complaint in *Norah Wilkins, et al. v. Olin Corporation, et al.* is attached hereto as Exhibit G.

12. A true and correct copy of the complaint in *Belinda Rianda, et al. v. Olin Corporation* is attached hereto as Exhibit H.

13. A true and correct copy of the complaint *Santa Clara Valley Water District v. Olin Corporation, et al.* is attached hereto as Exhibit I.

---

[3] As is set forth in the Declaration of Randall C. Creech filed together with this Motion, the four putative class action complaints filed by the Alexander law firm followed a common pleading template, as did the other 125 Complaints filed by the Alexander law firm and the 112 complaint by the Rapazzini Graham/Duane Morris cases.

[4] As is set forth in the Declaration of Randall C. Creech filed together with this Motion, the four putative class action complaints filed by the Alexander law firm followed a common pleading template, as did the other 125 Complaints filed by the Alexander law firm and the 112 complaint by the Rapazzini Graham/Duane Morris cases.

[5] As is set forth in the Declaration of Randall C. Creech filed together with this Motion, the four putative class action complaints filed by the Alexander law firm followed a common pleading template, as did the other 125 Complaints filed by the Alexander law firm and the 112 complaint by the Rapazzini Graham/Duane Morris cases.

- 5 -

14. For the reasons set forth above, the *District* case is clearly a related case within the meaning of the Local Rules and should be assigned and coordinated by the Honorable Ronald M. Whyte so that the hard won judicial resources that his knowledge and expertise in connection with the subject matter of this litigation represents can be utilized to the benefit of the Court and all of the parties.

Dated: July 30, 2007

CREECH, LIEBOW & KRAUS

By:       /s/
    RANDALL C. CREECH, Cal. Bar #65542
    333 West San Carlos Street
    Suite 1600
    San Jose, CA  95110
    Telephone:  (408) 993-9911
    Facsimile:   (408) 993-1335

    MICHAEL E. MOLLAND, Cal. Bar #111830
    MORGAN, LEWIS & BOCKIUS, LLP
    One Market, Spear Street Tower
    San Francisco, CA  94105
    Telephone:  (415) 442-1121
    Facsimile:   (415) 442-1001

    Attorneys for Defendant Olin Corporation