1 BERNARD J. ALLARD, ESQ., State Bar No. 033099
2 JOHN P. CARDOSI, ESQ., State Bar No. 111381
  POPELKA ♦ ALLARD, A P.C.
3 One Almaden Boulevard, Eighth Floor
  San Jose, CA 95113-2215
4 [408] 298-6611
  [408] 275-0814 Facsimile
5
  Attorneys for Plaintiffs
6 JAMES BIRKEY, RON WILSON,
  BARBARA WILSON, AND
7 PAMELA BEALE

UCS
Karissa Shaw

FILED  Santa Clara Co
01/15/04    3:34pm
Kiri Torre
Clerk Of Court
R#200400004729  as dtsclerk
                    $299.50
TL                  $299.50
Case: 1-04-CV-012714

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9               IN AND FOR THE COUNTY OF SANTA CLARA
10

11 JAMES BIRKEY, RON WILSON, BARBARA     No. 104CV012714
   WILSON, AND PAMELA BEALE,
12                                        COMPLAINT FOR:
           Plaintiffs,
13                                        (1) Negligence
       vs.                                (2) Nuisance
14                                        (3) Intentional Infliction of Emotional
   OLIN CORPORATION, a corporation;           Distress
15 STANDARD FUSEE CORPORATION, a          (4) Trespass
   corporation; ORION SAFETY PRODUCTS, a  (5) Equitable (Injunctive and/or
16 corporation; SANTA CLARA VALLEY WATER       Declaratory) Relief and Damages
   DISTRICT; CALIFORNIA REGIONAL WATER    (6) Punitive Damages
17 QUALITY CONTROL BOARD, SAN             (7) Equitable (Injunctive and/or
   FRANCISCO REGION; CALIFORNIA               Declaratory) Relief
18 REGIONAL WATER QUALITY CONTROL
   BOARD, CENTRAL COAST REGION; THE SAN
19 MARTIN COUNTY WATER DISTRICT; ANNE
   LEE; YOSHIO SUEKAWA; and DOES 1 through
20 50, inclusive,
21         Defendants.
22

23      Plaintiffs James Birkey, Ron Wilson, Barbara Wilson, and Pamela Beale (hereinafter
24 "Plaintiff") allege as follows:
25                          NATURE OF THE CASE
26      1.    This action is brought to remedy Defendants' unlawful conduct directed at Plaintiff.
27 The Plaintiff, like numerous current and previous residents and property owners at the affected
28 "Olin Site" (as hereinafter alleged), has lived, is living, and/or owns property situated on a

POPELKA • ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT                          1

1    highly toxic groundwater plume of potassium perchlorate that is a direct result of Defendants'
2    forty years of manufacturing highway flares containing potassium perchlorate, and dumping
3    such potassium perchlorate waste into the soil. Within a year of filing this complaint, Plaintiff
4    discovered that Plaintiff's only groundwater source is located within the plume area
5    contaminated with potassium perchlorate, which continues to migrate throughout the affected
6    area. Defendants are responsible for the presence of the contamination, for allowing the toxic
7    waste to remain in the community and fester, and for allowing potassium perchlorate to
8    contaminate the groundwater in and around the Olin Site area and surrounding communities.
9    Despite the fact that Defendants have known about the discharge of poisonous waste materials
10   into the soil for some time, Plaintiff was left to discover the presence of the contamination only
11   after the public was informed by the media in or around January 2003.

12        2.      Plaintiff has a substantial financial investment in Plaintiff's real property and wells
13   located within the affected Olin Site and surrounding communities. Plaintiff had no knowledge
14   that there was potassium perchlorate in the groundwater supplying the community or that
15   Defendants had been dumping or discarding potassium perchlorate so it was allowed to migrate
16   through the soil and into the groundwater aquifer that the community depends upon for water.

17        3.      Despite California's stringent environmental laws and standards, Defendants
18   created a toxic waste site, left their waste in the soils and allowed it to infiltrate the groundwater
19   system. Now, a toxic dump exists under the neighborhood homes, buildings, playgrounds, and
20   places of business located within the affected Olin Site and surrounding communities, and it is
21   uncertain as to the length of time which will be required for abatement of the contamination, if it
22   can be abated at all. The Plaintiff's inalienable right to quietly enjoy the safety and security in
23   owning property has been destroyed by Defendants' misconduct. Plaintiff is essentially a
24   prisoner of the Olin Site, having lost all ability to sell, market, or finance.

25        4.      The experts are now investigating the extent and scope of the potassium perchlorate
26   contamination. The Defendants are involved in cleaning up the toxic waste for which they are
27   legally responsible. The EPA has not filed a formal action against any of Defendants. Plaintiff
28   fears for Plaintiff's own safety, and for the safety of Plaintiff's family. Neither the short term nor

POPELKA • ALLARD, A.P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2235
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT                                    2

1    the long term health effects of Plaintiff's exposure to potassium perchlorate through the

2    contaminated groundwater is known at this point. Plaintiff must live each and every day with this

3    knowledge that the sanctity of Plaintiff's community is continuously being invaded with a

4    poisonous substance that has rendered the groundwater unusable. Plaintiff has lost the value of

5    Plaintiff's home and real property, the safety of the environment, and now is confronted with the

6    stigma that necessarily attaches to property which is located on or near a toxic waste site.

7                                    **THE PARTIES**

8         5.    Plaintiffs James Birkey, Ron Wilson, Barbara Wilson, and Pamela Beale are

9    individuals residing in Santa Clara County, California. Plaintiffs are individuals who own wells

10   and real property in Morgan Hill and San Martin, California, which have been damaged by the

11   presence of potassium perchlorate in the groundwater system in their community, including the

12   following: James Birkey, Ron Wilson and Barbara Wilson own real property located at 19280

13   Monterey Street, Morgan Hill, CA, and 11040 Monterey Street, Morgan Hill, CA.; James

14   Birkey owns real property located at 18255 Peet Road, Morgan Hill, CA, 13710 Llagas Ave.,

15   San Martin, CA, 13710 B Llagas Ave., San Martin, CA, and wells located at 13720 Llagas Ave.,

16   San Martin, CA, 12985 Sycamore, San Martin, CA and 12945 Sycamore, San Martin, CA.;

17   James Birkey and Pamela Beale own real property located at 12965 Sycamore, San Martin, CA

18   and 12985 Sycamore, San Martin, CA; Pamela Beale owns real property located at 15270

19   Venetian Way, Morgan Hill, CA.

20        6.    Defendant Olin Corporation is a multi-national corporation with annual revenues in

21   excess of $1 billion dollars, derived in part from the international sale of chemicals and

22   munitions, including Winchester ammunition through the Winchester Arms Company.

23   Defendant Olin Corporation is authorized to do business in the State of California and which, at

24   all times relevant hereto, owned and operated a manufacturing facility located in the City of

25   Morgan Hill, County of Santa Clara, State of California. That as part of the ongoing business of

26   Defendant Olin Corporation, Olin was engaged in the process of manufacturing highway safety

27   flares at said facility from 1955 to approximately 1996.

28

POPELKA • ALLARD, A P.C.
One Almaden Blvd. 8th Floor
San Jose, CA 95113-2215
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

COMPLAINT                                          3

7.  Defendant Standard Fusee Corporation was at all times relevant hereto, the lessee of the subject Olin property from 1988 to 1996 and manufactured flares on the Olin property at the Olin plant during that time period.

8.  Defendant Orion Safety Products purchased the automotive and marine signal divisions of Olin Corporation in 1988, and is the world's largest manufacturer of emergency flares.

9.  The Santa Clara Valley Water District ("SCVWD") is the primary water resources agency for Santa Clara County, California, is the steward for its streams and creeks, underground aquifers and district-built reservoirs and has a duty to prevent pollution of these water sources and to provide clean, safe water for homes and businesses. The San Martin County Water District is the primary water resource agency for San Martin, California, is the steward for its streams and creeks, underground aquifers and district-built reservoirs and has a duty to prevent pollution of these water sources, and to provide clean, safe water for homes and businesses.  The California Regional Water Quality Control Board's (Central Coast Region and San Francisco Region)  mission is to protect, preserve, enhance, and restore the quality of California's water resources, including ground and surface water. The California Regional Water Quality Control Board is responsible for setting standards, including waste and discharge requirements, and determining compliance with such requirements, and taking action to enforce those requirements. The California Regional Water Quality Control Board's mission is to protect, preserve, enhance, and restore the quality of California's water resources, including ground and surface water.

10.  Defendant Anne Lee, was at all times relevant hereto, the supervisor of manufacturing services for Defendants and an employee of Olin Corporation and Standard Fusee Corporation, and a resident of California. As an individual, said Defendant was directly involved in, and is specifically responsible for, the intentional waste dumping of potassium perchlorate onto the soil and into the percolating ponds located on the Olin Site, and as such is personally responsible for the groundwater contamination in and around the Olin Site area and surrounding communities. Said Defendant knew or should have known that the drinking water wells in and

POPELKA • ALLARD, A P.C.
One Almaden Blvd., 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT                                                 4

around the Olin site area and surrounding communities would be contaminated by the intentional waste dumping of potassium perchlorate into the soil and into the unlined evaporation pond. Defendant's acts amounted to willful poisoning, making said Defendant individually responsible.

11.    Defendant Yoshio Suekawa, was at all times relevant hereto, the manufacturing superintendent for Defendants and an employee of Olin Corporation and Standard Fusee Corporation, and a resident of California. As an individual, said Defendant was directly involved in, and is specifically responsible for, the intentional waste dumping of potassium perchlorate onto the soil and into the percolating ponds located on the Olin Site, and as such is personally responsible for the groundwater contamination in and around the Olin Site area and surrounding communities. Said Defendant knew or should have known that the drinking water wells in and around the Olin site area and surrounding communities would be contaminated by the intentional waste dumping of potassium perchlorate into the soil and into the unlined evaporation pond. Defendant's acts amounted to willful poisoning, making said Defendant individually responsible.

12.    DOES 1 to 50 are persons whose identities are unknown to Plaintiff at this time. Defendants DOES 1 to 50 are business entities controlled by, and/or agents of and/or employees of and/or affiliated with Defendants. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 to 50. They are sued herein pursuant to C.C.P. § 474. When Plaintiff becomes aware of the tree names and capacities of the Defendants sued as DOES 1 to 50, Plaintiff will amend this Complaint to state their true names and capacities.

13.    Each Defendant sued herein was the principal, agent, or employee of the other, and was acting within the scope of such agency or employment. Each Defendant sued herein the co-conspirator of the other and was acting within the course and scope of a conspiracy formed amongst each of them. Each Defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors. Each Defendant sued herein received money or property as a result of the conduct described herein without consideration therefore and/or with knowledge that the money or property was obtained as a result of the wrongful

POPELKA - ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT                                    5

1    conduct described herein. Each entity Defendant sued herein is a shell organization, and is

2    actually the alter ego of the other Defendants sued herein.

3         14.   "Defendants," and/or "Defendant" as used in this Complaint refers to all

4    Defendants as well as DOES 1 to 50. "Manufacturing Defendants" refers to defendants Olin

5    Corporation, Standard Fusee Corporation, Orion Safety Products, Anne Lee, Yoshio Suekawa,

6    and DOES 1 to 50. "Water Resource Defendants" refers to the Santa Clara Valley Water

7    District; California Regional Water Quality Control Board, San Francisco Region; California

8    Regional Water Quality Control Board, Central Coast Region; the San Martin County Water

9    District, and DOES 1 to 50.

10   **JURISDICTION AND VENUE**

11        15.   This Court has jurisdiction over this action pursuant to California Code of Civil

12   Procedure section 410.10.

13        16.   Venue is proper in this Court pursuant to Code of Civil Procedure sections 395 and

14   395.5 in that Defendants breached their duties and because liability arises in the County of Santa

15   Clara. Further the Defendants either maintain offices, transact business, have agents, are found,

16   or reside, in the County of Santa Clara. Plaintiff is informed and believes that the unlawful

17   misconduct took place in Santa Clara County at Olin Corporation's facility in Morgan Hill in the

18   State of California. Furthermore, many of the unlawful acts herein alleged were committed or

19   perpetrated within the County of Santa Clara.

20        17.   No portion of this Complaint is brought pursuant to federal law.

21   **POTASSIUM PERCHLORATE OVERVIEW**

22        18.   At all relevant times, potassium perchlorate has been known to be an herbicide that

23   is toxic to animals and people.

24        19.   Potassium perchlorate's effect on thyroid function was discovered in 1952 and has

25   been confirmed repeatedly since then. (Stanbury and Wyngaarden 1952; Kessler and

26   Krunkemper 1966; Lampe, et al. 1967; Brown-Grant and Sherwood 1971; Gauss 1972; Mannisto

27   1979.)

28

POPELKA - ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 299-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT                6

20.     Potassium perchlorate was first suspected as a carcinogen in 1966, when a long-term study on the effects of potassium perchlorate in drinking water was reported. After two years of potassium perchlorate consumption, more than a third of potassium perchlorate fed lab animals developed benign thyroid tumors, compared with none of the control animals. (Kessler and Krunkemper 1966.) Potassium perchlorate-induced tumors result from changes in the thyroid caused by hormone interference. Similar effects are seen with other thyroid hormone disruptors. The severity of these precursor lesions have a dose response relationship (the more that is consumed, the greater the risk) and for that reason the EPA considers potassium perchlorate to be a probable carcinogen.

21.     Studies in the 1950s showed that potassium perchlorate could pass through the placenta and it affected fetuses more seriously than adults. (Postel 1957; Brown-Grant and Sherwood 1971.) This is significant. Potassium perchlorate's risks are greater to children because of the relationship between maternal and fetal thyroid hormone levels and neurological development. Since the 1970s the consequences of depressed thyroid hormone levels on developing fetuses and infants have been known to be devastating and even temporary disruption of thyroid hormones can lead to permanent defects in the developing organism. In 1969 it was revealed that mild maternal hypothyroidism can cause reduced IQ in children. (Man and Jones 1969.) Thyroid hormones are crucial to proper development of many organ systems, including the nervous and reproductive systems (Porterfield 1994; Jannini 1995) and toxins that disrupt thyroid function can be expected to impact neurological developmental and increase the risk of mental retardation, vision, speech and hearing impairment, delayed reflex development, and impaired fine motor skills.

## FACTUAL ALLEGATIONS

22.     This action is brought to remedy Defendants' unlawful conduct directed at Plaintiff. Plaintiffs, property owners in the community around the affected Olin Site, live and/or own real property and wells situated above a highly toxic groundwater plume of potassium perchlorate, that is a direct result of the Manufacturing Defendants' forty years of manufacturing highway

POFELKA & ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT

1  flares containing potassium perchlorate, mad dumping such potassium perchlorate waste into the

2  soil.

3       23.   Within a year of filing this complaint, Plaintiff discovered that Plaintiff's

4  groundwater source is located in the plume area contaminated with potassium perchlorate, which

5  continues to migrate throughout the affected area. Defendants are responsible for the presence of

6  the contamination, for allowing the toxic waste to remain in the community and fester, and for

7  allowing potassium perchlorate to contaminate the groundwater in and around the Olin Site area

8  and surrounding communities. Despite the fact that Defendants have known about the discharge

9  of poisonous waste materials into the soil for some time, Plaintiff was left to discover the

10  presence of the contamination only after the public was informed by the media on or around

11  January 17, 2003.

12       24.   Defendants knew and it was well known to each of the individual managers,

13  supervisors and superintendents employed by the Defendants, that the chemicals being dumped

14  onto the soil and into the evaporation pond located on the Olin Site were and are dangerous to

15  the surrounding communities, and in fact, a massive explosion occurred in the 1970's as a result

16  of the Defendants' waste dumping on the Olin Site, which blew-out windows in numerous

17  structures in the vicinity.

18       25.   Defendants knew and it was well known to each of the individual managers,

19  supervisors and superintendents employed by the Defendants, that the Olin Site is located above

20  a groundwater aquifer that supplies the drinking water to the Olin Site area and surrounding

21  communities, nonetheless, the individual managers directed that the waste potassium perchlorate

22  be dumped onto the soil and into the evaporation pond on the Olin Site.

23       26.   The Olin Corporation operated the facility from the 1950s until about March 1988

24  when Standard Fusee Corporation leased the facility from Olin. Highway flares and railroad

25  flares are the main product manufactured by both Olin Corporation and Standard Fusee at the

26  Olin Site.

27       27.   In 1986, soil samples were taken along the northeastern boundary of the Olin Site.

28  Two soil borings down to 16 feet below ground surface and one down to 11 feet below ground

POPELKA ♦ ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

8

COMPLAINT

1    surface were drilled along the Olin Site's northern property line. A composite soil sample was

2    taken from each boring and analyzed for 15 compounds, including potassium perchlorate. The

3    results indicated a concentration of potassium perchlorate in the soil of up to one (1) part per

4    million or one hundred (100) parts per billion.

5        28.    At all relevant times, it was public knowledge that waste potassium perchlorate was

6    dumped into an unlined evaporation pond located on the Olin site, and that such unlined

7    evaporation pond was used from about 1951 to 1987. The evaporation pond, about 15 feet by 15

8    feet in size, is known to have received wastes from the cleaning process of the ignition material

9    mixing bowls which were cleaned on site. This process consisted of boiling a solution of water

10   and soda ash in the mixing bowls and discharging the liquid and ignition material residues,

11   including potassium perchlorate, into the unlined evaporation pond.

12       29.    In 1987, Olin closed the evaporation pond and in late 1987 or early 1988 the

13   evaporation pond was drained and the bottom layer of soil was removed and spread out onto the

14   adjacent field, creating a perchlorate leach field.

15       30.    The Olin Site is located within a portion of the Las Llagas sub-basin in the southern

16   leg of the Santa Clara Valley. The groundwater below the site is located within one unconfined

17   aquifer, and flows from the northwest to the southeast, and is not stratified. The aquitards that

18   exist in the aquifer are not extensive and do not prohibit the flow of groundwater to the lower

19   portions of the aquifer, which is not protected from surface contaminants.

20       31.    There is a municipal well within 300 feet of the site that is one of 12 wells in a

21   blended water supply system for the City of Morgan Hill. The municipal water system supplies

22   water to thousands of people in the City of Morgan Hill area. This is separate and apart from

23   approximately 2000 wells south of Morgan Hill.

24       32.    The Santa Clara Valley Water District ("SCVWD") is the primary water resources

25   agency for Santa Clara County, California, is the steward for its streams and creeks, underground

26   aquifers and district-built reservoirs and has a duty to prevent pollution of these water sources

27   and to provide clean, safe water for homes and businesses. To accomplish this, the SCVWD

28   monitors groundwater quality at least on an annual basis through monitoring wells throughout

POPELKA • ALLARD, A.P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

9

COMPLAINT

1    the groundwater basin which are designed to monitor for common groundwater constituents and

2    unnatural constituents including, but not limited to, organic solvents, gasoline additives, nitrates

3    and chloride.

4         33.    The Water Resource Defendants have a duty to ensure a safe and healthy supply of

5    groundwater. The SCVWD manages the groundwater basin to fulfill the objectives of the

6    District Act and its mission. The goal of these groundwater management efforts has been, and

7    continues to be, to ensure that groundwater resources are sustained and protected. As part of the

8    District's Global Governance Commitment adopted by the Board of Directors, the District will

9    provide a healthy, clean, reliable, and affordable water supply that meets or exceeds all

10   applicable water quality regulatory standards in a cost-effective manner. The District has

11   ineffectively managed the groundwater basin to fulfill the objectives of the District Act and its

12   mission to sustain and protect groundwater resources. Overall, the District's groundwater

13   protection programs have been ineffective in protecting the groundwater basin from

14   contamination.

15        34.    In addition, the SCVWD has a duty to maintain groundwater basins and is legally

16   authorized to collect revenues from well owners for the water they use. Such water usage is

17   monitored by a meter that the SCVWD requires to be installed. In addition, the SCVWD through

18   its Well Ordinance Program is responsible for issuing permits for wells and inspecting all well

19   construction activities in Santa Clara County to make sure that wells do not threaten groundwater

20   resources in the county.

21        35.    By monitoring the quality of the groundwater basin, the District can discover

22   adverse water quality trends before conditions become severe and intractable, so that timely

23   remedial action to prevent or correct costly damage can be implemented. In general, the District

24   monitors groundwater quality to ensure that it meets water quality objectives for all designated

25   beneficial uses, including municipal and domestic, agricultural, industrial service, and industrial

26   process water supply uses.

27        36.    At all relevant times, the Water Resource Defendants knew or should have known

28   that potassium perchlorate was present in several monitoring wells and soil samples on or near

POPELKA ◆ ALLARD, A P.C.
One Almaden Blvd., 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

10

COMPLAINT

the Olin Site, that the groundwater basin in the area was polluted, that the pollutants were
spreading underground into the San Martin drinking water and that people, and particularly
children were at risk for severe injuries caused by potassium perchlorate and that property
damage was occurring and would occur with regard to the owners of all private property in the
area.

37.    Plaintiff has a substantial financial investment in the property and wells located
within the affected Olin Site and surrounding communities. Plaintiff had no idea that there was
potassium perchlorate in the groundwater supplying the community or that Defendants had been
dumping or discarding potassium perchlorate so it was allowed to migrate through the soil and
into the groundwater aquifer that the community depends upon for water.

38.    Despite California's stringent environmental laws and standards, Defendants
created a toxic waste site, left their waste in the soils and allowed it to infiltrate the groundwater
system. Now, a toxic dump exists under the neighborhood homes, buildings, playgrounds, and
places of business located within the affected Olin Site and surrounding communities, and it is
uncertain as to the length of time which will be required for abatement of the contamination, if it
can be abated at all. Plaintiff is essentially a prisoner of the Olin Site, having lost all ability to
sell, market, or finance.

39.    The experts are now investigating the extent and scope of the potassium perchlorate
contamination. The Defendants are involved in cleaning up the toxic waste for which they are
legally responsible. The EPA has not filed a formal action against any of Defendants. Plaintiff
now fears for Plaintiff's own safety, and for the safety of Plaintiff's family.

40.    Neither the short-term nor the long-term health effects of Plaintiff's exposure to
potassium perchlorate through the contaminated groundwater is known at this point. Plaintiff
must live each and every day with this knowledge that the sanctity of Plaintiff's community is
continuously being invaded with a poisonous substance that has rendered the groundwater
unusable.

POPELKA • ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2213
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT

11

1    41.    Plaintiff has lost the value of Plaintiff's property and wells, the safety of the

2    environment, and now is confronted with the stigma that necessarily attaches to property which

3    is located on or near a toxic waste site.

### FIRST CAUSE OF ACTION

### [Negligence Against All Defendants]

6    42.    Plaintiff hereby incorporates by reference paragraphs 1 through 41 above as though

7    fully set forth herein, and further alleges:

8    43.    Defendants were negligent. The negligence of the Manufacturing Defendants

9    includes, but is not limited to the negligent operation of their manufacturing facilities, and the

10   disposal of manufacturing waste and byproducts, including potassium perchlorate, whereby

11   potassium perchlorate was allowed to enter the ground water at the Olin Site and migrate to

12   groundwater in the community. The negligence of the Water Resource Defendants includes, but

13   is not limited to negligence in the monitoring and testing of the ground water on and near the

14   Olin site, negligence in preventing the contamination and spread of the contaminated ground

15   water form the Olin site, negligence in failing to promptly warn and inform the public

16   concerning the contaminated ground water from the Olin site, negligence in taking and/or

17   ordering remediation of the contaminated ground water from the Olin site, and negligence in

18   managing the groundwater basin to sustain and protect groundwater resources.

19   44.    At all times material herein, the Manufacturing Defendants were under a duty to

20   conduct its business of manufacturing highway flares with due and reasonable care imposed by

21   law. At all times material herein, the Water Resource Defendants were under a duty to ensure a

22   safe and healthy supply of water. The Water Resource Defendants manage the groundwater

23   basin to fulfill the objectives of their missions. The goal of these groundwater management

24   efforts has been, and continues to be, to ensure that groundwater resources are sustained and

25   protected. The Water Resource Defendants have ineffectively managed the groundwater basin to

26   fulfill the objectives of their missions and  sustain and protect groundwater resources. The Water

27   Resource Defendants have a duty to protect groundwater basins and is legally authorized to take

28   enforcement action to remediate  pollution of groundwater. Defendants were at all times relevant

POPELKA ≈ ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

12

COMPLAINT

1    hereto under the strictest duty of care to conduct themselves in a non-negligent reasonable

2    manner according to the reasonable product person standard.

3        45.    Defendants violated this duty of due and reasonable care and said violation was

4    despicable, wanton and reckless and calculated to cause grievous harm to the Plaintiff.

5        46.    Plaintiff has in the past and will in the future sustain damages as a result of the

6    negligence of the Defendants in their failure to contain and properly dispose of waste and

7    by-products, including potassium perchlorate, from the manufacture of highway flares.

8        47.    As a legal and proximate result of the aforesaid carelessness and negligence of said

9    Defendants, the aforesaid conduct caused severe injury to Plaintiff and thereby proximately

10    caused Plaintiff to sustain damages and injuries as herein alleged.

11        Wherefore, Plaintiffs pray for judgement as hereinafter set forth.

12                    SECOND CAUSE OF ACTION

13            [Nuisance Against All Manufacturing Defendants]

14        48.    Plaintiff hereby incorporates by reference paragraphs 1 through 41 above as though

15    fully set forth herein, and further alleges:

16        49.    Plaintiff at all times herein mentioned has the inalienable right to own, enjoy, and

17    use Plaintiff's property without interference by other property owners such as Defendants who

18    choose to undertake ultra-hazardous activities on their land, and to not have that right impaired

19    by the introduction into the groundwater system of toxic substances by Defendants.

20        50.    Manufacturing Defendants, and each of them, have a public duty to conduct their

21    business, and in particular the mass storage and disposal of hazardous toxic substances, in a

22    manner that does not damage the public welfare and safety.

23        51.    At all times mentioned herein the conduct of said Manufacturing Defendants caused

24    hazardous substances and toxins, including potassium perchlorate to be discharged/disposed of

25    into the soil and groundwater supply of the communities around the subject Olin Site. The

26    substances penetrated the soil and contaminated the groundwater and have been distributed

27    throughout the community as a result of being carried through the groundwater system.

28

POPELKA ● ALLARD, A.P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT

52. The aforementioned discharges emanated from land upon which Manufacturing Defendants carried on activities in conjunction with the operation of their businesses, at all times mentioned herein, and for forty years prior thereto.

53. The aforementioned conduct of said Manufacturing Defendants constitutes a nuisance within the meaning of §3479 of the Civil Code in that it is injurious and/or offensive to the senses of Plaintiff, and/or interferes with Plaintiff's comfortable enjoyment of life, and/or of their property, and/or unlawfully obstructs the free use, in the customary manner, of Plaintiff's property. The contamination and its concomitant spoliation of the community groundwater supply is a continuing and/or permanent nuisance which adversely impacts the use and/or value of Plaintiff's property.

54. As a direct and proximate result of said wrongful conduct, Plaintiff has suffered economic damages including, but not limited to, lost use of property, denial of useful and quiet enjoyment of property, diminution in the fair market value of property, impairment of the salability of property, and losses related to residual toxic contamination, which has caused said property to be stigmatized. Plaintiff alleges that said damages are in excess of the minimum jurisdictional amount of this Court to be set forth according to proof at trial.

55. As a further and direct proximate result of Manufacturing Defendants' wrongful conduct, the Plaintiff has suffered, and will continue to suffer, pain, discomfort, anxiety, fear, worries, stress, and mental and emotional distress, all to the Plaintiff's general damage in an amount to be set forth according to proof.

56. Unless the nuisance is abated, Plaintiffs property and rights of enjoyment will be progressively further diminished in value.

57. The nuisance is specially injurious to Plaintiff, in that Plaintiff is a property owner who has substantial equity, or has committed substantial financial resources toward the purchase and/or development of Plaintiff's respective property, without knowledge of the extent of damage, economic and otherwise, which would result from a toxic site. Plaintiff will be adversely affected by the nuisance unless and/or until it is abated.

POPELKA • ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 295-6611 Telephone
[408] 275-0814 Facsimile

14

COMPLAINT

1    58.    The wrongful acts of Manufacturing Defendants were done maliciously,

2    oppressively, and fraudulently, and Plaintiff is entitled to punitive and exemplary damages in an

3    amount to be ascertained according to proof, which is appropriate to punish or set an example of

4    Defendants.

5    Wherefore, Plaintiffs pray for judgement as hereinafter set forth.

6    ### THIRD CAUSE OF ACTION

7    **[Intentional Infliction of Emotional Distress Against All Manufacturing Defendants]**

8    59.    Plaintiff hereby incorporates by reference paragraphs 1 through 41 above as though

9    fully set forth herein, and further alleges:

10    60.    The Manufacturing Defendants' conduct in connection with the disposal of

11    hazardous substances and toxins, including potassium perchlorate, was done despite Defendants'

12    knowledge that the hazardous substances and toxins, including potassium perchlorate, were

13    present and was known to be and were specifically designated as hazardous to human health.

14    Defendants chose to place their interests in securing a profit from the manufacture of highway

15    flares above the safety and health of the affected community.

16    61.    The Manufacturing Defendants at all relevant times knew of the existence of

17    Plaintiff and the affected community, knew that Plaintiff would be exposed to hazardous

18    substances and toxins, including potassium perchlorate, as a result of Defendants' conduct, and

19    knew that the discovery of these facts by Plaintiff would necessarily cause Plaintiff to suffer

20    injury, including severe emotional distress. Nevertheless, the Manufacturing Defendants

21    intentionally proceeded with their manufacture of highway flares and reckless disposal of waste

22    and by-products, including potassium perchlorate.

23    62.    The Manufacturing Defendants' conduct in connection with the disposal of

24    hazardous substances and toxins, including potassium perchlorate, was undertaken with reckless

25    disregard of the Plaintiff and the affected community.

26    63.    As a direct and proximate result of the Manufacturing Defendants' conduct alleged

27    herein, Plaintiff suffers severe and extreme emotional distress.

28

POPELKA ● ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

15

COMPLAINT

64.     As a further and direct proximate result of said wrongful conduct, Plaintiff has suffered, and will continue to suffer pain, discomfort, anxiety, fear, worries, stress, and mental and emotional distress, all to the Plaintiff's general damage in an amount to be set forth according to proof at trial.

65.     The wrongful acts of the Manufacturing Defendants were done maliciously, oppressively, and fraudulently, and Plaintiff is entitled to punitive and exemplary damages in an amount to be ascertained according to proof, which is appropriate to punish or set an example of Defendants.

Wherefore, Plaintiffs pray for judgement as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### [Trespass Against All Manufacturing Defendants]

66.     Plaintiff hereby incorporates by reference paragraphs 1 through 41 above as though fully set forth herein, and further alleges:

67.     Plaintiff at all times herein mentioned, had interest and title in Plaintiff's property and the right to quiet and useful enjoyment thereof, as well as Plaintiff's surrounding environment, including the groundwater.

68.     As a direct and proximate result of the intentional, reckless, or negligent conduct of the Manufacturing Defendants, and each of them, as alleged herein, the presence of hazardous substances and toxins, including potassium perchlorate, have infiltrated the soil, which in turn have contaminated the groundwater and have irreparably damaged Plaintiff's interests in property and water.

69.     As a direct and proximate result of said wrongful conduct, Plaintiff has suffered economic damages including, but not limited to, lost use of property, denial of useful and quiet enjoyment of property, diminution in the fair market value of property, impairment of the salability of property, and losses related to residual toxic contamination, which has caused said property to be stigmatized. Plaintiff alleges that said damages are in excess of the minimum jurisdictional amount of this Court to be set forth according to proof at trial.

POPELKA • ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

16

COMPLAINT

70.    As a further and direct proximate result of said wrongful conduct, the Plaintiff has suffered, and will continue to suffer, pain, discomfort, anxiety, fear, worries, stress, and mental and emotional distress, all to the Plaintiff's general damage in an amount to be set forth according to proof at trial.

71.    As a direct and proximate result of the Manufacturing Defendants' conduct alleged herein, Plaintiff suffers severe and extreme emotional distress.

72.    The Manufacturing Defendants' acts and omissions which constitute trespass as described herein were committed with malice, fraud and oppression thereby entitling Plaintiff to exemplary or punitive damages.

Wherefore, Plaintiffs pray for judgement as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### [Equitable (Injunctive and/or Declaratory) Relief and Damages Against the Manufacturing Defendants]

73.    Plaintiff hereby incorporates by reference paragraphs 1 through 41 above as though fully set forth herein, and further alleges:

74.    Plaintiff has no adequate remedy at law, rendering injunctive and other equitable relief appropriate in that damages cannot adequately compensate Plaintiff for the injuries suffered and threatened.

75.    Accordingly, Plaintiff requests the following equitable relief:

a.    That a judicial determination and declaration be made of the rights of Plaintiff and the corresponding responsibilities of Defendants; and

b.    That the Defendants be ordered to remediate the groundwater contamination as alleged herein.

76.    Plaintiff is entitled to compensation for economic losses as provided under the Laws of the State of California.

Wherefore, Plaintiffs pray for judgement as hereinafter set forth.

POPELKA • ALLARD, A.P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

COMPLAINT                                          17

## SIXTH CAUSE OF ACTION

### [Punitive Damages Against All Manufacturing Defendants]

77.     Plaintiff hereby incorporates by reference paragraphs 1 through 41 above as though fully set forth herein, and further alleges:

78.     Defendants' actions were oppressive, malicious, grossly negligent, wilful and wanton and exhibit a callous disregard for Plaintiff's rights.

Wherefore, Plaintiffs pray for judgement as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### [Claim Against the Water Resource Defendants for Equitable (Injunctive and/or Declaratory) Relief]

79.     Plaintiffs hereby incorporate by reference paragraphs 1 through 41 above as though fully set forth herein, and further allege:

80.     The Plaintiffs have no adequate remedy at law, rendering injunctive and other equitable relief appropriate in that damages cannot adequately compensate Plaintiffs for their inability to use their contaminated groundwater for household, business and/or agricultural purposes resulting from the Water Resource Defendants' acts and/or omissions.

82.     Accordingly, Plaintiffs request the following equitable relief:

a.     That a judicial determination and declaration be made of the rights of the Plaintiffs and the corresponding rights and responsibilities of the Water Resource Defendants.

b.     A Court order prohibiting Water Resource Defendants from further collecting any groundwater usage charge and/or groundwater well monitoring charge from Plaintiffs.

c.     A Court declaration that the Water Resource Defendants  failed to fulfill their duties that they  provide a healthy, clean, reliable, and affordable water supply that meets or exceeds all applicable water quality regulatory standards, according to proof.

WHEREFORE, Plaintiff prays for judgment and relief as follows:

1.     That judgment be entered in favor of the Plaintiff;

2.     Relief in the form of an order requiring the Manufacturing Defendants to remediate the groundwater contamination as alleged herein;

POPELKA + ALLARD, A P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
[408] 298-6611 Telephone
[408] 275-0814 Facsimile

COMPLAINT

18

3.     Relief in the form of an order prohibiting the Water Resource Defendants from further collecting any groundwater usage charge and/or groundwater well monitoring charge from Plaintiffs;

4.     Relief in the form of a judicial determination and declaration of the rights of Plaintiff and the corresponding responsibilities of Defendants;

5.     Attorney's fees, expenses and costs of this suit;

6.     For damages, according to proof, including special damages, general damages, treble damages;

7.     For exemplary and punitive damages, except against the Water Resource Defendants;

8.     For interest, including pre-judgment and post-judgement interest, as permitted by law; and

9.     Such additional relief as this Court deems necessary, just and proper.


Dated: January /5   , 2004                    POPELKA ♦ ALLARD, A.P.C.


                                               By _____
                                                  BERNARD J. ALLARD
                                                  Attorneys for Plaintiffs

Y:\b\birkey\pldgs\complaint rev1.wpd

POPELKA ♦ ALLARD, A.P.C.
One Almaden Blvd, 8th Floor
San Jose, CA 95113-2215
(408) 298-6611 Telephone
(408) 275-0814 Facsimile

COMPLAINT