Robert M. Gagliasso (SBN 162082)
Andrew V. Stearns (SBN 164849)
**BUSTAMANTE & O'HARA**
Ten Almaden Boulevard, Suite 650
San Jose, California 95113
Telephone: (408) 977-1911
Facsimile: (408) 977-0746
astearns@loboinc.com

Attorneys for Plaintiffs
DANIEL BROTHERS and EILEEN BROTHERS

Filed
SEP 0 4 2003
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DANIEL BROTHERS, an individual; and
EILEEN BROTHERS, an individual,
          Plaintiff,

    vs.

OLIN CORPORATION, a Virginia
corporation; STANDARD FUSEE
CORPORATION, a Delaware corporation,
dba ORION SAFETY PRODUCTS; UNITED
TECHNOLOGIES CORPORATION, a
Delaware corporation; and DOES 1 through
1000, inclusive,
          Defendant

Case No.: C03 04038 HRL

**COMPLAINT FOR**
1) **NEGLIGENCE;**
2) **STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITY;**
3) **TRESPASS;**
4) **PRIVATE NUISANCE;**
5) **PUBLIC NUISANCE;**
6) **THIRD PARTY TORT OF ANOTHER; AND**
7) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**Demand for Jury Trial**

COMES NOW Plaintiffs and allege as follows:

## PARTIES

1.  Plaintiffs DANIEL BROTHERS, an individual, and EILEEN BROTHERS, an individual, are husband and wife, and at all times relevant hereto were residents of the State of California, County of Santa Clara.

COMPLAINT - 1

2. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto Defendant OLIN CORPORATION (hereinafter referred to as "OLIN") was a Virginia corporation with its principle place of business located in the State of Connecticut. Therefore, for purposes of 28 U.S.C. §1332, OLIN is a citizen of the States of Virginia and Connecticut.

3. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto Defendant STANDARD FUSSEE CORPORATION dba ORION SAFETY PRODUCTS (hereinafter referred to as "STANDARD") was a Delaware corporation with its principle place of business located in the State of Maryland. Therefore, for purposes of 28 U.S.C. §1332, Defendant STANDARD is a citizen of the States of Delaware and Maryland.

4. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto Defendant UNITED TECHNOLGIES CORPORATION (hereinafter referred to as "UTC") was a Delaware corporation with its principle place of business located in the State of Connecticut. Therefore, for purposes of 28 U.S.C. §1332, Defendant UTC is a citizen of the States of Delaware and Connecticut.

5. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 1000, inclusive, and therefore sues theses defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of said fictitiously named defendants is in some manner responsible for the occurrences herein alleged, and that Plaintiffs' damages and the damages to Plaintiffs as herein alleged were proximately caused by said defendants.

6. Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, each of the defendants was the agent and/or employee of each of the remaining defendants, and in doing the things hereinafter alleged was acting within the scope of such

COMPLAINT - 2

agency and/or employment, and that each defendant ratified and approved the acts of each of the remaining defendants.

## JURISDICTION

7. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. §1332, in that Plaintiffs and Defendants are residents of different states and the amount in controversy, exclusive of interest and costs, is in excess of the jurisdictional minimum of $75,000.00.

## VENUE

8. Venue is appropriate in that the real property that is the subject of this action is within this judicial district and the events giving rise to this action occurred within this judicial district, 28 U.S.C. §1391(a)(2); and Defendants were authorized to do business and doing business in this judicial district thereby subjecting them to personal jurisdiction. 28 U.S.C. §1391(a) (3).

## PRELIMINARY ALLEGATIONS

9. Since in or around May, 1976, Plaintiffs have been the owners of a parcel of real property commonly referred to as 10435 New Avenue, City of Gilroy, County of Santa Clara, and State of California (hereinafter referred to as the "PROPERTY".

10. The PROPERTY acquires its water supply from a private well.

11. Plaintiffs are informed and believe and thereon allege that Defendant OLIN owned the property commonly referred to as 425 Tenant Avenue, City of Morgan Hill, County of Santa Clara, and State of California between approximately 1956 and 1996 (hereinafter referred to as the "OLIN FACILITY").

12. Plaintiffs are informed and believe and thereon allege that Defendant OLIN manufactured and stored safety flares at the OLIN FACILITY between approximately 1956 and approximately 1988.

COMPLAINT - 3

13.     Plaintiffs are informed and believe and thereon allege that Defendant STANDARD leased the OLIN FACILITY from Defendant OLIN and manufactured and stored safety flares from approximately 1988 through December 31, 1995.

14.     Plaintiffs are informed and believe that Defendant UTC operated a manufacturing and testing facility on Metcalf Road in Coyote Valley northwest of Morgan Hill which stored and used rocket fuel (hereinafter referred to as the "UTC FACILITY").

15.     Plaintiffs are informed and believe and thereon allege that Defendants used perchlorate in the manufacture of safety flares at the OLIN FACILITY.

16.     Plaintiffs are informed and believe and thereon allege that Defendants used perchlorate in the manufacturer and testing of rockets (in the form or rocket fuel) at the UTC FACILITY.

17.     Plaintiffs are informed and believe and thereon allege that perchlorate from the OLIN FACILITY and/or the UTC FACILITY has contaminated the aquifer in the area between Tennant Avenue in Morgan Hill (north) and Leavesley Road in Gilroy (south) (hereinafter referred to as the "PLUME"). Plaintiffs' PROPERTY is within this geographic area.

18.     Plaintiffs are informed and believe and thereon allege that the PLUME is spreading along the natural flow of the contaminated aquifer traveling southeast directly through the PROPERTY. Plaintiff is further informed and believes that the PLUME has contaminated the PROPERTY and will continue to contaminate the PROPERTY in the future.

19.     Despite the fact that Defendants knew or should have known of the discharge of pollutants, including perchlorate, into the soil and groundwater, Defendants did not warn or notify Plaintiffs. Plaintiffs became aware of the PLUME after public disclosures were made in January 2003.

COMPLAINT - 4

20. Plaintiffs are informed and believe and thereon allege that the PLUME arises out of the transportation, storage, use and disposal of perchlorate by OLIN and STANDARD at the OLIN FACILITY and UTC at the UTC FACILITY.

21. Plaintiffs are informed and believe and thereon allege that the United States Environmental Protective Agency has identified perchlorate as very mobile in groundwater and that dramatic changes in the quantity of perchlorate can be found in a very short period of time. The fact that Plaintiffs' well may be tested as non-detect on one occasion does not necessarily mean that on the next reading the amount of perchlorate will be unacceptably high under the California Regional Water Quality Control guidelines.

22. Plaintiffs are informed and believe and thereon allege that perchlorate is very stable in groundwater and not likely to biodegrade. As such, once the PROPERTY has been contaminated, it will continue to be contaminated for an unknown number of future years. The existence of contamination will have to be disclosed if Plaintiffs seek to sell or encumber PROPERTY and will have an adverse impact on the ability of Plaintiffs to freely use their real property in the future.

23. Plaintiffs are informed and believe and thereon allege that at the present time, it is believed there was so much perchlorate introduced into the soil by Defendants, and each of them, that the PLUME is eight (8) miles long.

24. Plaintiffs are informed and believe and thereon allege that three (3) public wells in Morgan Hill have been closed as a result of the perchlorate contamination. Plaintiffs are further informed and believe and thereon allege that approximately 1 out of every 3 private wells in the areas surrounding the PROPERTY that have been tested have identified excessive amounts of perchlorate in them.

25. Plaintiffs are informed and believe and thereon allege that perchlorate has been identified by the regulatory agencies, including the United States Environmental Protection

1  Agency and the California Regional Water Quality Control Board as having an adverse effect on
2  the thyroid gland function. By disrupting the way the thyroid gland works, the metabolism in
3  adults does not work properly and in children proper development may be impeded resulting in
4  behavior changes, delayed development and decreased learning capability. Changes in thyroid
5  hormone levels may also result in thyroid gland tumors.

## FIRST CAUSE OF ACTION
### Negligence

8      26.    Plaintiffs refer to and reallege the allegations set forth in the preceding allegations as
9  though set forth in full herein.

10      27.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of
11  them, had a duty to the public to ensure that any hazardous materials, including perchlorate, that
12  were being transported, stored, used or disposed were contained and would not be allowed to be
13  released into the environment.

14      28.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of
15  them, knew or reasonably should have known that if they released hazardous materials, including
16  perchlorate, into the environment, they would cause damage to homeowners in the surrounding
17  area.

18      29.    Plaintiffs are informed and believe and thereon allege that Defendants, and each of
19  them, breached their duty and did allow hazardous materials, including perchlorate, to be
20  released into the environment at the OLIN FACILITY and the UTC FACILITY and that this has
21  contaminated the aquifer under the surrounding geographic area.

22      30.    Plaintiffs are informed and believe and thereon allege that the release of hazardous
23  materials, including perchlorate, into the environment is outrageous, dangerous and a violation of
24  accepted safety procedures, standards and techniques.

25

31. As a direct and proximate result of the acts and/or omissions of Defendants, and each of them, Plaintiffs have been damaged in an amount to be shown according to proof at trial.

32. The acts and/or omissions were made with wanton disregard for the rights of Plaintiffs; were grossly reckless; and were malicious, fraudulent and to oppress Plaintiffs thereby justifying and award of exemplary or punitive damages.

WHEREFORE, Plaintiffs pray for judgment against each Defendant, jointly and severally, as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Strict Liability for Ultrahazardous Activity

33. Plaintiffs refer to and reallege the allegations set forth in the preceding allegations as though set forth in full herein.

34. The transportation, storage, use and disposal of hazardous materials, including perchlorate, are inherently ultrahazardous activities.

35. Hazardous materials, including perchlorate, were transported, stored, used and disposed of at the OLIN FACILITY by Defendants OLIN and SFC.

36. Hazardous materials, including perchlorate, were transported, stored, used and disposed of at the UTC FACILITY by Defendant UTC.

37. The soil at the OLIN FACILITY has been found to be contaminated with hazardous materials, including perchlorate.

38. Plaintiffs are informed and believe and thereon allege that hazardous materials, including perchlorate, were released into the environment at and from the OLIN FACILITY.

39. Plaintiffs are informed and believe and thereon allege that hazardous materials, including perchlorate, were released into the environment at and from the UTC FACILITY.

40. Hazardous materials, including perchlorate, have been found in the PLUME.

COMPLAINT - 7

41. Plaintiffs are informed and believe and thereon allege that the PLUME has traveled underneath the PROPERTY.

42. Plaintiffs have lost the value of their homes and real property, the safety of the environment, and now must disclose the contamination thereby placing a stigma upon the PROPERTY that it is located on or near a toxic waste site. This stigma has impacted the ability of Plaintiffs to sell, finance, or otherwise encumber their PROPERTY for their own benefit and use the PROPERTY as they see fit.

43. As a direct and proximate result of the acts and/or omissions of Defendants, and each of them, Plaintiffs have been damaged in an amount to be shown according to proof at trial.

44. The acts and/or omissions were made with wanton disregard for the rights of Plaintiffs; were grossly reckless; and were malicious, fraudulent and to oppress Plaintiffs thereby justifying and award of exemplary or punitive damages.

WHEREFORE, Plaintiffs pray for judgment against each Defendant, jointly and severally, as hereinafter set forth.

### THIRD CAUSE OF ACTION
**Trespass**

45. Plaintiffs refer to and reallege the allegations set forth in the preceding allegations as though set forth in full herein.

46. Plaintiffs are informed and believe and thereon allege that the migration of the PLUME under the PROPERTY is an unauthorized entry onto the PROPERTY.

47. Plaintiffs are informed and believe and thereon allege that the trespass by Defendants, and each of them, has adversely affected the PROPERTY and diminished its value.

48. Plaintiffs are informed and believe that the trespass by Defendants, and each of them, by allowing hazardous materials to enter the environment is a continuing trespass. The trespass

will continue to violate the rights of Plaintiffs until such time as the contamination is removed and the resulting stigma to the PROPERTY is removed.

49.  As a proximate and legal result of these acts and omissions, Plaintiffs have been and continue to be deprived of the full use and enjoyment of the PROPERTY. Plaintiffs have and will continue to suffer actual and consequential damages.

50.  The acts and/or omissions were made with wanton disregard for the rights of Plaintiffs; were grossly reckless; and were malicious, fraudulent and to oppress Plaintiffs thereby justifying and award of exemplary or punitive damages.

WHEREFORE, Plaintiffs pray for judgment against each Defendant, jointly and severally, as hereinafter set forth.

### THIRD CAUSE OF ACTION
**Private Nuisance**

51.  Plaintiffs refer to and reallege the allegations set forth in the preceding allegations as though set forth in full herein.

52.  Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, knew or reasonably should have known that the hazardous materials they were transporting, storing, using, and disposing, including perchlorate, would cause contamination to the environment if they were released into the environment; and that any contamination of the environment would cause damage, including, but not limited to, diminution in value of real property, death of livestock or damage to crops, and personal injury.

53.  Plaintiffs are informed and believe and thereon allege that the migration of the PLUME and the resulting contamination to their PROPERTY constitutes a private nuisance within the meaning of California Civil Code §§3479 and 3481, in that it is injurious to the health and welfare of the Plaintiffs, their guests and their livestock; it causes an obstruction to the Plaintiffs' free use of the PROPERTY and prevents the peaceful and quiet enjoyment of the PROPERTY by Plaintiffs; it causes actual damage to personal property in the form of the loss of

COMPLAINT - 9

1  pets and livestock; and it causes personal injuries in the form of physical and emotional injuries to Plaintiffs.

54. The private nuisance is continuing in nature and will continue to violate the rights of Plaintiffs until such time as the contamination is abated and the resulting stigma to the PROPERTY is removed.

55. Plaintiffs have been substantially harmed by the acts and/or omissions of Defendants, and each of them, as set forth above.

56. One of Plaintiffs' dogs died as a result of its body covered with tumors and currently have another dog that has multiple tumors.

57. Plaintiff DANIEL BROTHERS has suffered and will continue to suffer pain, discomfort, anxiety, fear, worry, stress, and mental and emotional distress, as well as attendant physical ailments due to stress and anxiety associated with the diminution in PROPERTY value and the inability to sell the PROPERTY as he intended.

58. Plaintiff EILEEN BROTHERS has suffered and will continue to suffer pain, discomfort, anxiety, fear, worry, stress, and mental and emotional distress, as well as attendant physical ailments due to stress and anxiety associated with the diminution in PROPERTY value and the inability to sell the PROPERTY as she intended.

59. Plaintiffs are informed and believe and thereon allege that the nuisance created by Defendants, and each of them, has adversely affected the PROPERTY and diminished its value, in, but not limited to, contaminating the well water for the PROPERTY.

60. As a proximate and legal result of these acts and omissions, Plaintiffs have been and continue to be deprived of the full use and enjoyment of the PROPERTY; continue to have personal property damaged; and continue to suffer personal injuries. Plaintiffs have and will continue to suffer actual and consequential damages until the nuisance is abated.

COMPLAINT - 10

WHEREFORE, Plaintiffs pray for judgment against each Defendant, jointly and severally, as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### Public Nuisance

61. Plaintiffs refer to and reallege the allegations set forth in the preceding allegations as though set forth in full herein.

62. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, knew or reasonably should have known that the hazardous materials they were transporting, storing, using and disposing would cause contamination of the environment if they were released into the environment; and that any contamination would cause damage, including but not limited to, diminution in value of real property, death of livestock or damage to crops, and personal injuries.

63. Plaintiffs are informed and believe and thereon allege that the migration of the PLUME and the resulting contamination are a public nuisance within the meaning of California Civil Code §§3479 and 3480, in that it is injurious to the health and welfare of the community at large. The public nuisance will continue to violate the rights of Plaintiffs until such time as the contamination is abated.

64. Plaintiffs are informed and believe and thereon allege that the drinking water from the aquifer has been contaminated by the PLUME and all individuals who obtain their drinking water from that source, either by public or private well, have been harmed by the PLUME by the ingestion of elevated levels of perchlorate.

65. Plaintiffs are informed and believe and thereon allege that the public nuisance created by Defendants, and each of them, has adversely affected the geographic area where the PLUME currently exists and will exist in the future. As a result, the real property values of this geographic area have diminished in value.

COMPLAINT - 11

66.  As a proximate and legal result of these acts and omissions, the public at large, including Plaintiffs, have been and continue to suffer property damage and personal injuries.

WHEREFORE, Plaintiffs pray for judgment against each Defendant, jointly and severally, as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### Third Party Tort of Another

67.  Plaintiffs refer to and reallege the allegations set forth in the preceding allegations as though set forth in full herein.

68.  Defendants, and each of them, are responsible for the safe transportation, storage, use and disposal of hazardous materials and to assure that the hazardous materials do not escape and contaminate the environment.

69.  Plaintiffs are informed and believe and thereon allege that the release of contaminants into the environment, including perchlorate, was proximately caused by the careless, negligent, and tortuous failure of Defendants, and each of them, to adequately and properly design, construct, maintain and repair containment facilities; contain the use and release of hazardous materials; supervise the transportation, storage, use, disposal, and clean-up of any hazardous materials; investigate the dangers associated with using hazardous materials, including the effects of any release; and plan for the clean-up of any release.

70.  As a result of the tortuous conduct of Defendants, and each of them, Plaintiffs have been forced to bring suit against and defend affirmative defenses of Defendants. The conduct of any one of these Defendants, and each of them, has forced Plaintiffs to incur expenses of prosecuting each Defendant.

71.  Defendants, and each of them, are liable to Plaintiffs for the damages alleged herein under the Third Party Tort of Another doctrine, as discussed and set forth in <u>Prentice v. North American Title Guarantee</u> (1963) 59 Cal.2d 618. "A person who through the tort of another has

COMPLAINT - 12

been required to act in protection of its interest by bringing or defending an action against a third party is entitled to recover compensation for the reasonable necessary loss of time, attorneys' fees, and other expenditures thereby suffered or incurred." Prentice, 59 Cal.2d at 620.

72. As a direct, proximate, and foreseeable result of Defendants, and each of their, tortuous conduct as alleged, Plaintiffs have been damaged in that Plaintiffs have suffered and incurred loss of time, attorneys' fees, and other expenditures in bringing this action, and have further been damaged as set forth in this Complaint.

73. The acts and/or omissions were made with wanton disregard for the rights of Plaintiffs; were grossly reckless; and were malicious, fraudulent and to oppress Plaintiffs thereby justifying and award of exemplary or punitive damages.

WHEREFORE, Plaintiffs pray for judgment against each Defendant, jointly and severally, as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**

74. Plaintiffs refer to and reallege the allegations set forth in the preceding allegations as though set forth in full herein.

75. Plaintiffs are informed and believe and thereon allege that Defendants, and each of their, acts and omissions relative to the transportation, storage, use and disposal of hazardous materials, including perchlorate, were done with knowledge of the hazardous nature of those materials and knowledge of the fact that those materials had been designated as hazardous by governmental agencies.

76. Plaintiffs are informed and believe and thereon allege that the Defendants, and each of them, placed pecuniary gain ahead of environmental safety, the health and safety of the people living in the surrounding community, and the value of the real property surrounding the facilities.

COMPLAINT - 13

77. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, knew or reasonably should have known that Plaintiffs would be exposed to hazardous materials, including perchlorate, as a result of Defendants' failure to property transport, store, use and dispose of hazardous materials.

78. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, knew or reasonably should have known that if hazardous materials were released into the environment, Plaintiffs would suffer injury, including emotional distress.

79. Plaintiffs are informed and believe and thereon allege the Defendants, and each of them, disregarded the proper transportation, storage, use and disposal of hazardous materials in the manufacture of safety flares at the OLIN FACILITY.

80. Plaintiffs are informed and believe and thereon allege the Defendants, and each of them, disregarded the proper transportation, storage, use and disposal of hazardous materials in the use and manufacture of rockets at the UTC FACILITY.

81. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, knew that there had been a release of hazardous materials, including perchlorate, before January 2003, but that Defendants conspired to keep this information from Plaintiffs.

82. Defendants conduct was undertaken with reckless disregard of the rights of Plaintiffs.

83. As a direct and proximate result of the acts and/or omissions of Defendants, and each of them, Plaintiffs have suffered severe and extreme emotional distress.

84. As a further direct and proximate result of the acts and/or omissions of Defendants, and each of them, Plaintiffs have suffered, and will continue to suffer, pain, discomfort, anxiety, fear, worries, stress, and mental and emotional distress, all to the Plaintiffs' general damage in an amount to be proven at trial.

COMPLAINT - 14

85.  The acts and/or omissions were made with wanton disregard for the rights of Plaintiffs; were grossly reckless; and were malicious, fraudulent and to oppress Plaintiffs thereby justifying and award of exemplary or punitive damages.

WHEREFORE, Plaintiffs pray for judgment against each Defendant, jointly and severally, as hereinafter set forth.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1. An injunction compelling Defendants to abate the contamination and the PLUME;
2. For damages in the amount of costs Plaintiffs have been and will be required to expend in order to prosecute this action, including, but not limited to, costs of investigation, attorneys' fees and other costs of litigation, including court costs against Defendants, and each of them;
3. For diminution of value for the PROPERTY according to proof;
4. For compensatory damages according to proof;
5. For incidental and consequential damages according to proof;
6. For interest, including pre-judgment and post-judgment, as permitted by law;
7. For exemplary and punitive damages according to proof;
8. For such other and further relief as the court may deem just and proper.

Dated this September 3, 2003

BUSTAMANTE & O'HARA

ANDREW V. STEARNS
Attorneys of Record for Plaintiffs DANIEL
BROTHERS and EILEEN BROTHERS

COMPLAINT - 15

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

Dated this 3rd day of September, 2003

BUSTAMANTE & O'HARA

_____
ANDREW V. STEARNS
Attorneys of Record for Plaintiffs DANIEL
BROTHERS and EILEEN BROTHERS

COMPLAINT - 16