LAW OFFICES OF STANLEY G. HILTON
Stanley G. Hilton, SBN #65990
2570 NORTH FIRST ST., SUITE 200
SAN JOSE, CA 95131
Telephone: (415) 378 6142
Facsimile: (650) 558 1231, (415) 276-2388
E MAIL: STAVROS3589@AOL.COM

Attorney for Plaintiffs

US DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| NORAH WILKINS, PRISCILA WILKINS, <br><br> PLAINTIFFS, <br><br> v. <br><br> OLIN CORPORATION, <br><br> Defendants. | Case No.: C 04 05277 HRL <br><br> COMPLAINT FOR MONETARY DAMAGES <br><br> JURY TRIAL DEMANDED <br><br> PRIORITY IN SETTING TRIAL DEMANDED |

### *FIRST CAUSE OF ACTION: NEGLIGENCE*

1. Plaintiffs are citizens of the United States who at all times herein mentioned resides in the City of San Martin, California

2. Defendant OLIN CORPORATION is a corporation which caused toxic spills of perchlorate and other chemicals in the ground and water in San Martin, CA, including on property where PLAINTIFFS resided.

WILKINS VS. OLIN, COMPLAINT

3.	VENUE is proper here because the injuries to plaintiffs occurred in Santa Clara County, CA. JURISDICTION is based on diversity jurisdiction because OLIN CORPORATION is an out-of-state entity while plaintiffs reside in California and because PLAINTIFFS demand damages in excess of $ 75,000. 28 U.S.C. § 1331, 1332 confer jurisdiction.  A JURY TRIAL IS DEMANDED,

4.	Plaintiff Nora Wilkins is entitled to priority in setting this case for trial because she suffers from a terminal cancer condition, caused by defendants' chemical leaks. A quick trial is requested.

5.	On or about January 23 2004, PLAINTIFFS became aware for the first time that defendant OLIN CORPORATION ("OLIN") has contaminated the San Martin area where plaintiffs lived, by long-term leakage of perchlorate, a carcinogen and dangerous chemical, and other toxic and dangerous chemicals.  This late discovery tolled the statute of limitations, which began to run January 23 2004.

6.	Defendants, while owning or occupying or conduction operations on their property, including the conduct described above, had a duty at all times to avoid handling, storing, disposing of, or releasing the perchlorate and other contaminants in a manner which would cause injury to plaintiff, the public, and the environment.

7.	Defendants negligently failed to exercise due care in storing, using, or disposing of, or causing to be disposed of, perchlorate and other contaminants in its property, causing the contaminants to be released into the ground of plaintiffs' property and into the subjacent groundwater. OLIN had a duty to plaintiffs to avoid injuring them by reckless spilling and release of perchlorate and other toxic and carcinogenic chemicals and contaminants into the soil, water, air, plants in the ground that cows ate,  and elsewhere in San Martin area.  OLIN breached this duty by negligently releasing these chemicals, from a time in the past unknown to the present. The concentration of perchlorate on plaintiffs' property was very high and caused these injuries. From a past date unknown to the present date, OLIN has been negligent in allowing perchlorate and other chemicals to spill into the ground and water supply in the San Martin area.  The chemicals were drunk by plaintiffs, and

otherwise damaged plaintiffs by making contact with them, and these chemicals also were in the groundwater and soil and air and damaged plaintiffs' health and caused plaintiffs emotional distress, fear of getting cancer, lost income, shortness of life expectancy, pain and suffering (physical and emotional), medical costs, hospitals and surgeons' fees, and other damages, in an amount according to proof. Defendants negligently failed to exercise due care in storing, using, or disposing of, or causing to be disposed of, perchlorate and other contaminants in its property, causing the contaminants to be released into the ground of plaintiffs' property and into the subjacent groundwater.

8. As a proximate result of defendants' conduct, as explained above, plaintiffs have been damaged in their health, financially and emotionally. Plaintiff Nora Wilkins has contracted severe cancer, which was recently diagnosed in Fall 2004, and is informed and believes that the perchlorate released by OLIN caused this cancer. Both PLAINTIFFS suffered emotional distress arising out of their fear of getting cancer or other dreaded diseases from exposure to perchlorate and other chemicals released by OLIN.

WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS HEREINAFTER SET FORTH.

,

### *SECOND CAUSE OF ACTION:*

### *NUISANCE*

9. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 8 above, as though fully set forth herein.

10. The above-described activities of OLIN, in releasing perchlorate and other dangerous contaminants and chemicals into the area in San Martin, CA, constitutes a NUISANCE under common law tort rubric, and this NUISANCE damaged PLAINTIFFS in the manner above described.

11. As a proximate result of defendants' conduct, as explained above, PLAINTIFFS have been damaged in their health, financially and emotionally. Plaintiff Nora

Wilkins has contracted severe cancer, which was recently diagnosed in Fall 2004, and is informed and believes that the perchlorate released by OLIN caused this cancer. Both PLAINTIFFS suffered emotional distress arising out of their fear of getting cancer or other dreaded diseases from exposure to perchlorate and other chemicals released by OLIN.

12. OLIN acted recklessly and intentionally, with reckless disregard of PLAINTIFFS' rights, and so an award of punitive damages of $ 5 million must be given against OLIN.

WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS HEREINAFTER SET FORTH.

### *THIRD CAUSE OF ACTION*:
### *(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)*

13. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 12 above, as though fully set forth herein..

14. The above-described intentional acts of OLIN in releasing the chemicals constituted outrageous behavior which caused plaintiffs severe emotional distress, including fear of getting cancer.. The defendants' conduct was outrageous, shocking, intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. The defendants' conduct was done with a wanton and reckless disregard of the consequences to plaintiffs' safety and interests.

15. As a proximate result of the aforementioned acts of the defendants, and each of them, plaintiffs have suffered and continues to suffer emotional distress, depression, anxiety, insomnia, fear of contracting cancer and other dreaded diseases, mental anguish, and emotional and physical distress and have been injured in mind and body in an amount according to proof. By reason of the aforementioned acts of the defendants and each of them, PLAINTIFFS were prevented from attending to their usual occupation and therefore are entitled to damages for lost income and benefits, as hereinabove alleged, according to proof.

16. The aforementioned acts of defendants, and each of them, were willful, wanton,

malicious and oppressive, and justify the awarding of exemplary and punitive damages of $ 5 million against OLIN.

Wherefor, plaintiffs pray for judgment against defendants, and each of them, as hereinafter set forth.

### *FOURTH CAUSE OF ACTION:*
### *(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)*

17. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 16 above, as though fully set forth.

18. As a proximate result of defendants' actions above described, plaintiffs suffered shock, emotional distress, and anxiety of getting cancer and other diseases.

19. The defendants knew or should have known that plaintiffs would suffer emotional distress, and therefore are liable for all damages.

20. Defendants knew or should have known that their failure to exercise due care in the operation of their business, would cause plaintiffs severe emotional distress, anxiety, and injuries.

21. By reason of the aforementioned acts of the defendants, and each of them, plaintiffs were prevented from attending to their usual occupation and therefore are entitled to damages for lost income and other benefits, as hereinabove alleged, according to proof.

WHEREFOR, PLAINTIFFS PRAY FOR JUDGMENT AGAINST DEFENDANTS, AND EACH OF THEM, AS HEREINAFTER SET FORTH.

### **PRAYER FOR RELIEF**

Wherefore, plaintiffs pray for judgment against defendants, and each of them, for each cause of action above alleged, as follows:

1. For compensatory and consequential damages, including lost income, loss of hair, loss of ability to work, medical bills, hospital and surgeon and doctor bills, lost income, and other monetary relief, in a sum according to proof;

2. For general damages for physical and emotional pain and suffering sustained by

1 | plaintiffs, in a sum according to proof;

2 |     3. For special damages for plaintiff's lost income, foregone and delayed income

3 | and diminution in income earning capacity, and related expenses in a sum according to proof;

4 |     4. For punitive damages only against defendants, in an amount appropriate to

5 | punish defendants, for their wrongful conduct and set an example for others;

6 |     5. For interest on the sum of damages awarded,

7 |     6. For costs of suit herein incurred; and

8 |     7. For such other and further relief as this court deems fair, just and equitable.

9 | DATED: DEC. 1, 2004

By_____
    Stanley G. Hilton
    Attorney for PLAINTIFFS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28