**BOHN & BOHN** LLP
RENÉE C. DAY, ESQ.- State Bar #221252
ROBERT H. BOHN, ESQ. State Bar #36283
152 N. Third Street, Suite 200
San Jose, California 95112
Telephone: (408) 279-4222
Fax No.: (408) 295-2222

Attorneys for Plaintiffs

**ORIGINAL FILED**

JUL 0 2 2004

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

E-FILING

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

#### SAN JOSE DIVISION

|  |  |
|---|---|
| BELINDA RIANDA and ERICA RIANDA, a minor, by and through her Guardian *ad litem*, BELINDA RIANDA, <br><br> Plaintiff, <br><br> v. <br><br> OLIN CORPORATION, a corporation, and STANDARD FUSEE CORPORATION, doing business as ORION SAFETY PRODUCTS, a Delaware corporation, <br><br> Defendants. <br> _____/ | No. C04 02668    RMW PVT <br><br> **COMPLAINT FOR** <br> **(1) NEGLIGENCE;** <br> **(2) NEGLIGENCE PER SE;** <br> **(3) STRICT LIABILITY FOR ULTRA HAZARDOUS ACTIVITY;** <br> **(4) TRESPASS;** <br> **(5) PRIVATE NUISANCE;** <br> **(6) PUBLIC NUISANCE;** <br> **(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** <br> **(8) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;** <br> **(9) DAMAGES UNDER CERCLA; AND** <br> **(10)DECLARATORY RELIEF UNDER CERCLA** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs BELINDA RIANDA and ERICA RIANDA allege as follows:

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)

and 28 U.S.C. §1441(a) because the amount in controversy exceeds the sum of $75,000,

and there is complete diversity of citizenship among the parties to the action.

1    2.   Venue in the Northern District of California, and assignment to the San Jose

2  division of this Court is proper pursuant to 28 U.S.C. §1391, and Local Rules 3-2(c) and

3  (e) of the United States District Court for the Northern District of California, because

4  the RIANDAS own property at issue in this action and reside within this district and in

5  Santa Clara County, and the releases discharges, occurrences, violations and damages

6  alleged in this complaint occurred within this district and in Santa Clara County.

7                         **GENERAL ALLEGATIONS**

8    3.   Plaintiff BELINDA RIANDA is an individual and Plaintiff ERICA RIANDA

9  is a minor who is represented in this action by and through her guardian ad litem,

10  BELINDA RIANDA. Plaintiffs are residents of Morgan Hill, Santa Clara County, State

11  of California.

12    4.   The RIANDAS reside in and own property on Via Castana, Morgan Hill,

13  California.  The property consists of a plot of land, a single family house.  The

14  RIANDAS have lived and resided at the property since 1988.

15    5.   Defendant OLIN CORPORATION is a corporation organized and existing

16  under the laws of the State of Virginia, with headquarters in Norwalk, Connecticut. At

17  all times material herein OLIN was authorized to do business, and did business, in the

18  State of California. Since 1956, OLIN owned and operated a highway flare factory and

19  related structures and facilities on the Site, located at 425 Tennant Avenue, Morgan Hill,

20  California, (hereinafter the Site) just over two miles from the RIANDAS property.

21    6.   Defendant STANDARD FUSEE CORPORATION, currently doing business

22  as ORION SAFETY PRODUCTS, is a corporation organized and existing under the laws

23  of the State of Delaware. At all times material herein STANDARD FUSEE was

24  authorized to do business, and did business in the State of California.  STANDARD

25  FUSEE is a manufacturer of emergency flares. STANDARD FUSEE acquired the Signal

26  Products Division from OLIN in 1988, and as part of the agreement between these two

27  Defendants, STANDARD FUSEE was allowed to use the OLIN name for five years. That

28

1   agreement expired in 1993, and the name ORION supplanted OLIN on all packaging and

2   literature.

3       7.    The RIANDAS are informed and believe, and on that basis allege, that at

4   all times relevant hereto each Defendant was the agent or employee of every other

5   Defendant; that each Defendant was at all times acting within the course and scope of

6   said agency or employment; and that each Defendant ratified and approved the acts of

7   each other Defendant as its agent or employee in the course of conduct herein set forth.

8       8.    Defendants did not disclose any possible contamination problems to the

9   public or their neighbors before or after they abandoned the Site. It was not until due

10   diligence was performed by a potential purchaser of the Site in late 2000 that OLIN

11   notified the County of Santa Clara and the State of California that perchlorate existed

12   in soil and groundwater at the Site. Further investigation by regulatory agencies led to

13   the detection of perchlorate at three on-site monitoring wells in October 2000.

14       9.    January 15, 2003, OLIN admitted to the public, for the first time, that there

15   was a widespread contamination problem. A news conference was held the following

16   day, at which the SCVWD announced the existence of significant plume of perchlorate

17   under the Morgan Hill and San Martin communities resulting from the Site.  The

18   SCVWD immediately began to offer free testing of well water to residents in these

19   communities.

20       10.    Testing of the Morgan Hill and San Martin area continues at present. The

21   plume, as now characterized, extends seven miles in the groundwater basin. Water is no

22   longer available for drinking at public schools. Fountains in local parks have been shut

23   down. Families throughout Morgan Hill and San Martin are forced to drink water from

24   a cooler or bottles. Homeowners and residents have to avoid brushing their teeth with

25   water from their sinks. Cooking or boiling perchlorate only intensifies its concentration,

26   so residents cannot use their water for cooking or making coffee or tea.

27       11.    In or about January, 2003 the RIANDAS first discovered that the sole

28   drinking water supply for their property was contaminated with potassium perchlorate

1   which had migrated to their property, through the underground aquifer, from the Site.

2   The RIANDAS did not and could not have discovered the improper and illegal conduct

3   of Defendants, and the damage to their persons and their property, until January 2003,

4   when they learned from the SCVWD that the district was investigating the possible

5   contamination of their property. Prior to that date the RIANDAS did not and could not

6   have known of the damage to their persons and property, and the accrual of their claims

7   against the Defendants, as set forth herein.

8        12.   As soon as the RIANDAS became aware of the contamination, in or about

9   January 2003, the RIANDAS were required, under California law, to disclose the

10   existence of the plume and the presence of perchlorate on their property and/or in their

11   community to potential buyers of their property, real estate lenders, mortgage companies

12   and the like.

13        13.   Were it not for the presence of contaminants in the property, the RIANDAS'

14   real property would have increased in its fair market value. The RIANDAS made

15   substantial investments in their property , which they made in good faith reliance that

16   the property was free from contamination.

17        14.   As a proximate result of Defendants' acts and omissions, the RIANDAS

18   have suffered damages, including, but not limited to, an interference with the

19   RIANDAS' use of their residential property, a diminution in the value of their property,

20   damages due to the stigma caused by the contamination of the groundwater basin, and

21   the substantial consequential costs and expenses. Said damages are in an amount

22   unknown at present and will be proven at trial.

23        15.   As a further proximate result of Defendants' acts and omissions, the

24   RIANDAS have suffered physical illnesses, disorders and disease and have incurred

25   substantial medical expenses due to the contamination of the groundwater basin. Said

26   medical expenses continue to accrue and will be proven at trial.

27        16.   As a further proximate result of Defendants' acts and omissions, the

28   RIANDAS have suffered emotional distress as a result of concerns over their exposure

Complaint                        4

1  to perchlorate. The RIANDAS fear for their future safety and health and financial

2  security. As a result of such injuries, the RIANDAS have suffered general damages in

3  an amount according to proof.

4      17.    As a further proximate result of Defendants' acts and omissions, the

5  RIANDAS have suffered loss of income and earning capacity in an amount to be proved

6  at the time of trial.

7      18.    In engaging in the acts set forth above, defendants each were guilty of

8  malice, fraud, and oppression as defined in California Civil Code §3294, and the

9  RIANDAS should recover, in addition to actual damages, damages to make an example

10  of and punish Defendants, in an amount to be determined.

11                    **FIRST CAUSE OF ACTION**

12                        **(Negligence)**

13      19.    The RIANDAS reallege and incorporate, as though fully set forth herein,

14  each and every paragraph previously alleged.

15      20.    As owners, operators and managers of the Site, and while owning,

16  occupying and conducting operations at the Site, Defendants owed a duty at all times to

17  the RIANDAS, the public, and neighboring land owners to exercise due care in

18  controlling, monitoring, maintaining and operating the Site, and in collecting, using,

19  storing, disposing of, and causing to be disposed of chemicals, contaminants and

20  hazardous substances, including potassium perchlorate, used in or produced by the

21  manufacturing process. At all times relevant herein, Defendants specifically had a duty

22  to prevent and avoid the discharge and release of potassium perchlorate into the

23  environment.

24      21.    Defendants negligently failed to exercise their duty of due care in

25  controlling, monitoring, maintaining and operating the Site, and in collecting, using,

26  storing, disposing of, and causing to be disposed of chemicals, contaminants and

27  hazardous substances, including potassium perchlorate, used in or produced by the

28  manufacturing process at the Site by disposing of, discharging, depositing, releasing and

---

Complaint                                 5

allowing the release of such chemicals, contaminants and hazardous substances into the groundwater basin, the local water supply, surface and subsurface soil and the environment in and around the site, and ultimately the RIANDAS' property, by improperly and negligently using, storing and disposing of chemicals, contaminants and hazardous substances, including potassium perchlorate.

22.     Defendants knew or should have known that their failure to use reasonable care in controlling, monitoring, maintaining and operating the Site, and in collecting, using, storing, disposing of, and causing to be disposed of chemicals, contaminants and hazardous substances, including potassium perchlorate, did cause and continues to cause the groundwater basin, the local water supply, surface and subsurface soil and the environment in and around the Site, and ultimately the RIANDAS' property to be contaminated with chemicals, contaminants and hazardous substances, including potassium perchlorate.  Defendants never warned the RIANDAS about any of their tortious conduct.

23.     As a proximate result of Defendants' acts and omissions, the RIANDAS have suffered damages, including, but not limited to, an interference with the RIANDAS' use of their residential property, a diminution in the value of their property, damages due to the stigma caused by the contamination of the groundwater basin, and the substantial consequential costs and expenses and general damages. Said damages are in an amount unknown at present and will be proven at trial.

24.     As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered physical illnesses, disorders and disease and have incurred substantial medical expenses due to the contamination of the groundwater basin.  Said medical expenses and general damages continue to accrue and will be proven at trial.

25.     As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered emotional distress as a result of concerns over their exposure to perchlorate.  The RIANDAS fear for their future safety and health and financial

security. As a result of such injuries, the RIANDAS have suffered special and general damages in an amount according to proof.

26.    As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered loss of income and earning capacity in an amount to be proved at the time of trial.

## SECOND CAUSE OF ACTION

### (Negligence *Per Se*)

27.    The RIANDAS reallege and incorporate, as though fully set forth herein, each and every allegation previously alleged.

28.    Defendants' conduct, including their failure to exercise due care and improperly and negligently collecting, using, storing, disposing of, and causing to be disposed of chemicals, contaminants and hazardous substances, including potassium perchlorate, and by disposing of, discharging, depositing, releasing and allowing the release of potassium perchlorate into the groundwater basin, the local water supply, surface and subsurface soil and the environment in and around the Site, and ultimately the RIANDAS' property, violated various state and federal statutes, rules and regulations which set a standard of care and conduct intended to protect the RIANDAS, their property and others similarly situated, and the local environment, from the type of improper activities engaged in by Defendants. Therefore, such improper activities and violations of law constitute negligence *per se*.

29.    As owners, operators and managers of the Site, Defendants specifically violated the provisions of California Health and Safety Code §5411, which provides that "no person shall discharge sewage or other waste, or the effluent of treated sewage or other waste, in any manner which will result in contamination, pollution or a nuisance." Defendants further violated the provisions of California Water Code §§13000 et seq., and in particular section 13350, which statute provides that "[a]ny person who, without regard to intent or negligence, causes or permits any hazardous substance to be discharged in or on any of the waters of the state where it creates a condition of pollution

1   or nuisance,. . .shall be strictly liable civilly..." As defined by California Water Code

2   §13050(k), Defendants have contaminated the quality of water in the area through their

3   improper disposal of potassium perchlorate and other toxic substances.

4       30.    The violation of California Health and Safety Code §5411 and California

5   Water Code §§13000 et seq. by Defendants proximately caused trespass and nuisance to

6   the RIANDAS' property including diminution in value to the property, and caused

7   further consequential, incidental and general damages to the RIANDAS.

8       31.    California Water Code §§13000 et seq., including section 13241, and

9   California Health and Safety Code §5411 were intended to prevent this type of injury to

10  the RIANDAS and their property, and the RIANDAS are members of the class of persons

11  for whose protection these statutes were adopted.

12      32.    Defendants' actions in failing to disclose, fraudulently misrepresenting and

13  deceiving the RIANDAS and the public about the existence of potassium perchlorate and

14  other chemicals, contaminants and hazardous substances in the groundwater basin, the

15  local water supply, surface and subsurface soil and the environment in and around the

16  Site, and ultimately the RIANDAS property, were willful, malicious, and intentional,

17  from which the RIANDAS have suffered great harm. Moreover, Defendants consistently

18  fail to disclose to the RIANDAS and the public, although required to do so, that

19  ingestion of potassium perchlorate and other chemicals, contaminants and hazardous

20  substances was harmful to their health. Defendants' wrongful conduct was knowing and

21  deliberate, and Defendants acted with conscious and reckless disregard of the hazards

22  and threats to the RIANDAS and the public.

23      33.    Defendants' conduct was outrageous, willful, malicious and intentional,

24  causing the RIANDAS great and irrefutable harm.

25      34.    As a proximate result of Defendants' acts and omissions, the RIANDAS

26  have suffered damages, including, but not limited to, an interference with the

27  RIANDAS' use of their residential property, a diminution in the value of their property,

28  damages due to the stigma caused by the contamination of the groundwater basin, and

---

Complaint            8

1  the substantial consequential costs and expenses and general damages. Said damages are
2  in an amount unknown at present and will be proven at trial.

3      35.   As a further proximate result of Defendants' acts and omissions, the
4  RIANDAS have suffered physical illnesses, disorders and disease and have incurred
5  substantial medical expenses due to the contamination of the groundwater basin. Said
6  medical expenses and general damages continue to accrue and will be proven at trial.

7      36.   As a further proximate result of Defendants' acts and omissions, the
8  RIANDAS have suffered emotional distress as a result of concerns over their exposure
9  to perchlorate. The RIANDAS fear for their future safety and health and financial
10 security. As a result of such injuries, the RIANDAS have suffered general damages in
11 an amount according to proof.

12     37.   As a further proximate result of Defendants' acts and omissions, the
13 RIANDAS have suffered loss of income and earning capacity in an amount to be proved
14 at the time of trial.

15     38.   In engaging in the acts set forth above, defendants each were guilty of
16 malice, fraud, and oppression as defined in California Civil Code §3294, and the
17 RIANDAS should recover, in addition to actual damages, damages to make an example
18 of and punish Defendants, in an amount to be determined.

19                          **THIRD CAUSE OF ACTION**
20                **(Strict Liability for Ultra Hazardous Activity)**

21     39.   The RIANDAS reallege and incorporate, as though fully set forth herein,
22 each and every allegation previously alleged.

23     40.   Defendants knew or should have known that their failure to use reasonable
24 care in controlling, monitoring, maintaining and operating the Site and in collecting,
25 using, storing, disposing of, and causing to be disposed of chemicals, contaminants and
26 hazardous substances, including potassium perchlorate, would create and has created
27 actual harm to the persons, animals and land of others, including the RIANDAS, from
28 the resulting contamination of the groundwater basin, the local water supply, surface and

Complaint                                    9

subsurface soil and the environment in and around the Site, and ultimately the RIANDAS' property. Defendants knew or should have known that there existed, and still exists, a certainty of harm to others, including the RIANDAS that would result from the disposing of, discharging, depositing, releasing and allowing the release of these chemicals, contaminants and hazardous substances, including potassium perchlorate, into the groundwater basin, the local water supply, surface and subsurface soil and the environment in and around the Site, and ultimately the RIANDAS' property.

41.     Defendants' disposal, discharge, depositing and release of chemicals, contaminants and hazardous substances, including potassium perchlorate, onto and into the groundwater basin, the local water supply, surface and subsurface soil and the environment in and around the Site, and ultimately the RIANDAS' property, constitutes and is an ultra hazardous activity.

42.     As a proximate result of Defendants' acts and omissions, the RIANDAS have suffered damages, including, but not limited to, an interference with the RIANDAS' use of their residential property, a diminution in the value of their property, damages due to the stigma caused by the contamination of the groundwater basin, and the substantial consequential costs and expenses and general damages. Said damages are in an amount unknown at present and will be proven at trial.

43.     As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered physical illnesses, disorders and disease and have incurred substantial medical expenses and general damages due to the contamination of the groundwater basin. Said damages continue to accrue and will be proven at trial.

44.     As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered emotional distress as a result of concerns over their exposure to perchlorate.  The RIANDAS fear for their future safety and health and financial security.  As a result of such injuries, the RIANDAS have suffered general damages in an amount according to proof.

45.    As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered loss of income and earning capacity in an amount to be proved at the time of trial.

46.    Defendants' actions in failing to disclose, fraudulently misrepresenting and deceiving the RIANDAS and the public about the existence of potassium perchlorate and other chemicals, contaminants and hazardous substances in the groundwater basin, the local water supply, surface and subsurface soil and the environment in and around the Site, and ultimately the RIANDAS' property, were willful, malicious, and intentional, from which the RIANDAS have suffered great harm. Moreover, Defendants consistently failed to disclose to the RIANDAS and the public, although required to do so, that ingestion of potassium perchlorate and other chemicals, contaminants and hazardous substances was harmful to their health. Defendants' wrongful conduct was knowing and deliberate, and Defendants acted with conscious and reckless disregard of the hazards and threats to the RIANDAS and the public.

47.    In engaging in the acts set forth above, defendants each were guilty of malice, fraud, and oppression as defined in California Civil Code §3294, and the RIANDAS should recover, in addition to actual damages, damages to make an example of and punish Defendants, in an amount to be determined.

## FOURTH CAUSE OF ACTION

### (Trespass)

48.    The RIANDAS reallege and incorporate, as though fully set forth herein, each and every allegation previously alleged.

49.    Defendants' disposal, discharge, depositing, dumping, abandonment and release of chemicals, contaminants and hazardous substances, including potassium perchlorate, has intruded upon the property of the RIANDAS in such a manner as to cause a physical invasion of the RIANDAS' property and to interfere with the RIANDAS' possession, use and enjoyment of their property, thereby constituting a trespass.

Complaint                                                                11

50. Defendants intentionally collected, used, stored, released, abandoned, disposed of, and caused to be disposed of chemicals, contaminants and hazardous substances, including potassium perchlorate, into the groundwater basin, the local water supply, surface and subsurface soil and the environment in and around the Site, and ultimately the RIANDAS' property, without the authority or permissions of the RIANDAS. Defendants' conduct has been and continues to be carried out with a conscious disregard of the RIANDAS' right to the use and enjoyment of their property.

51. The contamination in the soil and groundwater in the area in, under and around the RIANDAS' property is migrating and will continue to migrate. As the contaminants migrate, the damage to the property worsens and will continue to worsen into the future. Accordingly, as a result of Defendants' disposal, discharge, depositing, dumping, abandonment and release of chemicals, contaminants and hazardous substances, including potassium perchlorate, the contamination currently existing in the soil and groundwater under the RIANDAS' property cannot be reasonably abated, remediated or cleaned up by Defendants or other entities, and constitutes a permanent trespass to the RIANDAS' property.

52. As a proximate result of Defendants' acts and omissions, the RIANDAS have suffered damages, including, but not limited to, an interference with the RIANDAS' use of their residential property, a diminution in the value of their property, damages due to the stigma caused by the contamination of the groundwater basin, and the substantial consequential costs and expenses and general damages. Said damages are in an amount unknown at present and will be proven at trial.

53. As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered physical illnesses, disorders and disease and have incurred substantial medical expenses and general damages due to the contamination of the groundwater basin. Said damages continue to accrue and will be proven at trial.

54. As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered emotional distress as a result of concerns over their exposure

1   to perchlorate.  The RIANDAS fear for their future safety and health and financial

2   security.  As a result of such injuries, the RIANDAS have suffered general damages in

3   an amount according to proof.

4         55.    As a further proximate result of Defendants' acts and omissions, the

5   RIANDAS have suffered loss of income and earning capacity in an amount to be proved

6   at the time of trial.

7         56.    Defendants' conduct was outrageous, willful, malicious and intentional,

8   causing the RIANDAS great and irrefutable harm, and thus entitling the RIANDAS to

9   recover punitive and exemplary damages from Defendants.

10                          **FIFTH CAUSE OF ACTION**

11                            **(Private Nuisance)**

12        57.    The RIANDAS reallege and incorporate, as though fully set forth herein,

13  each and every allegation previously alleged.

14        58.    The RIANDAS are informed and believe, and on that basis allege, that as

15  a direct and proximate result of Defendants' disposal, discharge, depositing, dumping,

16  abandonment and release of chemicals, contaminants and hazardous substances,

17  including potassium perchlorate, into the groundwater basin, the local water supply,

18  surface and subsurface soil and the environment in and around the Site, and ultimately

19  the RIANDAS' property, Defendants are interfering with and precluding the RIANDAS'

20  free use and enjoyment of their property, and are threatening to impair and injure the

21  health of the RIANDAS and other individuals who would conduct business, visit or

22  otherwise utilize the property.

23        59.    Defendants' disposal, discharge, depositing, dumping, abandonment and

24  release of chemicals, contaminants and hazardous substances, including potassium

25  perchlorate, onto the RIANDAS' property has caused and is causing injury to the

26  property and to the RIANDAS. The RIANDAS did not ever authorize, sanction or agree

27  to Defendants' disposal, discharge, depositing, dumping, abandonment and release of

28  chemicals, contaminants and hazardous substances, including potassium perchlorate.

---

Complaint                                    13

60.     The contamination in the soil and groundwater in the area in, under and around the RIANDAS' property is migrating and will continue to migrate.  As the contaminants migrate, the damage to the property worsens and will continue to worsen into the future.  Accordingly, as a result of Defendants' disposal, discharge, depositing, dumping, abandonment and release of chemicals, contaminants and hazardous substances, including potassium perchlorate, the contamination currently existing in the soil and groundwater under the RIANDAS' property cannot be reasonably abated, remediated or cleaned up by Defendants or other entities, and constitutes a permanent, private nuisance.

61.     Defendants' disposal, discharge, depositing, dumping, abandonment and release of chemicals, contaminants and hazardous substances, including potassium perchlorate, into the groundwater basin, the local water supply, surface and subsurface soil and the environment in and around the Site, and ultimately the RIANDAS' property, and the resultant permanent nuisance, has directly and proximately caused damages to the RIANDAS, including, but not limited to, a decrease and diminution in the value of the RIANDAS' property as a result of the contaminated water supply for the property, and undetermined damages due to the stigma caused by the contamination of the groundwater basin, the local water supply, surface and subsurface soil, the environment in and around the Site, and the RIANDAS' property, which condition has impaired the RIANDAS' ability to sell or secure a loan against their property, and the uncertainty regarding future contamination and damages, as well as other damages set forth above, including other consequential, incidental and general damages to be proven at trial.

62.     As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered physical illnesses, disorders and disease and have incurred substantial medical expenses and general damages due to the contamination of the groundwater basin.  Said damages continue to accrue and will be proven at trial.

63.     As a further proximate result of Defendants' acts and omissions, the RIANDAS have suffered emotional distress as a result of concerns over their exposure

1  to perchlorate. The RIANDAS fear for their future safety and health and financial

2  security. As a result of such injuries, the RIANDAS have suffered general damages in

3  an amount according to proof.

4        64.   As a further proximate result of Defendants' acts and omissions, the

5  RIANDAS have suffered loss of income and earning capacity in an amount to be proved

6  at the time of trial.

7        65.   Defendants' conduct was outrageous, willful, malicious and intentional,

8  causing the RIANDAS great and irrefutable harm, and thus entitling the RIANDAS to

9  recover punitive and exemplary damages from Defendants.

10  **SIXTH CAUSE OF ACTION**

11  **(Public Nuisance)**

12        66.   The RIANDAS reallege and incorporate, as though fully set forth herein,

13  each and every allegation previously alleged.

14        67.   Defendants' disposal, discharge, depositing, dumping, abandonment and

15  release of chemicals, contaminants and hazardous substances, including potassium

16  perchlorate, into the groundwater basin, the local water supply, surface and subsurface

17  soil and the environment in and around the Site, and ultimately the RIANDAS' property,

18  gives rise to a public nuisance that affects not only the RIANDAS but the entire

19  communities of San Martin, Morgan Hill and the surrounding area. Because the

20  chemicals, contaminants and hazardous substances, including potassium perchlorate,

21  have spread and threaten to continue to spread from the Site to adjacent properties,

22  including under public streets and sidewalks, and have polluted the groundwater of the

23  State of California, it is of great public concern. The chemicals, contaminants and

24  hazardous substances, including potassium perchlorate in, under and around the

25  RIANDAS' property substantially devalues the property, and have caused the RIANDAS

26  monetary damages and the RIANDAS have therefore suffered injuries different in kind

27  from those suffered by the general public.

28

---

Complaint                               15

1        68.   The RIANDAS, in their capacity as Private Attorneys General, allege that

2    as a proximate result of the chemicals, contaminants and hazardous substances,

3    including potassium perchlorate, having been released and discharged onto their

4    property, the property has been permanently damaged. Defendants' disposal, discharge,

5    depositing, dumping, abandonment and release of chemicals, contaminants and

6    hazardous substances, including potassium perchlorate, into the groundwater basin, the

7    local water supply, surface and subsurface soil and the environment in and around the

8    Site, and ultimately the RIANDAS' property, and the resultant permanent nuisance, has

9    directly and proximately caused damages to the RIANDAS, including, but not limited

10   to a decrease and diminution in the value of the RIANDAS' property as a result of the

11   contaminated water supply for the property, and undetermined damages due to the stigma

12   caused by the contamination of the groundwater basin, the local water supply, surface

13   and subsurface soil, the environment in and around the Site, and the RIANDAS'

14   property, which condition has impaired the RIANDAS' ability to sell or secure a loan

15   against their property. Accordingly the RIANDAS have suffered special and general

16   damage as a result of the defendants' conduct.

17        69. At the same time, the releases and discharges of chemicals, contaminants and

18   hazardous substances, including potassium perchlorate, by Defendants has affected the

19   entire community and the comfort, convenience and health of a considerable number of

20   persons, although the extent of the annoyance, danger, and damage inflicted upon the

21   residents of the surrounding communities may be unequal.

22        70.   As a further proximate result of Defendants' acts and omissions, the

23   RIANDAS have suffered physical illnesses, disorders and disease and have incurred

24   substantial medical expenses and general damages due to the contamination of the

25   groundwater basin. Said damages continue to accrue and will be proven at trial.

26        71.   As a further proximate result of Defendants' acts and omissions, the

27   RIANDAS have suffered emotional distress as a result of concerns over their exposure

28   to perchlorate.   The RIANDAS fear for their future safety and health and financial

1   security. As a result of such injuries, the RIANDAS have suffered general damages in

2   an amount according to proof.

3       72.   As a further proximate result of Defendants' acts and omissions, the

4   RIANDAS have suffered loss of income and earning capacity in an amount to be proved

5   at the time of trial.

6       73.   The RIANDAS, in their capacity as Private Attorneys General, assert that

7   their action against Defendants (a) raises strong issues of public importance and policy

8   which are in need of vindication by legal action; (b) presents the necessity for private

9   enforcement of said issues and rights, the resulting burden of which falls on the

10   RIANDAS; and (c) will benefit the health and safety of the community.

11       74.   The RIANDAS, as Private Attorneys General, demand that they recover

12   their reasonable attorneys' fees and costs incurred in prosecuting this action.

13       75.   Defendants' conduct was outrageous, willful, malicious and intentional,

14   causing the RIANDAS great and irrefutable harm, and thus entitling the RIANDAS to

15   recover punitive and exemplary damages from Defendants.

16                      **SEVENTH CAUSE OF ACTION**

17              **(Intentional Infliction of Emotional Distress)**

18       76.   The RIANDAS reallege and incorporate, as though fully set forth herein,

19   each and every allegation previously alleged.

20       77.   Defendants' conduct in controlling, monitoring, maintaining and operating

21   the Site and in collecting, using, storing, disposing of, and causing to be disposed of,

22   chemicals, contaminants and hazardous substances, including potassium perchlorate,

23   used in or produced by the manufacturing process at the Site by disposing of,

24   discharging, depositing, releasing and allowing the release of such chemicals,

25   contaminants and hazardous substances into the groundwater basin, the local water

26   supply, surface and subsurface soil and the environment in and around the Site, and

27   ultimately the RIANDAS' property, was intentional, malicious and was done with

28

1  reckless disregard for the health and well-being of the RIANDAS' and members of the

2  public.

3      78.   As a proximate result of the aforementioned acts, the RIANDAS have

4  suffered mental and emotional anguish and mental, emotional and physical distress, loss

5  of sleep and nervous anxiety.  Specifically, as a result of Defendants' conduct, the

6  RIANDAS were exposed to toxic substances, including potassium perchlorate, that have

7  caused the RIANDAS' disease and illness and threaten future disease and illness due to

8  the exposures caused by Defendants.  Accordingly, Plaintiffs have incurred general

9  damages in an amount presently unascertained but to be proved at trial.

10      79.   As a further proximate result of the acts of defendants and each of them,

11  RIANDAS have incurred and will continue to incur expenses for medical treatment and

12  counseling in an amount to be proved at trial.

13      80.   Defendants' conduct was outrageous, willful, malicious and intentional,

14  causing the RIANDAS great and irreversible harm, and thus entitling the RIANDAS to

15  recover punitive and exemplary damages from Defendants.

## EIGHTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

18      81.   The RIANDAS reallege and incorporate, as though fully set forth herein,

19  each and every allegation previously alleged.

20      82.   Defendants' conduct in controlling, monitoring, maintaining and operating

21  the Site and in collecting, using, storing, disposing of, and causing to be disposed of

22  chemicals, contaminants and hazardous substances, including potassium perchlorate,

23  used in or produced by the manufacturing process at the Site by disposing of,

24  discharging, depositing, releasing and allowing the release of such chemicals,

25  contaminants and hazardous substances into the groundwater basin, the local water

26  supply, surface and subsurface soil and the environment in and around the Site, and

27  ultimately the RIANDAS' property, was negligent and a breach of the duty owed to the

28  RIANDAS and members of the public.

83.    As a proximate result of the aforementioned acts, the RIANDAS have suffered mental and emotional anguish and mental, emotional and physical distress, loss of sleep and nervous anxiety.  Specifically, as a result of Defendants' conduct, the RIANDAS were exposed to toxic substances, including potassium perchlorate, that have caused the RIANDAS' disease and illness and threaten future disease and illness due to the exposures caused by Defendants.

84.    As a direct and proximate result of the intentional disposal, discharge, depositing, dumping, abandonment and release of chemicals, contaminants and hazardous substances, including potassium perchlorate, by Defendants onto the RIANDAS' property, the RIANDAS have suffered and will continue to suffer consequential, incidental and general damages, in amounts to be proven at trial.  Such damages include but are not limited to physical, mental, emotional and nervous distress and pain and suffering, including past, current and future physical illnesses, disorders and disease as a result of the RIANDAS' exposure to chemicals, contaminants and hazardous substances, including potassium perchlorate.

85.    As a further result of the conduct of defendants, RIANDAS have and will continue to incur expenses for medical care and counseling in an amount to be proved at trial.

## NINTH CAUSE OF ACTION

### (Damages Under CERCLA)

86.    The RIANDAS reallege and incorporate, as though fully set forth herein, each and every allegation previously alleged.

87.    The chemicals which Defendants stored, used, released and discharged on the Site are classified as hazardous substances under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9601, et seq. and specifically 42 U.S.C. §9601(14), and applicable regulations thereunder.

88.    Defendants were "owners" and/or "operators" on the Site, as defined by CERCLA, 42 U.S.C. §9601(20), from 1956 to 1997.  While Defendants were owners

Complaint                                          19

1   and/or operators on the Site, significant quantities of hazardous substances, including

2   potassium perchlorate, were disposed of, discharged, deposited, dumped, abandoned and

3   released into the soil and the groundwater in and around the Site, causing these

4   hazardous substances to enter the groundwater basin, the local water supply, surface and

5   subsurface soil and the environment in and around the Site. Defendants' activities on

6   the Site therefore resulted in the "release" and "disposal" of hazardous substances

7   within the meaning of CERCLA, 42 U.S.C. §9601(22) and (29).

8        89.   The Site, including the buildings and structures thereon, constitute a

9   "facility" as defined by CERCLA, 42 U.S.C. §9601(9). All of the Defendants are

10   "covered persons" within the meaning of CERCLA, 42 U.S.C. §9607(a).

11        90.   As a proximate result of Defendants' release of the hazardous substances

12   into the soil and groundwater located beneath the Site, the RIANDAS have had to incur

13   necessary response costs, including costs to assess and investigate the nature and extent

14   of the contamination, costs related to remedial action, including enforcement activities

15   related thereto, consisting of, among other things, expert and attorneys' fees.

16        91.   The RIANDAS' response to the contamination, including their investigation

17   and res9ponse to the contamination, has, in all respects, been in compliance with the

18   National Contingency Plan ("NCP") as provide for in 42 U.S.C. §§9605 and

19   9607(a)(4)(B) and 40 C.F.R. §300 et seq.

20        92.   The RIANDAS seek reimbursement and/or contribution from Defendants,

21   and each of them, pursuant to 42 U.S.C. §§9607(a) and 9613(f), for all response and

22   remedial costs that the RIANDAS have incurred and will incur related to the hazardous

23   substances that Defendants released onto the Site, and eventually the RIANDAS'

24   property, and which were released while Defendants were operators and owners on the

25   Site.

26        93.   The RIANDAS have incurred substantial and necessary response costs,

27   including investigatory expenses, attorneys' fees, consulting fees, oversight costs,

28   interest and other response costs and ill continue to incur costs in the future.

## TENTH CAUSE OF ACTION

### (Declaratory Relief under CERCLA)

94. The RIANDAS reallege and incorporate, as though fully set forth herein, each and every allegation previously alleged.

95. Because the extent and magnitude of the contamination at the Site, and the RIANDAS' property, is not fully known at this time, and because the contamination has not yet begun to be mitigated, and is not capable of being fully mitigated in the future, the RIANDAS will incur necessary response costs, including, but not limited to, investigatory and remedial expenses, attorneys' fees and interest in the future.

96. Pursuant to 42 U.S.C. §9613(g)(2), the RIANDAS are entitled to a declaratory judgment establishing the liability of the Defendants, and each of them, for such response costs for the purposes of this and any subsequent action or actions to recover further response costs.

### PRAYER FOR RELIEF

**WHEREFORE**, the RIANDAS pray for relief as follows:

1. For general, special, consequential and incidental damages in amounts to be proven at trial for negligence, negligence *per se*, trespass, private nuisance, public nuisance, and intentional and negligent infliction of emotional distress caused by Defendants for harm to the RIANDAS and their property, loss of use and enjoyment for the property, and diminution in value to the property;

2. For general, special, consequential and incidental damages in amounts to be proven at trial caused by Defendants' ultra hazardous activity;

3. For contribution, damages and/or restitution under CERCLA, for past and future response costs, including reasonable attorneys' fees, expert witness fees, oversight costs and interest incurred by the RIANDAS to investigate and respond to the contamination at the Site and on their property, in an amount to be proven at trial;

4.    For a judicial declaration under CERCLA that all Defendants and each of them, are liable for future response costs, including reasonable attorneys' fees, expert witness fees, oversight costs and interest incurred by the RIANDAS to investigate and remedy the contamination at the Site and on the RIANDAS' property;

5.    For general, special, consequential and incidental damages related to emotional and mental pain and distress suffered by the RIANDAS as a result of the conduct of Defendants;

6.    For medical and related expenses incurred by the RIANDAS by way of their physical harm, illness and disease suffered as a result of the conduct of Defendants;

7.    For punitive and exemplary damages;

8.    For costs of suit herein, including reasonable attorneys' fees; and

9.    For such other and further relief as the Court may deem proper.

DATED: June 29, 2004

BOHN & BOHN, LLP

RENEE C. DAY
Attorney for Plaintiffs
BELINDA RIANDA and
ERICA RIANDA

Complaint                                22

## DEMAND FOR JURY TRIAL

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure and the United States District Court for the Northern District of California Local Rule 3-6, the RIANDAS hereby demand a jury trial.


DATED: June 21, 2004

BOHN & BOHN, LLP

_____
RENEE C. DAY
Attorney for Plaintiffs
BELINDA RIANDA and
ERICA RIANDA