| | |
|---|---|
| 1 | RANDALL C. CREECH, Cal. Bar #65542 |
| | CREECH, LIEBOW & KRAUS |
| 2 | 333 West San Carlos Street, Suite 1600 |
| | San Jose, CA  95110 |
| 3 | Telephone:  (408) 993-9911 |
| 4 | Facsimile:   (408) 993-1335 |
| 5 | MICHAEL E. MOLLAND, Cal. Bar #111830 |
| | MORGAN, LEWIS & BOCKIUS, LLP |
| 6 | One Market, Spear Street Tower |
| | San Francisco, CA  94105 |
| 7 | Telephone:  (415) 442-1121 |
| | Facsimile:   (415) 442-1001 |
| 8 | |
| | **Attorneys for Defendant Olin Corporation** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| MARK DANIELS, KISTI DANIELS, SUE MCELWAINE, LOUIS J. KATEN, JR. and FRED N. THREATT, on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br>OLIN CORPORATION,<br><br>    Defendant. | Case No. C 03-01211 RMW<br><br>**DECLARATION OF RANDALL C. CREECH IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>    Plaintiffs,<br>v.<br><br>OLIN CORPORATION,<br><br>    Defendant. | Case No.:  C 07-03756 JW |

I, Randall C. Creech, declare that:

1. I am and have been one of the attorneys of record for Defendant Olin Corporation in connection with the 246 cases brought against it alleging that it contaminated the groundwater in the San Martin area with perchlorate as a result of operations it carried out at the facility that it previously operated, located at 425 Tennant Avenue in Morgan Hill, California.

2. Of those 246 cases, 112 were brought by Rapazzini Graham/Duane Morris firms and follow the common pleading format to the Palmisano complaint attached to Olin's Motion. To the extent that they varied from the format of the Palmisano complaint, it was respect to the individual items of damage or injury which Plaintiffs were claiming. The common format utilized in the Rapazzini Graham/Duane Morris complaints is exemplified by the Jane Palmisano complaint, attached as Exhibit D to Olin's Motion.

3. An additional 125 cases were brought by the Alexander firm and, like the Rapazzini Graham/Duane Morris complaints, they followed a similar format or template, differing only with respect to the claims of injuries or damage. An exemplar of that template is the Aguilar complaint attached to Olin's Motion as Exhibit B.

4. Finally, the Alexander firm also filed four putative class action complaints, which again followed a common format and template, which is exemplified by the Mark Daniels complaint attached as Exhibit C to Olin's Motion.

5. All of the Alexander complaints and the Birkey complaint, which is attached to Olin's Motion as Exhibit E, named the Santa Clara Valley Water District as a defendant. The Alexander complaints were originally filed in state court and were removed by me to the United States District Court for the Northern District of California. Early on in those proceedings, the Santa Clara Valley Water District (the "District") was severed out and the cases remanded to state court with respect to the District only. In addition to the Alexander and Rapazzini Graham claim, there were four other complaints in the Birkey action, which I have previously referenced, a complaint by the Brothers family, a complaint by Norah Wilkins and her daughter and one brought by Belinda Rianda and her daughter. All 245 cases were determined by the Court to be related cases and assigned to the Honorable Ronald M. Whyte.

6. At an early Case Management Conference, the Court determined that pleadings that pertained to the Alexander class claim should all be filed in the *Daniels* action, pleadings that pertained to the individual Alexander plaintiffs should be in the *Aguilar* action, and pleadings pertaining to in the Rapazzini Graham/Duane Morris cases should be filed in the *Palmisano* action. A true and correct copy of the Case Management Order is attached hereto as Exhibit J.

7. The Honorable Ronald M. Whyte conducted numerous Case Management Conferences in those cases, ruled on dispositive and other motions, conducted pre-trial and *Daubert* hearings, drafted jury instructions and conducted a multi-week trial in connection with those cases. Mr. Thomas Moore of the Santa Clara Valley Water District testified in that trial.

8. The most recent San Martin perchlorate case that has been filed against Olin is the *Santa Clara Valley Water District* case. The Complaint in that action is attached as Exhibit I to Olin's Motion. Based upon my review of the allegations in that Complaint, it appears that Complaint is based upon the same fact pattern and events, to wit, the alleged contamination of the groundwater of the Llagas subbasin with perchlorate as a result of activities carried on by Olin Corporation at its Tennant Avenue facility, as were addressed in the other 245 related cases. It also appears to involve the same property, whether that is viewed as the site in which the activities took place (the 425 Tennant Avenue facility) or the property that was allegedly impacted, the groundwater of the Llagas sub basin and this District action and other related cases clearly arose out of the same fact pattern, series of events and property. Indeed, the District's complaint appears to be seeking legal costs in those Related Actions.

9. I have also reviewed the Notice Regarding Related Cases and Pendency of Other Actions or Proceedings filed by the Santa Clara Valley Water District in Action No. C 07-03756 JW and was surprised by the content. First of all, it states that "numerous civil actions been filed against Defendants Olin Corporation ("Olin") and the Santa Clara Valley Water District (the "District") in California state courts seeking damages based on the alleged presence of perchlorate in residential water supplies as a result of Olin's operations at 425 Tennant Avenue in Morgan Hill, California. While some cases were removed to the United States District Court

1  for the Northern District of California, San Jose Division, and then remanded back to state
2  court." That is not true as to Olin. So far as I am aware, all of the cases involving Olin
3  Corporation arising out of alleged contamination from the 425 Tennant Avenue site, and were
4  either filed in or removed to the United States District Court for the Northern District of
5  California, San Jose Division and handled by Judge Whyte. Further, of the cases that were
6  removed to federal court, none of those cases were remanded to state court as to Olin, although
7  the Court did sever and remand the Alexander cases as to the District only. I believe that the
8  suggestion in this statement that the cases involving Olin were remanded to state court is
9  inaccurate.

10. I also find it surprising that the District's Statement of Related Cases does not mention or discuss the 114 Rapazzini Graham/Duane Morris cases that were originally filed in the Northern District, as opposed to being removed. I know that the District is aware of those cases because, among other things, Mr. Thomas Mohr, who heads the District's perchlorate operations, testified as a witness in the four bellwether Rapazzini Graham/Duane Morris cases that were actually tried.

11. The District in its Statement of Related Cases represents that the only claims that were contained in the actions previously determined by the Court to be related cases were those of homeowners. That is not true. Some of the plaintiffs were the owners of commercial and business properties. In addition, the complaints put forth by some of the plaintiffs in the other Related Actions, principally the Rapazzini Graham/Duane Morris plaintiffs, contained claims for relief under CERCLA and sought recovery for testing, investigation and other mitigation steps that they had taken. Some of the plaintiffs in those actions also sought recovery for having to provide bottled water. Therefore, I strongly disagree with the District's representation that the Related Actions do not concern substantially the same parties, property or events or transactions for the reasons I previously stated.

12. I cannot agree with the District's statement that assignment of this case to another judge would "not be an unduly burdensome duplication of efforts and expenses" since I know, from Olin's perspective, that it devoted a great deal of time and effort in trying to make the Court

1 aware of the facts, circumstances, science and law applicable to the issues dealing with
2 perchlorate in the Llagas subbasin.  It certainly appeared to me that the Court and its staff made a
3 corresponding, if not greater, effort to assimilate the information on the facts and the law
4 provided by both Olin and the other parties in these cases, and to synthesize them into a series of
5 useful judicial constructs.  It would appear to me to be a significant waste of both the Court's and
6 the parties' time, and efforts, to start this process again from scratch and that building upon the
7 foundation that already exists would be in the best interests of both the Court and the litigants.

8      13.    I declare the foregoing to be true and correct to the best of knowledge under
9 penalty of perjury.

10      Executed this 30th day of July, 2007 at San Jose, California.

          /s/ Randall C. Creech
          RANDALL C. CREECH

---

**DECLARATION OF RANDALL C. CREECH IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES**

- 5 -