1  RANDALL C. CREECH, Cal. Bar #65542
   CREECH, LIEBOW & KRAUS
2  99 Almaden Boulevard, Eighth Floor
3  San Jose, CA 95113
   Telephone: (408) 993-9911
4  Facsimile:  (408) 993-1335

5  THOMAS M. CARNEY, admitted *pro hac vice*
6  MARK G. ARNOLD, admitted pro *hac vice*
   CAROL A. RUTTER, admitted pro *hac vice*
7  HUSCH & EPPENBERGER, LLC
8  190 Carondelet Plaza, Suite 600
   St. Louis, MO  63105-3441
9  Telephone:  (314) 480-1500
   Facsimile:  (314) 480-1505
10
11 Attorneys for Defendant Olin Corporation

12
                    UNITED STATES DISTRICT COURT
13                  NORTHERN DISTRICT OF CALIFORNIA
14                        SAN JOSE DIVISION

15 MARK DANIELS, et al.,              )        *E-FILED - 10/29/03*
                                      )
16         Plaintiffs,                )   Case No.:  C 03-01211 RMW
                                      )
17 v.                                 )   **CASE MANAGEMENT ORDER**
                                      )
18 OLIN CORPORATION, et al.,          )   Judge: Hon. Ronald M. Whyte
                                      )
19                                    )
20         Defendants.                )
                                      )
21 ─────────────────────────────      )
                                      )
22 ANDRES LUJAN, et al.,              )
                                      )
23         Plaintiffs,                )
                                      )
24 v.                                 )   Case No.:  C 03-01289 RMW
                                      )
25 OLIN CORPORATION, et al.,          )
                                      )
26         Defendants.                )
                                      )
27                                    )
28

─────────────────────────────────────────────────────────────

                   **CASE** MANAGEMENT **ORDER** - 1

1   DUANE HUGHES, et al.,                     )
2           Plaintiffs,                       )
                                              )
3   v.                                        )
4                                             )   Case No.:  C 03-01290  RMW
    OLIN CORPORATION, et al.,                 )
5                                             )
6           Defendants.                       )
                                              )
7   ─────────────────────────────────────    )
8   WILLIAM C. KLOPP, et al.,                 )
                                              )
9           Plaintiffs,                       )
                                              )
10  v.                                        )   Case No.:  C 03-01704 RMW
11                                            )
    OLIN CORPORATION, et al.,                 )
12                                            )
13          Defendants.                       )
    ─────────────────────────────────────    )
14

15                          **CASE** MANAGEMENT **ORDER**

16          Pursuant to the Rule 16 Conference conducted by the Court on October 3, 2003, the

17  following Case Management Order is entered:

18          1.      To simplify filing in these numerous related cases, future filings are to be made as

19  appropriate in three master files as follows:

20                  (a)  Filings relating to or affecting all Rapazzini Graham/Duane Morris cases will

21  be made in *Jane Palmisano v. Olin Corporation and Standard Fusee,* No. 03-01607 and will be

22  deemed filed in all related Rapazzini Graham/Duane Morris cases;

23                  (b)  Filings relating to or affecting all Alexander putative class actions will be

24  made in *Mark Daniels v. Olin Corporation and Standard Fusee,* No. 03-01211 and will be

25  deemed filed in all related putative class actions (Daniels, Lujan (03-1289); Hughes (03-1290)

26  and Klopp (03-1704);

27

28

─────────────────────────────────────────────────────────────────────

                        **CASE MANAGEMENT ORDER - 2**

1    (c) Filings relating to or affecting all Alexander individual cases will be made in

2    *Albert Aguilar v. Olin and Standard Fusee,* No. 03-01644 and will be deemed filed in all related

3    Alexander individual cases;

4    (d) Filings affecting only one individual case or cases *(e.g.,* in the Rapazzini

5    Graham/Duane Morris personal injury cases) will be made only in the individual case or cases

6    affected.

7    When filing in these three master files, counsel will include a cover sheet that lists all

8    other case numbers to which the filing is applicable.

9    2.    Before November 7, 2003, counsel for the Alexander plaintiffs will advise the

10    other parties and the Court whether they intend to seek Court resolution of the alleged conflict of

11    interest involving the Santa Clara Valley Water District and counsel for the Rapazzini

12    Graham/Duane Morris plaintiffs.

13    3.    Written discovery on both class and individual claims will commence on October

14    31, 2003 as follows:

15    (a)    All Parties to serve Initial Disclosures in accordance with F.R.C.P.

16    26(a)(l)(A) - (C) by October 31, 2003;

17    (b)    Plaintiffs' Initial Disclosures pursuant to F.R.C.P. 26 will include, *inter*

18    *alia,* medical bills and "back-up" for any other out of pocket expenses or damages claimed to be

19    at issue in the lawsuit *(e.g.,* bills for bottled water or clean up costs incurred by plaintiffs);

20    (c)    Olin is to make available insurance policies pursuant to F.R.C.P.

21    26(a)(l)(D) as soon as it reasonably can do so and, in any event, by no later than January 16,

22    2004[1];

23

24

25

---

25    [1] Olin currently contemplates providing a list of potentially applicable policies, if any, as part of its Rule 26 Initial Disclosures on October 31, 2003 and making available insurance agreements between approximately 1955 and the 1970's for inspection and copying as under Rule 34 in New York City on November 14, 2004. Alternatively, Olin's counsel will work cooperatively with plaintiffs' counsel to make arrangements to photocopy and ship this collection of policies at plaintiffs' expense, if plaintiffs prefer such an option. After this initial production, Olin contemplates producing on a rolling basis before January 16, 2004 , relevant portions of any remaining reasonably available potentially applicable insurance agreements which plaintiffs wish to inspect and photocopy. Standard Fusee currently contemplates making responsive policies, if any available on or shortly after October 31, 2003.

27

28

---

**CASE MANAGEMENT ORDER - 3**

(d)     By October 31, 2003, all Plaintiffs will serve upon Defendants "fact sheets" providing basic background information about each plaintiff and his or her claims (counsel will seek to reach agreement on the content of such fact sheets);

(e)     Plaintiffs will provide to defendants fact sheets for plaintiffs in any newly filed lawsuits within 30 days of filing the complaint;

(f)     When filing new lawsuits, plaintiffs will indicate on the cover page of the complaint that, pursuant to Civil L.R. 3-12(b), the suit is related to the *Daniels et al.*, or *Palmisano et al.*, lawsuits currently pending before Judge Whyte;

(g)     By November 21, 2003 (after they have had an opportunity to review plaintiffs' fact sheets), Defendants will serve preliminary written discovery on the Individual Plaintiffs; Individual Plaintiffs also will serve any preliminary written discovery they wish to serve on Defendants by this date (this date is not a discovery "cut off").

4.      By agreement of the parties, Defendants are to serve written responses (objections and/or answers) to the Rapazzini Graham Plaintiffs' 33 Requests for Production by October 31, 2003. On or before December 5, 2003, Defendants are to start producing, on a rolling basis, documents agreed to be produced in defendants' written discovery responses and/or as a result of the parties' meet and confer about those responses.

5.      Limits on Interrogatory Questions Propounded:  The Parties have agreed that, during discovery on the individual claims (a) the Defendants are permitted to jointly serve Master Interrogatories to Plaintiffs, divided as Defendants see fit between the Alexander and Rapazzini Graham Plaintiffs, not to exceed a total of 50 Defense Interrogatory Questions to all Plaintiffs *(i.e.,* the defendants may serve up to 50 identical Interrogatory questions to each of the approximately 206 Individual Plaintiffs or defendants may choose to serve, *e.g.,* 25 identical questions on each of the Alexander Individual Plaintiffs and a different set of 25 questions on each of the Rapazzini Graham Individual Plaintiffs). Defendants shall be entitled to a total of 20 additional interrogatories to each of the approximately 13 Rapazzini Graham Plaintiffs who

---

**CASE MANAGEMENT ORDER - 4**

allege traditional personal injury damages; and (b) the Alexander and Rapazzini Graham

Plaintiffs are each permitted to serve Master Interrogatories to Defendants, not to exceed a total

of 25 Alexander Plaintiffs' Interrogatory Questions to each Defendant and a total of 25

Rapazzini Graham Plaintiffs' Interrogatory Questions to each Defendant. Interrogatory Answers

shall be signed under oath by each Individual Plaintiff and by each defendant in accordance with

F.R.C.P. 33(b).

Subparts reasonably related to the main question will not be counted as separate

questions. These limits may be expanded by written agreement of the parties or by leave of court

for good cause shown.

6.    By December 1, 2003, the Alexander Plaintiffs will serve their motion for class

certification and memorandum of law in support; defendants and named plaintiffs in the putative

class actions will serve their preliminary rounds of written discovery relating to class issues by

no later than December 19, 2003 (this date is not a discovery "cut-off).

7.    To the extent any of the related cases have been assigned to the Arbitration

program, they are removed from that program. By January 16, 2004, the parties will seek to

reach agreement on a private mediator to mediate the related cases and will advise the Court of

their selection. If the parties are unable to agree on a mediator, they will submit their separate

choices to the Court on or before January 16, 2004 and the Court will select the mediator from

the panel provided.

8.    The next status conference is set for Friday, January 16, 2004 at 2:00 p.m. At this

conference, the parties will be prepared to discuss with the court the status of written discovery, a

proposed date for the class certification hearing and the appropriate start date for deposition

discovery.

**GENERAL PROVISIONS:**

**A.    INFORMATION SHARING:** The parties to the Pending Actions, including the

Alexander Plaintiffs, and the Court recognize that information sharing among the parties and

---

**CASE MANAGEMENT ORDER - 5**

1   their respective counsel is essential for the orderly and expeditious resolution of the numerous

2   Pending Actions.  The fact of cooperation among the defendants or among the plaintiffs for the

3   purpose of coordinating motion practice, discovery, trial or otherwise minimizing expenses of

4   this litigation shall not be considered as evidence of any conspiracy, concerted action or any

5   other wrongful conduct.  Any and all communications or exchanges of information or documents

6   related to this litigation between or among defense counsel or between or among plaintiffs'

7   counsel occurring since the filing of this litigation, shall not constitute a waiver of, and shall

8   remain subject to, any attorney-client, work product, trade secret or other privileges which may

9   otherwise apply. Cooperative efforts among defense counsel or among plaintiffs' counsel shall

10  not be discoverable and shall not be communicated to the trier of fact.  The receipt by any

11  defendant of information or documents from another defendant or counsel, and receipt by any

12  plaintiff of information or documents from another plaintiff or counsel pursuant to such an

13  information-sharing arrangement among one or more of the defendants or plaintiffs or their

14  counsel *inter se* shall not be deemed to place that information or documents in the possession,

15  custody, or control of the receiving party for purposes of responding to discovery.  Nothing in

16  this section is intended to address the issue of waiver of privilege based on the inadvertent

17  production of information or documents.

18      If a defendant or plaintiff withdraws from the cooperative efforts, or if a defendant or

19  plaintiff is dismissed from this litigation, by settlement or otherwise, prior communications

20  between that defendant or plaintiff and other defendants or plaintiffs and work product shared by

21  or with the departing defendant or plaintiff with respect to  the Pending Actions will not be

22  deemed to have lost the protection of the attorney-client, work product, or other privileges.

23      Nothing herein abrogates the defendants' or plaintiffs' contractual obligations or duties,

24  as they may exist, to one another nor bars the defendants or plaintiffs from asserting objections

25  to a defendant's or plaintiffs' assertion of the attorney-client or work product privileges with

26  respect to particular documents or communications.

27  **B.  STIPULATIONS/MODIFICATION OF CASE** MANAGEMENT **ORDER:**

28

1    The Parties may make Stipulations regarding discovery procedures in accordance with

2    F.R.C.P. 29.  Other  terms of this Case Management Order may be altered or supplemented by

3    agreement of the parties, subject to Court approval.  Any party seeking to modify any term of

4    this Case Management Order shall first confer with all affected Parties in an effort to reach

5    agreement before presenting any proposed modification to the Court.

6

7                                      SO ORDERED:

8

9                                      /S/ RONALD M. WHYTE

10                                     Honorable Ronald M. Whyte

11
     DATED:___10/27/03_____
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        **CASE MANAGEMENT ORDER - 7**