1  BINGHAM McCUTCHEN LLP
   CHRISTOPHER P. BERKA (SBN 94911)
2  chris.berka@bingham.com
   GREG A. CHRISTIANSON (SBN 181231)
3  greg.christianson@bingham.com
   HOLLY L. PEARSON (SBN 226523)
4  holly.pearson@bingham.com
   1900 University Avenue
5  East Palo Alto, CA  94303-2223
   Telephone:  650.849.4400
6  Facsimile:  650.849.4800

7  Attorneys for Plaintiff
   SANTA CLARA VALLEY WATER DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK DANIELS, KISTI DANIELS, SUE McELWAINE, LOUIS J. KATEN, JR. and FRED N. THREATT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>OLIN CORPORATION,<br><br>Defendants. | No.  C 03-01211 RMW<br><br>RESPONSE BY THE SANTA CLARA VALLEY WATER DISTRICT TO OLIN'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>Plaintiff,<br>v.<br><br>OLIN CORPORATION; and DOES 1-10, inclusive,<br><br>Defendants. | No.  C 07-03756 JW |

TO THE HONORABLE COURT AND ALL PARTIES AND

COUNSEL OF RECORD:

A/72131350.1

RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; C03-01211 RMW, C07-03756 JW

1    In compliance with Civil Local Rules 3-12 and 7-11, Plaintiff Santa Clara Valley Water District (the "District") hereby responds to Defendant Olin Corporation's ("Olin's") Administrative Motion to Consider Whether Cases Should Be Related.

Before the Court decides whether the current case, *Santa Clara Valley Water District v. Olin Corporation,*, is related to the earlier-filed cases to which Olin seeks to relate it, the District wishes to bring to the Court's attention the following facts:

1.    The current case and the earlier-filed cases do not involve substantially the same parties. None of the plaintiffs in the earlier-filed cases is a party to the current case. Moreover, many of the earlier-filed cases, including all of the cases filed in this Court, did not involve the District at all. The only cases that involved the District were filed in California state court. After removal of the cases to this Court, the District was subsequently severed and the claims against it remanded to state court. (Def.'s Mot. ¶ 1, n. 1) Thus, the only party common to all the actions that proceeded before this Court is Olin.

2.    While the earlier-filed cases and the current case involve Olin's former manufacturing facility located at 425 Tennant Avenue in Morgan Hill, California, and the plume of contaminated groundwater in the Llagas Subbasin that extends from this facility, the factual and legal issues in the earlier filed cases and the current case appear to be very different. As discussed more fully below, the earlier filed cases appear to have involved claims by individual citizens that they suffered harm to their private property interests and in some cases bodily injury, mental distress, and fear of future injury, as a result of the environmental conditions allegedly created by Olin. The current case, on the other hand, is focused largely on recovery by the District of costs that the District incurred as a result of the environmental contamination, including costs of investigation and cleanup. That Olin operated at the parcel of property located at 425 Tennant

Avenue in Morgan Hill, while a fact common to the earlier filed actions and the current case, does not appear to have been a fact that has been contested by Olin, or a fact with respect to which Judge Whyte invested significant judicial resources. Similarly, the District does not know whether the Court in the earlier filed cases was called upon to determine whether Olin is the party that caused the contamination at issue, or whether that fact was uncontested and therefore a fact as to which Judge Whyte also was not required to invest significant judicial resources. Thus, it is unclear whether the fact that the same property and the same plume of groundwater contamination are involved in the earlier filed actions and in the present action would result in "an unduly burdensome duplication of labor and expenses" if the cases were conducted before different judges, within the meaning of Local Rule 3-12(a)(2).

3. The District alleges in the current case that it has spent more than $4 million to date to respond to the contamination caused by Olin. These costs include, for example, costs to sample more than one thousand (1,000) water wells and to provide replacement bottled water to more than one thousand five hundred (1,500) residents and businesses whose wells were threatened or affected by the environmental conditions caused by Olin. None of these costs, however, were claimed in the earlier-filed cases, because the District was not a plaintiff in the earlier filed cases. Assuming that the District's incurrence of these costs is the relevant transaction or event pursuant to Local Rule 3-12(a)(1), then the current case and the earlier-filed cases do not concern substantially the same transaction or event.

4. The legal theories in the current case and the earlier-filed cases are largely different. For example, the earlier-filed cases include claims for intentional and negligent infliction of emotional distress, negligence, negligence per se, private nuisance, strict liability for ultra-hazardous activity, and trespass. The current case includes none of these legal theories. The current case includes

1  claims under California Water Code Section 13304 and California Health and
2  Safety Code Section 25363(e) and for common law restitution for unjust
3  enrichment.  The earlier-filed cases included none of these legal theories.
4  Although the current case and some of the earlier-filed cases include some of the
5  same legal theories -- for example, claims for cost recovery under the
6  Comprehensive Environmental Response, Compensation and Liability Act
7  ("CERCLA") and for public nuisance -- the compensatory damages sought are
8  different.  In the earlier filed cases, the plaintiffs sought to recover the costs that
9  they had allegedly incurred, not the costs that were incurred by the District.  In the
10 present action, on the other hand, the District seeks to recover costs it has incurred,
11 not costs incurred by other parties such as the private action plaintiffs.  In addition,
12 the facts that the District, as a government agency, will seek to prove with respect
13 to its costs and damages are likely to be different from the facts that the plaintiffs,
14 as property owners, sought to prove with respect to their costs and damages.  Thus,
15 it does not appear likely that there will be an unduly burdensome duplication of
16 labor and expense if the cases are conducted before different Judges.
17         5.     The District is not aware of -- and Olin has not identified -- any
18 specific risk of conflicting results if the cases are conducted before different
19 Judges.  Moreover, according to Olin's Motion, the last of the earlier-filed cases
20 was resolved a few weeks ago. (Def.'s Mot. ¶ 1)  Because Judge Whyte has no
21 ongoing involvement in the earlier-filed cases, therefore, there would appear to be
22 no efficiency to be gained in joint management of the cases.
23         Based on the above facts, the District stated in its July 20, 2007
24 Notice Regarding Related Cases and Pendency of Other Actions or Proceedings
25 that it believed the earlier filed actions and the current case are not related within
26 the meaning of Local Rule 3-12(a).  Having said that, however, the District neither
27 supports nor opposes reassignment of the present action to Judge Whyte.  The
28 District's purpose in filing this Response is simply to provide additional

1 | information to the Court to assist the Court in determining whether a reassignment
2 | would be appropriate.
3 |       Respectfully submitted,
4 | DATED:  August 2, 2007
5 |
6 |       BINGHAM MCCUTCHEN LLP
7 |
8 |       By:    /s/ Christopher P. Berka
9 |       CHRISTOPHER P. BERKA
      Attorneys for Plaintiff
10 |       SANTA CLARA VALLEY WATER DISTRICT

A/72131350.1

5