MICHAEL E. MOLLAND, State Bar No. 111830
BENJAMIN P. SMITH, State Bar No. 197551
AARON S. DUTRA, State Bar No. 216971
SETH A. MCGIBBEN, State Bar No. 227261
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: mmolland@morganlewis.com
bpsmith@morganlewis.com
adutra@morganlewis.com
smcgibben@morganlewis.com

RANDALL C. CREECH, State Bar No. 65542
CREECH, LIEBOW & KRAUS
333 West San Carlos Street, Suite 1600
San Jose, CA 95110
Telephone: (408) 993-9911
Facsimile: (408) 993-1335
E-mail: rcreech@sjlegal.com

Attorneys for Defendant
OLIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>Plaintiff,<br><br>vs.<br><br>OLIN CORPORATION, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. C07-03756 JW<br><br>**DEFENDANT OLIN CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIFTH AND SEVENTH CAUSES OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: Monday, September 17, 2007<br>Time: 9:00 a.m.<br>Dept.: Courtroom 8, Fourth Floor<br>Judge: The Honorable James Ware |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7586025.1

NOTICE OF MOTION; MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on September 17, 2007 at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-referenced Court, located at 280 South First Street, San Jose, California, in the courtroom of the Honorable James Ware, Courtroom 8, Fourth Floor, defendant Olin Corporation ("Olin") will and hereby does move the Court to dismiss Santa Clara Valley Water District's ("Valley Water District") fifth cause of action for public nuisance and seventh cause of action for equitable indemnity pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is brought following the conference of counsel pursuant to the Standing Order of this Court, which took place on August 9 and 13, 2007, between Benjamin Smith, Morgan, Lewis & Bockius, LLP, on behalf of Olin and Holly Pearson, Bingham McCutchen, on behalf of the Valley Water District. Counsel for the parties determined that the proposed hearing date for this motion will not cause undue prejudice.

This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and on the grounds that the Valley Water District has not and cannot allege facts to support its fifth and seventh causes of action against Olin. This motion is based on the following Memorandum of Points and Authorities, the pleadings and records of this action, and on such other matters as may be presented hereafter to the Court.

Dated: August 13, 2007

MORGAN, LEWIS & BOCKIUS LLP
MICHAEL E. MOLLAND
BENJAMIN P. SMITH
AARON S DUTRA
SETH A. MCGIBBEN

By: /s/ Benjamin P. Smith
    Attorneys for Defendant
    Olin Corporation

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Valley Water District's Fifth Claim for Relief for Public Nuisance pleads a cognizable legal theory or sufficient facts supporting a cognizable legal theory.

2. Whether the Valley Water District's Seventh Cause of Action for Common Law Equitable Indemnity pleads a cognizable legal theory or sufficient facts supporting a cognizable legal theory.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This lawsuit is the most recent claim resulting from perchlorate findings in groundwater near Morgan Hill, which have been the subject of hundreds of other lawsuits in this Court in recent years. This Motion asks the Court to dismiss the Valley Water District's claims for public nuisance, based on lack of standing, and the claim for equitable indemnity, because it does not plead a claim for relief.

Public Nuisance: Unlike the California State Water Control Board and its regional subdivisions, the Water Valley District is not specifically established by the State of California to abate public nuisances in groundwater. In fact, the California legislature has set forth very limited circumstances for which the Valley Water District is permitted to abate a public nuisance. None apply here. Since the Valley Water District is a public entity with no authority to abate the alleged public nuisance here,[1] the claim must be dismissed.

Equitable Indemnity: The Valley Water District seeks to recover legal and other expenses under a claim for equitable indemnity. Under state law it may do so only if it is a joint tortfeasor who has paid a damage amount or award. In this or other litigation, the Valley Water District makes no such allegation. Accordingly, this claim should also be dismissed.

---

[1] Other state agencies, like the State and Regional Water Quality Control Boards, of course, have such authority and are addressing the perchlorate findings at issue here.

## II. STATEMENT OF FACTS[2]

### A. The Parties

#### 1. The Santa Clara Valley Water District.

Plaintiff Valley Water District is a governmental agency established by the California legislature for groundwater management. Complaint ¶¶ 7, 13-14. The District also acts as steward of the streams, creeks, reservoirs, and underground aquifers of Santa Clara County and serves as a flood protection agency. *Id.* According to the Santa Clara Valley Water District Act, Cal. Water Code, Appendix, Chapter 60, the boundaries of the Santa Clara Valley Water District are the boundaries of Santa Clara County. Cal. Water Code, Appendix, Chapter 60 §2.

#### 2. Olin Corporation.

Olin is a corporation that is organized and existing under the laws of the State of Virginia. Complaint ¶ 16. Olin owns property located at 425 Tennant Avenue, Morgan Hill (the "Site"), where Olin operated a signal flare manufacturing facility from approximately 1956 to 1988. *Id.* at ¶ 18. Another company leased the Site from Olin after 1988, and continued signal flare manufacturing until approximately 1996. *Id.*

### B. Alleged Perchlorate Contamination at 425 Tennant Avenue, Morgan Hill.

Valley Water District alleges that signal flare manufacturing processes at the Site resulted in perchlorate and nitrate contamination of groundwater. Complaint ¶¶ 1, 26. Perchlorate is alleged to be a hazardous substance that, if ingested in significant quantities, may impair the function of the thyroid gland. *Id.,* ¶ 5.

The affected groundwater is located in the Llagas Subbasin, a basin that is administratively defined as stretching from Cochrane Road near Morgan Hill to the southern border of Santa Clara County, a distance of approximately fifteen miles. Complaint ¶ 26. Consistent with the prevailing groundwater flow direction in the Subbasin, the perchlorate released from the Site has spread south-southeast from the Site. *Id.*

Valley Water District alleges that Olin failed to respond to perchlorate and nitrate

---

[2] For the purposes of this Motion to Dismiss, Olin accepts the Valley Water District's allegations as true, as it must, without conceding the veracity of any allegation.

contamination at the Site in a timely fashion, prompting Valley Water District to act. Complaint ¶¶ 27-28. Among other things, Valley Water District sampled hundreds of water wells and provided bottled water to more than 1500 residents believed to be impacted by perchlorate and nitrate groundwater contamination. *Id.*, ¶ 29. Valley Water District claims that it has incurred more than $4 million in costs as a result of Olin's contamination, but concedes that Olin has reimbursed Valley Water District for a portion of those costs. *Id.*, ¶¶ 9, 29. Valley Water District also alleges it continues to incur costs as a result of contamination caused by Olin's release of hazardous substances and wastes at and in the vicinity of the Site. *Id.*, ¶ 15.

### C. Procedural History

Valley Water District filed suit against Olin on July 20, 2007 asserting nine causes of action for (1) response cost recovery under CERCLA; (2) declaratory relief under CERCLA; (3) "reimbursement" under Cal. Water Code § 13304; (4) indemnity under Cal. Health and Safety Code § 25363(3); (5) public nuisance; (6) common law restitution; (7) common law equitable indemnity; (8) declaratory relief under federal law; and (9) declaratory relief under California law. Valley Water District alleges entitlement to punitive and exemplary damages both in its prayer for relief and under its third, fifth, and sixth causes of action. *See* Complaint ¶¶ 50, 64, 70. Valley Water District also demands a jury trial "on each Claim for Relief alleged in the Complaint." Complaint p. 19:1-3.

### III. GOVERNING STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint. Dismissal is appropriate under Rule 12(b)(6) where the complaint fails to plead a cognizable legal theory or sufficient facts supporting a cognizable legal theory. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied*, 441 U.S. 965 (1979); 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982). In ruling on a 12(b)(6) motion, the court may consider the facts alleged in the complaint, documents attached to or specifically referenced within the complaint, and matters of which the court may take judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

## IV. ARGUMENT

### A. Valley Water Districts's Fifth Cause of Action for a Specially Injurious Public Nuisance Should Be Dismissed

Valley Water District's fifth claim for relief purports to assert a claim for a specially injurious "public nuisance" pursuant to California Civil Code Section 3493. *See* Complaint ¶ 61 (alleging "injuries different in kind from those asserted by the general public" as a result of the purported public nuisance). However, Valley Water District lacks standing to assert any such "public nuisance" claim and the claim should properly be dismissed.

Under California's public nuisance statute, only "private persons" – not public entities such as the Valley Water District[3] – may assert claims for a specially injurious public nuisance:

> A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise.

Cal. Civ. Code § 3493. Cases interpreting this statute have foreclosed the ability of public entities to maintain "specially injurious" public nuisance claims. *See Torrance Redevelopment Agency v. Solvent Coating Co.*, 763 F. Supp. 1060, 1065 (1991) ("Civil Code section 3493 provides no authority for plaintiff, a public entity rather than a private party, to recover damages for a "specially injurious" public nuisance; neither does any other statute authorize such recovery"); *City of Los Angeles v. Shpegel-Dimsey, Inc.*, 198 Cal. App. 3d 1009, 1020 (1988) (same). *See also San Luis Obispo County v. Abalone Alliance*, 178 Cal. App. 3d 848 (1986).

Even if the Court were to treat Valley Water District's fifth cause of action for "public nuisance" as a cause of action for <u>abatement</u> of a public nuisance, the cause of action still fails as a matter of law. There are many public entities in California and, as a result, California state law allows public entities to abate public nuisances only when authorized by law. *See* Cal. Civ. Code § 3494 ("A public nuisance may be abated by any public body or officer authorized thereto by law"). In the absence of specific state statutory authorization to abate public nuisances, no claim for abatement may be maintained. *See, e.g., Castaic Lake Water Agency v. Whittaker Corp.*, 272 F. Supp. 2d 1053, 1070-71 (C.D. Cal. 2003) (because Newhall County Water District was not a

---

[3] The Santa Clara Valley Water District is, and has often been described as, a public entity. *See, e.g., Delta Farms Reclamation Dist. v. Superior Court*, 33 Cal. 3d 699, 707 (1983).

public body specifically authorized by statute to abate a public nuisance, Water District could not maintain claim to abate public nuisance); *Lamont Storm Water Dist. v. Pavich*, 78 Cal. App. 4th 1081 (2000) (only public bodies explicitly authorized to abate a public nuisance may do so).

Valley Water District never alleges that it is specifically authorized by statute to abate public nuisances in groundwater. *See* Complaint ¶¶ 58-64. Valley Water District fails to allege such statutory authority because no such authority exists. The only mention of the term "public nuisance" in the Santa Clara Valley Water District Act, and the only authority granted by the State of California to the Valley Water District in that Act regarding public nuisances, pertains to "abandoned or unused water well[s] endangering the public health and safety by creating a water contamination hazard," which the Act defines as a "public nuisance." Cal. Water Code, Appendix, Chapter 60, §6.1. Here, the Complaint does not allege that Olin is responsible for a public nuisance caused by "abandoned or unused water wells." Just the opposite, the public nuisance is alleged to have resulted from perchlorate and nitrate "migrat[ing] off site and continu[ing] to pollute the soil and groundwater in the community surrounding the Site." Complaint ¶ 60.

Thus, California statutes do not authorize the Valley Water District to either recover damages for a specially injurious public nuisance (the cause of action actually alleged) or abate the perchlorate contamination complained of here as a public nuisance. Accordingly, Valley Water District's fifth cause of action should be dismissed with prejudice.

B. **Plaintiff's Seventh Claim for Equitable Indemnity Should Be Dismissed**

Valley Water District's seventh cause of action for equitable indemnity should be dismissed because common law equitable indemnity is restricted to a claim between joint tortfeasors. The Complaint contains no allegation that the Valley Water District is a joint tortfeasor with Olin or any other entity, or that it is in any way jointly responsible for perchlorate contamination of the Llagas Subbasin.[4] To the contrary, the Valley Water District asserts that Olin alone is responsible for the contamination. As such, there is no basis for the Valley Water

---

[4] For purposes of this Motion to Dismiss, Olin takes no position as to whether the Valley Water District is a joint tortfeasor or contributed to contamination of the Llagas Subbasin.

1-SF/7586025.1　　　　　　　　　　　7　　　　　　　　　　NOTICE OF MOTION; MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

District's common law equitable indemnity claim.

The purpose of common law equitable indemnity is to "avoid the unfairness, under joint and several liability theory, of holding one defendant liable for the plaintiff's entire loss while allowing another responsible defendant to escape 'scot free.'" *GEM Developers v. Hallcraft Homes of San Diego, Inc.*, 213 Cal. App. 3d 419, 426 (1989). Joint and several liability is a purely tort theory. *See American Motorcycle Assn. v. Superior Court*, 20 Cal. 3d 578, 587 (1978). Because the Valley Water District alleged no tort for which it and Olin have been found jointly responsible, there is no basis for joint and several liability and no basis for a common law equitable indemnity claim. *See, e.g., Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*, 143 Cal. App. 4th 1036, 1040 (2006) (affirming dismissal of equitable indemnity claim on demurrer because "[i]t is well settled in California that equitable indemnity is only available among tortfeasors who are jointly and severally liable for the plaintiff's injury"); *Munoz v. Davis*, 141 Cal. App. 3d 420, 425 (1983) ("[T]here can be no indemnity without liability. In other words, unless the prospective indemnitor and indemnitee are jointly and severally liable to the plaintiff there is no basis for indemnity").

While the Valley Water District fails to allege its status as a joint tortfeasor, it does claim entitlement to reimbursement for "defense costs" incurred in "numerous" unspecified lawsuits "in which the District has been named as a defendant." Complaint ¶ 73. However, given the traditional "American rule," defense costs and attorneys' fees are not recoverable under an implied or equitable indemnity theory. *See Watson v. Dep't Transportation*, 68 Cal. App. 4th 885, 894 (1998). Instead, it is only after an indemnitee establishes the right to implied or equitable indemnity, and demonstrates that it is without fault (among other things), that it may seek its attorneys' fees. *See* Cal. Code Civ. Proc. § 1021.6 (noting that, upon motion, a court "may award attorney's fees to a person who prevails on a claim for implied indemnity" under various circumstances, including a finding by the trier of fact determining "that the indemnitee was without fault in the principal case which is the basis for the action in indemnity"). Because no equitable or implied indemnity is available to the Valley Water District, and fees and "defense costs" are not recoverable, the Valley Water District's seventh cause of action should be

dismissed.

## V. CONCLUSION

For all of the foregoing reasons, Olin respectfully requests that this Court grant its Motion to Dismiss Valley Water District's fifth and seventh causes of action.

Dated: August 13, 2007

MORGAN, LEWIS & BOCKIUS LLP
MICHAEL E. MOLLAND
BENJAMIN P. SMITH
AARON S DUTRA
SETH A. MCGIBBEN


By: /s/ Benjamin P. Smith
    Attorneys for Defendant
    Olin Corporation

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7586025.1

9

NOTICE OF MOTION; MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES