1    MORGAN, LEWIS & BOCKIUS LLP
     MICHAEL E. MOLLAND, State Bar No. 111830
2    BENJAMIN P. SMITH, State Bar No. 197551
     AARON S. DUTRA, State Bar No. 216971
3    SETH A. MCGIBBEN, State Bar No. 227261
     One Market, Spear Street Tower
4    San Francisco, CA 94105
     Tel:  415.442.1000
5    Fax:  415.442.1001
     E-mail:  mmolland@morganlewis.com
6              bpsmith@morganlewis.com
               asdutra@morganlewis.com
7              smcgibben@morganlewis.com

8    CREECH, LIEBOW & KRAUS
     RANDALL C. CREECH, Cal. Bar #65542
9    333 West San Carlos Street, Suite 1600
     San Jose, CA  95110
10   Telephone:  (408) 993-9911
     Facsimile:   (408) 993-1335
11   E-mail:  rcreech@sjlegal.com

12   Attorneys for Defendant
     OLIN CORPORATION

13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                       SAN JOSE DIVISION

17

18   SANTA CLARA VALLEY WATER          Case No. C 07-03756 JW
     DISTRICT,
19
                         Plaintiff,     **DEFENDANT OLIN CORPORATION'S**
20                                      **NOTICE OF MOTION AND MOTION TO**
              vs.                       **STRIKE; MEMORANDUM OF POINTS**
21                                      **AND AUTHORITIES IN SUPPORT**
     OLIN CORPORATION; and DOES 1-10,   **THEREOF**
22   inclusive,
                                        Date:         September 17, 2007
23                       Defendants.    Time:         9:00 a.m.
                                        Courtroom: 8, 4th Floor
24                                      Judge:        The Honorable James Ware

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2     PLEASE TAKE NOTICE that on September 17, 2007 or as soon thereafter as the matter

3 may be heard before the Honorable James Ware in Courtroom 8 on the 4th Floor of the United

4 States District Court for the Northern District of California, located at 280 South First Street, San

5 Jose, California, Defendant Olin Corporation ("Olin") will, and hereby does, move for an order

6 striking the following allegations of plaintiff Santa Clara Water District's ("Valley Water

7 District") Complaint:

8
9
- Paragraph 38, alleging that the Valley Water District "constitutes a 'State' within the meaning of CERCLA."

10
11
- Paragraphs 50, 64, and 70, as well as prayer for relief paragraph 4 alleging entitlement to "punitive and exemplary damages."

12
- Valley Water District's demand for a jury trial "on each Claim for Relief alleged in the Complaint."

13     This motion is brought following the conference of counsel pursuant to the Standing

14 Order of this Court, which took place on August 9 & 13, 2007, between Benjamin Smith,

15 Morgan, Lewis & Bockius, LLP, on behalf of Olin and Holly Pearson, Bingham McCutchen, on

16 behalf of Valley Water District.  Counsel for the parties determined that the proposed hearing

17 date for this motion will not cause undue prejudice.

18     This motion is brought pursuant to Federal Rule of Civil Procedure 12(f), and on the

19 grounds that three allegations of Valley Water District's Complaint – including allegations that

20 the Valley Water District is a "State" pursuant to the Comprehensive Environmental Response,

21 Compensation, and Liability Act ("CERCLA) and that the Valley Water District is entitled to

22 both a jury trial and punitive damages on purely equitable claims – are immaterial, impertinent,

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1    and improper.  This motion is based on the following Memorandum of Points and Authorities and

2    the Request for Judicial Notice ("RFJN"), filed herewith, upon the pleadings and records of this

3    action, and on such other matters as may be presented hereafter to the Court.

4

5    Dated: August 13, 2007                    MORGAN, LEWIS & BOCKIUS LLP

6                                              MICHAEL E. MOLLAND
                                               BENJAMIN P. SMITH
7                                              AARON S DUTRA
                                               SETH A. MCGIBBEN
8
                                               By_____/S/_____
9                                                          Benjamin P. Smith

10                                             Attorneys for Defendant
                                               OLIN CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <center>**MEMORANDUM OF POINTS AND AUTHORITIES**</center>

2    **I.    INTRODUCTION**

3    This motion to strike, like Olin's accompanying motion to dismiss, addresses the Valley

4    Water District's legal standing to seek recovery and the scope of its damage claim.  First, the

5    Valley Water District is not a "State" for purposes of recovery under its first claim for relief under

6    CERCLA.  This is not surprising, since the Valley Water District is not authorized by the State of

7    California to bring a public nuisance claim, as discussed in Olin's accompanying motion to

8    dismiss.  Neither CERCLA's definitions, nor case law interpreting them, allow the Valley Water

9    District to recover as a "State."  The Valley Water District's allegation to the contrary should

10   therefore be stricken.

11   Second, since the California State Legislature has not seen fit to authorize the Valley

12   Water District to bring a public nuisance claim here, and its claim for relief for public nuisance

13   should fail as requested in Olin's accompanying motion to dismiss, all of the Valley Water

14   District's surviving claims for relief are equitable in nature, and do not permit either its request

15   for punitive damages or its demand for a jury trial.  Both should be stricken.

16   **II.    STATEMENT OF FACTS**

17   This motion to strike accompanies Olin's concurrently-filed filed Motion to Dismiss the

18   Fifth and Seventh Causes of Action of the Valley Water District's Complaint.  As a result, it

19   incorporates by this reference all the factual and procedural background set forth in the

20   Memorandum of Points and Authorities in support of the Motion to Dismiss.  For convenience,

21   however, the following facts are pertinent to this Motion to Strike.

22   Soon after perchlorate was detected at Olin's property, the California Regional Water

23   Quality Control Board ("Regional Board") took jurisdiction of this matter under the California

24   Water Code and directed Olin to address the perchlorate issue through a series of orders dating

25   from 2001 to the present.  *See* Request For Judicial Notice ("RFJN"), filed herewith, Exs. A-C.

26   To date, Olin has worked consistently to comply with these Regional Board orders.  *Id.*  Olin

27   agreed to reimburse the Regional Board for its staff and consultant costs in directing this work

28   under the guidelines established by state law.  *Id.*  The Complaint nonetheless alleges that Olin

1    must also reimburse the Valley Water District for expenses the Valley Water District voluntarily

2    incurred after the Regional Board took jurisdiction over the matter.  *See, e.g.*, Complaint ¶¶ 8-9.

3        The Valley Water District's Complaint seeks relief for the following:  (1) Response Cost

4    Recovery Under CERCLA Section 107(a), 42 U.S.C. Section 9607(a); (2) Declaratory Relief

5    Under CERCLA Section 113(g)(2), 42 U.S.C. Section 9613(g)(2); (3) Reimbursement Under

6    California Water Code Section 13304; (4) Indemnity Under Cal. Health and Safety Code Section

7    25363(e), (4) Public Nuisance, (5) Common Law Restitution for Unjust Enrichment, (6) Common

8    Law Equitable Indemnity, (7) Declaratory Relief Under 28 U.S.C. sections 2201 and 2202, and

9    (8) Declaratory Relief Under California Law.

10        In support of its claim for Response Cost Recovery, the Valley Water District alleges it

11    "constitutes a "State" within the meaning of CERCLA Section 107(a)(4)(A)."  Complaint ¶ 38.

12        The Valley Water District seeks punitive damages in connection with its claims for

13    Reimbursement Under Cal. Water Code Section 13304 (Complaint ¶ 50), Public Nuisance

14    (Complaint ¶ 64), and Common Law Restitution for Unjust Enrichment (Complaint ¶70).  The

15    Complaint's prayer for relief also seeks punitive and exemplary damages.  Complaint, p. 17.

16    Moreover, the Complaint contains a "demand for jury trial" on each claim for relief contained in

17    the Complaint.  *Id.* at p. 19.

## III.    ARGUMENT

### A.    Rule 12(f) Empowers the Court to Strike Immaterial and Impertinent Allegations

21        Federal Rule of Civil Procedure 12(f) permits this Court to strike immaterial, impertinent,

22    or scandalous matter in any pleading. Fed. R. Civ. P. 12(f).  "Immaterial" and "impertinent"

23    allegations are those that have no essential or important relationship to the claim for relief and do

24    not pertain to the issues in question.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

25    1993) (quotations omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517

26    (1994).  Immaterial and impertinent allegations also include improper demands or prayers for

27    relief contained in a complaint – including improper prayers for punitive damages and jury trials.

28    *See, e.g., Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996) ("a motion to

1  strike may be used to strike any part of the prayer for relief when the damages sought are not

2  recoverable as a matter of law"); *Davison v. Hartford Life & Accident Ins. Co.*, 2005 U.S. Dist.

3  LEXIS 40711 at *7 (N.D. Cal. April 7, 2005) (granting Rule 12(f) motion to strike jury demand

4  given equitable nature of claim).

5     The purpose of Rule 12(f) is to promote concise and direct pleadings and to "avoid the

6  expenditure of time money that might arise from litigating spurious issues by dispensing with

7  those issues prior to trial." *Fantasy*, 984 F.2d at 1527.  *See also Neilson v. Union Bank of Cal.,*

8  *N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  To the extent a motion to strike has the effect

9  of "making the trial of the action less complicated," or "otherwise streamlining the ultimate

10  resolution of the action, the motion to strike will be well taken." *Fantasy*, 984 F.2d at 1528.

11  Here, striking Valley Water District's improper allegation that it is a "State," as well as Valley

12  Water District's improper requests for punitive damages and a jury trial on all claims, will

13  conserve resources, avoid extensive discovery, and streamline the ultimate resolution of this

14  action.

15     **B.     Because The Valley Water District is Not a "State" Under CERCLA, Valley
       Water District's Allegation to the Contrary Should Be Stricken**

16

17     Valley Water District's first cause of action seeks "response cost recovery under

18  CERCLA Section 107(a), 42 U.S.C. Section 9607(a)." Section 104(a) of CERCLA, 42 U.S.C.

19  §9607(a), allows for the recovery of response costs incurred by either (1) "the United States

20  Government or a State or an Indian tribe" or (2) "any other person." *See* 42 U.S.C.

21  §§9607(a)(4)(A) and (B).

22     Here, Valley Water District alleges that it "constitutes a 'State' within the meaning of

23  CERCLA Section 107(a)(4)(A), 42 U.S.C. §9607(a)(4)(A)." Complaint ¶ 38.  Valley Water

24  District makes this allegation because, if it is considered a "State," Olin will bear the burden of

25  showing that the response costs incurred by Valley Water District were "not inconsistent with the

26  national contingency plan" or "NCP." 42 U.S.C. §9607(a)(4)(A).  Stated differently, there is a

27  presumption for "States," but <u>not</u> for "other person[s]," that costs incurred were consistent with

28  the NCP.  *See, e.g., Washington State Dept. of Transp. v. Wash. Natural Gas Co.*, 59 F.3d 793,

1  799 (9th Cir. 1995) (when a "State" seeks recovery of response costs, "consistency with the NCP

2  is presumed," and the burden is on the defendant to rebut the presumption of consistency by

3  establishing that the plaintiff's response action was arbitrary and capricious").

4  　　　Valley Water District's allegation that it is a "State" under 42 U.S.C. §§9607(a)(4)(A),

5  *i.e.*, its attempt to obtain a presumption of compliance with the NCP, is without merit and

6  impertinent.  Under both CERCLA's definition of "State," as well as the case law interpreting

7  CERCLA, the Valley Water District does not constitute a "State."  Accordingly, paragraph 38 of

8  the Valley Water District's Complaint should be stricken.  *See*, *e.g.*, *U.S. v. Kitsos*, 1990 WL

9  205857 (N.D. Ill. 1990) (striking improper allegation regarding purported fulfillment of statutory

10  definition).

11  　　　<u>CERCLA's Definition of "State"</u>: CERCLA's definition of "State" expressly excludes

12  public entities such as the Valley Water District.  Under CERCLA, "State" is defined to "include

13  the several States of the United States, the District of Columbia, the Commonwealth of Puerto

14  Rico, Guam, American Samoa, the United States Virgin Islands, the Commonwealth of the

15  Northern Marianas, and any other territory or possession over which the United States has

16  jurisdiction."  *See* CERCLA § 101(27), 42 U.S.C. §9601(27).  In construing CERCLA, like other

17  federal statutes, the primary focus should be on the statutory language itself.  *See*, *e.g.*, *Cadillac*

18  *Fairview v. Dow Chemical Co.*, 840 F.2d 691, 695 (9th Cir. 1988) (rejecting interpretation of

19  CERCLA provision antagonistic to "plain language" of the statute).  Because the plain language

20  of the statutory definition of "State" excludes public entities like the Valley Water District, Valley

21  Water District's allegation to the contrary should be stricken.

22  　　　<u>Case Law Interpreting "State" Under CERCLA</u>: Case law addressing the scope of Section

23  101(27)'s definition of "State" under Section 9607(a) also demonstrates that lesser public entities

24  like Valley Water District fall outside the scope of Section 101(27).  *See*, *e.g.*, *City of Heath, Ohio*

25  *v. Ashland Oil, Inc.*, 834 F. Supp. 971, 977 (S.D. Ohio 1993) (granting motion to dismiss on

26  ground that cities are not states and must prove that response costs are necessary and consistent

27  with NCP); *Mayor and Council of Borough of Rockaway v. Klockner*, 811 F. Supp. 1039, 1049-

28  50 (D. N.J. 1993) (rejecting contention that borough constituted a "State" and observing

1    Congressional intent to segregate classes of individuals who may pursue CERCLA claims); *Town*

2    *of Bedford v. Raytheon Co.*, 755 F. Supp. 469, 471 (D. Mass. 1991) (because town was not

3    sovereign, and depended upon state for grant of power, municipality was not a "State" pursuant to

4    CERCLA).

5    　　　*Raytheon* is particularly instructive.  There, the town of Bedford sought recovery under

6    CERCLA for cleanup costs as well as natural resource damages[1] related to a site in its

7    jurisdiction.  *Raytheon*, 755 F. Supp. at 469-70.  In support of a motion to dismiss, Raytheon

8    argued that as a municipality, Bedford was not a "State" authorized to bring suit for natural

9    resource damages.  *Id.* at 470-75.  Bedford, on the other hand, argued that the court should

10   interpret the term "State" broadly to include political subdivisions, find the town authorized to

11   maintain a public resources damages claim, and allow Bedford to enjoy the presumptions of a

12   "State" under 42 U.S.C. §§9607(a)(4)(A).  *Id.*

13   　　　Referring to the definition of "State" in Section 101(27), the *Raytheon* court noted that the

14   entities specifically included in that definition differed vastly from other lesser entities because all

15   of the listed "State" entities, *i.e.*, the "States of the United States," the "District of Columbia," *et.*

16   *seq.*, are sovereigns that do not depend upon others to grant them power.  *Raytheon*, 755 F. Supp.

17   at 471.  By contrast, the court found that municipalities such as Bedford could not be considered

18   sovereign given their dependence upon other entities (in *Raytheon*, the state of Massachusetts) for

19   their power.  *Raytheon*, 755 F. Supp. at 471.  The *Raytheon* court concluded that Congress made

20   the deliberate choice to segregate classes of CERCLA plaintiffs between those cloaked with

21   sovereignty, whereby the burden is placed on the defendants to show that the costs sought by the

22   plaintiff are not consistent with the NCP, and those without, whereby the burden is placed upon

23   the plaintiff to establish that the costs it seeks are consistent with the NCP and are therefore

24   recoverable.  *Raytheon*, 755 F. Supp. at 472.

25

26   [1]    In addition to response costs, CERCLA authorizes the recovery of damages to natural
         resources.  *See* 42 U.S.C. §9607(a)(4)(C).  Cases discussing "natural resource damage" claims
27       are discussed because when an entity is found to be a "State" under CERCLA Section
         101(27), 42 U.S.C. §9601(27), that entity not only enjoys a presumption that its response
28       costs complied with the NCP, but it also gains entitlement to recover natural resource
         damages.  *See Town of Bedford v. Raytheon Co.*, 755 F. Supp. 469, 470 (1991).

1    The same analysis applies here.  The Valley Water District derives its power solely from

2    the California legislature and the Santa Clara Valley Water District Act, and is not sovereign by

3    any means.  *See* Cal. Water Code, Appendix, Chapter 60 (described as an Act to, among other

4    things, "define the powers of said district").  Valley Water District admits as much in its

5    Complaint, repeatedly alleging that it derives its authority and mandate from the California

6    legislature.  *See* Complaint ¶¶ 14 (listing powers of Valley Water District pursuant to "statutory

7    mandate"); 28 (alleging acts Valley Water District is authorized to take under the "District Act").

8        To the extent there is any doubt, the 1986 Superfund Amendment and Reauthorization Act

9    ("SARA") makes it clear that the Valley Water District cannot meet CERCLA's definition of a

10   "State."  Through SARA, Congress provided an express means for governors of states to

11   designate non-sovereigns such as municipalities and water districts as natural resource trustees to

12   assert natural resource damages actions under CERCLA.  *Raytheon*, 755 F. Supp. at 472-73

13   (citing CERCLA § 107(f), 42 U.S.C. § 9607(f)).[2]  SARA thereby undermines any argument that a

14   broad interpretation of the term "State" is necessary to permit municipalities or water districts to

15   pursue natural resource damages claims.

16       Further demonstrating the impertinence of Valley Water District's allegation that it

17   constitutes a "State" is the existence of California state agencies created under the California

18   Water Act, including the California State Water Quality Control Board and its various regional

19   subdivisions, including that of the Central Coast Region (the "Regional Board").  The State and

20   Regional Water Quality Control Boards have consistently exercised jurisdiction over the

21   perchlorate release at issue here.  *See* RFJN, Exh. A-C.  Soon after perchlorate was detected at the

22   Facility, the Regional Board took jurisdiction of this matter under the California Water Code and

23   directed Olin to address the perchlorate issue through a series of orders dating from 2001 to the

24   present.  Olin worked consistently to comply with these Regional Board orders.  Olin agreed to

25   reimburse the Regional Board for its staff and consultant costs in directing this work under the

26   guidelines established by state law.  Indeed, the disagreement between Olin and the District

27   hinges on whether Olin must reimburse the District for expenses the District voluntarily incurred

28   

---

[2]    Valley Water *District* does not allege its status as a natural resource trustee.

1   (and which it claims are related to the perchlorate findings) after the Regional Board took

2   jurisdiction over the matter.

3   **C.      Plaintiff's Prayer for Punitive Damages Should be Stricken because Punitive
          Damages are not Available in Equity**

4

5   With the possible exception of Valley Water District's fifth cause of action for "public

6   nuisance" – which should properly be dismissed – all of the claims alleged in the Complaint are

7   equitable in nature and do not support an award of punitive damages.  *See Bureerong v. Uvawas*,

8   922 F. Supp. 1450, 1479 (C.D. Cal. 1996); *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d

9   559, 560 (8th Cir. 1974); *Rivero v. Thomas*, 86 Cal. App. 2d 225, 239 (1948).  A motion to strike

10  punitive damage allegations is appropriate where the claim sued upon would not support an

11  award of punitive damages as a matter of law.  *Commodore Home Systems, Inc. v. Superior*

12  *Court*, 32 Cal. 3d 211, 214-15 (1982).  Here, in addition to the Valley Water District's general

13  prayer for punitive damages, the following punitive damages allegations should be stricken:

14  **1.      Complaint ¶ 50 (seeking punitive damages under claim for
          Reimbursement Under Cal. Water Code Section 13304)**

15

16  The California Water Code does not specifically authorize the imposition of punitive

17  damages.  Moreover, the statutory subsection the Valley Water District sues upon provides

18  strictly for the equitable relief of reimbursement.  *See* Cal. Water Code §13304(c)(1) ("If a waste

19  is cleaned up or the effects of the waste are abated . . . the person or persons who discharged the

20  waste . . . are liable to that governmental agency to the extent of the reasonable costs actually

21  incurred in cleaning up the waste . . . or taking other remedial action"); *United Nat. Ins. Co. v.*

22  *R&D Latex Corp.*, 242 F.3d 1102, 1113-14 (9th Cir. 2001) (reimbursement claims are "based on

23  the equitable doctrine of restitution").

24  **2.      Complaint ¶ 64 (seeking punitive damages under claim for public
          nuisance)**

25

26  As demonstrated in the accompanying Motion to Dismiss, Valley Water District's public

27  nuisance claim fails as a matter of law because public entities such as the Valley Water District

28  may not pursue specially injurious public nuisance claims.  Cal. Civ. Code § 3493.  And, even

1    though not alleged, if the Court were to view Valley Water District's fifth claim for relief as a

2    cause of action to abate a public nuisance, such a cause of action is equitable in nature and does

3    not afford the right to punitive damages or a jury trial. *See, e.g., People v. Englebrecht*, 88 Cal.

4    App. 4th 1236, 1245 (2001) ("The essence of an action to abate a public nuisance and for

5    injunctive relief is equitable and there is no right to a jury trial") (citing cases). Accordingly,

6    Valley Water District's allegations and prayer for punitive damages should be stricken.

**3.    Complaint ¶ 70 (seeking punitive damages under claim for common law restitution)**

9    Restitution is equitable in nature, and consequently, does not form the basis in tort for the

10    imposition of punitive damages under California law. *Aral v. EarthLink, Inc.*, 134 Cal. App. 4th

11    544, 552-53 (2005).

**4.    Prayer For Relief ¶ 4**

13    A motion to strike "may be used to strike any part of the prayer for relief when the

14    damages sought are not recoverable as a matter of law." *Bureerong*, 922 F. Supp. at 1479;

15    *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. CA 2005).

**D.    Plaintiff's Request for a Jury Trial Should be Stricken because Plaintiff's Claims are Equitable in Nature**

18    With the exception of Valley Water District's fifth claim for relief, none of plaintiff's

19    causes of action are subject to trial by jury. Therefore, Valley Water District's request for a jury

20    trial "on each Claim for Relief alleged in the Complaint" is improper and should be stricken.

21    The right to jury trial in federal courts is determined by federal law. *Simler v. Conner*,

22    372 U.S. 221, 222 (1963). When deciding if a jury is required, courts first look to the federal

23    statute at issue before considering whether there is a right to jury trial under the 7th Amendment

24    to the United States Constitution. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526

25    U.S. 687, 707 (1999); *Waldrop v. Southern Co. Services, Inc.*, 24 F.3d 152, 155 (11th Cir. 1994).

26    The right to a jury trial under the Seventh Amendment is limited to "suits at common

27    law," generally interpreted to mean actions historically tried in courts of law rather than actions

28    brought in equity. *Tull v. United States*, 481 U.S. 412, 417 (1987); *see, e.g., United States Fin'l*

1    *Sec. Litig.*, 609 F.2d 411, 421 (9th Cir. 1979). Where equitable relief is sought, neither the party

2    seeking that relief nor the party opposing it is entitled to a jury trial. *Marseilles Hydro Power,*

3    *LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002).

4         Similarly, the right to a jury trial under California law is limited to actions at law as

5    distinguished from proceedings in equity. *C & K Engineering Contractors v. Amber Steel Co.,*

6    *Inc.*, 23 Cal.3d 1, 8 (1978). The test for determining whether an action is legal or equitable for

7    purposes of the right to a jury trial under California law is whether the "gist" of the action

8    depends on legal as opposed to equitable principles. "If the action is essentially one in equity and

9    the relief sought 'depends upon the application of equitable doctrines,' the parties are not entitled

10   to a jury trial." *Id.* at 9.

11        With the exception of Valley Water District's fifth cause of action for public nuisance,

12   which fails as a matter of law, none of Valley Water District's claims entitle it to a trial by jury.

13   *See, e.g., California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028

14   (C.D. Cal. 2002) (CERCLA cost recovery actions are equitable in nature and do not provide right

15   to jury trial) (citations omitted); *Nwosu v. Uba*, 122 Cal. App. 4th 1229, 1240 (2004) (no right to

16   jury trial under equitable state law claims); *Miller v. Ellis*, 103 Cal. App. 4th 373, 380 (2002)

17   ("indemnification is an equitable remedy designed to correct potential injustice"); Cal. Health and

18   Safety Code Section 25363(e) (contribution or indemnity under statute should be allocated using

19   "equitable factors"); *Aral v. EarthLink, Inc.*, 134 Cal. App. 4th 544, 552-53 (2005) (restitution is

20   equitable in nature); *Caira v. Offner*, 126 Cal.App.4th 12, 25 (2005) (declaratory relief is

21   "classified as equitable by reason of the type of relief offered"). Accordingly, Valley Water

22   District's request for a jury trial should properly be stricken.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    **IV.    <u>CONCLUSION</u>**

2            For all of the above reasons, Olin respectfully requests that the court grant its motion to

3    strike the immaterial and impertinent portions of the Complaint of Valley Water District.

4

5    Dated: August 13, 2007                    MORGAN, LEWIS & BOCKIUS LLP

6                                              By_____/S/_____
                                                              Benjamin P. Smith
7
                                              Attorneys for Defendant
8                                             OLIN CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28