| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP<br>CHRISTOPHER P. BERKA (SBN 94911) |
| 2 | chris.berka@bingham.com<br>GREG A. CHRISTIANSON (SBN 181231) |
| 3 | greg.christianson@bingham.com<br>HOLLY L. PEARSON (SBN 226523) |
| 4 | holly.pearson@bingham.com<br>1900 University Avenue |
| 5 | East Palo Alto, CA 94303-2223<br>Telephone: 650.849.4400 |
| 6 | Facsimile: 650.849.4800 |
| 7 | Attorneys for Plaintiff<br>SANTA CLARA VALLEY WATER DISTRICT |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>   Plaintiff,<br><br>   v.<br><br>OLIN CORPORATION; and DOES 1-10, inclusive,<br><br>   Defendants. | No. C-07-03756 RMW PVT<br><br>SANTA CLARA VALLEY WATER DISTRICT'S OPPOSITION TO OLIN CORPORATION'S MOTION TO STRIKE<br><br>Date:  September 28, 2007<br>Time:  9:00 a.m.<br>Place: Courtroom 6<br>Judge: Hon. Ronald M. Whyte |

A/72189963.1                                                          C-07-03756 RMW PVT

SANTA CLARA VALLEY WATER DISTRICT'S OPPOSITION TO OLIN CORPORATION'S MOTION TO STRIKE

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................... 1
II. ARGUMENT ............................................................................................................ 1
   A. The District Is a "State" for Purposes of CERCLA Section 107(a)(4)(a).............. 1
   B. The District's Claims for Punitive Damages Are Well-Pleaded and Should Not Be Stricken ........................................................................................... 4
      1. California Water Code Section 13304 (Complaint ¶ 50) ........................... 6
      2. Public Nuisance (Complaint ¶ 64) ............................................................. 7
      3. Common Law Restitution (Complaint ¶ 70) .............................................. 7
      4. Prayer for Relief (¶ 4) ................................................................................ 8
   C. The Request for Jury Trial Should Not Be Stricken ............................................. 8
III. CONCLUSION ........................................................................................................ 9

|  |  |
|---|---|
| 1 | TABLE OF AUTHORITIES |
| 2 | Page |

**Cases**

*Bird v. Wilmington & M.R. Co.*, 29 S. C. Eq. (8 Rich.) 46 Am Dec. 739..................................5

*Bureerong v. Uvawas*, 922 F. Supp. 1450  (C.D. Cal. 1996)..........................................................5

*California v. Neville Chem. Co.*, 213 F. Supp. 2d 1134 (C.D. Cal. 2002).....................................3

*City of Emeryville v. Elementis Pigments, Inc.*, 2001 WL 964230, *11 (N.D. Cal. 2001) ..................................................................................................................................3

*City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971 (S.D. Ohio 1993)..............................2

*Commodore Home Systems, Inc. v. Superior Court (Brown)*, 32 Cal. 3d 211 (1982)................................................................................................................................ 4, 6, 7

*County of Santa Clara v. Atlantic Richfield Co.*, 137 Cal. App. 4th 292 (2006)..........................9

*Curtis v. Loether*, 415 U.S. 189 n.11 (1974)..................................................................................8

*Cushing-Wetmore Co. v. Gray*, 152 Cal. 118 (1907).....................................................................8

*Fireman's Fund Insurance Co. v. City of Lodi*, 302 F.3d 928 (9th Cir. 2002) ..............................3

*Horn v. Guaranty Chevrolet Motors*, 270 Cal.App.2d 477 (1969)............................................5, 7

*Karns v. Allen*, 135 Wis. 48, 115 N. W. 357, 15 Ann. Cas. 543 (1908) ........................................5

*Malone v. Norwest Financial California, Inc.*, 245 B.R. 389 (E.D. Cal. 2000) ...........................9

*Mayor and Council of Borough of Rockaway v. Klockner*, 811 F. Supp. 1039 (D. N.J. 1993)..................................................................................................................................2

*Rivero v. Thomas*, 86 Cal. App. 2d 225 (1948)..............................................................................5

*Tapley v. Lockwood Green*, 502 F.2d 559 (8th Cir. 1974).............................................................5

*Town of Bedford v. Raytheon Co.*, 755 F. Supp. 469 (D. Mass. 1991).......................................3, 4

*Union Oil Co. v. Reconstruction Oil Co.*, 20 Cal. App. 2d 170 (1937) .........................................6

*United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102 (9th Cir. 2001) ................................6, 7

*United States ex rel. Norton Sound Health Corp v. Bering Strait School District*, 138 F.3d 1281 (9th Cir. 1998)................................................................................................2

*Ward v. Taggart*, 51 Cal. 2d 736 (1959) ....................................................................................5, 7

*Washington State Dep't of Transp. v. Washington Natural Gas Co.*, 59 F.3d 793 (9th Cir. 1995)........................................................................................................... 1, 2, 3

| | |
|---|---|
| 1 | TABLE OF AUTHORITIES |
| | (continued) |
| 2 | Page |

3  *White v. Ruditys*, 117 Wis. 2d 130, 343 N.W.2d 421 (1983) .......................................................... 6

4  *Whiting v. Adams*, 66 Vt. 679, 30 A. 32, 25 L.R.A. 598, 44 Am. St. Rep. 875
      (1894) .......................................................................................................................................... 5

5

6                                                **Statutes**

7  42 U.S.C. § 9601(27) ............................................................................................................................ 1

8  42 U.S.C. § 9607(a)(4)(A) .................................................................................................................... 1

9  Cal. Code Civ. Proc. § 731 .................................................................................................................. 8

10 Cal. Water Code § 13350(j) ................................................................................................................. 6

11 Cal. Water Code § 13385(g) ................................................................................................................ 6

12 Cal. Water Code App. § 60-1 ............................................................................................................... 2

13 Civil Code section 3294 ...................................................................................................................... 7

14 Water Code section 13304 ............................................................................................................. 4, 9

15

16                                            **Other Authorities**

17 CERCLA § 107(a)(4)(A) ...................................................................................................................... 3

18

19

20

21

22

23

24

25

26

27

28

I.   INTRODUCTION

Olin has moved to strike 1) Paragraph 38 in the Complaint, which alleges that the Santa Clara Valley Water District ("District") "constitutes a 'State' within the meaning of CERCLA," 2) Paragraphs 50, 64, and 70, as well as the prayer for relief paragraph 4, alleging entitlement to "punitive and exemplary damages," and 3) the District's demand for a jury trial "on each claim for Relief alleged in the Complaint."

For the reasons given herein, the motion to strike should be denied.

II.   ARGUMENT

    A.   The District Is a "State" for Purposes of CERCLA Section 107(a)(4)(a)

Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), allows for recovery of "all costs of removal or remedial action incurred by the United States Government *or a State* or an Indian tribe not inconsistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(A) (emphasis added). Olin argues that paragraph 38 of the District's Complaint should be stricken because the District does not constitute a "State" under CERCLA's definition of "State" or case law interpreting CERCLA. Under Ninth Circuit case law, however, the District is a "State" and can pursue its cost recovery claim under section 107(a)(4)(A).

CERCLA defines the terms "United States" and "State" to include "the several states of the United States, the District of Columbia, . . . and any other territory or possession over which the United States has jurisdiction." 42 U.S.C. § 9601(27). Although CERCLA does not define what constitutes "the several states of the United States," the Ninth Circuit Court of Appeals has explained that a "more detailed statutory definition was unnecessary because the plain meaning of 'State' is the organized government acting on behalf of the citizens of the state." *Washington State Dep't of Transp. v. Washington Natural Gas Co.*, 59 F.3d 793, 800 (9th Cir. 1995) ("*Washington State DOT*"). The organized government of a state includes state administrative departments and agencies, where an "agency" is "[a] department, commission, board, committee, or *body of any form operating as an instrumentality of the state government*." *Id*. (quoting Ballentine's Law Dictionary 1210 (3d ed. 1969)) (emphasis added). Based on these

definitions, the Ninth Circuit held that "[t]he organized government of Washington state includes the Washington State Department of Transportation" and, therefore, that "WSDOT is the 'State' for purposes of § 9607." *Id.*

Under *Washington State DOT*, the District is a "State" for purposes of CERCLA section 107(a)(4)(A). The District was created by an act of the California Legislature: the Santa Clara Valley Water District Act ("District Act"). Cal. Water Code App. § 60-1 *et seq*. (West 2007). The District operates as a State of California "Special District," with jurisdiction throughout Santa Clara County. Among other purposes, the Legislature created the District to provide flood control, to protect watercourses, watersheds, public highways, life, and property, and to conserve water for beneficial uses in the District. *Id*. § 60-4. Although the District's jurisdiction is coextensive with the boundaries of Santa Clara County, the District has, for example, the power to acquire real and personal property and to construct, maintain, alter and operate improvements "within or without the district" (*Id*. § 60-5(4)); to store water in surface or underground reservoirs "within or outside of the district" (*Id*. § 60-5(5)); to "import water into the district" (*Id*.); and to "acquire and to hold in the name of the state, the capital stock of any mutual water company or corporation . . . ." *Id*. § 60-5(7). Like the Washington State DOT, the District is "a body operating as an instrumentality of the state government." Thus, under *Washington State DOT*,[1] the District is a "State."

Olin argues that "lesser public entities, like [the] District" fall outside the scope of "State." Olin cites three cases for this proposition. None of these cases is from the Ninth Circuit, and none involves a "lesser public entity" other than a city (*City of Heath, Ohio v. Ashland Oil, Inc*., 834 F. Supp. 971, 977 (S.D. Ohio 1993)), a borough (*Mayor and Council of Borough of Rockaway v. Klockner*, 811 F. Supp. 1039, 1049-50 (D. N.J. 1993)), and a town

---

[1] In a subsequent case, *United States ex rel. Norton Sound Health Corp v. Bering Strait School District*, 138 F.3d 1281 (9th Cir. 1998), the Ninth Circuit examined whether a school district was a "State" for purposes of the Indian Health Care Improvement Act. In holding that the school district was not a "State," the Court discussed its earlier holding in *Washington State DOT*. The case, however, was not brought under CERCLA. In addition, the District differs from a school district (e.g., the District has powers that extend outside the district's territorial boundaries).

1  (*Town of Bedford v. Raytheon Co.*, 755 F. Supp. 469, 471 (D. Mass. 1991)).  The District,

2  however, is not -- and is not analogous to -- a city, a borough, or a town.

3  Moreover, entities other than states themselves have been found to be "States"

4  under CERCLA.  For example, the Ninth Circuit found that the California Department of Toxic

5  Substances Control ("DTSC") is a "State" under *Washington State DOT*.  *See Fireman's Fund*

6  *Insurance Co. v. City of Lodi*, 302 F.3d 928, 950 (9th Cir. 2002) ("Lodi, acting with DTSC

7  oversight, is therefore entitled to the presumption of consistency under CERCLA afforded to

8  state agencies such as DTSC.").  *See also California v. Neville Chem. Co.*, 213 F. Supp. 2d 1134,

9  1138 (C.D. Cal. 2002) (DTSC as "State" under CERCLA); *City of Emeryville v. Elementis*

10  *Pigments, Inc.*, 2001 WL 964230, *11 (N.D. Cal. 2001) (DTSC as "State" under CERCLA).

11  In addition, the San Diego Unified Port District has been held to be a "State" for

12  purposes of CERCLA § 107(a)(4)(A).  Berka Decl., Ex. A at 14.  The court, applying

13  *Washington State DOT*, relied on the Port District's creation by Act of the California Legislature

14  and purpose:

> Plaintiff in the present action, [t]he San Diego Unified Port District, was established by Act of the California Legislature. Under the San Diego Unified Port District Act, the state of California delegated its authority to manage and control San Diego Bay to the Port District.  Harb. & Nav. Code, App. 1.  The Port District was established for the development, operation, maintenance, control, regulation and management of the tidelands and lands lying under the inland navigable waters of San Diego Bay.  Harb. & Nav. Code, App. 1, § 4.  *Clearly Plaintiff falls within the definition of 'state agency' espoused in <u>Washington State Department of Transportation</u> as it is a body operating as an instrumentality of the state government.*  Accordingly, the Court holds that Plaintiff is a "State" for purposes of CERCLA § 107(a)(4)(A).

22  *Id*. (emphasis added).

23  These cases in this circuit -- and not the "lesser public entity" cases cited by Olin -

24  - are relevant to the District's classification as a "State."

25  Olin argues that the District "derives its power solely from the California

26  legislature and the Santa Clara Valley District Act, and is not sovereign by any means."

27  Deriving power from the California Legislature and state legislation, however, *support* the

28  District's argument that it is a "State."  The Washington State Department of Transportation,

DTSC, and the San Diego Unified Port District all derive their power from a state.

Olin then argues that the Superfund Amendments and Reauthorization Act of 1986 ("SARA") provides an express means for governors of states to designate "non-sovereigns such as municipalities and water districts as natural resource trustees to assert natural resource damages actions under CERCLA" (citing *Raytheon*, 755 F. Supp. at 472-73) and, thus, a "broad interpretation" of "State" is not necessary. This SARA provision is irrelevant to the *Washington State DOT* test. In addition, as Olin discusses in its motion, the "State" classification is used in CERCLA in contexts other than natural resource damages actions, such as consistency with the National Contingency Plan.

Finally, Olin argues that, because of the "existence of California state agencies created under the California Water Act, including the California State Water Quality (*sic*) Control Board and its various regional subdivisions, including that of the Central Coast Region" (emphasis in original), the District is not a "State." Olin cites no authority for the propositions that the number of "state agencies" is somehow limited or that action by one state agency means that another state agency cannot engage in response actions under CERCLA.

Under *Washington State DOT*, the District is a "State" for purposes of CERCLA § 107(a)(4)(A). Thus, paragraph 38 of the District's Complaint should not be stricken.

### B. The District's Claims for Punitive Damages Are Well-Pleaded and Should Not Be Stricken

Olin moves to dismiss the punitive damage allegations in the Third (Water Code section 13304), Fifth (Public Nuisance) and Sixth Claims for Relief (Common Law Restitution for Unjust Enrichment). The motion must be denied. The punitive damage allegation in the Third Claim for Relief (Water Code section 13304) is viable under *Commodore Home Systems, Inc. v. Superior Court (Brown)*, 32 Cal. 3d 211, 215 (1982) (remedy for violation of a statutory right may include punitive damages unless Legislature shows contrary intent). Punitive damages may be sought in the Fifth Claim for Relief (Public Nuisance) under Civil Code section 3294 because liability arises for breach of an obligation not arising from contract. The punitive damage allegation in the Sixth Claim for Relief (Restitution) is appropriate under a long line of

1   authority including *Ward v. Taggart*, 51 Cal. 2d 736, 742-43 (1959) (punitive damages affirmed

2   in action for restitution), and *Horn v. Guaranty Chevrolet Motors*, 270 Cal.App.2d 477, 484

3   (1969) (for purposes of punitive damages, it is "immaterial that [plaintiff's] recovery is in the

4   form of specific restitution, rather than monetary damages.").

5          Olin cites three cases in a futile attempt to support its arguments that 1) the

6   District's claims are equitable in nature, and 2) equitable claims cannot support an award of

7   punitive damages.

8          First is *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1480-81 (C.D. Cal. 1996).

9   There, plaintiff sought punitive damages for alleged violations of the California Labor Code.

10  The court denied a motion to dismiss the claim for punitive damages. The court did not hold that

11  the availability of punitive damages depended on whether the relief sought was equitable or

12  legal.

13         Second is *Tapley v. Lockwood Green*, 502 F.2d 559, 560 (8th Cir. 1974). In

14  *Tapley* the question was whether appellate review was premature with respect to the retroactivity

15  of an amendment to Missouri's wrongful death statute. The issue of punitive damages was not

16  involved. *Tapley* is inapposite.

17         Third is *Rivero v. Thomas*, 86 Cal. App. 2d 225, 239 (1948). In *Rivero*, the

18  plaintiff sued for the equitable remedy of constructive trust. The court ordered an equitable

19  remedy and awarded punitive damages. *Rivero* demonstrates that equitable remedies may

20  support a claim for punitive damages.[2]

---

[2] *Rivero* cites in passing a single authority, 15 Am. Jur. p. 704, for its observation that "[a]s a general rule, courts of equity will not award exemplary damages…." After noting that "this rule is not without exception," 86 Cal.App.2d at 239, however, the court went ahead and affirmed the judgment for punitive damages in that case. *Rivero* falls far short of supporting Olin's argument. As shown below, a multitude of California cases have, subsequent to *Rivero*, affirmed punitive damages in actions for an equitable remedy. Moreover, *Rivero* rests on outdated authority. The annotation cited by *Rivero*, 15 Am. Jur., has long since been replaced with modern authority. The annotation was copyrighted nearly seventy years ago, in 1938. The annotation cites as support for the "general rule" only three cases: *Bird v. Wilmington & M.R. Co.*, 29 S. C. Eq. (8 Rich.) 46, 64 Am Dec. 739; *Whiting v. Adams*, 66 Vt. 679, 30 A. 32, 25 L.R.A. 598, 44 Am. St. Rep. 875 (1894); and *Karns v. Allen*, 135 Wis. 48, 115 N. W. 357, 15 Ann. Cas. 543 (1908). Those cases, from South Carolina, Vermont and Wisconsin, were decided more than seventy

(Footnote Continued on Next Page.)

1   In sum, the cases cited by Olin completely fail to support its argument that the District's claims are equitable in nature, or that equitable claims cannot support an award of punitive damages.

### 1.  California Water Code Section 13304 (Complaint ¶ 50)

The California Supreme Court has left no doubt that punitive damages may generally be pursued when the basis of liability is a statutory obligation. In *Commodore Home Systems v. Superior Court (Brown),* the Court stated that "when a statute recognizes a cause of action for violation of a right, all forms of relief granted to civil litigants generally, including appropriate punitive damages, are available <u>unless a contrary legislative intent appears</u>." *Commodore*, 32 Cal. 3d at 215 (emphasis added).

The Legislature did not intend to foreclose punitive damages in actions under the Water Code. The remedies under the Water Code are "in addition to, and do not supersede or limit, any and all other remedies, civil or criminal …." Cal. Water Code §§ 13350(j) & 13385(g).

Olin argues that section 13304(c)(1) provides "strictly for the equitable relief of reimbursement" and that claims for "reimbursement" cannot be the basis for punitive damages. Olin cites only one case for these propositions, *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113-14 (9th Cir. 2001). *R&D Latex,* however, does not involve the Water Code. It does not hold that a claim under section 13304 is equitable in nature. It does not deal with the issue of punitive damages at all. *R&D Latex* addressed whether an insurer's claim for reimbursement of defense costs advanced in underlying litigation is independent of a claim for

---

(Footnote Continued from Previous Page.)

years ago. They represent a "traditional view" that was subsequently overtaken by a "strong current of modern decisions" that now allows punitive damages in equity. *White v. Ruditys*, 117 Wis. 2d 130, 138-40, 343 N.W.2d 421 (1983). California follows the modern view, "allow[ing] punitive damages to be awarded in an equitable action." *Id. See also Union Oil Co. v. Reconstruction Oil Co.*, 20 Cal. App. 2d 170, 185 (1937) (allowing damages that are punitive in nature in action for equitable relief; court notes that under Code of Civil Procedure section 307 there is now only one form of action); 58 A.L.R. 4th 844, "Punitive Damages: Power of Equity Court to Award" (1987) (California allows punitive damages in equitable actions).

1  declaratory relief for purposes of federal court jurisdiction. 242 F.3d at 1113-14. It is

2  inapposite.

3  In sum, under *Commodore*, the District's claim for punitive damages is viable and

4  should not be stricken.

5      2.    Public Nuisance (Complaint ¶ 64)

6  Next, Olin argues that the District's claim for public nuisance fails as a matter of

7  law. It urges, therefore, that the prayer for punitive damages based on public nuisance should be

8  stricken.

9  The claim for public nuisance does not fail, as shown in the District's opposition,

10  filed herewith, to Olin's motion to dismiss the fifth and seventh causes of action. Since the claim

11  of public nuisance is viable, and alleges breach of an obligation not arising from contract,

12  punitive damages are recoverable under Civil Code section 3294. The only case cited by Olin on

13  this issue, *People v. Englebrecht*, 88 Cal. App. 4th 1236, 1245 (2001), is off the mark.

14  *Englebrecht* deals with whether a right to jury trial exists in an action to abate a public nuisance,

15  not whether punitive damages are recoverable.

16      3.    Common Law Restitution (Complaint ¶ 70)

17  Finally, Olin argues that the Sixth Claim for Relief (Restitution) cannot form the

18  basis for an award of punitive damages because the claim is equitable in nature.

19  This argument is wrong. A long line of cases allows punitive damages in actions

20  for restitution. *Horn v. Guaranty Chevrolet Motors*, 270 Cal. App. 2d 477, 484 (1969) (for

21  purposes of punitive damages it is "immaterial that [plaintiff's] recovery is in the form of

22  specific restitution, rather than monetary damages"); *Ward v. Taggart*, 51 Cal. 2d at 743

23  (affirming punitive damages and judgment for restitution; "[c]ourts award exemplary damages to

24  discourage oppression, fraud, or malice by punishing the wrongdoer …. Restitution [alone]

25  would have little or no deterrent effect, for wrongdoers would run no risk of liability to their

26  victims beyond that of returning what they wrongfully obtained.").

27  Olin cites only a single case on this issue, *Aral v. Earthlink, Inc.*, 134 Cal. App.

28  4th 544, 552-53 (2005). *Aral,* however, did not involve punitive damages. It dealt with whether

a claim for restitution is arbitrable. It is inapposite.

The Sixth Claim for Relief properly alleges punitive damages.

4.  Prayer for Relief (¶ 4)

For the reasons shown, the allegations of punitive damages in paragraphs 50, 64, and 70 of the Complaint are viable, and therefore the prayer for punitive damages in paragraph 4 in the Prayer for Relief is also proper and should not be stricken.

C.  The Request for Jury Trial Should Not Be Stricken

The Seventh Amendment to the U.S. Constitution guarantees the right to a jury trial in civil cases for "[s]uits at common law, where the value in controversy exceeds twenty dollars." U.S. Const., 7th Amend. Courts have interpreted this provision generally to guarantee the right to a jury trial where the legal relief of money damages is sought. *See Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974) ("If the action is properly viewed as one for damages only, our conclusion that this is a legal claim obviously requires a jury trial on demand [and] if this legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact."). Here, in addition to equitable relief, the District also asserts claims at law and seeks compensatory and punitive damages. The District therefore is guaranteed a right to a jury trial. *Id*.

Among other grounds, the District is suing Olin for public nuisance seeking compensatory and punitive damages. A nuisance action for damages constitutes a claim at law and not a claim in equity. *See Cushing-Wetmore Co. v. Gray*, 152 Cal. 118, 119-20 (1907) ("It is, of course, not disputed that one may maintain an action at law for damage caused by a nuisance, without seeking abatement of the nuisance."). In fact, California statutory law expressly authorizes nuisance actions for damages. *See* Cal. Code Civ. Proc. § 731 ("the nuisance may be enjoined or abated as well as damages recovered therefor"). Since the District's public nuisance claim is a claim at law for damages, the District has a right to a jury trial on this issue. *See Curtis*, 415 U.S. at 196 n.11. In fact, Olin concedes this point in its own motion. *See* Olin's Motion to Strike at 10.

The right to a jury trial also is guaranteed for the District's claim under Water

1  Code section 13304, which likewise seeks compensation as well as punitive damages. *See*
2  *Malone v. Norwest Financial California, Inc.*, 245 B.R. 389, 399 (E.D. Cal. 2000). In fact,
3  courts previously have noted that this statutory provision should be construed in a manner
4  consistent with the law of nuisance. *See, e.g., County of Santa Clara v. Atlantic Richfield Co.*,
5  137 Cal. App. 4th 292, 308 (2006) (citing *City of Modesto Redevelopment Agency v. Superior*
6  *Court,* 119 Cal.App.4th 28, 37-38 (2004)) (Water Code § 13304 "appears to be harmonious with
7  the common law of public nuisance").

8        Moreover, the right to a jury trial also is guaranteed for each of the District's
9  claims where punitive damages are sought. *See Malone*, 245 B.R. at 399 ("It is well established
10  that suits for money damages, including punitive damages, are legal in nature entailing the right
11  to a jury trial."). Even where the request for punitive damages is predicated on an equitable
12  claim, the District is guaranteed the right to a jury trial on its prayer for punitive damages. *See*
13  *id.* (holding that the right to a jury trial on a prayer for punitive damages "cannot be abridged
14  even if the damages are considered incidental to the equitable claims").

15        The District therefore is entitled to a jury trial on its claims at law and on its
16  prayers for compensatory and punitive damages.

17  III.  CONCLUSION
18        For the reasons given, the motion to strike should be denied.

19  DATED: September 7, 2007

20                                        BINGHAM McCUTCHEN LLP

21
22
23                              By:     /s/ Christopher P. Berka
                                  CHRISTOPHER P. BERKA
24                                     Attorneys for Plaintiff
                               Santa Clara Valley Water District

25
26
27
28