FILED
'04 MAY 14 PM 12: 35
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO UNIFIED PORT DISTRICT,

Plaintiff,

v.

TDY INDUSTRIES, INC.; RYAN AERONAUTICAL COMPANY; TELEDYNE RYAN COMPANY; TELEDYNE RYAN AERONAUTICAL COMPANY; TELEDYNE INDUSTRIES, INC.; ALLEGHENY TELEDYNE, INC.; and DOES 1 through 10, inclusive,

Defendants.

Civil No: 03 CV 1146-B (POR)

ORDER:

(1) GRANTING Defendants' Motion to Dismiss Plaintiff's second cause of action only as to the specific incidents in subsection IV(B) of this Order;

(2) GRANTING Defendants' Motion to Dismiss Plaintiff's third cause of action;

(3) GRANTING Defendants' Motion to Dismiss Plaintiff's seventh, ninth and tenth causes of action;

(4) DENYING Defendants' Motion to Strike "attorneys' fees" from Plaintiff's fifth prayer for relief; and

(5) GRANTING Plaintiff thirty days leave to amend.

## I. INTRODUCTION

Defendants bring the present Motion to Dismiss pursuant to FRCP 12(b)(6) and Motion to Strike pursuant to FRCP 12(f). Defendants move to dismiss Plaintiff's second, third, seventh, ninth, and tenth causes of action as being barred by the applicable statute of limitations. In addition, Defendants move to strike paragraph 42 from the complaint, alleging





that as a matter of law, the court cannot find joint and severable liability in this case. Further Defendants move to strike the words "attorneys' fees" from the fifth Prayer for Relief, on the ground that attorney's fees are not recoverable in this case as a matter of law.

On March 15, 2004, Defendants' Motion to Dismiss and Strike came on for regular hearing. Having reviewed the briefs and declarations filed in support and opposition to the present motion, having heard oral presentation from both parties, and for the reasons stated herein, the Court hereby:

(1) GRANTS Defendants' Motion to Dismiss Plaintiff's second cause of action only *as to the specific incidents in subsection IV(B) of this Order*;

(2) GRANTS Defendants' Motion to Dismiss Plaintiff's third cause of action;

(3) GRANTS Defendants' Motion to Dismiss Plaintiff's seventh, ninth and tenth causes of action;

(4) DENIES Defendants' Motion to Strike "attorneys' fees" from Plaintiff's fifth prayer for relief; and

(5) GRANTS Plaintiff thirty days leave to amend.

## II. STATEMENT OF THE CASE

Plaintiff San Diego Unified Port Authority ("Plaintiff" or "Port Authority") filed suit against Defendants TDY Industries, Inc., Ryan Aeronautical Company, Teledyne Ryan Company, Teledyne Ryan Aeronautical Company, Teledyne Industries, Inc., Allegheny Teledyne, Inc., and Allegheny Technologies, Inc. (collectively "Defendants" or "TDY"), to recover environmental response costs and other damages associated with widespread environmental contamination at the former Teledyne Ryan Aeronautical Facility ("Facility"). The Port Authority is trustee of the real property upon which the Facility is located and holds it in trust for the people of the State of California. The Port Authority alleges that the contamination at the Facility is attributable to the historical activities of the Defendants. Defendants abandoned the Facility in Fall 2002.

The Port Authority asserts the following causes of action: (1) cost recovery and contribution under sections 107 (a) and 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§9601 et seq.; (2) cost recovery under California Water Code §13304(c); (3) contribution and/or indemnity under California Health & Safety Code §25.00 et seq.; (4) public nuisance under California Civil Code §§3479-3480; (5) private nuisance under California Civil Code §§3479-3481; (6) nuisance per se; (7) waste; (8) trespass; (9) negligence per se; (10) negligence; (11) common law equitable indemnity; (12) declaratory judgment under 42 U.S.C. §9613, 28 U.S.C. §2201, Cal Health & Safety Code §25363, and Cal Civil Code §1060, establishing the joint and severable liability of Defendants.

## III. STANDARDS OF LAW

### A. Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. A claim can only be dismissed with prejudice if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). The court need not, however, accept every allegation in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

////

////

////

**B. Motion to Strike - Fed. R. Civ. P. 12(f)**

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under the express language of the rule, only pleadings are subject to motions to strike. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." Id. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. at 711.

**IV. DISCUSSION**

**A. Defendants' Request for Judicial Notice**

Along with the present motion, Defendants request that the Court take judicial notice of 37 exhibits, which are letters from either the County of San Diego, the Port Authority or the California Regional Water Quality Control Board. Plaintiff argues that the Court should not take notice of these letters for purposes of Defendants' Motion to Dismiss. The Court disagrees. The Court may take notice of public documents without converting the motion to dismiss into a motion for summary adjudication. Gemtel Corporation v. Community Redevelopment Agency of the City of Los Angeles, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994)(stating that "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment"). The County of San Diego, the Port Authority, and the California Regional Water Quality Control Board are all public entities whose records are open to the public. Accordingly, the Court will consider Exhibits 1-37 in its analysis of Defendants' present motions.

**B. Plaintiff's Second Cause of Action Under the Porter-Cologne Water Quality Control Act (Cal. Water Code §§13000, *et seq.*)**

Defendants have moved to dismiss Plaintiff's second cause of action pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that Plaintiff is barred by the statute of limitations. Plaintiff's second cause of action seeks cost recovery under California Water Code §13304(c)(1), which provides a cause of action to any governmental agency for recovery of costs incurred in the cleanup, abatement and remediation of waste discharged into waters of the state.[1] Defendants contend that the three year statute of limitations provided in Cal. Code Civ. P. §338 is applicable to this cause of action. The Court agrees. Section 338 (i) states:

> An action commenced under the Porter-Cologne Water Quality Control Act (Division 7 (commencing with Section 13000) of the Water Code). The cause of action in that case shall not be deemed to have accrued until the discovery by the State Water Resources Control Board or a regional water quality control board of the facts constituting grounds for commencing actions under their jurisdiction.

---

[1] Specifically, Section 13304(c)(1) states:

> If the waste is cleaned up or the effects of the waste are abated, or, in the case of threatened pollution or nuisance, other necessary remedial action is taken by any governmental agency, the person or persons who discharged the waste, discharges the waste, or threatened to cause or permit the discharge of the waste within the meaning of subdivision (a), are liable to that governmental agency to the extent of the reasonable costs actually incurred in cleaning up the waste, abating the effects of the waste, supervising cleanup or abatement activities, or taking other remedial action. The amount of the costs is recoverable in a civil action by, and paid to, the governmental agency and the state board to the extent of the latter's contribution to the cleanup costs from the State Water Pollution Cleanup and Abatement Account or other available funds.

Cal. Water Code §13304(c)(1). Subdivision (a), referred to in Section 13304(c)(1), states:

> Any person who has discharged or discharges waste into the waters of this state in violation of any waste discharge requirement or other order or prohibition issued by a regional board or the state board, or who has caused or permitted, causes or permits, or threatens to cause or permit any waste to be discharged or deposited where it is, or probably will be, discharged into the waters of the state and creates, or threatens to create, a condition of pollution or nuisance, shall upon order of the regional board, clean up the waste or abate the effects of the waste, or, in the case of threatened pollution or nuisance, take other necessary remedial action, including, but not limited to, overseeing cleanup and abatement efforts. . . .

Cal. Water Code §13304(a).

Plaintiff argues that §338(i) applies only to a suit brought by the State Water Resources Control Board or regional water quality control board. However, Plaintiff fails to provide any support for this argument and the Court has been unable to locate any case law on point. By its plain meaning, §338(i) applies to "an action commenced under the Porter-Cologne Water Quality Control Act." Because Plaintiff's second cause of action is under the Porter-Cologne Water Quality Control Act, §338(i) controls. Accordingly, the three year statute of limitations begins to run when the State Water Resources Control Board or regional water quality control board discovers facts constituting grounds for commencing actions under their jurisdiction. Based on a review of the Exhibits provided by Defendants in support of the present motion, the Court finds that Plaintiff is barred by the statute of limitations to bring a cause of action under the Porter-Cologne Act for cost recovery for cleanup, abatement or remediation caused, or resulting from, the following eight historic environmental releases.

**1. Contamination in Convair Lagoon**

Exhibit 1 is a letter dated March 7, 1988, from the California Water Quality Control Board, which makes clear that the Regional Board had already commenced action to cleanup contamination in the Convair Lagoon. Consequently, pursuant to Cal. Code Civ. P. 388(i), a cause of action accrued at least as early as 1988, which is greater than three years before the filing of the instant action. Accordingly, Plaintiff's second cause of action for cost recovery relating to this incident is barred by the statute of limitations. See also Exhibits 2, 3, 10, 12, 22, 28, 32, 34, and 37.

**2. Unauthorized Release - T01545/H00419-002**

This unauthorized release apparently came from a 500 gallon diesel tank located in or near Building 102. Exhibit 15 is a letter dated November 5, 1992, from the County of San Diego, which makes clear that action had already commenced to address the unauthorized release. It is also clear that the State Water Resources Control Board was in possession of facts constituting grounds for commencing such action. Consequently, pursuant to Cal. Code Civ. P. 388(i), a cause of action accrued at least as early as 1992, which is greater than three

years before the filing of the instant action. Accordingly, Plaintiff's second cause of action for cost recovery relating to this incident is barred by the statute of limitations. See also Exhibits 4, 11, 15, 16, 31, and 33.

**3. Unauthorized Release - T00065/H00419-001**

This unauthorized release apparently came from three underground aviation gas tanks, underground storage tanks identified as JP4 and JP5, and underground solvent tanks, located in or near Area D. Exhibit 20 and Exhibit 26 are letters from the County of San Diego dated February 10, 1993 and January 5, 1995, respectively, which make clear that action had already commenced to address the unauthorized release. It is also clear that the Regional Water Resources Control Board was in possession of facts constituting grounds for commencing such action. Consequently, pursuant to Cal. Code Civ. P. 388(i), a cause of action accrued at least as early as 1995, which is greater than three years before the filing of the instant action. Accordingly, Plaintiff's second cause of action for cost recovery relating to this incident is barred by the statute of limitations. See also Exhibits 5, 21, 27, 30, 31, 33, and 36.

**4. Unauthorized Release - T01834/H00419-003**

This unauthorized release apparently came from a 2000 gallon underground gasoline tank located near Building 142. Exhibit 7 is a letter from the County of San Diego dated May 25, 1992, which makes clear that action had already commenced to address the unauthorized release. It is also clear that the Regional Water Resources Control Board was in possession of facts constituting grounds for commencing such action. Consequently, pursuant to Cal. Code Civ. P. 388(i), a cause of action accrued at least as early as 1992, which is greater than three years before the filing of the instant action. Accordingly, Plaintiff's second cause of action for cost recovery relating to this incident is barred by the statute of limitations. See also Exhibits 23, 24, 29, 31, and 33.

////

////

////

**5. Unauthorized Release - T2330/H00419-007**

This unauthorized release apparently came from a 20,000 gallon underground diesel tank. Exhibit 25 is a letter from the County of San Diego dated August 29, 1994, which makes clear that action had already commenced to address the unauthorized release. It is also clear that the Regional Water Resources Control Board was in possession of facts constituting grounds for commencing such action. Consequently, pursuant to Cal. Code Civ. P. 388(i), a cause of action accrued at least as early as 1994, which is greater than three years before the filing of the instant action. Accordingly, Plaintiff's second cause of action for cost recovery relating to this incident is barred by the statute of limitations. See also Exhibits 8, 9, and 14.

**6. Chlorinated Solvent Pit - H00419-004**

Exhibit 35 is a letter from the County of San Diego dated December 3, 1998, which makes clear that the Regional Water Resources Control Board was in possession of facts constituting grounds for commencing an action against Defendants for a hazardous substance release of chlorinated solvents in soil from a concrete pit in or near building 120. Consequently, pursuant to Cal. Code Civ. P. 388(i), a cause of action accrued at least as early as 1998, which is greater than three years before the filing of the instant action. Accordingly, Plaintiff's second cause of action for cost recovery relating to this incident is barred by the statute of limitations. See also Exhibit 17.

**7. Hazardous Substance Release - H00419-008**

Exhibit 19 is a letter from the County of San Diego dated December 16, 1992, which makes clear that the Regional Water Resources Control Board was in possession of facts constituting grounds for commencing an action against Defendants for a hazardous substance release from a former above ground chromic acid anodize tank in or near building 158. Consequently, pursuant to Cal. Code Civ. P. 388(i), a cause of action accrued at least as early as 1992, which is greater than three years before the filing of the instant action. Accordingly, Plaintiff's second cause of action for cost recovery relating to this incident is barred by the statute of limitations.

Accordingly, for the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's second cause of action, but only as to the incidents enumerated above. As to the remaining incidents alleged in the second cause of action the Motion to dismiss is denied.

**C. Plaintiff's Third Cause of Action Under California Hazardous Substance Account Act (California Health & Safety Code §§25300, *et seq.*)**

Defendants have moved to dismiss Plaintiff's third cause of action pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Plaintiff is barred by the statute of limitations. Plaintiff's third cause of action for contribution and/or indemnity under California Health & Safety Code §25363(e),[2] which provides a cause of action for any person who has incurred removal or remedial action costs. Both parties agree that the three year statute of limitations provided in Cal. Code Civ. P. §338(a) is applicable to this cause of action.

Defendants argue that the statute of limitations began to run no later than July 31, 1992 when Plaintiff began to incur costs of response. The Court disagrees.

While the Ninth Circuit has yet to rule on this issue, the Northern District of California in Advanced Micro Devices, Inc. v. National Semiconductor Corporation, 38 F.Supp2d 802, 814 (N.D. Cal. 1999), has held that "a claim under Cal. Health & Safety § 25363 accrues at the same time as a CERCLA contribution claim, since the California Hazardous Substance Account Act (Cal. Health & Safety Code § 25300 *et seq.*) is patterned directly on CERCLA. This Court agrees with the court in Advanced Micro Devices, Inc., and similarly holds that

---

[2] California Health & Safety Code §25363(e) states:

> Any person who has incurred removal or remedial action costs in accordance with this chapter or the federal act may seek contribution or indemnity from any person who is liable pursuant to this chapter, except that no claim may be asserted against a person whose liability has been determined and which has been or is being, fully discharged pursuant to Section 25356.6, or against a person who is actively participating in a pending apportionment proceeding pursuant to Section 25356.6. An action to enforce a claim may be brought as a cross-complaint by any defendant in an action brought pursuant to Section 25360 or this section, or in a separate action after the person seeking contribution or indemnity has paid removal or remedial action costs in accordance with this chapter or the federal act. . . .

Plaintiff's third cause of action accrues at the same time as a CERCLA contribution claim.

Under §113(f) of CERCLA (42 U.S.C.A. § 9613(f)), any person may seek contribution for response costs or natural resource damages from any other person who is liable or potentially liable under §107(a) of CERCLA (42 U.S.C.A. § 9607(a)). Under 42 U.S.C.A. § 9613(g)(3)) an action for contribution for any response costs or damages is triggered by the occurrence of any of the following events: (1) a judgment in any action under CERCLA for recovery of such costs or damages; (2) an administrative order under § 9622(g); (3) an administrative order under § 9622(h); or (4) entry of a judicially approved settlement with respect to such costs or damages. However, when none of the triggers is applicable, as is the case here, it has been held that the date of accrual for a cause of action for contribution under §113(f) of CERCLA will be guided by §113(g)(2) of CERCLA (42 U.S.C.A §9613(g)(2)), which covers initial actions for recovery of costs. Sun Company Inc. (R&M) v. Browning-Ferris, Inc., 124 F.3d 1187, 1192 (10th Cir. 1997); Advanced Micro Devices, Inc., 38 F.Supp2d at 808.

Section 113(g)(2)(A) provides that an action for cost recovery based on a removal action accrues "after completion of the removal action." Section 113(g)(2)(B) provides that an action for cost recovery based on remedial action accrues "after initiation of physical on-site construction of the remedial action." Removal "refers to short-term action taken to halt the immediate risks posed by hazardous wastes." Advanced Micro Devices, Inc., 38 F.Supp2d at 810. Remedial action refers to permanent remedies, and according to the Ninth Circuit in California Department of Toxic Substances v. Neville Chemical Co., 358 F.3d 661, 670 (9th Cir. 2004), "no action can be 'remedial' until a final remedial action plan is in place."

To summarize, the Court holds that the three year statute of limitations provided in Cal. Code Civ. P. §338(a) is applicable to Plaintiff's third cause of action for any claims for contribution relating to removal actions or remedial actions. For claims for contribution relating to a removal action, the Court holds that the statute of limitations begins to run upon completion of the removal action. For claims for contribution relating to remedial action, the

Court holds that the statute of limitations begins to run after initiation of physical on-site construction of the remedial action, which in no case can be prior to the existence of a final remedial action plan.

In the present case, Plaintiff has alleged generally that it "has incurred and will continue to incur substantial costs as Trustee of the Site for the State of California." Because no final remedial action plan is in place, Plaintiff's third cause of action for contribution relating to remedial action is not time barred. Regarding Plaintiff's third cause of action for contribution relating to removal actions, it is unclear from the complaint what costs Plaintiff has incurred, or when, and consequently the Court is unable to determine whether some or all of those incurred costs are time barred. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's third cause of action pursuant to Fed. R. Civ. P. 12(b)(6). The Court **GRANTS** Plaintiff 30 days Leave to Amend from the date of this Order to Amend its complaint to plead with more specificity information relating to the incidents for which it has already incurred costs and are seeking contribution therefrom.

### D. Plaintiff's Seventh Cause of Action For Waste, Ninth Cause of Action for Negligence Per Se, and Tenth Cause of Action for Negligence

Defendants have moved to dismiss Plaintiff's seventh, ninth and tenth causes of action pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Plaintiff is barred by the statute of limitations. Plaintiff alleges in its seventh cause of action for waste that Defendants breached their duty of reasonable care both by contaminating the site and by failing to take necessary action to respond to the environmental threat posed by the contamination as requested by various regulatory agencies. In its ninth cause of action, Plaintiff alleges that Defendants are negligent per se because they violated, and continue to violate provisions of the California Hazardous Substance Account Act and the Porter-Cologne Water Quality Control Act. Plaintiff alleges in its tenth cause of action that Defendants negligently failed to clean up the site.

Waste and negligent causes of action are subject to the three year statute of limitations applicable to injuries to real property. Cal. Code. Civ. P. §338(b). In tort actions, the applicable limitations period runs "upon the occurrence of the last element essential to the cause of action." CASMI IV v. Hunter Tech., Corp., 230 Cal.App.3d 1525,1534 (6th Dist. 1991). If however, the injury is caused through a series of negligent acts, the general rule is that the cause of action does not begin to accrue until the date of the last act. Id. at 1534.

In the present case assuming, *arguendo*, that all incidents of pollution and contamination that occurred on the site should be characterized as a series of negligent acts, Plaintiffs seventh, ninth, and tenth causes of action accrued no later than the date Defendants abandoned the site, which was in 1999. Plaintiff argues that the harm continues to occur and therefore the causes of action have yet to accrue. The Court disagrees. The law only requires that some harm has occurred before a cause of action for tort accrues, not that the entire magnitude and extent of the harm be characterized. Mangini v. Aerojet General Corp., 230 Cal.App.3d 1125, 1150 n. 16 (1991) ("The infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period.").

In the alternative, Plaintiff argues that even if the Court were to hold that the statute of limitations began to run over three years before the instant complaint was filed, that the "discovery rule" tolled the statute. The Court again disagrees. The discovery rule ameliorates the harshness of the common law rule "that a statute of limitations begins to run upon occurrence of the last element essential to the cause of action, even is the plaintiff is unaware of his cause of action." Id. at 1149-50. Under the discovery rule, a cause of action accrues when Plaintiff either "(1) actually discovered his injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence." Id. at 1150 (internal quotations and italics omitted). In the present case there is no question that Plaintiff could have discovered both the injury and cause through exercise of reasonable diligence. Exhibits 1-37 of Defendants' Request for Judicial Notice clearly indicate that the Port was aware of numerous environmental releases and contamination occurring on the site as far back

as 1990. In addition, Plaintiff had the right under its lease agreement with Defendants to "enter upon and inspect the leased premises and any improvements thereon." See Complaint, Exhibit B ¶16.

Because the Court holds that Plaintiff's seventh, ninth and tenth causes of action accrued no later than 1999, which is more than three years before the instant suit was filed, Plaintiff's said causes of action are time barred. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's seventh, ninth and tenth causes of action.

**E. Defendants' Motion to Strike "attorneys' fees" from Plaintiff's Fifth Prayer for Relief**

Defendants contend that as a matter of law Plaintiff cannot recover attorneys' fees under any of its causes of action and consequently, the Court should strike pursuant to Fed. R. Civ. P 12(f) "attorneys' fees" from Plaintiff's fifth prayer for relief.

**1. Recovery of Attorneys' Fees Under CERCLA §107(a)(1)(A)**

Under the American Rule, attorneys' fees generally are not recoverable absent explicit Congressional authorization. Key Tronic Corp. v. United States, 511 U.S. 809, 814-15 (1994). In Key Tronic Corp, the Supreme Court held that CERCLA §107 does not provide for the award of attorney fees to a private party bringing a cost recovery action. Id. The Court expressly declined, however, to determine whether attorney fees are recoverable by the government. Id. at 819.

Under § 107(a)(4),

> any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for --
>
> (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan

42 U.S.C.A. § 9607(a)(4)(A). The Ninth Circuit in United States v. Chapman, 146 F.3d 1166, 1175 (9th Cir. 1988), held that a prevailing party under §107(a)(4)(A) can recover its

attorneys' fees. Defendants argue that Plaintiff is not a "State" under §107(a)(4)(A) and therefore cannot as a matter of law recover attorneys' fees. The Court disagrees.

In Washington State Department of Transportation v. Washington Natural Gas Company, Pacificorp, 59 F.3d 793, 800 (9th Cir. 1995), the Ninth Circuit discussed what constitutes a "State" for purposes of 42 U.S.C.A. § 9607(a)(4)(A). The Ninth Circuit defined "State" as the "organized government acting on behalf of the citizens of the state." Id. "The organized government of a state includes state administrative departments and agencies." Id. A "state agency" is "[a] department, commission, board, committee, or body of any form operating as an instrumentality of the state government." Id. (quoting Ballentine's Law Dictionary). Based on those definitions, the Ninth Circuit in Washington State Department of Transportation, held that "[t]he organized government of Washington state includes the Washington Sate Department of Transportation" and therefore, "WSDOT is the 'State' for purposes of §9607."

Plaintiff in the present action, The San Diego Unified Port District, was established by Act of the California Legislature. Under the San Diego Unified Port District Act, the state of California delegated its authority to manage and control San Diego Bay to Port District. Harb. & Nav.Code, App. 1. The Port District was established for the development, operation, maintenance, control, regulation and management of the tidelands and lands lying under the inland navigable waters of San Diego Bay. Harb. & Nav.Code, App. 1, § 4. Clearly Plaintiff falls within the definition of "state agency" espoused in Washington State Department of Transportation as it is a body operating as an instrumentality of the state government. Accordingly, the Court holds that Plaintiff is a "State" for purposes of CERCLA §107(a)(4)(A). Consequently, Plaintiff's prayer for attorneys' fees is proper and the Defendants' Motion to Strike pursuant to Fed. R. Civ. P. is **DENIED**.

////

////

////

## V. CONCLUSION

For the reasons discussed herein, the Court hereby:

(1) GRANTS Defendants' Motion to Dismiss Plaintiff's second cause of action only as to the specific incidents in subsection IV(B) of this Order;

(2) GRANTS Defendants' Motion to Dismiss Plaintiff's third cause of action;

(3) GRANTS Defendants' Motion to Dismiss Plaintiff's seventh, ninth and tenth causes of action;

(4) DENIES Defendants' Motion to Strike "attorneys' fees" from Plaintiff's fifth prayer for relief; and

(5) GRANTS Plaintiff thirty days leave to amend.

**IT IS SO ORDERED**

Dated: 5-13-04

HON. RUDI M. BREWSTER
United States District Judge

cc: All Parties
Magistrate Judge