| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP |
| | CHRISTOPHER P. BERKA (SBN 94911) |
| 2 | chris.berka@bingham.com |
| | GREG A. CHRISTIANSON (SBN 181231) |
| 3 | greg.christianson@bingham.com |
| | HOLLY L. PEARSON (SBN 226523) |
| 4 | holly.pearson@bingham.com |
| | 1900 University Avenue |
| 5 | East Palo Alto, CA 94303-2223 |
| | Telephone: 650.849.4400 |
| 6 | Facsimile: 650.849.4800 |
| 7 | Attorneys for Plaintiff |
| | SANTA CLARA VALLEY WATER DISTRICT |

8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

| | | |
|---|---|---|
| 13 | SANTA CLARA VALLEY WATER DISTRICT, | No. C-07-03756 RMW PVT |
| 14 | Plaintiff, | SANTA CLARA VALLEY WATER DISTRICT'S OPPOSITION TO OLIN |
| 15 | v. | CORPORATION'S MOTION TO DISMISS PLAINTIFF'S FIFTH AND |
| 16 | OLIN CORPORATION, and DOES 1-10, inclusive, | SEVENTH CAUSES OF ACTION |
| 17 | Defendants. | Date:   September 28, 2007<br>Time:   9:00 a.m. |
| 18 | | Place:  Courtroom 6<br>Judge:  Hon. Ronald M. Whyte |

A/72199747.1                                                                C-07-03756 RMW PVT

SANTA CLARA VALLEY WATER DISTRICT'S OPPOSITION TO OLIN CORPORATION'S MOTION TO
DISMISS PLAINTIFF'S FIFTH AND SEVENTH CAUSES OF ACTION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1
II. ARGUMENT .........................................................................................................................1
    A. Standard of Review ..................................................................................................1
    B. Plaintiff's Fifth Claim For Relief (Public Nuisance) States a Proper Claim and Should Not be Dismissed ...................................................................................2
    C. The District's Seventh Claim for Relief (Common Law Equitable Indemnity) States a Proper Claim and Should Not Be Dismissed ........................2
III. CONCLUSION ......................................................................................................................4

A/72199747.1

C-07-03756 RMW PVT

-i-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TABLE OF AUTHORITIES

Page

**Cases**

*Balisteri v. Pacifica Police Dept.,* 901 F.2d 696 (9th Cir. 1990) .................................................. 1

*Boroam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003) ........................................................................ 1

*Burger v. Kuimelis,* 325 F. Supp. 2d 1026 (N.D. Cal. 2004) ........................................................ 3

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................................................... 1

*Prentice v. N. Am. Title Guaranty Corp.*, 59 Cal. 2d 618 (1963) ................................................. 3

*Selma Pressure Treating Co. v. Osmose Wood Preserving Co.*, 221 Cal. App. 3d
    1601 (1990) ............................................................................................................................ 2

*United States v. Redwood City*, 640 F.2d 963 (9th Cir. 1981) ..................................................... 1

*Vacco Indus. v. Van Den Berg*, 5 Cal. App. 4th 34 (1992) ........................................................... 3

**Statutes**

Cal. Code Civ. Proc. § 731 ............................................................................................................ 2

I.     INTRODUCTION

Plaintiff Santa Clara Valley Water District (the "District") hereby opposes the Motion to Dismiss Plaintiff's Fifth and Seventh Causes of Action filed by Defendant Olin Corporation ("Motion").

In its Fifth Claim for Relief, the District seeks damages for the public nuisance created by Olin. In its Motion, Olin argues that the District does not have standing to assert this nuisance claim. On the contrary, California law expressly provides that "any person whose property is injuriously affected" may pursue an action for nuisance seeking either abatement or damages. Cal. Code Civ. Proc. § 731. As discussed below, the District's nuisance claim is authorized under California law.

In its Seventh Claim for Relief, the District seeks reimbursement of costs incurred to defend third party actions that were prompted by environmental contamination caused by Olin. In its motion, Olin argues that only joint tortfeasors are entitled to pursue claims for common law equitable indemnity. In fact, the District's equitable indemnity claim is authorized under the "tort of another" doctrine, as discussed below.

For the reasons set forth below, the Court should deny Olin's Motion.

II.    ARGUMENT

A.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper only where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balisteri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990); *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). In considering the motion, the court must accept all factual allegations as true and construe them in the light most favorable to plaintiff. *Boroam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Only where it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim which would entitle him to relief may a motion to dismiss be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

B.  Plaintiff's Fifth Claim For Relief (Public Nuisance) States a Proper Claim and Should Not be Dismissed

In its Motion, Olin argues that the District lacks standing to bring a claim for public nuisance citing a line of cases construing Civil Code Section 3493. In fact, neither Civil Code Section 3493 nor the cases construing it precludes the District from pursuing its claim for public nuisance against Olin.

The District is entitled to pursue this claim under California Code of Civil Procedure Section 731, which provides, in relevant part:

> An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance, as the same is defined in section thirty-four hundred and seventy-nine of the Civil Code, and by the judgment in such action the nuisance may be enjoined or abated as well as damages recovered therefor.

Cal. Code Civ. Proc. § 731.

The District is a "person" within the meaning of this provision. *See Selma Pressure Treating Co. v. Osmose Wood Preserving Co.*, 221 Cal. App. 3d 1601, 1613-19 (1990). Moreover, the District has asserted a sufficient "property" interest to bring its claim. *See, e.g.,* Complaint ¶¶ 14, 26 & 28 (Olin has contaminated the groundwater aquifers within the District's stewardship).

Since the District's Fifth Claim for Relief states a proper claim under Code of Civil Procedure section 731, it should not be dismissed.[1]

C.  The District's Seventh Claim for Relief (Common Law Equitable Indemnity) States a Proper Claim and Should Not Be Dismissed

In the Seventh Claim for Relief, the District seeks to recover legal fees and related expenses and damages it incurred to defend itself in lawsuits that were prompted by the groundwater contamination caused by Olin. The claim is appropriate under the "tort of another"[2]

---

[1] Olin devotes much of its Motion to addressing whether the District has a right to seek abatement of the public nuisance. In fact, the Complaint does not seek the remedy of abatement. It seeks damages.

[2] The "tort of another," which may also be referred to as the "third party tortfeasors" doctrine, is

(Footnote Continued on Next Page.)

doctrine. *Prentice v. N. Am. Title Guaranty Corp.*, 59 Cal. 2d 618, 620 (1963).[3]

Under *Prentice*, any "person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person *is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred.*" *Prentice,* 59 Cal. 2d at 620 (emphasis added). *See also Burger v. Kuimelis,* 325 F. Supp. 2d 1026, 1040-44 (N.D. Cal. 2004); Rest.2d Torts § 914, subd. (2); *Sooy v. Peter,* 220 Cal. App. 3d 1305, 1310 (1990). Under this doctrine, it is not necessary that a plaintiff be a joint tortfeasor with the defendant to assert a claim for equitable indemnity.[4] *Vacco Indus. v. Van Den Berg*, 5 Cal. App. 4th 34, 57 (1992).

The District has alleged facts sufficient to state a claim for relief under the "tort of another" doctrine. In paragraph 73 of the Complaint, the District alleges it has been named as a defendant in third-party lawsuits relating to the contamination of the groundwater. The suits resulted from Olin's acts and omissions in causing the contamination. *Id.* The District was required to spend time and money to defend itself. *Id*.

Olin further argues that the District can recover its fees and costs only pursuant to a motion under Code of Civil Procedure section 1021.6. Olin's reliance on Section 1021.6 is misplaced. Section 1021.6 does not codify each possible application of the "tort of another" doctrine. *Burger v. Kuimelis,* 325 F. Supp. 2d 1026, 1043 (2004). The "tort of another" doctrine provides a basis, separate and independent from section 1021.6, to pursue fees, costs, and other damages.

---

(Footnote Continued from Previous Page.)

an exception to the American rule that each party must bear its own attorneys' fees. Cal. Code Civ. Proc. § 1021; *Heckert v. MacDonald*, 208 Cal. App. 3d 832, 836-37 (1989).

[3] In *Burger v. Kuimelis,* 325 F. Supp. 2d 1026 (N.D. Cal. 2004), the Court suggests in dicta, without deciding the issue, that a claim for implied indemnity is simply a form or subset of the tort of another doctrine. *Id.* at 1043.

[4] The *Vacco* court explained that the tort of another doctrine does not permit joint tortfeasors to recover attorneys' fees from one another. *Vacco*, 5 Cal. App. 4th at 57. If that were the rule, there is no reason why it could not be applied in every multiple tortfeasor case with the plaintiff simply choosing the one with the deepest pocket as the "*Prentice* target." *Id.*

1  III.    CONCLUSION

2           Olin's motion to dismiss the Fifth and Seventh Claims for Relief should be
3  denied. If granted, the District respectfully requests that it be given leave to amend the
4  Complaint.

5  DATED:  September 7, 2007

6                                       BINGHAM McCUTCHEN LLP

8
                                        By:     /s/ Christopher P. Berka
9                                               CHRISTOPHER P. BERKA
                                                Attorneys for Plaintiff
10                                              Santa Clara Valley Water District

A/72199747.1                           4                           C-07-03756 RMW PVT

SANTA CLARA VALLEY WATER DISTRICT'S OPPOSITION TO OLIN CORPORATION'S MOTION TO
DISMISS PLAINTIFF'S FIFTH AND SEVENTH CAUSES OF ACTION