MICHAEL E. MOLLAND, State Bar No. 111830
BENJAMIN P. SMITH, State Bar No. 197551
AARON S. DUTRA, State Bar No. 216971
SETH A. MCGIBBEN, State Bar No. 227261
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: mmolland@morganlewis.com
        bpsmith@morganlewis.com
        adutra@morganlewis.com
        smcgibben@morganlewis.com

RANDALL C. CREECH, State Bar No. 65542
CREECH, LIEBOW & KRAUS
333 West San Carlos Street, Suite 1600
San Jose, CA 95110
Telephone: (408) 993-9911
Facsimile: (408) 993-1335
E-mail: rcreech@sjlegal.com

Attorneys for Defendant
OLIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>OLIN CORPORATION, and DOES 1-10, inclusive,<br><br>　　　　Defendant. | Case No. C07-03756 RMW<br><br>**DEFENDANT OLIN CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIFTH AND SEVENTH CAUSES OF ACTION**<br><br>Date: Friday, September 28, 2007<br>Time: 9:00 a.m.<br>Dept.: Courtroom 6, Fourth Floor<br>Judge: The Honorable Ronald M. Whyte |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFT'S REPLY ISO MOTION TO DISMISS
1-SF/7603174.1

USDC – N.D. CASE NO. C 07-03756 RMW

## I. INTRODUCTION

Plaintiff has failed to overcome the fatal flaws in its fifth and seventh causes of action, and they should be dismissed.

As to the Fifth Cause of Action for Public Nuisance, the authority cited by the Valley Water District demonstrates that the State of California and its Regional Water Quality Control Board are the <u>only</u> appropriate damages claimants under California Code of Civil Procedure § 731.

As to the Seventh Cause of Action for Equitable Indemnity, the Valley Water District concedes that it has not satisfied the requirements of California Code of Civil Procedure § 1021.6, and has failed to allege the requisite elements of a tort committed against it by Olin under *Burger v. Kuimelis*, 325 F. Supp. 2d 1026 (N.D. Cal. 2004).

Accordingly, both causes of action must fail.

## II. ARGUMENT

### A. Valley Water Districts's Fifth Cause of Action for a Specially Injurious Public Nuisance Should Be Dismissed

The Valley Water District simply ignores the case law set forth in Olin's opening memorandum of points and authorities holding that public entities, such as the Valley Water District, lack standing to maintain "specially injurious" public nuisance claims. *See, e.g., Torrance Redevelopment Agency v. Solvent Coating Co.*, 763 F. Supp. 1060, 1065 (C.D. Cal. 1991). Instead, somewhat incredibly, the Valley Water District relies on *Selma Pressure Treating Co. v. Osmose Wood Preserving Co.*, 221 Cal. App. 3d 1601 (1990) for the proposition that it may bring a damages claim under California Code of Civil Procedure § 731. The Valley Water District is mistaken. Moreover, the *Selma* case proves Olin's point.

Aside from the fact that California Civil Code Section 731 is never mentioned in the Valley Water District's complaint – which alleges a specially injurious public nuisance consistent with Civil Code Section 3493 – Section 731 is inapplicable here. *See* Complaint ¶ 61. Code of Civil Procedure section 731 provides as follows:

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFT'S REPLY ISO MOTION TO DISMISS
1-SF/7603174.1

2

USDC – N.D. CASE NO. C 07-03756 RMW

> An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance, as the same is defined in section [3479] of the Civil Code, and by the judgment in such action the nuisance may be enjoined or abated as well as damages recovered therefor. A civil action may be brought in the name of the people of the State of California to abate a public nuisance, as the same is defined in section [3480] of the Civil Code, by the district attorney of any county in which such nuisance exists, or by the city attorney of any town or city in which such nuisance exists, and each of said officers shall have concurrent right to bring such action for a public nuisance existing within a town or city, and such district attorney, or city attorney, of any county or city in which such nuisance exists must bring such action whenever directed by the board of supervisors of such county or whenever directed by the legislative authority of such town or city.

California Civil Code § 731.

The first sentence applies to private property owners, allowing abatement and damages. The second sentence applies to a public agency in its representative capacity, permitting <u>only abatement</u>.[1] California courts generally limit the recovery of damages by a governmental plaintiff in public nuisance actions. *See also People ex rel. Gow v. Mitchell Brothers' Santa Ana Theater*, 114 Cal. App. 3d 923, 930 (1981), *revd. and remanded on other grounds sub nom. California ex rel. Cooper v. Mitchell Brothers' Santa Ana Theater*, 454 U.S. 90 (1981); *People ex rel. Van de Kamp v. American Art Enterprises, Inc.* 33 Cal. 3d 328, 333, fn. 11 (1983).

The exception to this general rule, set forth in *Selma Pressure Treating Co.*, and relied upon by the Valley Water District, does not apply here. In *Selma*, the Court held that "where the State has a property interest which has been injuriously affected by a nuisance, the State can, like any property owner, seek damages." *See Selma*, 221 Cal. App. 3d at 1616. *Selma* defined that "State" as the State of California and the Regional Water Quality Control Board. The *Selma* court found that "the state has a legally cognizable property interest in the waters of the state," because Water Code § 102 provides that "all water within the State is the property of the people of the State." *See Selma* at 1616. The Valley Water District's assertion that it has a sufficient property interest to bring a public nuisance claim, unburdened with any legal authority in support,

---

[1] The Valley Water District suggests in connection with its public nuisance claim that it does not seek abatement, but instead seeks damages. This contention is mere semantics. The Complaint alleges that the "District has been injured in the amount of its costs of abatement in response to the release and threatened release at the Site, and continues to be injured as long as the nuisance is not abated." *See* Complaint ¶ 62.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  is belied by the holding in *Selma,* which demonstrates that it is the State of California <u>alone</u> that
2  owns the groundwater in California and may sue for damages with regard to a public nuisance
3  thereto. The Valley Water District is not the State of California. Moreover, the State has neither
4  brought, nor joined in a public nuisance claim, because Olin has already agreed to reimburse the
5  State through the California Regional Water Quality Control Board.
6     For the foregoing reasons, and those set forth in Olin's moving papers, the Valley Water
7  District's public nuisance claim should be dismissed.

### B. Plaintiff's Seventh Claim for Equitable Indemnity Should Be Dismissed

The Valley Water District concedes that it does not have a claim for equitable indemnity premised on the notion that the Valley Water District is a joint tortfeasor. Instead, the Valley Water District now argues that its claim for attorney's fees is appropriate under the "tort of another" doctrine – a doctrine that is not even suggested, let alone pled, in the Complaint. Moreover, even assuming the Valley Water District had bothered to plead facts to support the tort of another doctrine, its use to support its equitable indemnity claim fails as a matter of law.

First, while the Valley Water District cites *Prentice v. N. Am. Title Guaranty Corp.*, 59 Cal. 2d 618, 620 (1963) for the proposition that any "person who through the tort of another has been required to act in the protection of his interest by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred," the Valley Water District has failed to plead the most basic element of a "tort of another" claim, *i.e.*, any tort committed by Olin. As demonstrated in the Valley Water District's complaint, the alleged release of perchlorate may give rise to a variety of claims, but precious few of those claims amount to torts. Without any specific reference to a tort (as opposed to statutory violation) committed by Olin, Valley Water District's equitable indemnity claim fails.

Second, while the Valley Water District asserts that *Burger v. Kuimelis*, 325 F. Supp. 2d 1026 (N.D. Cal. 2004) limits the application of Code of Civil Procedure § 1021.6 to implied indemnity claims,[2] the Valley Water District has failed to adequately plead the relaxed "tort of

---

[2] The Valley Water District apparently concedes that it has not and cannot satisfy the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFT'S REPLY ISO MOTION TO DISMISS
1-SF/7603174.1

4

USDC – N.D. CASE NO. C 07-03756 RMW

another" elements set forth in *Burger*. The *Burger* court sets forth an important element of the non-statutory "tort of another" claim, *i.e.*, the claim Valley Water District now contends it is proceeding under, as follows:

> A claim under the tort of another doctrine thus involves three persons: the claimant, the tortfeasor and the third party. Although the above-quoted language is ambiguous whether the "tort" in the tort of another doctrine is a tort committed by the tortfeasor against the claimant or against the third party, **the theory underlying the award of attorney fees demonstrates that the tortfeasor must have committed a tort against the claimant.** In *Prentice*, the plaintiffs sued an escrow holder who negligently closed a real estate transaction. The plaintiffs sought to recover attorney fees incurred in a quiet title action against third parties resulting from the escrow holder's negligence. The Prentice court concluded that the attorney fees were recoverable as "damages wrongfully caused by defendant's improper actions." Id. at 621, 30 Cal.Rptr. 821, 381 P.2d 645 (emphasis added). Because attorney fees and expenses are awarded as damages in a tort cause of action, **the tortfeasor must have committed a tort against the claimant**.

See *Burger* at 1041-42.

Here, there is no allegation that Olin committed a tort against the Valley Water District. Instead, the Valley Water District alleges that "due to the acts and omissions of Olin, the District has been required to defend itself in numerous lawsuits in which the District has been named defendant." Complaint ¶ 73. This is not enough because, for application of the non-statutory "tort of another" doctrine, the underlying tort must be committed against the claimant. Because Olin is not alleged to have committed any tort against Valley Water District for which equitable indemnity is proper, Valley Water District's claim for equitable indemnity fails and its seventh cause of action should be dismissed.

### III. CONCLUSION

For all of the foregoing reasons, Olin respectfully requests that this Court grant its Motion to Dismiss Valley Water District's fifth and seventh causes of action.

---

requirements of California Code of Civil Procedure § 1021.6, which are as follows: "(a) that the indemnitee through the tort of the indemnitor has been required to act in the protection of the indemnitee's interest by bringing an action against or defending an action by a third person and (b) if that indemnitor was properly notified of the demand to bring the action or provide the defense and did not avail itself of the opportunity to do so, and (c) that the trier of fact determined that the indemnitee was without fault in the principal case which is the basis for the action in indemnity or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict."

| | |
|---|---|
| 1  Dated: September 14, 2007 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | MICHAEL E. MOLLAND |
|   | BENJAMIN P. SMITH |
| 3 | AARON S DUTRA |
|   | SETH A. MCGIBBEN |
| 4 | |
| 5 | By: _____/S/_____ |
| 6 | Benjamin P. Smith |
|   | Attorneys for Defendant |
| 7 | Olin Corporation |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFT'S REPLY ISO MOTION TO DISMISS
1-SF/7603174.1

6

USDC – N.D. CASE NO. C 07-03756 RMW