MORGAN, LEWIS & BOCKIUS LLP
MICHAEL E. MOLLAND, State Bar No. 111830
BENJAMIN P. SMITH, State Bar No. 197551
AARON S. DUTRA, State Bar No. 216971
SETH A. MCGIBBEN, State Bar No. 227261
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: mmolland@morganlewis.com
         bpsmith@morganlewis.com
         asdutra@morganlewis.com
         smcgibben@morganlewis.com

CREECH, LIEBOW & KRAUS
RANDALL C. CREECH, Cal. Bar #65542
333 West San Carlos Street, Suite 1600
San Jose, CA 95110
Telephone: (408) 993-9911
Facsimile: (408) 993-1335
E-mail: rcreech@sjlegal.com

Attorneys for Defendant
OLIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>OLIN CORPORATION; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. C 07-03756 RMW<br><br>**DEFENDANT OLIN CORPORATION'S REPLY IN SUPPORT OF MOTION TO STRIKE**<br><br>Date: Friday, September 28, 2007<br>Time: 9:00 a.m.<br>Dept.: Courtroom 6, Fourth Floor<br>Judge: The Honorable Ronald M. Whyte |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

For the reasons set forth in Olin Corporation's Motion to Strike, the Valley Water District is not a "State" for purposes of recovery under its first claim for relief under CERCLA. Neither CERCLA, nor case law interpreting it, allow the Valley Water District to recover as a "State." The Valley Water District cites no authority actually supporting a contrary view, but does stretch the holdings of cases it does present beyond their express limits. The Valley Water District's allegation that it is a "State" should be stricken.

Second, the Valley Water District's request for punitive damages and its demand for a jury trial should be stricken since the Valley Water District cannot maintain a public nuisance claim and all remaining claims for relief are equitable in nature.

### II. ARGUMENT

#### A. Because The Valley Water District is Not a "State" Under CERCLA, Valley Water District's Allegation to the Contrary Should Be Stricken

The Valley Water District is not a "State" under CERCLA, and the cases cited by the Valley Water District do not make it so. The holding of *Washington State Dep't of Transp. v. Washington Natural Gas Co.*, 59 F. 3d 793, 800 (9th Cir. 1995) ("*WSDT*"), upon which the Valley Water District's argument depends, is expressly limited to "a state-wide agency that is part of the organized government of the state itself." *WSDT*, 59 F. 3d 793, 800, n. 5. The Valley Water District does not and cannot allege that it is a similarly-situated "state-wide agency" and a part of the "organized government of the state itself" because, as repeatedly admitted in the complaint, the Valley Water District was established solely to protect and safeguard water resources of Santa Clara County and is only authorized to act regarding Santa Clara's – not California's – water supply. *See* Complaint ¶¶ 7, 14, 28.

In *WSDT*, the Ninth Circuit also recognized that "courts have concluded that the definition of 'State' does not include political subdivisions such as municipalities." *WSDT*, 59 F. 3d at 800, n. 5 (citing *Town of Bedford v. Raytheon Co.*, 755 F.Supp. 469, 475 (D. Mass. 1991) and *City of Philadelphia v. Stepan Chem. Co.*, 713 F.Supp. 1484, 1488-89 (E.D. Pa. 1989)). Moreover, the

Ninth Circuit's later decision in *United States v. Bering Strait School District*, 138 F. 3d 1281 (9th Cir. 1998), involving claims by a school district, makes it clear that the Valley Water District is comparable to a municipality, not a "State." The *Bering Strait* court explained the *WSDT* decision as follows:

> [W]e held that the Washington State Department of Transportation qualified as a "State" under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607. We held that "[t]he organized government of a state includes state administrative departments and agencies ... [including] '[a] department, commission, board, committee or body of any form operating as an instrumentality of the state government.' " 59 F.3d at 800 (quoting Ballentine's Law Dictionary 1210 (3d ed.1969)). We expressly distinguished, however, "[a] municipality, a local government with authority over a limited area, [as] ... a different type of government unit than a state-wide agency that is part of the organized government of the state itself." *Id*. at n. 5. <u>In short, a local government unit, though established under state law, funded by the state, and ultimately under state control, with jurisdiction over only a limited area, is not a "State."</u>

*Bering Strait*, 138 F. 3d 1281, 1284 (emphasis added).

Largely ignoring case law finding lesser and non-sovereign public entities to fall outside the definition of "State," the Valley Water District argues that it is not, and not analogous to, lesser public entities such as cities, boroughs, or towns. *See* Opposition ("Opp.") 3:1-3. The Valley Water District never bothers to explain this conclusion or to demonstrate why it should be treated as a "state-wide agency that is part of the organized government of the state itself." *WSDT*, 59 F. 3d at 800 n. 5. Nor does the Valley Water District address the fact that, under its expansive interpretation of the term "State," countless public entities – apparently including any public entity created by the California legislature – would each be considered "state-wide agencies" entitled to a presumption of compliance with the national contingency plan, or NCP. Case law simply does not allow for such an interpretation. If Congress had intended such a far-reaching definition of the term "State," it could have easily stated as such in the CERCLA statute. It did not.

Valley Water District also cites several cases, including an unpublished opinion from the Southern District of California, for the proposition that "entities other than states themselves have been found to be 'States' under CERCLA." Opp. 3:3-4. Valley Water District first cites a

number of cases standing for the wholly unremarkable proposition that the California Department of Toxic Substances Control ("DTSC") is a "State." Opp. 3:5-10. These cases are inapposite because DTSC, like the Washington State Department of Transportation, is a state-wide agency that is part of the organized government of the state itself. *See, e.g., Fireman's Fund Insurance Co. v. City of Lodi*, 302 F. 3d 928, 951 (9th Cir. 2002) (DTSC is a "state agency" eligible to recover under CERCLA Section 107(a)(4)(A)).

Valley Water District next cites to an unpublished opinion of the Southern District of California, *San Diego Unified Port District v. TDY Industries, Inc., et. al.*, for the proposition that entities with less than state-wide authority may be considered "States." Opp. 3:11-22. What Valley Water District fails to mention is that, as discussed in the opinion, the San Diego Unified Port Authority serves as a trustee for the State of California for the lands encompassing the port of San Diego and brought suit in that capacity. *See* Berka Decl., Ex. A at pp. 2, 11. *See also* Harb. & Nav. Code, Appendix 1 (San Diego Unified Port District Act) at Section 5.5 (all right, title and interest of the State of California in the land forming the San Diego Unified Port District was "granted and conveyed in trust" by the State to the Port District). Valley Water District makes no allegation that it serves as a trustee for the State of California regarding the groundwater at issue because the Santa Clara Valley Water District Act, unlike the San Diego Unified Port District Act, never establishes such a relationship. *See* Cal. Water Code, Appendix, Chapter 60. Thus, even assuming the District Court opinion served as controlling precedent, which it does not, the decision is inapposite because Valley Water District does not serve as a trustee for the State of California.

The Valley Water District is not a state-wide agency that is part of the organized government of the state itself. Nor does it serve as a trustee on behalf of the State of California. Therefore, its allegation that it constitutes a "State" under CERCLA should be stricken.

B. **Plaintiff's Prayer for Punitive Damages Should be Stricken because Punitive Damages are not Available in Equity**

The Valley Water District's prayers for punitive damages are not supported by its claims for public nuisance, common law restitution, or the California Water Code. In California, the

general rule remains that equitable claims do not support an award of punitive damages. *Rivero v. Thomas*, 86 Cal. App. 2d 225, 239 (1948) ("As a general rule, courts of equity will not award exemplary damages, although this rule is not without exception); *Union Oil Co. v. Reconstruction Oil Company*, 20 Ca. App. 2d 170, 185 (1937) ("it may be conceded that as a general rule equity does not award damages by way of punishment."). The Valley Water District has cited no exception relevant here.[1]

### 1. Complaint ¶ 50 (seeking punitive damages under claim for Reimbursement Under Cal. Water Code Section 13304)

The Valley Water District's claim under the California Water Code does not authorize the imposition of punitive damages. As conceded by the Valley Water District, when a statute recognizes a cause of action for violation of a right, all forms of relief granted to a civil litigant generally, including appropriate punitive damages, are available unless a contrary legislative intent appears." *Commadore Home Systems, Inc. v. Superior Court (Brown)*, 32 Cal. 3d at 215 (1982). "Well-established rules of statutory construction require us to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law. [The court] first examine[s] the words themselves because the statutory language is generally the most reliable indicator of legislative intent. The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context. These canons generally preclude judicial construction that renders part of the statute 'meaningless or inoperative.' In addition, words should be given the same meaning throughout a code unless the Legislature has indicated otherwise." *Hassan v. Mercy American River Hospital*, 31 Cal. 4th 709, 715-716 (2003). Where the words of a statute do not have a "plain meaning," statutory construction is necessary. *Jacobs, Malcolm & Burtt v. Voss*, 33 Cal. App. 4th 1399, 1404 (1995).

Here, the Water Code section upon which the Valley Water District rests its claim, § 13304, provides solely the remedy of reimbursement. The intent of the legislature to prohibit punitive damages recovery on a § 13304 claim is clear from the language of the statute as quoted

---

[1] The Valley Water District's reliance on Wisconsin authority (*White v. Ruditys*, 117 Wis. 2d 130, 138-40 (1983)), is telling, but should be disregarded.

in the Complaint: "the person or persons who discharged the waste . . . are **liable to that governmental agency to the extent of the reasonable costs actually incurred** in cleaning up the waste, abating the effects of the waste, supervising cleanup or abatement activities, or taking other remedial action." Cal. Water Code § 13304. Indeed, by comparison, the language of Cal. Water Code §§ 13350 and 13385, cited by the Valley Water District's to the effect that remedies under such sections are "in addition to, and do not supersede or limit, any and all other remedies, civil or criminal," only serves to demonstrate that § 13304 remedies are not so expansive, but limited to reimbursement for "reasonable costs actually incurred." Put simply, §§ 13350 and 13385 show the legislature knew how to retain additional remedies when it so intended.

Moreover, given that the Valley Water District's claim for "reimbursement" is equitable in nature (*United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1113 – 1114 (9th Cir. 2001)), and the Valley Water District has cited no exception to the general rule that equitable claims do not support an award of punitive damages (*Rivero v. Thomas*, 86 Cal. App. 2d 225, 239 (1948); *Union Oil Co. v. Reconstruction Oil Co.*, 20 Cal. App. 2d 170, 185 - 186 (1937)), it is clear that by providing solely the equitable reimbursement remedy under § 13304, the legislature intended that punitive damages not be available for such claims.

        2.      **Complaint ¶ 64 (seeking punitive damages under claim for public nuisance)**

As demonstrated in the accompanying Motion to Dismiss, Valley Water District's public nuisance claim fails as a matter of law. Accordingly, Valley Water District's allegations and prayer for punitive damages should be stricken.

        3.      **Complaint ¶ 70 (seeking punitive damages under claim for common law restitution)**

The Valley Water District concedes that restitution is equitable in nature (*Aral v. EarthLink, Inc.*, 134 Cal. App. 4th 544, 552-53 (2005)), and fails to cite an applicable exception to the general rule under California law that equitable claims do not form the basis for the imposition of punitive damages.

Both cases cited by plaintiff are easily distinguishable because they involved claims that

defendants were unjustly enriched as a result of fraud. *See Horn v. Guaranty Chevrolet Motors*, 270 Cal. App. 2d 477, 480 (1969) (action against a car dealership for rescission, quasi-contractual recovery and exemplary damages predicated upon fraud); *Ward v. Taggart*, 51 Cal. 2d at 743 (action against a real estate broker and his employee to recover an illicit profit obtained by the broker through fraud) (both cited by Valley Water District).

Here, the Valley Water District's Sixth Claim for Relief for Common Law Restitution for Unjust Enrichment contains no allegation that Olin fraudulently induced the Valley Water District to incur costs to respond to the alleged contamination. Rather, the Valley Water District merely alleges that it took the initiative to respond to the alleged contamination, conferring a benefit on Olin. *See* Complaint ¶¶ 66-68. Because the Valley Water District does not allege that such benefit was fraudulently obtained by Olin, *Horn* and *Ward* are inapplicable.

### 4. Prayer For Relief ¶ 4

In light of the foregoing, the Valley Water District's prayer for punitive damages "are not recoverable as a matter of law," the prayer should be stricken. *See Bureerong*, 922 F. Supp. at 1479; *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. CA 2005).

### C. Plaintiff's Request for a Jury Trial Should be Stricken because Plaintiff's Claims are Equitable in Nature

The Valley Water District reliance on its purported public nuisance claim and prayer for punitive damages as a basis for its request for a jury trial is misguided. For the reasons set forth above and in the accompanying Motion to Dismiss, the Valley Water District pleads no proper basis for its public nuisance claim or prayer for punitive damages.

The Valley Water District's argument that its claim under Section 13304 of the Water Code provides a basis for a jury trial is similarly without merit. First, the Valley Water District expressly seeks "reimbursement" on its § 13304 claim, not compensatory damages. Second, punitive damages are not available in connection with this claim, as set forth above. Third, The Valley Water District's reliance on *City of Modesto Redevelopment Agency v. Superior Court*, 119 Cal. App. 4th 28, 37-38 (2004) is misguided, because nowhere in that case does the Court find that a § 13304 claim provides a right to a jury trial.

1  Accordingly, Valley Water District's request for a jury trial should properly be stricken.

## III. CONCLUSION

For all of the above reasons, Olin respectfully requests that the court grant its motion to strike the immaterial and impertinent portions of the Complaint of Valley Water District.

Dated: September 14, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____/S/_____
Benjamin P. Smith

Attorneys for Defendant
OLIN CORPORATION