1

2

3

4                                                    **E-FILED on __9/28/07____**

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

| | |
|---|---|
| 12  SANTA CLARA VALLEY WATER DISTRICT, | No. C-07-03756 RMW |
| 13            Plaintiff, | ORDER GRANTING DEFENDANT OLIN CORP.'S MOTION TO DISMISS AND |
| 14       v. | GRANTING IN PART AND DENYING IN PART OLIN CORP.'S MOTION TO STRIKE |
| 15  OLIN CORPORATION, *et al.*, | **[Re Docket Nos. 10, 12]** |
| 16            Defendant. | |
| 17 | |

18

19        Defendant Olin Corporation ("Olin") moves to dismiss the fifth (public nuisance) and

20   seventh (common law equitable indemnity) claims from plaintiff Santa Clara Valley Water District's

21   ("SCVWD") complaint. In addition, Olin moves to strike various allegations from the complaint.

22        The court has read the moving and responding papers and considered arguments of counsel

23   presented at a hearing on September 28, 2007.  For the reasons set forth below, the court GRANTS

24   Olin's motion to dismiss without prejudice and GRANTS IN PART and DENIES IN PART its

25   motion to strike as follows:

26        1.    Olin's motion to strike paragraph 38 of SCVWD's complaint is GRANTED with

27              leave to amend.

28

2.    Olin's motion to strike paragraph 50 of SCVWD's complaint is GRANTED with leave to amend.

3.    Olin's motion to strike paragraph 63 of SCVWD's complaint is DENIED as moot.

4.    Olin's motion to strike paragraph 70 of SCVWD's complaint is GRANTED with leave to amend.

5.    Olin's motion to strike paragraph 83, subparagraph 4 of SCVWD's complaint is GRANTED with leave to amend.

6.    Olin's motion to strike SCVWD's jury demand is DENIED with leave to amend.

7.    The court orders, on its own motion, paragraph 31 stricken with leave to amend.

SCVWD is given twenty (20) days to amend its complaint.

# I. BACKGROUND

### A.    Factual Allegations

Plaintiff SCVWD is a groundwater management agency established by the California State Legislature.  Compl. ¶¶ 13, 14; *see also* Cal. Water Code App. § 60-1, *et seq*.  Its jurisdiction includes the Llagas Subbasin, a groundwater basin extending fifteen miles from Morgan Hill to the southern border of Santa Clara County. Compl. ¶ 26.  SCVWD monitors this basin, and has discovered a massive, 10-mile plume of perchlorate contamination, affecting hundreds of drinking water wells.  *Id.* ¶¶ 4, 26.  Perchlorate is a hazardous chemical that affects the thyroid gland.  *Id.* ¶ 5.

SCVWD alleges that the source of the perchlorate contamination is a signal flare manufacturing facility owned by Olin at 425 Tennant Avenue in Morgan Hill.  *Id.* ¶ 1.  Olin allegedly dumped waste containing perchlorate into unlined pits on its site, where the perchlorate migrated into the groundwater.  *Id.*  ¶¶ 1, 20.  Olin also left poured wastewater into open-air sumps, allowing perchlorate to soak into the soil.  *Id.* ¶ 21.  Olin operated the facility from 1956 to 1988, then leased it to another company which ran the plant until 1996.  *Id.* ¶ 18.  When Olin tried to sell the property, a potential purchaser tested the site and found perchlorate concentrations of 14,000 ppb in the soil and 2,600 ppb in the groundwater.  *Id.* ¶ 25. Further testing revealed the perchlorate contamination had spread into the Llagas Subbasin.  *Id.* ¶ 26.  Despite knowing about the spreading

1  perchlorate, Olin failed to respond, leaving SCVWD to sample wells throughout the basin and

2  supply bottled drinking water to more than 1,500 homes and businesses, at a cost of over $4 million.

3  *Id.* ¶¶ 27, 29.

## II. ANALYSIS

### A.    Olin's Motion to Dismiss

#### 1.    Fifth Claim – Public Nuisance

7  SCVWD's fifth claim for relief alleges that Olin's perchlorate contamination is a public

8  nuisance, as defined in California Civil Code Sections 3479 and 3480.  Compl. ¶¶ 59, 60.  Olin

9  moves to dismiss, arguing that SCVWD lacks standing to bring a public nuisance claim for

10  damages.[1]  SCVWD opposes the motion, arguing that California Code of Civil Procedure Section

11  731 authorizes its suit.

12  The California Code of Civil Procedure permits two types of public nuisance actions.  *See*

13  Cal. Code Civ. Proc. § 731.  The section's first sentence allows any "person whose property is

14  injuriously affected, or whose personal enjoyment is lessened by a nuisance" to pursue both

15  abatement and damages.  The section's second sentence allows certain state actors to pursue

16  injunctive relief on the public's behalf.  *See Selma Pressure Treating Co. v. Osmose Wood*

17  *Preserving Co.*, 221 Cal. App. 3d 1601, 1614 (1990).  The term "person" in the first sentence of

18  section 731 includes "governmental units" suing as property owners.  *Id.* at 1616.  Fitting its desired

19  remedy, SCVWD invokes only the first half of the statute.

20  The issue is whether SCVWD owns an affected property interest.  SCVWD points to its

21  authorization to manage the groundwater and "act as steward[] of the streams, creeks, reservoirs, and

22  underground aquifers of Santa Clara County[.]"  Compl. ¶ 16.  In *Selma Pressure Treating*, the

23  California Court of Appeal held that the State (not a regional management agency) had a property

24  interest in California's waters.  221 Cal. App. 3d at 1616-1618.  The California Court of Appeal  has

25  since disavowed this reasoning, holding that "the State's power under the Water Code is the power to

---

27  [1]    Olin further argues that SCVWD lacks standing to pursue a claim for abatement of a
public nuisance.  The complaint does not request abatement, but the "costs of abatement." *See*
Compl. ¶¶ 61-64.  SCVWD explicitly disclaims seeking injunctive relief – "it seeks damages." Opp.
28  at 2, fn. 1.

1    control and regulate use; such a power is distinct from the concept of 'ownership' as used in the Civil

2    Code and in common usage." *State v. Superior Court of Riverside County*, 78 Cal. App. 4th 1019,

3    1030 (2000). Further, "[t]he State 'owns' the groundwater in a regulatory, supervisory sense, but it

4    does not own it in a possessory, proprietary sense." *Id.* at 1033.

5         Nothing in SCVWD's complaint can be construed as alleging that SCVWD has a property

6    interest in the Llagas Subbasin groundwater. Because SCVWD has not alleged that it owns property

7    "injuriously affected" by Olin's conduct, it lacks standing to sue under the first sentence of section

8    731. Accordingly, Olin's motion to dismiss SCVWD's fifth claim is granted. Moreover, it appears

9    under California law that it may be difficult for SCVWD to assert a property interest in the affected

10   groundwater. Nevertheless, this court should not pass on matters of state law without thorough

11   briefing, and therefore the fifth claim is dismissed without prejudice. SCVWD has twenty (20) days

12   to amend its complaint.

13              **2.    Seventh Claim – Equitable Indemnity**

14        SCVWD's seventh claim for relief requests equitable indemnity for costs incurred in

15   responding to the pollution and for costs in defending numerous lawsuits. Compl. ¶ 73. Olin moves

16   to dismiss, arguing that equitable indemnity cannot apply here because SCVWD has not alleged that

17   it was a joint tortfeasor with Olin.

18        Well-established California law cabins the doctrine of equitable indemnity to the context of

19   jointly and severally liable tortfeasors' duties to each other. *See Stop Loss Insurance Brokers, Inc. v.*

20   *Brown & Toland Medical Group*, 143 Cal. App. 4th 1036, 1040 (2006); *Leko v. Cornerstone*

21   *Building Inspection Service*, 86 Cal. App.4th 1109, 1115 (2001) ("Joint and several liability is a

22   prerequisite of equitable indemnity."). The doctrine stems from concern for a tortfeasor who must

23   pay damages disproportionate to the harm they caused, and allows one tortfeasor to sue the other for

24   indemnity. *Leko*, 86 Cal. App.4th at 1115. Absent joint and several tort liability owed by both Olin

25   and SCVWD to a third party, SCVWD cannot maintain an action for equitable indemnity.

26        SCVWD's complaint makes scant mention of its own tort liability. The only allegation

27   related to equitable indemnity is that "the District has been required to defend itself in numerous

28   lawsuits in which the District has been named as defendant." Compl. ¶ 73. Notice pleading requires

ORDER GRANTING DEFENDANT OLIN CORP.'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART
OLIN CORP.'S MOTION TO STRIKE— C-07-03756 RMW
TSF                                                         4

1   more.  *See* Fed. R. Civ. P. 8(a).  SCVWD's complaint lacks any statement of the claim showing that

2   it is entitled to relief.  Accordingly, Olin's motion to dismiss SCVWD's seventh claim will be granted

3        SCVWD's only opposition to this motion is that it should be denied because SCVWD has

4   adequately alleged facts to state a claim under "the 'tort of another' doctrine."  SCVWD wrongly

5   conflates equitable indemnity with the "tort of another" doctrine.  While both doctrines involve three

6   parties (a tortfeasor, a claimant, and a third party), the two doctrines involve different relationships

7   between the parties and are distinct legal concepts.  Equitable indemnity sorts out the relationship

8   between joint and several tortfeasors with respect to the harm they did to a third party and is a claim

9   for recovery.  *See Leko*, 86 Cal. App. 4th at 1115.  The "tort of another" doctrine is wholly different

10  as it is not a claim for relief, but merely a theory of tort damages.  *Sooy v. Peter,* 220 Cal. App.3d

11  1305, 1309-10 (1990).  The damages arising from the "tort of another" are the legal expenses

12  incurred by the claimant in litigation with a third party that results from the tortfeasor's harm to the

13  claimant.  *Id.* at 1310; *see also Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1041 (N.D. Cal.) (J.

14  Walker) (explaining *Prentice v. N. Am. Title Guar. Corp.*, 59 Cal. 2d 618 (1963)).  The *Sooy* court

15  explained the theory of recovery by comparing the legal fees incurred against the third party to

16  "medical fees [that] would be part of the damages in a personal injury action."  *Sooy*, 220 Cal. App.

17  3d at 1310.  California courts have generally awarded these third-party litigation costs as damages

18  only in cases that "involve a clear violation of a traditional tort duty between the tortfeasor [and the

19  claimant]."  *Id.*  Accordingly, SCVWD cannot plead a claim under the "tort of another" doctrine

20  because no such claim exists.  To recover on a "tort of another" theory of damages, SCVWD must

21  allege some tort committed by Olin against SCVWD that resulted in SCVWD's third party legal

22  expenses.

23       Because SCVWD failed to allege any joint and several tortfeasor relationship between itself

24  and Olin, it cannot recover on its equitable indemnity claim.  SCVWD's seventh claim is therefore

25  dismissed without prejudice.  SCVWD has twenty (20) days to amend its complaint.

26       **B.    Olin's Motion to Strike**

27       Rule 12(f) allows the court to strike "any insufficient defense or any redundant, immaterial

28  impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  Striking pleadings is "long disfavored,"

and only appropriate where allowing the improper matter to linger in the pleadings will prejudice the moving party. *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004).

### 1.    Paragraph 38 – "State"

Olin moves to strike paragraph 38 from SCVWD's complaint, which reads in whole, "The District constitutes a 'State' within the meaning of CERCLA Section 107(a)(4)(A), 42 U.S.C. Section 9607(a)(4)(A)." Under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), various parties can recover the costs of remedial actions. *See* 42 U.S.C. § 9607(a)(4)(A)-(B). Recovery depends on the party complying with the national contingency plan ("NCP"). *Id.* If a party is "the United States Government or a State or an Indian tribe," its actions are presumed to comply with the NCP and the burden is on the defendant to demonstrate that the government is not entitled to their remediation costs. *Washington State Dept. of Transp. v. Washington Natural Gas Co.*, 59 F.3d 793, 799-800 (9th Cir. 1995) ("*WSDOT*"). On the other hand, any other party must prove that their actions were consistent with the NCP to entitle them to their costs. *Id.* Because whether SCVWD is a "State" under CERCLA affects the burden of persuasion going forward, it would prejudice Olin were it to wrongly persist in the pleadings.

The Ninth Circuit interprets the term "State" in CERCLA to mean "the organized government of a state includ[ing] state administrative departments and agencies." *Id.* at 800. In dictum, the Ninth Circuit suggested that "a municipality, a local government with authority over a limited area, is a different type of government than a state-wide agency that is part of the organized government of the state itself." *Id.* at 800, fn. 5. The Ninth Circuit has not further clarified whether a "municipality" falls within the definition of "State," but has held that the California Department of Toxic Substances Control falls within the meaning of "State." *See Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 950 (9th Cir. 2002).

CERCLA's definition of "person" bolsters the Ninth Circuit's dictum in *WSDOT*. Unlike "States," "any other person" may only recover costs under CERCLA if their actions are consistent with the NCP. 42 U.S.C. § 9607(a)(4)(B). CERCLA defines "person" as "an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate

body." 42 U.S.C. § 9601(21). Subsection (a)(4)(A) carves out a different presumption for a subset of "persons" – namely, the United States, "States," and Indian tribes, and therefore excludes the rest of the set of "persons," namely any "municipality" or "political subdivision of a State." This differentiation implies that a municipality cannot fall within the definition of a "State" for the purposes of (a)(4)(A).

The question remains whether SCVWD is more like a "State" or a "municipality." A "municipality" is "[a] city, town, or other local political entity formed by charter from the state and having the autonomous authority to administer the state's local affairs." Black's Law Dictionary (8th ed. 2004). The Ninth Circuit's dictum in *WSDOT* suggested that a municipality is "a local government with authority over only a limited area." 59 F.3d at 800, fn. 5. Whether an entity falls within the definition of "State," and may avail itself of (a)(4)(A), or "municipality," and be relegated to (a)(4)(B), therefore turns on the extent of its authority. A state-wide agency like the Washington State Department of Transportation or the California Department of Toxic Substances Control falls within the former, while entities lacking state-wide authority fall under the latter.[2] SCVWD's authority stops at the edge of Santa Clara County. Cal. Water Code App. § 60-2. Accordingly, it is not a state-wide agency, but a local political entity that falls outside the definition of "State" in CERCLA,[3] and therefore the court grants Olin's motion to strike paragraph 38 from SCWVD's complaint.

### 2.    Punitive Damages

---

[2]    This understanding accords with the Ninth Circuit's interpretation of the term "State" in a different federal statute where it held that, "a local government unit, though established under state law, funded by the state, and ultimately under state control, with jurisdiction over only a limited area, is not a 'State.'" *United States* ex rel. *Norton Sound Health Corp. v. Bering Strait School Dist.*, 138 F.3d 1281, 1284 (9th Cir. 1998).

[3]    SCVWD calls the court's attention to an unpublished order of our sister court in the Southern District of California holding that the San Diego Unified Port District falls within the definition of a "State" under CERCLA. *San Diego Unified Port District v. TDY Indus., Inc.*, No. 03-cv-1146-B, slip op. at 14 (S.D.Cal. May 14, 2004). That court did not adopt the "state-wide" distinction in *WSDOT*, and its reasoning would extend "State" status to many entities better understood as "municipalities," which CERCLA distinguishes from "States." This court therefore chooses not to follow that reasoning.

1    Olin next moves to strike various references to punitive damages because SCVWD's

2  remaining claims are equitable in nature.  Improper prayers for relief are proper subjects for a

3  motion to strike.  *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 & fn. 34 (C.D. Cal. 1996).

4  SCVWD requested punitive damages generally in its prayer for relief (Compl. ¶ 83, subp. 4), in

5  connection with its claim for reimbursement under the California Water Code (¶ 50), in connection

6  with its claim for public nuisance (¶ 63), and in connection with its claim for common law

7  restitution (¶ 70).

8    ### a.    The Reimbursement Claim

9    SCVWD's reimbursement claim flows from California Water Code Section 13304(c)(1).

10  That section allows any government agency to recover "to the extent of the reasonable costs actually

11  incurred in cleaning up the waste, abating the effects of the waste, supervising cleanup or abatement

12  activities, or taking other remedial action."  California law permits punitive damages for statutory

13  violations "unless a contrary legislative intent appears."  *Commodore Home Systems, Inc. v.*

14  *Superior Court*, 32 Cal. 3d 211, 215-17 (1982) (explaining Cal. Civ. Code § 3294).

15    Olin argues that the text of section 13304(c)(1) demonstrates such a contrary legislative

16  intent by only providing relief "to the extent of the reasonable costs actually incurred."  SCVWD

17  opposes, arguing that sections 13350(j) and 13385(g) indicate that "remedies under the Water Code

18  are 'in addition to, and do not supersede or limit, any and all other remedies, civil or criminal.'"

19  SCVWD selectively quotes those provisions of the Water Code to exclude the limitation that

20  precedes the quoted sections of both 13350(j) and 13385(g), namely that "[r]*emedies under this*

21  *section* are in addition to, and do not supersede or limit, any other remedies, civil or criminal."  *See*

22  Cal. Water Code §§ 13350(j) & 13385(g) (emphasis added).  Section 13304 is a distinct section from

23  13350 and 13385, and it lacks an "any other remedies" clause.  This absence indicates a legislative

24  intent to limit recovery under 13304 to its plain text, namely, "to the extent of the reasonable costs

25  actually incurred."  Moreover, section 13304(c)(2) provides a method for imposing a lien for "the

26  amount of the costs" on the affected property, making no mention of any other damages.  Combined,

27  the plain text of 13304(c)(1) and (c)(2) and the absence of an "any other remedies" clause from

28  section 13304 indicates a "contrary legislative intent" that prevents SCVWD from recovering

1   punitive damages under its reimbursement claim.  Accordingly, the court grants Olin's motion to

2   strike paragraph 50 from SCVWD's complaint with prejudice.

3                    **b.    The Public Nuisance Claim**

4        The court has already dismissed SCVWD's claim for public nuisance, and therefore treats

5   this portion of Olin's motion to strike as moot.

6                    **c.    The Restitution Claim**

7        SCVWD's sixth claim for relief is common law restitution for unjust enrichment.  Compl. ¶¶

8   65-70.  Olin argues that because restitution is an equitable remedy, punitive damages are

9   unavailable.  California Civil Code Section 3294, however, permits punitive damages for any breach

10  of an obligation not arising from a contract. In *Ward v. Taggart*, 51 Cal. 2d 736, 743 (1959), the

11  California Supreme Court considered the argument that section 3294 does not apply to restitution for

12  unjust enrichment because restitution is contractual in nature.  The court upheld the punitive

13  damages award because "[s]uch damages are appropriate in cases like the present one, where

14  restitution would have little or no deterrent effect, for wrongdoers would run no risk of liability to

15  their victims beyond that of returning what they wrongfully obtained." *Id.*; *see also* Robert L.

16  Simmons, Handbook of California Remedies § 3.7 (1993).  Olin attempts to distinguish *Ward* on the

17  basis that *Ward* involved fraud.  While the existence of fraud bears on whether awarding punitive

18  damages is appropriate, fraud is not a prerequisite.  Instead, section 3294 permits punitive damages

19  whenever the defendant is guilty of "oppression, fraud, or malice."

20       SCVWD has generally alleged all three.  *See* Compl. ¶ 31.  However, under California law,

21  "when nondeliberate injury is charged, allegations that the defendant's conduct was wrongful,

22  willful, wanton, reckless or unlawful do not support a claim for exemplary damages; such

23  allegations do not charge malice." *Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1041 (1992)

24  (quoting *G.D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22 (1975)).  Fairness requires that

25  Olin receive better notice than a bare allegation that "Olin's conduct was malicious, oppressive

26  and/or fraudulent."  While punitive damages are available for restitution claims in California, the

27  complaint is devoid of any factual allegations to support the conclusory allegations of paragraph 31.

28

ORDER GRANTING DEFENDANT OLIN CORP.'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART
OLIN CORP.'S MOTION TO STRIKE— C-07-03756 RMW
TSF                                            9

1   Therefore, Olin's motion to strike paragraph 70 is granted without prejudice.  Furthermore, the court,

2   on its own motion, orders paragraph 31 stricken without prejudice.  *See* Fed. R. Civ. P. 12(f).

### d.      The Prayer for Relief

4   Because SCVWD has not alleged facts necessary to support a punitive damages claim in

5   relation to any remaining claim that permits punitive damages, Olin's motion to strike subparagraph

6   4 of paragraph 83 is granted without prejudice.

### 3.      Jury Trial

8   Olin concedes that SCVWD's fifth claim for relief – public nuisance – would be subject to a

9   jury trial.  Mot. to Strike at 10.  As discussed above, the court has dismissed that claim without

10  prejudice and given SCVWD twenty days to amend its complaint.  At this time, it is not proper for

11  the court to determine whether SCVWD has a constitutional right to a jury trial under any of its

12  other claims.  Accordingly, Olin's motion to strike the jury demand is denied without prejudice to

13  reasserting it later.[4]

### III.  ORDER

15  For the foregoing reasons, Olin's motion to dismiss SCVWD's fifth and seventh claims is

16  GRANTED without prejudice and Olin's motion to strike is GRANTED IN PART and DENIED IN

17  PART as follows:

18      1.      Olin's motion to strike paragraph 38 of SCVWD's complaint is GRANTED with

19              leave to amend.

20      2.      Olin's motion to strike paragraph 50 of SCVWD's complaint is GRANTED with

21              leave to amend.

22      3.      Olin's motion to strike paragraph 63 of SCVWD's complaint is DENIED as moot.

23      4.      Olin's motion to strike paragraph 70 of SCVWD's complaint is GRANTED with

24              leave to amend.

---

27      [4]      If Olin chooses to refile its motion to strike in the future, the court would appreciate
    more substantive briefing from the parties on the complex constitutional issue of whether various
28  statutory and common law claims provide a right to jury trial.

1        5.      Olin's motion to strike paragraph 83, subparagraph 4 of SCVWD's complaint is

2     GRANTED with leave to amend.

3        6.      Olin's motion to strike SCVWD's jury demand is DENIED with leave to amend.

4        7.      The court orders, on its own motion, paragraph 31 stricken with leave to amend.

5     SCVWD is given twenty (20) days to amend its complaint.

DATED:        9/28/07

                                     RONALD M. WHYTE
                                     United States District Judge

1   **Notice of this document has been electronically sent to:**

2   **Counsel for Plaintiff:**

3   Christopher Berka               chris.berka@bingham.com
    Greg Alan Christianson          greg.christianson@bingham.com
4   Holly Louise Pearson            holly.pearson@bingham.com

5   **Counsel for Defendant:**

6   Randall C. Creech               Rcreech@sjlegal.com
    Benjamin Patrick Smith          bpsmith@morganlewis.com
7

8   Counsel are responsible for distributing copies of this document to co-counsel that have not registered
    for e-filing under the court's CM/ECF program.
9

10

11
    **Dated:**        9/28/07                              TSF
12                                                **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28