1   MORGAN, LEWIS & BOCKIUS LLP
    MICHAEL E. MOLLAND, State Bar No. 111830
2   BENJAMIN P. SMITH, State Bar No. 197551
    AARON S. DUTRA, State Bar No. 216971
3   SETH A. MCGIBBEN, State Bar No. 227261
    One Market, Spear Street Tower
4   San Francisco, CA 94105
    Telephone:  (415) 442.1000
5   Facsimile:   (415) 442.1001
    E-mail:  mmolland@morganlewis.com
6           bpsmith@morganlewis.com
            asdutra@morganlewis.com
7           smcgibben@morganlewis.com

8   CREECH, LIEBOW & KRAUS
    RANDALL C. CREECH, State Bar No. 65542
9   333 West San Carlos Street, Suite 1600
    San Jose, CA  95110
10  Telephone:  (408) 993-9911
    Facsimile:   (408) 993-1335
11  E-mail:  rcreech@sjlegal.com

12  Attorneys for Defendant
    OLIN CORPORATION

13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                      SAN JOSE DIVISION

17

18  SANTA CLARA VALLEY WATER           Case No. C 07-03756 RMW
    DISTRICT,
19                                      DEFENDANT OLIN CORPORATION'S
                    Plaintiff,          MEMORANDUM OF POINTS AND
20                                      AUTHORITIES IN SUPPORT OF
          vs.                           MOTION TO STRIKE
21
    OLIN CORPORATION; and DOES 1-10,
22  inclusive,
                                        Date:       December 14, 2007
23                  Defendants.         Time:       9:00 a.m.
                                        Courtroom: Courtroom 6, Fourth Floor
24                                      Judge:      The Honorable Ronald M. Whyte

25

26

27

28

1                      **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3           This motion to strike addresses the Santa Clara Valley Water District's ("plaintiff" or

4    "District") purported entitlement to punitive damages stated in its First Amended Complaint

5    ("FAC").  This court granted Olin's motion to dismiss plaintiff's cause of action for public

6    nuisance in the original complaint for which plaintiff sought punitive damages on September 28,

7    2007.  The court also granted Olin's accompanying motion to strike allegations requesting

8    punitive damages on the basis that "SCVWD has not alleged facts necessary to support a punitive

9    damages claim in relation to any remaining claim that permits punitive damages."  (September

10   28, 2007 order, 10:4-5).  Plaintiff's FAC fails for a second time to allege sufficient facts to

11   support a claim for punitive damages.

12          Plaintiff's FAC adds a cause of action for negligence (plaintiff's Sixth Claim for Relief),

13   retains its cause of action for restitution for unjust enrichment (plaintiff's Fifth Claim for Relief)

14   and includes a single paragraph of "facts" repeated three times in the FAC, which purport to

15   justify the imposition of punitive damages.  (¶ 31).  The additional allegations repeated in ¶¶ 31,

16   61, 66 fail to show malice, fraud or oppression as required by Cal. Civil Code §3294 and should

17   be stricken.  To the contrary, these allegations and those stated throughout the FAC merely

18   indicate that plaintiff has two bases for relief against Olin, negligence and breach of implied or

19   quasi contract, neither of which supports the imposition of punitive damages.

20          There are no intentional torts or intentional misconduct pled in the FAC.  The basis for

21   plaintiff's punitive damages claim against Olin is Olin's purportedly negligent waste disposal

22   practices and its alleged willful refusal to pay money to the District.  If such allegations were

23   permitted to form the basis for a valid punitive damages claim, punitive damages would be

24   available in virtually every case.  This is not the law in California.  Accordingly, all allegations

25   requesting punitive damages should be stricken with prejudice from the FAC.

26   **II.    STATEMENT OF FACTS**

27          The District's FAC seeks relief for the following:  (1) Response Cost Recovery Under

28   CERCLA Section 107(a), 42 U.S.C. Section 9607(a); (2) Declaratory Relief Under CERCLA

DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
                                                    1

1   Section 113(g)(2), 42 U.S.C. Section 9613(g)(2); (3) Reimbursement Under California Water

2   Code Section 13304; (4) Indemnity Under Cal. Health and Safety Code Section 25363(e), (5)

3   Common Law Restitution for Unjust Enrichment, (6) Negligence, (7) Declaratory Relief Under

4   28 U.S.C. sections 2201 and 2202, and (8) Declaratory Relief Under California Law.

5        The District seeks punitive damages in connection with its claims for Common Law

6   Restitution for Unjust Enrichment (FAC ¶61) and Negligence (FAC ¶66). The FAC's prayer for

7   relief also seeks punitive and exemplary damages. (FAC, p. 18). Moreover, the FAC contains a

8   request for "punitive and exemplary damages from Olin" in the General Allegations portion of

9   the FAC (FAC ¶31). The allegations stated in paragraphs 31, 61 and 66 are identical.

10  **III.    ARGUMENT**

11       **A.    Rule 12(f) Empowers the Court to Strike Immaterial and Impertinent
             Allegations**

12

13       Federal Rule of Civil Procedure 12(f) permits this Court to strike immaterial, impertinent,

14  or scandalous matter in any pleading. Fed. R. Civ. P. 12(f). "Immaterial" and "impertinent"

15  allegations are those that have no essential or important relationship to the claim for relief and do

16  not pertain to the issues in question. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

17  1993) (quotations omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517

18  (1994). Immaterial and impertinent allegations also include improper demands or prayers for

19  relief contained in a complaint – including improper prayers for punitive damages. *See*, *e.g.*,

20  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996) ("a motion to strike may

21  be used to strike any part of the prayer for relief when the damages sought are not recoverable as

22  a matter of law").

23       The purpose of Rule 12(f) is to promote concise and direct pleadings and to "avoid the

24  expenditure of time money that might arise from litigating spurious issues by dispensing with

25  those issues prior to trial." *Fantasy*, 984 F.2d at 1527. *See also Neilson v. Union Bank of Cal.,*

26  *N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). To the extent a motion to strike has the effect

27  of "making the trial of the action less complicated," or "otherwise streamlining the ultimate

28  resolution of the action, the motion to strike will be well taken." *Fantasy*, 984 F.2d at 1528.

DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

USDC – N.D. Case No. C 07-03756 RMW

Here, striking the District's improper allegation that it is entitled to punitive damages will conserve resources, avoid extensive discovery, and streamline the ultimate resolution of this action.

**B.**    **Plaintiff's Request for Punitive Damages Should be Stricken because Punitive Damages are not Available for Actions Sounding in Negligence or for Breach of Implied or Quasi Contract**

A motion to strike punitive damage allegations is appropriate where the claim sued upon would not support an award of punitive damages as a matter of law. *Commodore Home Systems, Inc. v. Superior Court*, 32 Cal. 3d 211, 214-15 (1982).

**1.**    **Punitive Damages Are Not Available for Actions Sounding in Negligence in the Absence of Malice, Oppression or Fraud**

Plaintiff's surviving causes of action sound in negligence and quasi contract and fail to allege facts that Olin acted with the requisite intent to support a punitive damages claim. The FAC states two bases for relief: first, Olin negligently caused the release of perchlorate and failed to adequately remedy the condition, and second, Olin failed to reimburse plaintiff for all of the costs that plaintiff incurred for services under a quasi contract/restitution theory. Neither theory forms the proper basis for the imposition of punitive damages under California law and the allegations stated in paragraphs 31, 61 and 66 do not consist of intentional misconduct that would justify them.

The following four "facts" comprise plaintiff's allegations of conduct which they say justifies punitive damages:

- "The District is informed and believes and thereon alleges that Olin knew or should have known that its disposal of hazardous substances and waste would contaminate the groundwater, yet it failed to investigate or take meaningful steps to protect the public from the contamination it caused." (FAC ¶24).

- "Since Olin initially failed to act in a timely, reasonable manner to respond to its contamination, it fell to the District to undertake efforts to respond." (FAC ¶29).

DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- "To date, despite repeated requests, Olin has failed and refused to reimburse the District for a substantial portion of the costs the District has incurred as a result of Olin's contamination." (FAC ¶30).

- "Olin's conduct was malicious, oppressive and/or fraudulent.  Olin engaged in despicable conduct with a willful and knowing disregard of the rights and safety of others."  (FAC ¶31).  Plaintiff sets forth the following allegations in support of this conclusion: (1) Olin knew by 1986 that its disposal practices may have contaminated the groundwater; (2) Olin failed to take action in 1986 to remediate the contamination; (3) Olin subjected the District to "cruel and unjust hardship" by failing to take "appropriate steps" to remediate the release and by failing to pay the District for response costs; and (4) Olin's refusal to pay the District was part of a plan to delay reimbursement.  (FAC ¶31).

Plaintiff's request for punitive damages fails for the following three reasons.  First, plaintiff's FAC sounds in negligence and unjust enrichment and fails to allege facts that go to malice, oppression or fraud.  Second, plaintiff's allegations of improper waste disposal practices and refusal to pay money to the District, a public agency, do not and cannot allege that Olin intended to harm the District or acted in conscious disregard of the District's rights.  Third, in an effort to allege intentional misconduct, the District asserts that Olin intentionally refused to pay the District the money it allegedly owes them.  However, a claim for refusal to pay money owed does not justify a claim for punitive damages under an obligation or contract, direct or indirect.  We now discuss each of these reasons.

a.    **Plaintiff Attempts to Re-Cast its Negligence Claim as Wrongful Misconduct without Supporting Allegations**

Punitive damages are not available for negligence claims.  *Ebaugh v. Rabkin*, 22 Cal.App.3d 891 (1972).  Plaintiff attempts to re-cast its negligence claim by including legal conclusions that the alleged negligent conduct stated above was in fact "malicious" and "unjust and cruel," however, plaintiff fails to plead any facts to support these bare conclusions.  It appears that plaintiff is attempting to justify its punitive damages claim for Olin's nondeliberate conduct

1  on the basis of malice.  Allegations of malice, however, require more than just legal conclusions

2  "In order to maintain its claim for punitive damages, plaintiff was required to plead facts that

3  demonstrate malice "The malice required implies an act conceived in spirit of mischief or with

4  criminal indifference towards the obligations owed to others. There must be an intent to vex,

5  annoy or injure. Mere spite or ill will is not sufficient; and mere negligence, even gross

6  negligence is not sufficient to justify an award of punitive damages." *Id.* at 894.

7      At most plaintiff alleges that Olin was negligent in its handling of perchlorate and has

8  failed to pay the District for all of its remediation costs.  Plaintiff's characterization of Olin's

9  conduct is not enough to adequately plead a claim for punitive damages "when nondeliberate

10  injury is charged, allegations that the defendant's conduct was wrongful, willful, wanton, reckless

11  or unlawful do not support a claim for exemplary damages; such allegations do not charge

12  malice." *Smith v. Superior Court*, 10 Cal.App.4th 1033, 1041 (1992).

        **b.**      **There are No Allegations that Olin Intended to Harm Plaintiff or Acted in Conscious Disregard of the Plaintiff's Rights**

13

14

15      Generally, the plaintiff's punitive damages claim is grounded in Olin's alleged waste

16  disposal practices.  However, there are no allegations that indicate Olin acted with conscious

17  disregard of the plaintiff's rights in performing such practices.  In order to justify an award of

18  exemplary damages, the plaintiff must prove that the defendant acted "with the intent to vex,

19  injure, or annoy, or with a conscious disregard of *the plaintiff's rights*." *Paulson v. State Farm*,

20  867 F.Supp. 911, 919 fn 9 (C.D. Cal., 1994). *Paulson* adopts this language from *Silberg v.*

21  *California Life Ins. Co.*, 11 Cal.3d 452 (1974), in which the California Supreme Court concludes

22  that the wrongful intent must be directed to the plaintiff to justify punitive damages.  In *Silberg*,

23  the court determined that while the defendant breached the covenant of good faith and fair dealing

24  under an insurance policy, there was no evidence that the defendant acted with malice, fraud or

25  oppression to justify the punitive damages award.  *Id.* at 462.  The court concluded that punitive

26  damages are only warranted when the wrongful conduct is directed to the plaintiff "While we

27  have concluded that defendant violated its duty of good faith and fair dealing, this alone does not

28  necessarily establish that defendant acted with the *requisite intent to injure plaintiff*." *Silberg v.*

1    *California Life Ins. Co.*, 11 Cal.3d 452 (1974). *Id.* at 462-63.   The plaintiff in *Silberg* failed to

2    show that the defendant acted with "a conscious disregard of *the plaintiff's rights.*" *Id.* at 462.

3         Here, the allegations of malice relate to Olin's purported negligent conduct.  Plaintiff

4    alleges that Olin's "careless materials handling and disposal practices" were conducted with a

5    "willful and knowing disregard of the rights and safety of others." (FAC ¶¶31, 61, 66).  There are

6    no allegations that such conduct was directed to the District.  It is unclear from the face of the

7    FAC to whom the District alleges Olin's conduct was directed.[1]

8         At most plaintiff alleges that Olin disregarded the rights of the public regarding safety in

9    its waste disposal practices.  However, this does not constitute the conscious disregard of the

10   safety of the District, an administrative body.  The United States Supreme Court recently held that

11   the Constitution's Due Process Clause "forbids a State to use a punitive damages award to punish

12   a defendant for injury that it inflicts upon nonparties or those whom they directly represent, *i.e.,*

13   injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris*

14   *USA v. Williams*, 127 S.Ct. 1057, 1063 (2007).  Here, the allegations of the FAC suggest that the

15   public, rather than the District, was injured by Olin's purported negligence.  Such a claim does

16   not support the imposition of punitive damages against Olin.

17             **c.      Plaintiff's Quasi Contract Claim Fails to Support the**
                        **Imposition of Punitive Damages in the Absence of Allegations**
18                      **of Malice, Oppression or Fraud**

19

20        In an effort to remedy the deficiency in the District's punitive claims, the District asserts

21   that Olin intentionally has not paid the District the money it allegedly owes them.  The gravamen

22   of plaintiff's restitution claim is that Olin refused to reimburse plaintiff for all of its alleged costs

23   "Olin has failed and refused to reimburse the District for a *substantial portion of the costs* the

24   District has incurred as a result of Olin's contamination." (FAC ¶30).  According to the FAC,

25   this refusal has resulted in Olin becoming "unjustly enriched at the expense of the District."

26   (FAC ¶59).  Plaintiff's claim for restitution, based on an implied or quasi contract, is bereft of

27   ─────────────
     [1] The cases are split as to whether a public entity may even pursue punitive damages in California. *See City of Los*
28   *Angeles v. Shpegel-Dimsey, Inc.*, 198 Cal.App.3d 1009, (1988) (Public entity may not, as matter of equal protection,
     recover punitive damages from private tortfeasor.); *see contra City of Glendale v. Superior Court*, 95 Cal.App.4th
     1266, (2002) (Public entities are not, as a matter of law, precluded from pursuing claims for punitive damages.)
     DEFENDANT'S MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
                                          6                          USDC – N.D. Case No. C 07-03756 RMW

1    allegations that go to malice, oppression or fraud.  Accordingly, it amounts to a deliberate breach

2    of contract or agreement, for which punitive damages are unavailable.

3         Plaintiff's FAC simply attempts to characterize Olin's refusal to pay the contested portion

4    of plaintiff's costs as "unjust and cruel" without any supporting factual allegations.  This appears

5    to be an attempt to trigger the "oppression" prong of Cal. Civil Code §3294.  In this context,

6    oppression is defined as "subjecting a person to cruel and unjust hardship in conscious disregard

7    of his rights." *Farmy v. College Housing, Inc.*, 48 Cal.App.3d 166, 176 (1975).  Plaintiff merely

8    inserts the "buzz words" of this definition into the body of its pleading, without any attempt to

9    develop how the claim relates to anything other than a simple dispute over the cost of the

10   District's services.

11        What is clear from the face of the FAC is that plaintiff alleges the existence of a dispute

12   regarding the amount of money that Olin purportedly owes the District for unpaid services.  (FAC

13   ¶9).  Plaintiff's Fifth Claim for Relief for Restitution states the following "Olin subjected the

14   District to cruel and unjust hardship in knowing disregard of the District's rights by failing to take

15   appropriate steps to remediate and address the consequences of the release as discussed above and

16   by *refusing to compensate the District for its response costs*." (FAC ¶61).  Such a dispute does

17   not support the imposition of punitive damages under California law without factual allegations

18   indicating the existence of malice, oppression or fraud.  While *Ward v. Taggart*, 51 Cal.2d 736

19   (1959), permits the imposition of punitive damages for a restitution claim, that holding is limited

20   to instances where the plaintiff is able to allege facts of wrongful conduct rising to the level of

21   oppression, fraud, or malice.  Such allegations are absent here.

22        The dispute over the remaining unpaid portion of the costs amounts to breach of an

23   implied or quasi contract claim for which punitive damages are unavailable.  *Crogan v. Metz*, 47

24   Cal.2d 398 (1957).  Plaintiff's claim for punitive damages based on its cause of action for

25   restitution is premised on the existence of an implied contract.  Courts are reluctant to impose

26   punitive damages based on an implied contract because such damages are not available for

27   express contract claims "Mepco argues that Burdette's claim for punitive damages under an

28   implied contract cannot succeed . . . inasmuch as it is brought under a contract theory, it is subject

DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

USDC – N.D. Case No. C 07-03756 RMW

1   to the traditional reluctance of courts to grant punitive damages in contract actions." *Burdette v.*

2   *Mepco*, 673 F.Supp. 1012 (S.D. Cal., 1987) at 1018.

3       In *Crogan v. Metz, supra*, the plaintiff sought relief for money had and received under an

4   implied contract theory.  The court upheld the compensatory damages judgment, but overturned

5   the punitive damages award because punitive damages are not recoverable for a claim based on

6   any kind of contract, specifically including implied or quasi contracts "Count II is in the nature of

7   a common count for money had and received . . . The cause of action stated in Count II is

8   supported by the general finding and the judgment for compensatory damages, but does not

9   entitle the plaintiff to punitive damages.  Such an award may not be granted in an action based on

10  a breach of contract even though the defendant's breach was willful or fraudulent." *Id.* at 404-05.

11          **2.    Prayer For Relief ¶ 4**

12      A motion to strike "may be used to strike any part of the prayer for relief when the

13  damages sought are not recoverable as a matter of law." *Bureerong*, 922 F. Supp. at 1479;

14  *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. CA 2005).

15  **IV.    CONCLUSION**

16      Plaintiff simply inserts language from Cal. Civil Code §3294 and case law into the FAC in

17  an attempt to transform its allegations of simple negligence and breach of an implied contract into

18  "malicious, oppressive or fraudulent" conduct that warrants punitive damages.  Accordingly, Olin

19  respectfully requests that the court grant its motion to strike the immaterial and impertinent

20  portions of the FAC.

21

22  Dated: November 1, 2007                MORGAN, LEWIS & BOCKIUS LLP

23                                         By_____/S/_____
                                                     Michael E. Molland
24
25                                         Attorneys for Defendant
                                           OLIN CORPORATION
26  1-SF/7625346.1

27

28

DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE                  8