| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| | MICHAEL E. MOLLAND, State Bar No. 111830 |
| 2 | BENJAMIN P. SMITH, State Bar No. 197551 |
| | AARON S. DUTRA, State Bar No. 216971 |
| 3 | SETH A. MCGIBBEN, State Bar No. 227261 |
| | One Market, Spear Street Tower |
| 4 | San Francisco, CA 94105 |
| | Telephone: (415) 442.1000 |
| 5 | Facsimile: (415) 442.1001 |
| | E-mail: mmolland@morganlewis.com |
| 6 | bpsmith@morganlewis.com |
| | asdutra@morganlewis.com |
| 7 | smcgibben@morganlewis.com |
| 8 | CREECH, LIEBOW & KRAUS |
| | RANDALL C. CREECH, State Bar No. 65542 |
| 9 | 333 West San Carlos Street, Suite 1600 |
| | San Jose, CA 95110 |
| 10 | Telephone: (408) 993-9911 |
| | Facsimile: (408) 993-1335 |
| 11 | E-mail: rcreech@sjlegal.com |
| 12 | Attorneys for Defendant |
| 13 | OLIN CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT, | Case No. C 07-03756 RMW |
| Plaintiff, | **DEFENDANT OLIN CORPORATION'S ANSWER TO PLAINTIFF SANTA CLARA VALLEY WATER DISTRICT'S FIRST AMENDED COMPLAINT** |
| vs. | |
| OLIN CORPORATION; and DOES 1-10, inclusive, | |
| Defendants | Courtroom: Courtroom 6, Fourth Floor |
| | Judge: The Honorable Ronald M. Whyte |

1    Defendant Olin Corporation ("Olin" or "Defendant"), by and through its undersigned
2  counsel, hereby answers the allegations in plaintiff Santa Clara Valley Water District's ("District"
3  or "Plaintiff") unverified first amended complaint dated October 18, 2007 ("First Amended
4  Complaint"). Defendant hereby answers the First Amended Complaint as follows:

5    1.    Defendant admits that it owned the Site and utilized disposal practices at the Site,
6  but denies its disposal practices were inappropriate. Defendant admits it used perchlorate at the
7  Site that some perchlorate has migrated into groundwater, and denies the remainder of allegations
8  contained within paragraph 1 of the First Amended Complaint.

9    2.    Defendant denies the allegations contained within paragraph 2 of the First
10 Amended Complaint.

11   3.    Defendant admits that Olin's site is located within a groundwater sub-basin from
12 which over a thousand wells draw water and which supplies drinking water for many residents
13 and businesses in the area. Defendant lacks sufficient information to admit or deny the remainder
14 of the allegations contained within paragraph 3 of the First Amended Complaint.

15   4.    Defendant admits a potential purchaser performed environmental testing in or
16 about 2000 and there is a plume. Defendant denies the remaining allegations contained within
17 paragraph 4 of the First Amended Complaint.

18   5.    Defendant admits perchlorate is a defined as a "hazardous substance" for purposes
19 of relief under CERCLA and HSAA, and states it otherwise lacks sufficient information to admit
20 or deny the allegations contained within paragraph 5 of the First Amended Complaint and
21 accordingly denies them.

22   6.    Defendant denies the allegations contained within paragraph 6 of the First
23 Amended Complaint.

24   7.    On information and belief Defendant admits that Plaintiff was established by the
25 California State Legislature. Defendant lacks sufficient information to admit or deny the other
26 allegations contained within paragraph 7 of the First Amended Complaint and accordingly denies
27 them and specifically denies Plaintiff was authorized by statute to take the actions as alleged in
28 the First Amended Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

USDC – N.D. Case No. C 07-03756 RMW

8. Defendant admits that plaintiff took some samples of water and provided some replacement water and requested reimbursement and that Defendant has paid Plaintiff the reasonable costs of such sampling and replacement water. Defendant denies the remaining allegations contained within paragraph 8 of the First Amended Complaint.

9. Defendant denies the allegations contained within paragraph 9 of the First Amended Complaint.

10. Defendant admits this court has jurisdiction based on diversity of citizenship and federal subject matter jurisdiction.

11. Defendant admits venue is proper in this District. Defendant denies the remaining allegations contained within paragraph 11 of the First Amended Complaint.

12. Defendant admits assignment to the San Jose Division of this Court is proper. Defendant denies the remaining allegations contained within paragraph 12 of the First Amended Complaint.

13. Defendant admits that Plaintiff is a governmental entity existing under California law, but denies Plaintiff's claims for recovery as such a governmental entity under each theory of relief claimed in the First Amended Complaint.

14. Defendant lacks sufficient information to admit or deny the allegations contained within paragraph 14 of the First Amended Complaint and accordingly denies them.

15. Defendant denies the allegations contained within paragraph 15 of the First Amended Complaint.

16. Defendant admits that it is a corporation that is organized and existing under the laws of the State of Virginia and that its principal place of business is located in the State of Missouri and that it has owned the Site.

17. Defendant lacks sufficient information to admit or deny the allegations contained within paragraph 17 of the First Amended Complaint and accordingly denies them.

18. Defendant admits the allegations contained within paragraph 18 of the First Amended Complaint.

19. Defendant admits it used potassium perchlorate which was used in flares.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT         2

USDC – N.D. Case No. C 07-03756 RMW

Defendant denies the remainder of the allegations contained within paragraph 19 of the First Amended Complaint.

20. Defendant admits that it utilized disposal pits. To the extent that this paragraph alleges that Olin put "perchlorate-laden waste" in an unlined pit with the intention of leaving it there, it is denied. Defendant denies the remainder of the allegations contained within paragraph 20 of the First Amended Complaint.

21. Defendant admits that it utilized sumps and washing equipment and that sumps were not lined. Defendant denies the remainder of the allegations contained within paragraph 21 of the First Amended Complaint.

22. Defendant denies the allegations contained within paragraph 22 of the First Amended Complaint.

23. Defendant denies the allegations contained within paragraph 23 of the First Amended Complaint.

24. Defendant denies the allegations contained within paragraph 24 of the First Amended Complaint.

25. Defendant admits a potential purchaser learned of perchlorate in groundwater on site during a due diligence investigation in approximately 2000 and that later additional testing found perchlorate at locations at the Site.

26. To the extent paragraph 26 alleges the plume described in paragraph 26 is from Olin's Site, Defendant denies the allegations contained within paragraph 26 of the First Amended Complaint.

27. Defendant denies the allegations contained within paragraph 27 of the First Amended Complaint.

28. Defendant lacks sufficient information to admit or deny the allegations contained within paragraph 28 of the First Amended Complaint and accordingly denies them and denies Plaintiff was authorized to take the actions alleged in its First Amended Complaint.

29. Defendant denies the allegations contained within paragraph 29 of the First Amended Complaint.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

3

USDC – N.D. Case No. C 07-03756 RMW

30. Defendant denies the allegations contained within paragraph 30 of the First Amended Complaint.

31. Defendant denies the allegations contained within paragraph 31 of the First Amended Complaint.

32. Paragraph 32 of the First Amended Complaint alleges no facts to admit or deny.

33. Paragraph 33 of the First Amended Complaint alleges no facts to admit or deny.

34. Defendant admits the allegations contained within paragraph 34 of the First Amended Complaint.

35. Defendant denies the allegations contained within paragraph 35 of the First Amended Complaint.

36. Defendant admits perchlorate can be classified as a "hazardous substance" under CERCLA, and denies the remaining allegations contained within paragraph 36 of the First Amended Complaint.

37. Defendant admits it owned the site and denies the remaining allegations contained within paragraph 37 of the First Amended Complaint.

38. Defendant denies the allegations contained within paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations contained within paragraph 39 of the First Amended Complaint.

40. Defendant admits the allegations of paragraph 40 of the First Amended Complaint.

41. Paragraph 41 of the First Amended Complaint alleges no facts to admit or deny.

42. Paragraph 42 of the First Amended Complaint alleges no facts to admit or deny.

43. Defendant denies the allegations contained within paragraph 43 of the First Amended Complaint.

44. Paragraph 44 of the First Amended Complaint alleges no facts to admit or deny.

45. Paragraph 45 of the First Amended Complaint alleges no facts to admit or deny.

46. Defendant denies the allegations contained within paragraph 46 of the First Amended Complaint.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

4

USDC – N.D. Case No. C 07-03756 RMW

47. Defendant denies the allegations contained within paragraph 47 of the First Amended Complaint.

48. Defendant denies the allegations contained within paragraph 48 of the First Amended Complaint.

49. Paragraph 49 of the First Amended Complaint alleges no facts to admit or deny.

50. Paragraph 50 of the First Amended Complaint alleges no facts to admit or deny.

51. Defendant admits perchlorate can be classified as a hazardous substance under Section 25363(e) and denies the remaining allegations contained within paragraph 51 of the First Amended Complaint.

52. Defendant denies the allegations contained within paragraph 52 of the First Amended Complaint.

53. Defendant denies the allegations contained within paragraph 53 of the First Amended Complaint.

54. Defendant denies the allegations contained within paragraph 54 of the First Amended Complaint.

55. Defendant admits the allegations contained within paragraph 55 of the First Amended Complaint.

56. Paragraph 56 of the First Amended Complaint alleges no facts to admit or deny.

57. Defendant denies the allegations contained within paragraph 57 of the First Amended Complaint.

58. Defendant denies the allegations contained within paragraph 58 of the First Amended Complaint.

59. Defendant denies the allegations contained within paragraph 59 of the First Amended Complaint.

60. Defendant denies the allegations contained within paragraph 60 of the First Amended Complaint.

61. Defendant denies the allegations contained within paragraph 61 of the First Amended Complaint.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT          5

USDC – N.D. Case No. C 07-03756 RMW

62. Paragraph 62 of the First Amended Complaint alleges no facts to admit or deny.

63. Defendant denies the allegations contained within paragraph 63 of the First Amended Complaint.

64. Defendant denies the allegations contained within paragraph 64 of the First Amended Complaint.

65. Defendant denies the allegations contained within paragraph 65 of the First Amended Complaint.

66. Defendant denies the allegations contained within paragraph 66 of the First Amended Complaint.

67. Paragraph 67 of the First Amended Complaint alleges no facts to admit or deny.

68. Paragraph 68 of the First Amended Complaint alleges no facts to admit or deny.

69. Defendant denies the allegations contained within paragraph 69 of the First Amended Complaint.

70. Defendant denies the allegations contained within paragraph 70 of the First Amended Complaint.

71. Defendant denies the allegations contained within paragraph 71 of the First Amended Complaint.

72. Paragraph 72 of the First Amended Complaint alleges no facts to admit or deny.

73. Defendant denies the allegations contained within paragraph 73 of the First Amended Complaint.

74. Paragraph 74 of the First Amended Complaint alleges no facts to admit or deny.

75. Defendant denies the allegations contained within paragraph 75 of the First Amended Complaint.

76. Defendant denies the allegations contained within paragraph 76 of the First Amended Complaint.

77. In response to the Prayer for Relief in the First Amended Complaint, Defendant denies that Plaintiff has any right to relief.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

6

USDC – N.D. Case No. C 07-03756 RMW

**AFFIRMATIVE DEFENSES**

78.  Without assuming any burden other than that imposed by operation of law, Defendant asserts the following affirmative defenses to Plaintiff's claims:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

79.  As a First separate affirmative defense to Plaintiff's First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that the First Amended Complaint fails to state facts sufficient to state a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

80.  As a Second separate affirmative defense to Plaintiff's First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that the surviving causes of action alleged in the First Amended Complaint are barred in whole or in part by the unclean hands of Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

81.  As a Third separate affirmative defense to Plaintiff's First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that the First Amended Complaint is barred in whole or in part by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

82.  As a Fourth separate affirmative defense to Plaintiff's First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that by reason of Plaintiff's acts, conduct, and omissions, Plaintiff has knowingly and voluntarily waived any purported causes of action alleged in the First Amended Complaint.

/ / /

/ / /

Morgan, Lewis & Bockius LLP
Attorneys At Law
New York

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT          7

USDC – N.D. Case No. C 07-03756 RMW

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

83. As a Fifth separate affirmative defense to Plaintiff's First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that by virtue of Plaintiff's acts, conduct, and omissions, Plaintiff is estopped from asserting that it is entitled to any recovery or relief with respect to any of the purported causes of action alleged in the First Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Full Performance of Obligations)

84. As a Sixth separate affirmative defense to Plaintiff's First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that the causes of action alleged in the First Amended Complaint are barred in whole or in part because Defendant duly performed, satisfied and discharged all duties and obligations it allegedly owed to Plaintiff. Defendant asserts that all conduct and activity of Defendant conformed to all statutes, regulations, permits, requirements, orders, contractual duties, other duties, and industry standards applicable at the time of said conduct and activity, or was undertaken by or at the direction of local, state or federal authority.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

85. As a Seventh separate affirmative defense to Plaintiff's First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that the causes of actions alleged in the First Amended Complaint are barred in whole or in part because Plaintiff acquiesced in, ratified, participated in, and/or consented to each of the alleged acts and/or omissions about which Plaintiff complains in the First Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

86. As a Eighth separate affirmative defense to Plaintiff's First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT           8

USDC – N.D. Case No. C 07-03756 RMW

that the causes of action alleged in the First Amended Complaint are barred in whole or in part because Plaintiff failed and neglected to exercise reasonable care and diligence to minimize and mitigate the alleged damages claimed.

## NINTH AFFIRMATIVE DEFENSE

**(Operation of Law/Law of the Case)**

87. As an Ninth separate affirmative defense to Plaintiff's First Amended Complaint, and each and every surviving cause of action and allegation asserted therein, Defendant asserts that the causes of action alleged in the First Amended Complaint are barred by operation of law and/or law of this case.

## TENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

88. As a Tenth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that the causes of action alleged in the First Amended Complaint are barred in whole, or in part, because Plaintiff would be unjustly enriched if it is allowed to recover any of the relief sought in the First Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Justification, Privilege, and/or Immunity)**

89. As a Eleventh separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that its actions respecting the subject matters in the First Amended Complaint were undertaken in good faith and with the absence of malicious intent to injure Plaintiff and constitute lawful, proper and justified activities.

## TWELFTH AFFIRMATIVE DEFENSE

**(Intervening Cause)**

90. As a Twelfth separate affirmative defense to Plaintiff's First Amended Complaint, and each and every surviving cause of action or allegation set forth therein, Defendant asserts that Plaintiff's damages, if any, were proximately caused by the superseding, intervening, and/or

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

9

USDC – N.D. Case No. C 07-03756 RMW

independent acts of third parties, and are not the result of any act or omission of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

91. As a Thirteenth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each surviving cause of action or allegation set forth therein, Defendant assets that the causes of action asserted in the First Amended Complaint are barred by the applicable statutes of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Set-off and Recoupment)**

92. As an Fourteenth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each surviving cause of action or allegation set forth therein, Defendant asserts that the causes of action asserted in the First Amended Complaint are barred by the doctrine of setoff and recoupment. Defendant has paid Plaintiff for the costs it claims for water replacement, sampling, and related expenditures and is allowed to set-off these payments against any amount owed to Plaintiff or recover such payments to the extent they exceed any liability of Defendant to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

93. As a Fifteenth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each surviving cause of action or allegation set forth therein, Defendant asserts that the causes of action asserted in the First Amended Complaint are barred by the doctrine of accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Negligence and Comparative Negligence)**

94. As a sixteenth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each surviving cause of action or allegation set forth therein, Defendant asserts that any and all events and happenings in connection with the allegations contained in Plaintiff's First Amended Complaint and the resulting injuries and damages, if any, referred to therein, were

Morgan, Lewis & Bockius LLP
Attorneys At Law
New York

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

10

USDC – N.D. Case No. C 07-03756 RMW

1  proximately caused and contributed to by the negligence of the Plaintiff or third parties acting
2  under Plaintiff's control thereby barring or reducing Plaintiff's recovery herein. Defendant
3  alleges that Plaintiff has contributed to the alleged perchlorate findings through the management,
4  oversight or regulation of its facilities.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

95. As a Seventeenth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each surviving cause of action or allegation set forth therein, Defendant asserts that Plaintiff voluntarily assumed the risk of any then-existing conditions alleged in the First Amended Complaint with full knowledge thereof, thereby proximately causing the injuries and damages, if any, complained of by Plaintiff and Plaintiff is thereby barred from recovery herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Proximate Cause)**

96. As an Eighteenth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each surviving cause of action or allegation set forth therein, Defendant asserts that any loss, injury or damage to Plaintiff was proximately caused or contributed to by the negligent or other tortious acts, omissions, conduct or products of persons, entities or parties other than Defendant, and that each, any, and all damages recoverable by Plaintiff must be diminished in proportion to the amount of fault attributable to said other persons, entities or parties, and there must be apportioned among all such persons, entities and parties the amount of damages attributed to them as an offset against damages, if any, awarded against Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Punitive Damages)**

97. As a Nineteenth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each surviving cause of action or allegation set forth therein, Defendant asserts that Plaintiff's claim for punitive or exemplary damages fails to state sufficient facts to support the imposition of such damages against Defendant.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT          11

USDC – N.D. Case No. C 07-03756 RMW

## TWENTIETH AFFIRMATIVE DEFENSE

**(Collateral Estoppel/Res Judicata)**

98.   As a Twentieth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant alleges that Plaintiff's causes of action are barred by the doctrine of collateral estoppel and/or res judicata.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Notice)**

99.   As a Twenty-first separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant alleges that Plaintiff failed to provide notice and make demand on Defendant to undertake actions complained of and that the costs complained of are otherwise unnecessary, duplicative and/or conflicting with orders of the California Regional Water Control Board (the Regional Board) to Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Agreements with Third Parties)**

100.   As a Twenty-second separate affirmative defense to Plaintiff's entire First Amended Complaint and to each and every surviving cause of action or allegation set forth therein, Defendant alleges that Plaintiff has entered into direct or indirect contracts or agreements with third parties whose acts or omissions resulted in the findings of perchlorate complained of in the Llagas Groundwater Basin.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Not proper party under Porter Cologne Act)**

101.   As a Twenty-third separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant alleges that Plaintiff is not entitled to recover its past, present, or future response costs under California Water Code Section 13304(c)(1), a provision of the California Porter Cologne Water Quality Act, §§13300 et seq. ("PCA") because Plaintiff is not a "government agency" as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT         12

USDC – N.D. Case No. C 07-03756 RMW

defined therein, and because Plaintiff is not in contract with the Regional Board to cleanup, abate or remediate any alleged contamination, and did not obtain the Regional Board's approval before taking the actions it complains of.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (HSAA)

102. As a Twenty-fourth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant alleges that Plaintiff has failed to identify any pre-1982 or pre-1981 violation of existing state or federal law by Defendant and is thus barred from seeking recovery from those defendants under the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA") or the PCA.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Collateral Source)

103. As a Twenty-fifth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant alleges that Plaintiff is not entitled to assert as damages costs it paid with monies it received from collateral sources.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

104. As a Twenty-sixth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that the causes of action should be stayed or dismissed pursuant to the doctrine of primary jurisdiction.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff Lacks Standing and Capacity)

105. As a Thirty-seventh separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that Plaintiff lacks standing or capacity to assert such causes of action.

Morgan, Lewis & Bockius LLP
Attorneys At Law
New York

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT         13

USDC – N.D. Case No. C 07-03756 RMW

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Ex Post Facto)**

106. As a Twenty-eighth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that Plaintiff's claims are barred under the Due Process and Ex Post Facto Clauses of the United States Constitution and the California Constitution to the extent Plaintiff seeks to impose penalties or damages on Defendant retroactively for conduct that was not actionable when it occurred.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Preemption)**

107. As a Twenty-ninth separate affirmative defense to Plaintiff's entire First Amended Complaint, and to each and every surviving cause of action or allegation set forth therein, Defendant asserts that Plaintiff's claims are preempted by Federal law and California state law.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses)**

108. As a Thirtieth separate affirmative defense to the First Amended Complaint, and each and every surviving cause of action or allegations set forth therein, Defendant asserts that it presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, and as yet unstated, separate and additional affirmative defenses available. As such, Defendant hereby reserves the right to assert additional defenses in the event discovery reveals facts which render such defenses appropriate.

WHEREFORE, Defendant prays for judgment as follows:

A.  That Plaintiff take nothing by way of its First Amended Complaint against Defendant, and that judgment be entered in Defendant's favor;

B.  That in the event that Plaintiff shall have judgment, any liability attributed to Defendant be limited in direct proportion to the percentage of fault actually attributed to Defendant;

C.  That Defendant be awarded its costs of suit herein incurred in defending against

Morgan, Lewis & Bockius LLP
Attorneys At Law
New York

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

14

USDC – N.D. Case No. C 07-03756 RMW

1  the First Amended Complaint, including its attorneys' fees; and

2      D.    For such other and further relief as the Court deems just and proper.

3  Dated: November 1, 2007            MORGAN, LEWIS & BOCKIUS LLP

By   /S/ Michael E. Molland
Michael E. Molland
Attorney for Defendant
OLIN CORPORATION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANT OLIN CORPORATION'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT     15

USDC – N.D. Case No. C 07-03756 RMW