1   MORGAN, LEWIS & BOCKIUS LLP
    MICHAEL E. MOLLAND, State Bar No. 111830
2   BENJAMIN P. SMITH, State Bar No. 197551
    AARON S. DUTRA, State Bar No. 216971
3   One Market, Spear Street Tower
    San Francisco, CA 94105
4   Telephone: (415) 442.1000
    Facsimile:  (415) 442.1001
5   E-mail: mmolland@morganlewis.com
            bpsmith@morganlewis.com
6           asdutra@morganlewis.com

7   CREECH, LIEBOW & KRAUS
    RANDALL C. CREECH, State Bar No. 65542
8   333 West San Carlos Street, Suite 1600
    San Jose, CA  95110
9   Telephone: (408) 993-9911
    Facsimile:  (408) 993-1335
10  E-mail: rcreech@sjlegal.com

11  Attorneys for Defendant
    OLIN CORPORATION
12
    BINGHAM MCCUTCHEN LLP
13  CHRISTOPHER P. BERKA (SBN 94911)
    chris.berka@bingham.com
14  GREG A. CHRISTIANSON (SBN 181231)
    greg.christianson@bingham.com
15  SAMANTHA REARDON (SBN 240068)
    samantha.reardon@bingham.com
16  1900 University Avenue
    East Palo Alto, CA  94303-2223
17  Telephone: (650) 849-4400
    Facsimile:  (650) 849-4800
18
    Attorneys for Plaintiff
19  SANTA CLARA VALLEY WATER DISTRICT

20

21

22              UNITED STATES DISTRICT COURT

23            NORTHERN DISTRICT OF CALIFORNIA

24                  SAN JOSE DIVISION

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT                    1
                                    1-SF/7629521.4
                                                        USDC – N.D. Case No. C 07-03756 RMW

1  SANTA CLARA VALLEY WATER DISTRICT,

2                    Plaintiff,

3  OLIN CORPORATION; and DOES 1-10, inclusive,

4

5                    Defendants.

Case No. C 07-03756 RMW

**JOINT CASE MANAGEMENT STATEMENT**

Date:        November 30, 2007
Time:        10:30 a.m.
Courtroom:   Courtroom 6, Fourth Floor
Judge:       Hon. Ronald M. Whyte

6

7

8

9

10        Plaintiff and counter-defendant Santa Clara Valley Water District ("District") and

11  defendant and counterclaimant Olin Corporation ("Olin") jointly submit this Case Management

12  Statement in connection with the Case Management Conference scheduled for November 30,

13  2007.

            1.      **Jurisdiction and Service - description of basis for Court's subject matter jurisdiction, whether any issue exists regarding personal jurisdiction or venue, and whether any parties remain to be served:**

15        This court has jurisdiction based on diversity of citizenship and federal subject

16  matter jurisdiction pursuant to CERCLA, 42 U.S.C. § 9601, *et seq*.

            2.      **Facts - description of the case and defenses, the key factual events underlying the action, and a brief description of any related proceeding, including any administrative proceeding:**

            **The Santa Clara Valley Water District**

20        The District is a governmental agency established by the California legislature for

21  comprehensive water management for all beneficial uses and protection from flooding.  The

22  District also acts as environmental steward of the streams, riparian corridors, and natural

23  resources of Santa Clara County.

                            **Olin Corporation**

25        Olin is a corporation that is organized and existing under the laws of the State of Virginia.

26  Olin owns property located at 425 Tennant Avenue, Morgan Hill (the "Site") where Olin operated

27  a signal flare manufacturing facility from approximately 1956 to 1988.  Another company leased

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT

                                    1

the Site from Olin after 1988 and continued signal flare manufacturing until approximately 1996.

### District's Allegations of Perchlorate Contamination at 425 Tennant Avenue, Morgan Hill in First Amended Complaint

The District alleges that signal flare manufacturing processes at the Site resulted in perchlorate and nitrate contamination of groundwater. Perchlorate is alleged to be a hazardous substance that, if ingested in significant quantities, may impair the function of the thyroid gland.

The affected groundwater is located in the Llagas Sub-basin, a basin that stretches approximately from Cochrane Road near Morgan Hill to the southern border of Santa Clara County. The District alleges that Olin failed to respond to perchlorate contamination at the Site in a timely fashion, requiring the District to act. Among other things, the District sampled water wells, provided bottled water to residents believed to be impacted by perchlorate groundwater contamination and provided outreach to the community to quell alarm.

### Olin's Allegations in Counterclaim

Olin alleges in its counterclaim that the District's operation of various facilities in and around the Llagas Sub-basin since approximately 1960, including Anderson Reservoir, contributed to the presence of perchlorate in the Llagas Sub-basin. Olin alleges that to date it has paid over $35 million to respond to findings of perchlorate in the Llagas Sub-basin, including perchlorate detected upgradient from Olin's former facility at 425 Tennant Avenue in Morgan Hill.

### Procedural History

The District filed suit against Olin on July 20, 2007. In response to Olin's motions to dismiss and strike, the District filed a First Amended Complaint on October 18, 2007 asserting eight causes of action for (1) response cost recovery under CERCLA; (2) declaratory relief under CERCLA; (3) "reimbursement" under Cal. Water Code § 13304; (4) indemnity under Cal. Health and Safety Code § 25363(e); (5) common law restitution; (6) negligence; (7) declaratory relief under 28 U.S.C. §§ 2201, 2202; and (8) declaratory relief under California law. The District alleges entitlement to punitive and exemplary damages both in its prayer for relief and under its fifth and sixth causes of action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT

2
1-SF/7629521.4

USDC – N.D. Case No. C 07-03756 RMW

1    Olin filed a counterclaim on November 1, 2007 asserting seven causes of action for (1)

2  response cost recovery under CERCLA; (2) equitable contribution and recovery under CERCLA;

3  (3) declaratory relief under CERCLA; (4) indemnity under Cal. Health and Safety Code §§

4  25300-25395.45, 25363(e); (5) negligence; (6) declaratory relief under 28 U.S.C. §§ 2201, 2202;

5  (7) declaratory relief under California law.

6         **3.    Legal Issues - description of the legal issues genuinely in dispute,
                   including whether there are any dispositive or partially dispositive**
7                  **issues appropriate for decision by motion or agreement:**

8    **District's Position:**

9    The District contends in its First Amended Complaint that Olin has caused the presence of

10  perchlorate in the Llagas Sub-basin through Olin's operation of its facilities.  The District

11  contends that it is entitled to reimbursement, indemnification, and damages with respect to

12  response costs incurred by the District; punitive damages; prejudgment interest; declaratory relief;

13  and such other further relief as the Court may deem appropriate.  Among the costs of response

14  sought by the District pursuant to 42 U.S.C. § 9607 are "enforcement activities" (42 U.S.C. §

15  9601(25)), including attorneys fees incurred by the District in this action.

16    The District intends to file a motion to dismiss with respect to Olin's counterclaim, raising

17  legal defenses to the counterclaim.  Depending on the results of the motion to dismiss, the District

18  may ultimately be filing an answer to the counterclaim or to an amended counterclaim.  The

19  District anticipates that such an answer would deny liability and raise various affirmative

20  defenses.

21    **Olin's Position:**

22    Olin contends in its counterclaim that the District has contributed to and caused the

23  presence of perchlorate in the Llagas Sub-basin through the District's operation of various

24  facilities in and around the Llagas Sub-basin since approximately 1960, including Anderson

25  Reservoir.  Olin contends that it is entitled to reimbursement and indemnification for all present

26  and future response and remediation costs under the state and federal statutes listed above and

27  seeks further relief in connection with its fourth cause of action for negligence.

28    Olin denies liability on the merits of all of the District's claims, and has asserted

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT                         3
                                              1-SF/7629521.4

1   numerous affirmative defenses.  The District's claim for punitive damages is subject to Olin's

2   pending motion to strike punitive damages allegations from the District's First Amended

3   Complaint.  The District is foreclosed from arguing that it is a "state" for purposes of CERCLA

4   consistent with Olin's successful motion to strike such allegations, granted on September 28,

5   2007.

6       **4.      Motions - description of all prior and pending motions, including a list**

7                   **of all pending motions and their current status and any anticipated motions:**

8       **Pending Motions:**

9       Olin filed a motion to strike the punitive damages allegations stated in the District's First

10  Amended Complaint on November 1, 2007.  The hearing date for the motion to strike is

11  December 14, 2007.  The District anticipates filing a motion to dismiss some or all of the claims

12  in the counterclaim.  The parties may ultimately file motions for summary judgment or summary

13  adjudication.

14      **Prior Motions:**

15      1.  This Court granted Olin's motion to relate cases on August 16, 2007.  This case was

16  related to the 245 cases previously related to *Mark Daniels v. Olin Corporation, et al.* C 03-01211

17  RMW.

18      2.  This Court granted Olin's motion to dismiss without prejudice the District's cause of

19  action for public nuisance from the original complaint on September 28, 2007.

20      3.  This Court granted in part with leave to amend, and denied in part, Olin's motion to

21  strike on September 28, 2007.  The Court granted with leave to amend, Olin's motion to strike

22  allegations relating to punitive damages from the original complaint, but denied Olin's motion to

23  strike the District's jury demand.

24      **5.      Amendment of Pleadings - description of the extent to which parties,**

25                  **claims or defenses are expected to be added or dismissed:**

26      Olin agreed to the District's request for an additional twenty days to respond to Olin's

27  counterclaim.  The District's response to Olin's counterclaim is now due on December 11, 2007.

28  The Court's ruling on Olin's pending motion to strike punitive damages allegations in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT

4
1-SF/7629521.4

USDC – N.D. Case No. C 07-03756 RMW

1   District's First Amended Complaint will necessitate a further amended complaint if granted.  The

2   Court's ruling on the District's anticipated motion to dismiss the counterclaim may necessitate an

3   amended counterclaim if granted.  Other amendments to the pleadings may be necessary.  Other

4   parties, claims, or defenses may need to be added.

5       **6.     Evidence Preservation – description of steps taken to preserve**
            **evidence relevant to issues in case**

6

7           To date, the parties have not identified any potential evidence preservation issues

8   unique to this case.

9       **7.     Disclosures - description of status of initial disclosure requirements of**
            **Fed. R. Civ. P. 26:**

10          The parties met and conferred regarding the mutual exchange of initial disclosures on

11  November 16, 2007.  The parties will exchange initial document and witness disclosures on

12  November 26, 2007, or shortly thereafter, pursuant to Federal Rules of Civil Procedure 26(a).

13      **8.     Discovery - description of discovery taken to date, scope of anticipated**
            **discovery, proposed limitations or modifications of discovery rules and**

14          **a proposed discovery plan:**

15          As stated above, the parties will exchange initial document and witness disclosures on or

16  shortly after November 26, 2007.  The parties will also file a joint discovery plan pursuant to

17  Federal Rules of Civil Procedure 26(f) on November 26, 2007.

18      **9.     Class Actions:**

19          Not applicable.

20      **10.    Related Cases:**

21          This Court granted Olin's motion to relate cases on August 16, 2007, relating this case to

22  the 245 cases previously related to *Mark Daniels v. Olin Corporation, et al.* C 03-01211 RMW.

23      **11.    Relief – description of all relief sought through complaint or**
            **counterclaim, amount of damages sought, and basis for damages:**

24  **District's Position:**

25          The District claims that it has incurred more than $4 million in costs, including costs of

26  response, as a result of Olin's contamination, but concedes that shortly before the complaint was

27  filed Olin reimbursed the District for a portion of those costs.  The District also alleges it

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT

5
1-SF/7629521.4

USDC – N.D. Case No. C 07-03756 RMW

1  continues to incur costs as a result of contamination caused by Olin's release of hazardous

2  substances and wastes at and in the vicinity of the Site.  The District also seeks punitive damages,

3  prejudgment interest, and declaratory relief.

4      **Olin's Position:**

5      Olin alleges in its counterclaim that it is entitled to reimbursement and indemnification for

6  present and future costs of response, investigation, removal, remedial action and abatement

7  incurred by Olin as a result of the releases of perchlorate or other wastes at and emanating from

8  the District's facilities, including Anderson Reservoir.

9      **12.    Settlement and ADR – description of prospects for settlement, ADR
              efforts to date and ADR plan for case:**

10      On October 29, 2007, the parties filed a Notice of Need for ADR Phone Conference.  On

11  November 19, 2007, the Court's ADR unit notified the parties that it scheduled a conference call

12  for November 26, 2007.

13      The parties believe it is premature to propose an ADR plan at this early stage of the case,

14  prior to the resolution of the pleadings, and in light of the District's pending response to Olin's

15  counterclaim and Olin's pending motion to strike portions of the District's First Amended

16  Complaint.

17      The parties engaged in extensive pre-litigation private mediation with Judge Gene

18  McDonald over the course of several months prior to July, 2007.

19      **13.    Consent to Magistrate Judge for all purposes:**

20      The parties do not consent to a magistrate judge for all purposes in this case.

21

22      **14.    Other References – description of whether case is suitable for binding
              arbitration, a special master or the Judicial Panel on Multidistrict
              Litigation:**

23      Not applicable.  See number 12 above.

24

25      **15.    Narrowing of issues – description of whether issues can be narrowed
              by agreement or motion**

26      The parties state that it is premature at this time to attempt to narrow the issues in this

27  case.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT            6
                                    1-SF/7629521.4

                                                          USDC – N.D. Case No. C 07-03756 RMW

16.     **Expedited schedule – description of whether case can be handled on expedited basis**

The parties state that this case is not amenable to an expedited schedule.

17.     **Scheduling – proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial:**

The parties state that it is premature at this time to propose deadlines for experts, discovery and dispositive motions.

18.     **Trial – description of whether case will be tried to a jury or to the court and expected length of trial:**

Both sides request a jury trial on claims so triable.  Both sides estimate a trial of 20 days.  However, the length of a trial depends on what issues remain in the case.  The issues have not yet been resolved.

19.     **Disclosure of non-party interested persons or entities:**

Local Rule 3-16 does not apply to the District.

Olin filed its Disclosure of non-party interested persons or entities on November 21, 2007 pursuant to Local Rule 3-16 by which it certified that as of the date of filing, other than the named parties, there was no such interest to report.

///

///

///

///

///

///

///

///

///

///

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT

7
1-SF/7629521.4

USDC – N.D. Case No. C 07-03756 RMW

1

**20.     Such other matters as may facilitate disposition of case:**

2

Not applicable. To date, the parties have not identified any such matters.

3

4      Dated: November 21, 2007                    MORGAN, LEWIS & BOCKIUS LLP

5                                                  By_____/s/ Michael E. Molland_____
                                                         MICHAEL E. MOLLAND
6

7                                                  Attorneys for Defendant and
                                                   Counterclaimant
8                                                  OLIN CORPORATION

       Dated: November 21, 2007                    BINGHAM MCCUTCHEN LLP
9

10                                                 By_____/s/_Christopher P. Berka_____
                                                        CHRISTOPHER P. BERKA
11
                                                   Attorneys for Plaintiff and Counter-
12                                                 Defendant
                                                   SANTA CLARA VALLEY WATER
13                                                 DISTRICT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT          8
                                         1-SF/7629521.4

                                                   USDC – N.D. Case No. C 07-03756 RMW

1  CERTIFICATION BY AARON S. DUTRA PURSUANT TO GENERAL ORDER

2  NO. 45, SECTION X. RE E-FILING ON BEHALF OF MULTIPLE SIGNATORIES

3      1.  I am a lawyer licensed to practice law in the State of California, and am an associate at

4  the law firm of Morgan, Lewis & Bockius LLP, counsel for defendant Olin Corporation.  The

5  statements herein are made on my personal knowledge, and if called as a witness I cold and

6  would testify thereto.

7

8      2.  The above e-filed document contains multiple signatures.  I declare that concurrence

9  has been obtained from each of the other signatories to file this jointly prepared document with

10  the Court.  Pursuant to General Rule No. 45, I shall maintain records to support this concurrence

11  for subsequent production for the Court if so ordered, or for inspection upon request by a party

12  until one year after final resolution of the action (including appeal, if any).

13      I declare under penalty of perjury under the laws of the State of California that the

14  foregoing is true and correct on November 21, 2007.

15

16          _____/s/Aaron S. Dutra_____
            Aaron S. Dutra

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT

9

1-SF/7629521.4

USDC – N.D. Case No. C 07-03756 RMW