1 | MORGAN, LEWIS & BOCKIUS LLP
MICHAEL E. MOLLAND, State Bar No. 111830
2 | BENJAMIN P. SMITH, State Bar No. 197551
AARON S. DUTRA, State Bar No. 216971
3 | One Market, Spear Street Tower
San Francisco, CA 94105
4 | Telephone: (415) 442.1000
Facsimile: (415) 442.1001
5 | E-mail: mmolland@morganlewis.com
         bpsmith@morganlewis.com
6 |      asdutra@morganlewis.com

7 | CREECH, LIEBOW & KRAUS
RANDALL C. CREECH, State Bar No. 65542
8 | 333 West San Carlos Street, Suite 1600
San Jose, CA 95110
9 | Telephone: (408) 993-9911
Facsimile: (408) 993-1335
10 | E-mail: rcreech@sjlegal.com

11 | Attorneys for Defendant
OLIN CORPORATION

12 | BINGHAM MCCUTCHEN LLP
CHRISTOPHER P. BERKA (SBN 94911)
13 | chris.berka@bingham.com
GREG A. CHRISTIANSON (SBN 181231)
14 | greg.christianson@bingham.com
SAMANTHA REARDON (SBN 240068)
15 | samantha.reardon@bingham.com
1900 University Avenue
16 | East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
17 | Facsimile: 650.849.4800

18 | Attorneys for Plaintiff and Counterdefendant
SANTA CLARA VALLEY WATER DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SANTA CLARA VALLEY WATER DISTRICT,<br><br>Plaintiff,<br><br>vs.<br><br>OLIN CORPORATION; and DOES 1-10, inclusive,<br><br>Defendants | Case No. C 07-03756 RMW<br><br>**PROPOSED DISCOVERY PLAN**<br><br><u>Case Management Conference</u><br>Date: November 30, 2007<br>Time: 10:30 a.m.<br>Courtroom: Courtroom 6, Fourth Floor<br>Judge: The Honorable Ronald M. Whyte |
|---|---|

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7634596.1

USDC – N.D. Case No. C 07-03756 RMW

1  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on or about November 10, 2007 and a
2  subsequent meeting on November 16, 2007 attended by:
3      Christopher Berka for plaintiff and counter-defendant Santa Clara Valley Water
4      District ("District");
5      Michael Molland for defendant and counter-claimant Olin Corporation ("Olin").

6  **1.  Pre-Discovery Disclosures**

7  The parties will exchange initial pre-discovery disclosures on or shortly after November
8  26, 2007 as required by Fed.R.Civ.P. 26(a)(1).

9  **2.  Discovery**

10  The pleadings are not settled. Olin has a pending motion to strike punitive damages
11  allegations from the District's First Amended Complaint. The District has not yet responded to
12  Olin's counterclaim and has indicated that it intends to file a motion to dismiss some or all of the
13  counterclaim on or before the due date of December 11, 2007. As a result, the parties believe that
14  a specific discovery plan is premature at this time. The parties, however, agree on the following
15  (where the parties disagree, their respective positions are so indicated):

16      **A.  Scope and Timing of Discovery**

17  The parties agree that it is premature at this time to order particular restrictions, deadlines,
18  or cutoffs for discovery in light of the fact that the case is at its outset and the District has not yet
19  responded to Olin's counterclaim.

20  Olin proposes that paper discovery may proceed after December 1, 2007; depositions may
21  begin after January 15, 2008.

22  The District proposes that 1) discovery continue to be stayed, and 2) the parties be ordered
23  to engage in ADR before formal discovery is allowed to begin. The District believes that after
24  the parties have had an opportunity to review the evidence and other information in one another's
25  Initial Disclosures on or shortly after November 26, 2007 they will be in a better position to
26  attempt to resolve the case by utilizing ADR.

27  ///
28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7634596.1      1      PROPOSED DISCOVERY PLAN
USDC – N.D. Case No. C 07-03756 RMW

### B. Number of Depositions and Interrogatories

Olin states that due to the complex nature of this case, it expects that the limitation on the number of depositions set forth in Fed.R.Civ.P. 30(a)(2)(A), and the limitation on the number of interrogatories set forth in Fed.R.Civ.P. 33(a) will be exceeded. The District states that the discovery limits imposed by the Federal Rules of Civil Procedure relating to depositions and interrogatories might need to be exceeded, depending on what issues are involved once the pleadings are settled. The parties agree to meet and confer to attempt to agree on any stipulations that might be needed to extend discovery, or to seek such an extension upon motion to this court, if it becomes necessary to exceed the limits on discovery.

Olin believes that discovery into the District's claims as set forth in its First Amended Complaint will require more than the ten depositions permitted under Fed.R.Civ.P. 30(a)(2)(A) because a principal defense to the damages pled is that a substantial portion of the damages claim may not be recovered under the state and federal statutes pled by the District. Olin believes that discovery will be extremely fact intensive and require depositions beyond the limitation imposed by Fed.R.Civ.P. 30(a)(2)(A).

As to Olin's counterclaim, Olin believes it will require extensive discovery regarding the conduct of the District, its current and former employees and others. There have been many individuals involved in the practices and conduct detailed in Olin's counterclaim. Olin expects extensive depositions regarding these practices and actions which will require more than ten depositions.

The District believes that since the pleadings have not yet been settled, the parties have not yet exchanged their Initial Disclosures, and no ADR has been utilized since this litigation was filed, it is premature to attempt to determine the extent of discovery that may be required. The District believes that there are less costly methods of ascertaining the facts and that these should be explored prior to concluding that the normal discovery limitations should not apply.

### C. Stipulations

The parties may make stipulations regarding all discovery in accordance with Fed.R.Civ.P. 29. Other terms of this Discovery Plan or Case Management Order may be altered

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7634596.1                 2                 PROPOSED DISCOVERY PLAN
                                                 USDC – N.D. Case No. C 07-03756 RMW

or supplemented by agreement of the parties, subject to Court approval if required by Local Rule 6-1. Any party seeking to modify any term of an existing Discovery Plan or Case Management Order shall first confer with all affected parties in an effort to reach agreement before presenting any proposed modification to the Court.

**D.    Expert Discovery**

District's Position:

For the reasons stated above, the District believes it is premature to determine the nature and timing of expert discovery.

Olin's Position:

Olin requires discovery from the District and others before expert discovery is appropriate. Olin states that it is not appropriate at the present time to accelerate the timing of expert discovery until all fact discovery is completed.

**E.    Discovery Plans**

The District Proposes the Following Discovery Plan:

The District believes it is premature to establish a discovery plan because the pleadings have not yet been settled, the parties have not yet exchanged and reviewed their Initial Disclosures, and no ADR has been utilized since this litigation was filed. Consequently, the District proposes that the parties be ordered to

1)    Promptly review one other's Initial Disclosures;

2)    Conduct ADR promptly under the supervision of the Court's ADR Administrator; and

3)    Appear for a further Case Management Conference on a specific date in or about February 2008.

Olin Proposes the Following Discovery Plan:

Olin proposes that the Court establish the following schedule for discovery:

December 1, 2007    Written discovery may commence

January 15, 2008    Deposition discovery may commence

| On or before February 15, 2008 | Pursuant to Fed.R.Civ.P. 16 and Civil L.R. 16-10(c), the parties request an interim Status Conference at the Court's convenience to discuss the progress of the discovery and to determine whether it is appropriate at this time to set a discovery schedule for completion of fact discovery. The parties at this time will advise the Court as to (a) the status of paper discovery; (b) any stipulations or agreements between the parties regarding the expansion of discovery limits and/or an agreed upon discovery schedule; (c) the status of deposition discovery; (d) the setting of a discovery cut-off for fact discovery; (e) any and all other matters pertaining to discovery agreements or disagreements between the parties. |

Dated: November 26, 2007                                MORGAN, LEWIS & BOCKIUS LLP


By       /s/ Michael E. Molland
           MICHAEL E. MOLLAND

Attorneys for Defendant and Counterclaimant
OLIN CORPORATION


Dated: November 26, 2007                                BINGHAM MCCUTCHEN LLP


By       /s/ Christopher P. Berka
           CHRISTOPHER P. BERKA

Attorneys for Plaintiff and Counter-Defendant
SANTA CLARA VALLEY WATER DISTRICT

<u>CERTIFICATION BY AARON S. DUTRA PURSUANT TO GENERAL ORDER NO. 45, SECTION X. RE E-FILING ON BEHALF OF MULTIPLE SIGNATORIES</u>

1. I am a lawyer licensed to practice law in the State of California, and am an associate at the law firm of Morgan, Lewis & Bockius LLP, counsel for defendant Olin Corporation. The statements herein are made on my personal knowledge, and if called as a witness I could and would testify thereto.

2. The above e-filed document contains multiple signatures. I declare that concurrence has been obtained from each of the other signatories to file this jointly prepared document with the Court. Pursuant to General Rule No. 45, I shall maintain records to support this concurrence for subsequent production for the Court if so ordered, or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct on November 26, 2007.

                                                                         /s/ Aaron S. Dutra
                                                                              Aaron S. Dutra