MORGAN, LEWIS & BOCKIUS LLP
MICHAEL E. MOLLAND, State Bar No. 111830
BENJAMIN P. SMITH, State Bar No. 197551
AARON S. DUTRA, State Bar No. 216971
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:  (415) 442.1000
Facsimile:   (415) 442.1001
E-mail:  mmolland@morganlewis.com
            bpsmith@morganlewis.com
            asdutra@morganlewis.com

CREECH, LIEBOW & KRAUS
RANDALL C. CREECH, State Bar No. 65542
333 West San Carlos Street, Suite 1600
San Jose, CA  95110
Telephone:  (408) 993-9911
Facsimile:   (408) 993-1335
E-mail:  rcreech@sjlegal.com

Attorneys for Defendant
OLIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>                    Plaintiff,<br><br>          vs.<br><br>OLIN CORPORATION; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. C 07-03756 RMW<br><br>**DEFENDANT OLIN CORPORATION'S REPLY IN SUPPORT OF MOTION TO STRIKE**<br><br>Date:          December 14, 2007<br>Time:          9:00 a.m.<br>Courtroom: Courtroom 6, Fourth Floor<br>Judge:        The Honorable Ronald M. Whyte |

## I.   **INTRODUCTION**

Allegations of direct injury are <u>required</u> to support a claim for punitive damages.  *People v. Superior Court (Jayhill Corp.),* 9 Cal.3d 283, 287 (1973).  Here, the District has not and cannot plead a direct injury caused by Olin's alleged pollution of groundwater because there are no allegations that the District had an ownership interest, or any other interest, in the groundwater at issue.  To the contrary, the District alleges that it is merely the "steward" and "manager" of Santa Clara County's groundwater.  First Amended Complaint ("FAC") ¶ 14.  Because the District holds no interest in the groundwater – the only property to which Olin's alleged acts were targeted – Olin's alleged harm to the groundwater cannot form the basis of the District's claim for punitive damages.

Nor do the allegations of the District's cause of action for restitution support a punitive damages claim.  Punitive damages for restitution are only available under certain limited circumstances absent here.  Plaintiff's reliance on *Ward v. Taggart*, 51 Cal.2d 736 (1959) is misplaced.  In *Ward*, the defendant fraudulently obtained money from the plaintiff and refused to return the improperly-obtained funds.  *Id.* at 741-42.  Here, in contrast, the District never alleges that it provided money or property that Olin refused to return.  Instead, the District seeks restitution for purported unjust enrichment caused by the District's voluntary provision of services to others, namely residents and businesses affected by Olin's alleged acts.  There is <u>no</u> allegation that the services allegedly furnished by the District were wrongfully or fraudulently obtained.

## II.   **ANALYSIS**

As a basis for the District's punitive damages claims, the First Amended Complaint alleges both that Olin contaminated groundwater and then, after the District voluntarily initiated remediation efforts, refused to "honor the District's appropriate requests for reimbursement of costs."  *See, e.g.,* FAC ¶61.  The District may not recover punitive damages for alleged groundwater contamination because it was not directly injured by that alleged contamination.  And, the District may not recover for its voluntary provision of services because no authority

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE
1-SF/7634778.2                    1                    USDC – N.D. Case No. C 07-03756 RMW

1   supports such an award, which sounds in contract and not tort.

2       **A.    There Are No Allegations that the District Suffered Direct Injuries From Alleged Groundwater Contamination**

3

4       It is well-settled that only the person immediately injured is entitled to punitive damages.

5   *People v. Superior Court (Jayhill Corp.),* 9 Cal.3d 283, 287 (1973).  The *Jayhill* court holds that

6   "in the absence of statute, exemplary damages are allowed only to the immediate person injured."

7   *Id*. at 287, *see also Dugar v. Happy Tiger Records, Inc.*, 41 Cal.App.3d 811, 819 (1974).  In

8   *Jayhill*, the court upheld a motion to strike allegations of punitive damages because there was no

9   indication that the plaintiff – the State Attorney General suing on behalf of the citizens of

10  California – suffered a direct injury.  The same situation is presented here.  The District, suing

11  solely as a "steward" of the groundwater purportedly contaminated, has failed to allege any direct

12  injury caused by Olin's purported contamination of the groundwater.

13      The rationale espoused by *Jayhill* has been used repeatedly to block punitive damages

14  claims, like that alleged by the District, premised on harm to others.  For example, in *French v.

15  Orange County Inv. Corp.*, 125 Cal.App. 587, 591 (1932), the plaintiff assignee was precluded

16  from seeking punitive damages because he had not suffered the injury.  The *French* court noted:

17  "exemplary damages are allowed only to the immediate person receiving the injury, either in a

18  suit prosecuted by himself or by someone for his use."  *Id.*   The *French* holding has been applied

19  without exception.  *See, e.g., Jackson v. Rogers & Wells,* 210 Cal.App.3d 336, 349 (1989).  *See

20  also Vander Lind v. Superior Court*, 146 Cal.App.3d 358, 365-6 (1983) (only direct victims of

21  intended acts have standing to obtain punitive damages, while "those remotely affected . . . are

22  remitted to their compensatory recoveries").

23      Under California Water Code §102, the State of California has the power to control and

24  regulate the use of all the state's groundwater.  Water Code §102 provides that "all water within

25  the State is the property of the people of the State, but the right to the use of water may be

26  acquired by appropriation in the manner provided by law."  While the State does not "own" the

27  groundwater from a proprietary prospective, the State – not regional water districts – possesses

28  the <u>primary</u> interest in the groundwater and controls the manner in which it is extracted.  *State of*

1  *California v. Superior Court of Riverside County (Riverside County)*, 78 Cal.App.4th 1019

2  (2000).  The State's power to control and regulate the use of the state's groundwater includes the

3  power to issue permits for the appropriation of unappropriated water pursuant to the Water

4  Commission Act.  Water Code §1200 *et seq*.

5       In contrast to the State's express interest in California's groundwater, the District fails to

6  allege that it has any interest in the groundwater at issue in this case.  The *Riverside County* court

7  characterized the nature of the state's ownership of groundwater as "the preeminent right of the

8  people of the State to make water policy and control water usage."  *Id.* at 1030.  The State, rather

9  than the District, has an interest in the groundwater itself by virtue of this "preeminent right."

10  Not surprisingly, then, the District fails to allege any direct interest in the groundwater at issue,

11  conceding that it is merely a "steward" of the resource.  Because mere stewards of groundwater

12  cannot be direct victims of alleged harm to that groundwater, the District fails to allege a claim

13  for punitive damages.

14       **B.      Plaintiff Cites to No Exception to the Direct Injury Rule**

15       In its opposition, the District cites to no authority for application of any exception to the

16  direct injury rule.  Instead, the District merely restates language from the California punitive

17  damages statute for the proposition that Olin's alleged "malicious" and "oppressive" conduct

18  supports its punitive damages claim.  Opposition pp. 3-4.  The District claims that it is entitled to

19  punitive damages based on conduct that was neither directed to it nor which resulted in any

20  injury.  These allegations fly in the face of the requirement for an actual injury.

21       Plaintiff relies on *Westlands Water Dist. v. Amoco Chemical Co.* 953 F.2d 1109, 1110

22  (9th Cir. 1992) for the proposition that plaintiff, as a water district, may seek punitive damages.

23  Unlike the District in this case, the plaintiff water district in *Westlands* actually suffered the harm

24  for which it sought punitive damages.  The plaintiff water district alleged physical damage to its

25  distribution system and other real and personal property resulting from the installation of

26  defective pipes.  *Id.* at 1110.  The plaintiff's punitive damages claim flowed from its products

27  liability causes of action.  This is in stark contrast to the allegations stated by the District here,

28  where the only direct injury is that purportedly suffered by property owners that draw water from

1    the Llagas Sub-basin. There are no allegations that the purported contamination directly harmed

2    the District or the District's facilities and *Westlands* is inapposite.

3    **C.    Restitution for Services Provided by the District Does Not Support a Punitive Damages Claim**

4    Punitive damages for restitution for services rendered is not permitted where there is no

5    indication that the services were wrongfully or fraudulently obtained. Restitution for services

6    received is different and distinct from restitution for money paid or property given. Restatement

7    (First) of Restitution § 40. Comment a. to the Restatement notes "restitution for services rendered

8    is not permitted as freely as for money paid or things given . . . frequently it would be unfair to

9    the person benefited by services to require payment since, although benefited, he reasonably may

10    be unwilling to pay the price; he does not have the opportunity of return, which usually exists in

11    the case of thing received, nor the definite and certain pecuniary advantage which ensues where

12    money has been paid."

13    Here, there is no doubt that the restitution sought by the District is for services rendered.

14    Among other things, the FAC alleges that "Olin has failed and refused to reimburse the District

15    for a substantial portion of the costs the District has incurred as a result of Olin's contamination."

16    FAC ¶30. The services provided by the District are alleged to include sampling water wells and

17    providing bottled water to residents. FAC ¶29. While the FAC admits that Olin has paid the

18    District for a portion of these costs, Olin has allegedly failed to pay a "substantial" enough

19    portion. FAC ¶30.

20    Plaintiff's opposition glosses over the distinction between restitution for services as

21    opposed to restitution for money paid or things given, and relies on a single case, *Ward v.*

22    *Taggart*, 51 Cal.2d 736 (1959), for the proposition that it is entitled to punitive damages. Unlike

23    this case, which involves services rendered, *Ward* concerned restitution for money paid. And, in

24    *Ward,* the money plaintiffs sought to have returned had been obtained by the defendant "through

25    fraudulent misrepresentations." Thus, the Court characterized the defendant as "an involuntary

26    trustee for the benefit of plaintiffs on the secret profit . . . [defendant] made from his dealings with

27    them." *Id.* at 741-42. The defendant's fraudulent acquisition of the plaintiff's money was

28

1  consistent with the policy justifications for the imposition of punitive damages to "discourage

2  oppression, fraud, or malice by punishing the wrongdoer." *Id.* at 743.  Punitive damages are only

3  appropriate in cases like *Ward* where "restitution would have little or no deterrent effect, for

4  wrongdoers would run no risk of liability to their victims beyond that of *returning what they*

5  *wrongfully obtained.*" *Id.*

6          Notably absent from the FAC are allegations that Olin wrongfully obtained the benefit of

7  the District's services or acted fraudulently towards the District in any way.  There are no

8  allegations in the FAC that the District had a duty to provide its services in the manner alleged,

9  nor are there any allegations that Olin requested the District's services.  Instead, the District

10  volunteered its services.  Without such allegations, there is no justification for imposing punitive

11  damages, which are designed to "discourage oppression, fraud, or malice by punishing the

12  wrongdoer." *Ward* at 743.

13  **III.    <u>CONCLUSION</u>**

14          For the foregoing reasons, Olin respectfully requests that the Court grant its motion to

15  strike plaintiff's claim for punitive damages.

16

17  Dated: November 30, 2007                    MORGAN, LEWIS & BOCKIUS LLP

18                                              By_____/S/_____

19                                                            Michael E. Molland

20                                              Attorneys for Defendant
                                                OLIN CORPORATION

21

22

23

24

25

26

27

28