Bingham McCutchen LLP
CHRISTOPHER P. BERKA (SBN 94911)
chris.berka@bingham.com
GREG A. CHRISTIANSON (SBN 181231)
greg.christianson@bingham.com
SAMANTHA REARDON (SBN 240068)
samantha.reardon@bingham.com
1900 University Avenue
East Palo Alto, CA  94303-2223
Telephone:  650.849.4400
Facsimile:  650.849.4800

Attorneys for Plaintiff and Counterdefendant
SANTA CLARA VALLEY WATER DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>          Plaintiff,<br><br>     v.<br><br>OLIN CORPORATION; and DOES 1-10, inclusive,<br><br>          Defendants. | No. C 07-03756 RMW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SANTA CLARA VALLEY WATER DISTRICT'S MOTION TO DISMISS PORTIONS OF COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)) |
| OLIN CORPORATION,<br><br>          Counterclaimant,<br><br>     v.<br><br>SANTA CLARA VALLEY WATER DISTRICT; and DOES 1-10,<br><br>          Counterdefendant. | Date:      February 1, 2008<br>Time:      9:00 a.m.<br>Place:     Courtroom 6, Fourth Floor<br>Judge:     Honorable Ronald M. Whyte |

A/72341511.1

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENT ...................................................................................................................... 1
   A. Allegations of the Counterclaim ................................................................................ 1
   B. The First Claim for Relief Fails to Allege Facts That Would Establish the District as a Responsible Party Under Section 107 .................................................. 2
      1. The District's Alleged Liability as Owner or Operator ............................ 2
      2. The District's Alleged Liability as Arranger ............................................ 3
      3. Conclusion With Respect to the First Claim for Relief ............................ 4
   C. The Second Claim for Relief Fails to Allege Facts That Would Establish the District as a Responsible Party Under Section 107 and Furthermore Pleads a Remedy That is Not Available Under Section 113(f) ............................. 4
      1. The Second Claim for Relief Does Not Allege Facts Establishing the District as a Responsible Party Under Section 107(a) ........................ 4
      2. The Second Claim for Relief Pleads a Remedy that is Not Available Under Section 113(f) ................................................................. 5
      3. Conclusion With Respect to the Second Claim for Relief ........................ 5
   D. The Fourth Claim for Relief, Under Cal. Health & Safety Code Section 25363(e), Is Barred by the Claims Presentation Requirement of the Government Code ........................................................................................................ 6
   E. The Claim Alleging Negligence (Mis- Numbered as the Fourth Claim for Relief in the Counterclaim) Is Also Barred by the Claims Presentation Requirement of the Government Code ................................................................. 6
III. CONCLUSION .................................................................................................................. 6

A/72341511.1                                                         i

MEMORANDUM OF P&A'S IN SUPPORT OF PL. SCVWD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) C 07-03756 RMW

TABLE OF AUTHORITIES

Page

Cases

*Carson Harbor Village, Ltd. v. Unocal Corporation*, 287 F.Supp. 2d 1118 (C.D. Cal. 2003) ............................................................................................................................ 4

*Chase v. State*, 67 Cal. App. 3d 808 (1977) ...................................................................... 6

*Connelly v. County of Fresno*, 146 Cal. App. 4th 29, 37 (2006) ...................................... 6

*Loehr v. Ventura County Community College District*, 147 Cal. App. 3d 1071, 1079 (1983) ...................................................................................................................... 6

*State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004) ..................................... 6

*Stevens Creek Assoc. v. Barclays Bank of Cal.*, 915 F.2d 1355 (9th Cir. 1990) ............. 2

*Tietz v. Los Angeles Unified School District*, 238 Cal. App. 2d 905 (1965) ................... 6

*Wood v. Riverside General Hospital*, 25 Cal. App. 4th 1113, 1119 (1994) ..................... 6

Statutes

42 U.S.C. section 9607(a) ............................................................................................ 1, 2

42 U.S.C. section 9607(q) ............................................................................................ 1, 2

42 U.S.C. section 9613(f) ............................................................................................. 1, 4

Cal. Gov. Code Section 800 ............................................................................................. 1

California Health & Safety Code § 25363 ................................................................... 1, 6

Federal Rules of Civil Procedure, Rule 12(b)(6) ......................................................... 4, 6

A/72341511.1                                    ii

MEMORANDUM OF P&A'S IN SUPPORT OF PL. SCVWD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) C 07-03756 RMW

## I. INTRODUCTION

Plaintiff and counterdefendant Santa Clara Valley Water District (the "District") hereby moves to dismiss the first, second, and both of the "fourth" claims for relief[1] in the Counterclaim filed by Olin on November 1, 2007 (the "Counterclaim").  The first claim for relief fails to state facts that would establish the District as an owner, operator, or arranger under sections 107(a) and107(q) of CERCLA, 42 U.S.C. sections 9607(a) and (q).  The second claim for relief also does not state facts that would establish that the District is an owner, operator, or arranger, and further seeks a form of relief that is not available under CERCLA section 113(f), 42 U.S.C. section 9613(f).  Both of the claims labeled in the Counterclaim as a fourth claim for relief -- Cal. Health & Safety Code § 25363 and negligence -- are barred because the Counterclaim does not allege that Olin submitted a claim before filing suit as required by Cal. Gov. Code sections 800 *et seq.*

## II. ARGUMENT

### A.     Allegations of the Counterclaim

The Counterclaim alleges that United Technologies Corporation (UTC) deposited perchlorate to the ground at the UTC plant. Counterclaim ¶¶ 24, 34.  The perchlorate allegedly migrated to Anderson Reservoir and to the groundwater in the Llagas sub-basin.  Counterclaim ¶¶ 49-53.  Olin does not allege that the District used perchlorate in its operations or caused the release of the perchlorate to the environment.  Instead, the Counterclaim seeks to establish liability on the part of the District solely because, according to Olin's theory, the perchlorate released by UTC allegedly migrated into District-owned facilities.  Olin does not name UTC as a third-party defendant.  Instead, the Counterclaim alleges that the District is liable for the releases of perchlorate that occurred on the UTC site.

---

[1] The Counterclaim erroneously labels both the claim under the Health and Safety Code (page 21 of the Counterclaim) and the claim of negligence (page 22 of the Counterclaim) as the "Fourth Claim for Relief."

MEMORANDUM OF P&A'S IN SUPPORT OF PL. SCVWD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) C 07-03756 RMW

**B. The First Claim for Relief Fails to Allege Facts That Would Establish the District as a Responsible Party Under Section 107.**

In the first claim for relief, Olin seeks cost recovery from the District under CERCLA section 107(a), 42 U.S.C. section 9607(a). In order to plead a proper claim under section 107, it is necessary to plead facts showing that the defendant is a "potentially responsible" party under sections 107(a)(1), (a)(2), (a)(3) or (a)(4). *Stevens Creek Assoc. v. Barclays Bank of Cal.*, 915 F.2d 1355, 1358 (9th Cir. 1990).

Olin's Counterclaim alleges that the District is an owner and operator under sections (a)(1) and (a)(2) and an arranger under subsection (a)(3). Counterclaim, ¶¶ 60, 64. However, the specific factual allegations of the Counterclaim show that the District is not an owner, operator, or arranger within the meaning of section 107.

**1. The District's Alleged Liability as Owner or Operator**

The Counterclaim does not allege that the District directly discharged perchlorate onto property owned or operated by the District. Instead, the Counterclaim alleges that perchlorate discharged by UTC on UTC's site migrated onto the District's contiguous property. Congress specifically addressed this circumstance in section 107(q) of CERCLA, 42 U.S.C. section 9607(q). Under section 107(q), a person is not an owner or operator within the meaning of section 107(a)(1) or (a)(2) solely by reason of the presence of contamination on its property if the person "owns real property that is contiguous to or otherwise similarly situated with respect to, and that is or may be contaminated by a release or threatened release of a hazardous substance from, real property that is not owned by that person …." The Counterclaim alleges facts that establish the District as a contiguous owner and operator under section 107(q). The District is alleged to own property, including Anderson Reservoir, that is contiguous to or otherwise similarly situated with respect to the UTC site. Counterclaim, ¶¶ 3, 24. The Counterclaim further alleges that the District's property, including Anderson Reservoir, was contaminated not by the District, but by releases of hazardous substances on property not owned by the District. Counterclaim, ¶¶ 3, 5, 24.

A/72341511.1                                  2

MEMORANDUM OF P&A'S IN SUPPORT OF PL. SCVWD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) C 07-03756 RMW

1    Under section 107(q), the District is deemed not to be an "owner" or "operator"
2    under section 107(a) if the conditions in clauses (i) through (vii) of section 107(q)(1)(A) are met.
3    The allegations of the Counterclaim show that those seven conditions are satisfied.  The District
4    did not cause, contribute to, or consent to the release of the perchlorate.  Section 107(q)(1)(A)(i).
5    The District did not have a familial, contractual, corporate, or financial relationship with UTC.
6    Section 107(q)(1)(A)(ii).  The District took reasonable steps as required by section
7    107(q)(1)(A)(iii)(I) and (II) to prevent UTC from releasing perchlorate by raising concerns about
8    UTC's operations with the Water Pollution Control Board in 1960 and 1961, after which the
9    Board issued Waste Discharge Requirements to UTC for the purpose of protecting Anderson
10   Reservoir from becoming contaminated.  Counterclaim, ¶¶ 26-33.  The District also took
11   reasonable steps to prevent or limit human, environmental, or natural resource exposure, as
12   required by section 107(q)(1)(A)(iii)(III) by obtaining a permit from the Department of Health
13   Services Office of Drinking Water to use Anderson Reservoir as a drinking water reservoir.
14   Counterclaim ¶ 45.  The concentration of perchlorate leaving the reservoir was no more than 4
15   parts per billion (ppb), less than the legal notification level of 6 ppb.  Counterclaim, ¶¶ 58, 15.
16   The Counterclaim does not allege that the District failed to cooperate with UTC's response
17   actions, failed to comply with land use restrictions or institutional controls, failed to comply with
18   requests for information or subpoenas issued by the President, failed to provide all legally
19   required notices, or failed to conduct appropriate inquiry before acquiring property.  Sections
20   107(q)(1)(A)(iv), (v), (vi), (vii), or (viii).  Consequently, the facts alleged in the Counterclaim
21   show that the District is an owner or operator of contiguous property and therefore not an owner
22   or operator for purposes of liability under section 107(a).

23       **2.    The District's Alleged Liability as Arranger**
24       The Counterclaim further suggests that the District has "arranger" liability under
25   section 107(a)(3).  Counterclaim, ¶¶ 60, 64.  Section 107(a)(3), however, establishes liability of a
26   person who by "contract, agreement, or otherwise arranged for disposal or treatment" of
27   hazardous substances.  The Counterclaim does not allege that the District arranged for "disposal
28

1  or treatment" of hazardous substances. It alleges that the District arranged for "storage or
2  transfer" of hazardous substances. Counterclaim, ¶ 64. Arranging for storage or transfer of
3  hazardous substances does not give rise to liability under section 107(a)(3). *Carson Harbor*
4  *Village, Ltd. v. Unocal Corporation*, 287 F.Supp. 2d 1118, 1189-94 (C.D. Cal. 2003).
5  Consequently, the Counterclaim does not state facts giving rise to liability under section
6  107(a)(3).

        3.    **Conclusion With Respect to the First Claim for Relief**

As shown above, the First Claim for Relief seeks to establish liability under section 107(a). It alleges that the District is liable under section 107(a)(1) and (a)(2) as an owner and operator, and under section 107(a)(3) as an arranger for disposal or treatment. The District is not an owner or operator under section 107(a)(1) or (a)(2), however, because the facts alleged in the Counterclaim show that it is the owner and operator of contiguous property and therefore, pursuant to section 107(q), deemed not to be an owner or operator under section 107(a). The District is not liable as a party who arranged for the disposal or treatment of hazardous substances, however, because the Counterclaim does not allege that the District arranged for disposal or treatment. Since the Counterclaim does not state facts that would establish the District as a responsible party under sections 107(a)(1), (a)(2), or (a)(3), the First Claim for Relief fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    C.    **The Second Claim for Relief Fails to Allege Facts That Would Establish the District as a Responsible Party Under Section 107 and Furthermore Pleads a Remedy That is Not Available Under Section 113(f)**

        1.    **The Second Claim for Relief Does Not Allege Facts Establishing the District as a Responsible Party Under Section 107(a)**

The Second Claim for Relief seeks contribution under section 113(f), 42 U.S.C. section 9613(f). Contribution may be obtained under section 113(f), however, only against a "person who is liable or potentially liable under section 9607(a)." As discussed above, the

A/72341511.1                                        4

MEMORANDUM OF P&A'S IN SUPPORT OF PL. SCVWD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) C 07-03756 RMW

Counterclaim does not allege facts that would establish the District as a party that is liable or potentially liable under section 9607(a). Consequently, the Second Claim for Relief fails to state a claim upon which relief can be granted.

### 2. The Second Claim for Relief Pleads a Remedy that is Not Available Under Section 113(f)

Section 113(f) provides in relevant part that: "Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title." In the Second Claim for Relief, Olin seeks contribution from the District during a civil action under section 9607(a). Specifically, the Counterclaim alleges that the District filed an action against Olin under section 9607, and that Olin seeks contribution under section 9613(f). Counterclaim, ¶ 69. Pursuant to section 113(f), the remedy available to Olin -- if it prevails -- is contribution. In other words, if Olin is found liable to the District under section 107, Olin seeks contribution from the District with respect to Olin's section 107 liability to the District. By definition, any recovery by Olin under section 113(f) could not be greater than the amount of Olin's liability to the District under section 107.

The remedy sought by Olin in paragraph 70 of the Second Claim for Relief, however, extends beyond what is allowed in section 113(f). In paragraph 70, Olin seeks from the District "the entire equitable share of the District's contribution to the finding or presence of perchlorate in the Llagas Sub-basin." In other words, Olin seeks to recover a portion of the amount that Olin has spent to address the contamination in the Llagas Subbasin, not a portion of the amount of Olin's liability to the District. The remedy sought in paragraph 70, therefore, would be broader than the contribution allowed by section 113(f). The remedy sought in the Second Claim for Relief is not permitted as a matter of law.

### 3. Conclusion With Respect to the Second Claim for Relief

As shown above, the Second Claim for Relief fails to plead facts that would establish the District as a responsible or potentially responsible party under section 107(a), and therefore it fails to state a claim upon which relief could be granted under section 113(f). In

addition, the remedy sought by the Counterclaim in the Second Claim for Relief is not permitted and could not, as a matter of law, be awarded. Consequently, the Second Claim for Relief fails to state a claim upon which relief can be granted. It should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### D. The Fourth Claim for Relief, Under Cal. Health & Safety Code Section 25363(e), Is Barred by the Claims Presentation Requirement of the Government Code

The Fourth Claim for Relief seeks to recover costs from the District under Cal. Health & Safety Code § 25363(e). Before bringing such an action against a public entity, however, a party must submit a claim to the public entity under the California Government Code. Cal. Gov. Code §§ 905, 945.4. *See also Loehr v. Ventura County Community College District*, 147 Cal. App. 3d 1071, 1079 (1983). Plaintiff's pleading must allege presentation and rejection of such a claim. *Chase v. State*, 67 Cal. App. 3d 808 (1977); *Connelly v. County of Fresno*, 146 Cal. App. 4th 29, 37 (2006); *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004); *Wood v. Riverside General Hospital*, 25 Cal. App. 4th 1113, 1119 (1994) ("The timely filing of a claim is an essential element of a cause of action against a public entity and failure to allege compliance with the claims statute renders the complaint subject to a general demurrer.")

The Counterclaim does not allege that Olin presented a claim to the Water District under the Government Code. Consequently, the Fourth Claim for Relief must be dismissed.

### E. The Claim Alleging Negligence (Mis- Numbered as the Fourth Claim for Relief in the Counterclaim) Is Also Barred by the Claims Presentation Requirement of the Government Code

Olin's negligence claim is also subject to the claims presentation requirement in the Government Code. *Tietz v. Los Angeles Unified School District*, 238 Cal. App. 2d 905, 911 (1965). Since the Counterclaim does not allege that a claim was presented, the Fourth Claim for Relief alleging negligence should be dismissed.

### III. CONCLUSION

For the reasons given above, the First, Second, and both Claims denominated "Fourth" in the Counterclaim should be dismissed.

A/72341511.1    6

MEMORANDUM OF P&A'S IN SUPPORT OF PL. SCVWD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) C 07-03756 RMW

DATED: December 11, 2007        Bingham McCutchen LLP

By: /s/Christopher P. Berka
Christopher P. Berka
Attorneys for Plaintiff and Counterdefendant
SANTA CLARA VALLEY WATER DISTRICT

A/72341511.1        7

MEMORANDUM OF P&A'S IN SUPPORT OF PL. SCVWD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) C 07-03756 RMW