BINGHAM MCCUTCHEN LLP
CHRISTOPHER P. BERKA (SBN 94911)
christopher.berka@bingham.com
GREG A. CHRISTIANSON (SBN 181231)
greg.christianson@bingham.com
SAMANTHA REARDON (SBN 240068)
samantha.reardon@bingham.com
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: 650.849.4400
Facsimile: 650.849.4800

Attorneys for Plaintiff and Counterdefendant
SANTA CLARA COUNTY VALLEY WATER
DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>OLIN CORPORATION; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>OLIN CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>SANTA CLARA VALLEY WATER DISTRICT; and DOES 1-10,<br><br>Counterdefendants. | No. C07 03756 RMW<br><br>SANTA CLARA VALLEY WATER DISTRICT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF OLIN'S COUNTERCLAIM<br><br>Date: February 1, 2008<br>Time: 9:00 a.m.<br>Place Courtroom 6, Fourth Floor<br>Judge: Honorable Ronald M. Whyte |

A/72388122.1/3005231-0000321690                                   C07 03756 RMW

SANTA CLARA VALLEY WATER DISTRICT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PORTIONS OF OLIN'S COUNTERCLAIM

## TABLE OF CONTENTS

Page

I. ARGUMENT .................................................................................................................. 2

    A. The Counterclaim Fails to Allege Facts that Would Make the District Liable Under CERCLA ........................................................................................ 2

        1. Alleged "Transporter" Liability ................................................................ 3

        2. Alleged "Arranger" Liability .................................................................... 4

        3. Alleged "Owner" and "Operator" Liability ............................................. 5

    B. The CERCLA Section 113(f) Claim .................................................................... 7

    C. The Government Code Requirements .................................................................. 8

II. CONCLUSION ............................................................................................................... 9

A/72388122.1/3005231-0000321690                                                                                          C07 03756 RMW

SANTA CLARA VALLEY WATER DISTRICT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PORTIONS OF OLIN'S COUNTERCLAIM

# TABLE OF AUTHORITIES

Page

Cases

*AMCAL Multi-Housing, Inc. v. Pac. Clay Prods.*, 457 F. Supp. 2d 1016, 1028 (C.D. Cal. 2006) .................................................................................................................. 5

*Atlantic Research Corp.*, 127 S.Ct. at 2337 ........................................................................ 2, 7, 8

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 165 (2007) ...................................................... 1, 7

*City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974) ....................................................... 9

*Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 161 (2004) .............................. 7, 8

*Johnson v. City of Los Angeles*, 134 Cal. App. 2d 600 (1955) ........................................................ 9

*Kainrock v. Superior Court*, 216 Cal. App. 3d 1473, 1478 (1990) ................................................. 8

*So. Cal. Water Co. v. Aerojet-General Corp.*, 2003 U.S. Dist. LEXIS 26534, *15 fn. 2. (C.D. Cal. April 1, 2003) ................................................................................................ 4, 5

*United States v. Atlantic Research Corp.*, 127 S. Ct. 2331 (2007) ................................................. 2

Statutes

42 U.S.C. 9607 .................................................................................................................... 2

42 U.S.C. 9606 ................................................................................................................ 2, 7, 8

42 U.S.C. 9607 ................................................................................................................... 7, 8

42 U.S.C. 9607(a) ........................................................................................................... passim

42 U.S.C. 9607(q) ............................................................................................................ 1, 5, 6

42 U.S.C. 9613(f) ........................................................................................................... 2, 7, 8

Other Authorities

Webster's Ninth New Collegiate Dictionary ................................................................................. 3

INTRODUCTION

The opposition by Olin Corporation ("Olin") does not effectively address the defects in its counterclaim ("counterclaim") and the motion by the Santa Clara Valley Water District ("District") must be granted because:

1. The counterclaim does not plead facts that would establish the District as a "transporter" under CERCLA section 107(a)(4). In order to be a transporter, a party must have "accepted" hazardous substances for transport. Nowhere does the counterclaim allege that the District "accepted" hazardous substances from United Technologies or anyone else and the counterclaim does not even attempt to plead transporter liability under Section 107(a)(4). In paragraphs 60 and 64 the counterclaim alleges liability under Sections 107(a)(1), (a)(2), and (a)(3), but there's not even a mention of Section 107(a)(4).

2. The counterclaim fails to plead facts showing that the District was an "arranger" under CERCLA Section 107(a)(3). A party is an arranger only if it arranges for disposal "at any facility or incineration vessel owned or operated by another party or entity." No disposal or treatment facility or vessel "owned or operated by another party or entity" is alleged in the counterclaim. Thus, the counterclaim does not allege facts that would make the District liable under Section 107(a)(3).

3. The counterclaim does not plead facts that would make the District an "owner" or "operator" under Sections 107(a)(1) or (a)(2) because, pursuant to section 107(q), the District is the owner of real property "contiguous to or otherwise similarly situated with respect to" the site where the pollution was initially released -- the UTC property. Section 107(q) is not limited to innocent subsequent purchasers; and the facts alleged in the counterclaim show that the eight factors in subsections 107(q)(1)(A)(i) through (viii) apply. Olin's bare assertions and formulaic recitations in the counterclaim are insufficient to create issues of fact with respect to the eight factors. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 165 (2007).

4. The Second Claim for Relief fails for the same reasons as the First Claim for Relief because it does not allege facts establishing the District as an owner, operator, arranger, or transporter under Sections 107(a)(1), (a)(2), (a)(3), or (a)(4). Moreover, the Second Claim for

SANTA CLARA VALLEY WATER DISTRICT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PORTIONS OF OLIN'S COUNTERCLAIM

1  Relief fails to state a claim upon which relief can be granted for an additional reason as well. It
2  seeks a remedy that is not allowed under Section 113(f). Section 113(f) is limited to contribution
3  with respect to a common liability stemming from an action instituted under Sections 106 or
4  107(a). *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331, 2337-39 (2007). The remedy
5  sought by Olin in the Second Claim for Relief, however, has nothing to do with a common
6  liability stemming from an action instituted against Olin under Sections 106 or 107. Instead,
7  Olin seeks to recover a portion of the amount it allegedly spent independently to clean up the
8  groundwater, the same remedy sought under Section 107(a) in the First Claim for Relief.
9  Sections 107(a) and 113(f), however, "provide two 'clearly distinct' remedies." *Atlantic
10 Research Corp.*, 127 S.Ct. at 2337. In the Second Claim for Relief Olin impermissibly seeks the
11 same relief it seeks in the First Claim for Relief.
12           5. Finally, Olin's failure to allege compliance with the claims presentation
13 requirements in the Government Code is not excused by the fact that Olin raises its claims in the
14 context of a counterclaim. Where, as here, the counterclaim is offensive not defensive in nature,
15 the claim must first be presented under the Government Code. The failure is also not excused by
16 the similarity of facts in the complaint and the counterclaim, by pre-filing discussions,
17 mediations, or by a tolling agreement between the parties.
18           Olin states in its opposition that it served the District with a Government Code
19 claim on December 18, 2007, seven days after this motion was filed. Olin should amend the
20 counterclaim to allege that fact, not as a mere formality; but as matter of required procedure and
21 because the date a claim is filed is a relevant fact.
22           For these reasons, and as more fully described below, the District's motion to
23 dismiss portions of the counterclaim should be granted.
24 I.    ARGUMENT
25    A.    The Counterclaim Fails to Allege Facts that Would Make the
          District Liable Under CERCLA
26
          Olin concedes that to establish prima facie liability under CERCLA Section
27
   107(a), it must allege facts to show that the District is within one of the four classes of
28

1  "potentially responsible parties" or "PRPs" subject to liability under section 107(a). Defendant

2  Olin Corporation's Opposition to Santa Clara Valley Water District's Motion to Dismiss

3  ("Opp."), 5:7-26. Olin argues that it properly alleges facts to show that the District is liable

4  under Section 107(a)(1) as a current owner or operator, under Section 107(a)(3) as an "arranger,"

5  and under Section 107(a)(4) as a "transporter." As shown below, however, this is wrong.

6      1.    Alleged "Transporter" Liability

7  First, Olin argues it properly pleads that the District is a 'transporter" under

8  Section 107(a)(4). Section 107(a)(4) establishes "transporter" liability for "any person who

9  accepts or accepted any hazardous substances for transport to disposal or treatment facilities,

10  incineration vessels or sites selected by such person …."

11  Olin argues that the allegations in paragraphs 3, 20, 51, and 64 of the

12  counterclaim properly allege transporter liability under section 107(a)(4). Opp., 6:1-7.

13  Paragraph 3 in the counterclaim, however, alleges merely that perchlorate discharged at the UTC

14  site "reached the Anderson Reservoir, which recharges the Llagas Sub-basin via underflow from

15  it and historical District conveyances to the Percolation Ponds." Paragraph 20 alleges the

16  District "piped water stored in the Anderson Reservoir to facilities the District had designed and

17  constructed to enhance recharge into the Llagas Sub-basin," and alleges the District used

18  Percolation Ponds and ditches located along Half Road and Highway 101. Paragraph 51 alleges

19  that "untreated water containing perchlorate was piped by the District directly from the Anderson

20  Reservoir into District percolation ponds and facilities within the Llagas Sub-basin…."

21  Paragraph 64 alleges that the District owns and manages District Facilities, owned and operated

22  the Facilities at the time of releases, and "arranged for the storage or transfer" of hazardous

23  substances at one or more of its Facilities.

24  In order to establish "transporter" liability under Section 107(a)(4), it must be

25  shown that the District "accepted" UTC's perchlorate. The principal definition of "accept" is

26  "to receive willingly." Webster's Ninth New Collegiate Dictionary. There is no allegation that

27  the District willingly received at Anderson Reservoir or anywhere else any perchlorate allegedly

28  released to the environment by UTC. The District was not, and is not alleged to have been, a

1   hazardous waste transporter who willingly accepted another party's waste for the purpose of
2   transporting it to a hazardous waste disposal site.  Rather, the counterclaim alleges that the
3   District merely happened to own Anderson Reservoir, into which UTC allegedly discharged the
4   waste.  There was no willingness on the part of the District alleged.  Consequently, the
5   counterclaim does not allege a basis for liability under section 107(a)(4).  *So. Cal. Water Co. v.*
6   *Aerojet-General Corp.*, 2003 U.S. Dist. LEXIS 26534, *15 fn. 2. (C.D. Cal. April 1, 2003)
7   (water company that merely pumped groundwater allegedly contaminated by another party with
8   perchlorate is not a transporter under CERCLA because it did not "accept" the hazardous waste).
9              That Olin's "transporter" argument is nothing more than an afterthought is shown
10  by the allegations in the counterclaim.  The heart of the alleged CERCLA liability is in
11  paragraphs 60 and 64.  Paragraph 60, however, cites only sections 107(a)(1), (a)(2), and (a)(3).
12  Section 107(a)(4), the "transporter" liability section, is omitted.  Similarly, paragraph 64 alleges
13  only owner, operator, and arranger liability, and says nothing about the District being a
14  "transporter" under section 107(a)(4).
15              2.    Alleged "Arranger" Liability
16              Second, Olin argues that the counterclaim properly alleges "arranger" liability
17  under CERCLA Section 107(a)(3).  Opp., 6:17-7:15.  A Section 107(a)(3) "arranger" is:
18              "any person who by contract, agreement, or otherwise arranged for
19              disposal or treatment, or arranged with a transporter for transport
20              for disposal or treatment, of hazardous substances owned or
21              possessed by such person, by any other party or entity, at any
22              facility or incineration vessel owned or operated by another party
23              or entity …."
24              The plain language of Section 107(a)(3), therefore, makes a party subject to
25  "arranger" liability only if it arranges for the hazardous substances to be disposed of or treated
26  "at any facility or incineration vessel owned or operated by another party or entity."
27              The counterclaim does not allege that the District arranged for perchlorate to be
28  transported for disposal or treatment to any facility or incineration vessel owned or operated by

A/72388122.1/3005231-0000321690                     4                          C07 03756 RMW

SANTA CLARA VALLEY WATER DISTRICT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PORTIONS OF OLIN'S COUNTERCLAIM

another party or entity. Consequently, the counterclaim fails to allege that the District was an "arranger " under Section 107(a)(3). *So. Cal. Water Co.*, 2003 U.S. Dist. LEXIS 26534, *15 fn. 2 (by pumping groundwater that was contaminated by another party, water company does not become an "arranger").

### 3. Alleged "Owner" and "Operator" Liability

CERCLA Section 107(q) provides that a person who owns property that is "contiguous to or otherwise similarly situated" with respect to other property on which a release occurs is not considered an "owner" or "operator" under Sections 107(a)(1) or (a)(2) in specified circumstances. Olin makes three arguments to try to avoid the consequences of section 107(q).

First, Olin argues that Section 107(q) was designed to encourage the redevelopment of contaminated sites and that it should apply only to new purchasers of contaminated land, not to those such as the District who already own property that was contaminated by contiguous or similarly situated sites. Opp., 8:20-22. This argument, however, ignores the plain language of the statute. Section 107(q) makes no distinction between existing owners and subsequent purchasers. Moreover, while *AMCAL Multi-Housing, Inc. v. Pac. Clay Prods.*, 457 F. Supp. 2d 1016, 1028 (C.D. Cal. 2006), notes that Section 107(q) is a method of "incentivizing" redevelopment of contaminated lands, it does not state that such incentivization is the only purpose of the statute.

Second, Olin argues that the District makes no showing that its property is contiguous with the UTC site. Opp., 9:11-22 This argument, however, ignores the language of the statute. Section 107(q) applies both to sites that are contiguous and those that are "otherwise similarly situated." Thus, although the District's Anderson Reservoir is alleged to be 500 feet from the UTC site (Counterclaim, ¶¶ 3, 24), the District's property is nevertheless similarly situated to the UTC land. There is no basis in the statute or in logic to distinguish the District from a party whose property is directly touching the UTC site.

Third, Olin argues that the "District has not and cannot demonstrate the eight separate factors for application" of Section 107(q). Opp., 9:24-10:16. Of the eight factors, though, Olin questions only two: Sections 107(q)(1)(A)(i) and (A)(iii).

A/72388122.1/3005231-0000321690    5    C07 03756 RMW

SANTA CLARA VALLEY WATER DISTRICT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF OLIN'S COUNTERCLAIM

1            With respect to the first of these, Section 107(q)(1)(A)(i), the question is: does the

2    counterclaim allege the District caused, contributed to, or consented to the release or threatened

3    release on the UTC site? 42 U.S.C. 9607(q)(1)(A). The answer is no. There are simply no such

4    allegations. The counterclaim alleges that UTC, not the District, caused the releases, and there

5    are no allegations that the District contributed or consented. Counterclaim, ¶ 34.

6            Second, Olin argues that Section 107(q)(1)(A)(iii) disqualifies the District from

7    the protection of Section 107(q). Olin argues that the counterclaim "alleges that the District's

8    actions were unreasonable, and were performed without due care, because those actions

9    introduced perchlorate into the Llagas Subbasin." Opp., 10:9-14. Morever, on page 4, lines 15-

10   17 of its Opposition Memorandum, Olin states that it "specifically alleges that the District has

11   'discharge[d], inject[ed], and transfer[ed] billions of gallons' of contaminated water into the

12   Llagas Subbasin, where it is used for drinking water by Santa Clara County residents. *Id.*

13   [Counterclaim] at ¶ 8."

14           Read closely, however, the counterclaim makes no such allegations. In paragraph

15   81, the counterclaim alleges not that the District actually introduced perchlorate into the Sub-

16   basin, it alleges that the District "likely" did so. Legal liability cannot be established, however,

17   on the basis of conduct that was merely "likely" to occur. And in paragraph 8 of the

18   counterclaim, Olin does not allege that billions of gallons of "contaminated" water were

19   discharged, injected, or transferred. In fact, paragraph 8 does not contain the word

20   "contaminated" at all. Furthermore, in paragraphs 54, 56, 57, and 58 Olin admits that testing of

21   the groundwater located between Anderson Reservoir and the Sub-basin uniformly showed that

22   perchlorate concentrations were never found at concentrations exceeding the Department of

23   Health Services Notification Level of 6 ppb (Counterclaim, ¶ 15). The counterclaim simply does

24   not allege that any perchlorate that might have been released from Anderson Reservoir actually

25   impacted the Llagas Sub-basin to any significant extent. This is confirmed by the fact, as alleged

26   in the counterclaim, that the Department of Health Services Office of Drinking Water continued

27   to allow the District to use Anderson Reservoir as a drinking water reservoir. Counterclaim, ¶

28   45.

The bottom line is that Olin's opposition mischaracterizes what the counterclaim actually alleges. The true allegations in the counterclaim all point to the conclusion that the District acted reasonably. Olin cannot rely merely on labels, conclusions, and formulaic recitations to try to argue otherwise. *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

In sum, the District is not a "transporter" because it did not "accept" waste. It is not an "arranger" because it did not arrange for disposal at a facility or vessel owned or operated by another party or entity. And it is not an owner or operator because it is the owner of property "contiguous to or otherwise similarly situated" to where the discharges of pollution allegedly occurred, i.e. on the United Technologies property. Therefore, facts are simply not alleged that would establish the District as a responsible party under Section 107(a), and the motion to dismiss the First Claim for Relief should be granted.

B.     The CERCLA Section 113(f) Claim

The Second Claim for Relief seeks recovery under Section 113(f) of CERCLA. That provision, however, allows recovery only against a "person who is liable or potentially liable under Section 9607(a)." 42 U.S.C. section 9613(f)  As shown above, the counterclaim does not plead facts that make the District liable or potentially liable under Section 9607(a). Consequently, the claim under Section 113(f) fails as well.

In addition, the claim under Section 113(f) is defective because of the remedy sought. As explained by the Supreme Court, a private party who has not been sued under CERCLA Sections 106 or 107 may not obtain contribution under Section 113(f) from other parties. *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 161 (2004)  Section 113(f) authorizes a contribution action by PRPs in only one instance: to obtain contribution with respect to a common liability stemming from an action instituted under Section 106 or 107(a). *Atlantic Research Corp.*, 127 S.Ct. at 2331. Costs incurred voluntarily are recoverable only by way of Section 107(a), and costs of reimbursement to another person pursuant to a legal judgment or settlement are recoverable under Section 113(f). *Atlantic Research Corp.*, 127 S.Ct. at 2338.

In this case, Olin can use Section 113(f) only to obtain contribution from the District with respect to Olin's liability under Section 106 or 107. Olin is not faced with Section

A/72388122.1/3005231-0000321690     7     C07 03756 RMW

SANTA CLARA VALLEY WATER DISTRICT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PORTIONS OF OLIN'S COUNTERCLAIM

106 liability, and the only Section 107 liability it faces is to the District, as a consequence of the District's Section 107 complaint against Olin in this case. In other words, as noted by the Supreme Court, Olin may use a Section 113(f) contribution claim back against the District to reduce Olin's liability to the District under Section 107, to "blunt any inequitable distribution of costs." *Atlantic Research Corp.*, 127 S.Ct. at 2339. In light of these interpretations given by the Supreme Court to Sections 107 and 113(f), it is clear that any recovery by Olin under Section 113(f) cannot exceed the amount of Olin's liability to the District. Olin fails to recognize this limitation. It seeks to recover in the Second Claim for Relief an alleged $35 million spent to clean up groundwater. Counterclaim ¶ 1. But Olin alleges it spent the $35 million to "comply with…Regional Board orders." Counterclaim ¶ 14. The Supreme Court has clearly rejected the use of Section 113(f) for such a purpose in *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. at 161. The Supreme Court held that a government agency cleanup order is not an action under either Section 106 or 107 and therefore does not give rise to a right to bring an action under Section 113(f). Thus, Olin's claim under Section 113(f) is conceptually flawed and, as drafted, should be dismissed.

### C. The Government Code Requirements

Olin argues that the claims presentation requirements in the Government Code (1) do not apply to counterclaims; (2) were substantially complied with as a result of pre-filing investigations, discussions, mediations, and a tolling agreement; and (3) in any event were complied with when, on December 18, 2007, seven days after the District filed this motion, Olin went ahead and served the District with formal notice of its claims.

These arguments are unavailing.

First, a party may assert only defensive claims against a public entity in a counterclaim without first complying with the Government Code. *Kainrock v. Superior Court*, 216 Cal. App. 3d 1473, 1478 (1990). Defensive claims are those that seek merely to destroy or diminish recovery. *Id.* Here, Olin's claims against the District do not appear to be merely defensive in nature. Therefore, compliance with the Government Code was required.

Olin's argument for substantial compliance also fails. The doctrine of substantial

A/72388122.1/3005231-0000321690     8     C07 03756 RMW

SANTA CLARA VALLEY WATER DISTRICT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF OLIN'S COUNTERCLAIM

1. compliance applies when a party attempted to satisfy the claim presentation requirements but failed to comply in some technical manner. *Johnson v. City of Los Angeles*, 134 Cal. App. 2d 600 (1955). Here, Olin does not allege any attempt to comply. Whatever the District already knew as a result of its investigation, and whatever the parties may have discussed in mediation are irrelevant. *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974).

Finally, Olin states that on December 18, 2007 it finally did submit a claim to the District. Opp., 12:26-27. Therefore, it would be appropriate to give leave to amend to allege that fact. This is not a useless formality; substantive rights flow from the date a Government Code claim is submitted.

## II. CONCLUSION

For the reasons given, the District's motion to dismiss portions of the counterclaim should be granted.

DATED: January 18, 2008

Bingham McCutchen LLP

By: /s/ Christopher P. Berka
Christopher P. Berka
Attorneys for Plaintiff and Counterdefendant
SANTA CLARA VALLEY WATER DISTRICT