| | |
|---|---|
| 1 | Bingham McCutchen LLP<br>CHRISTOPHER P. BERKA (SBN 94911) |
| 2 | chris.berka@bingham.com<br>GREG A. CHRISTIANSON (SBN 181231) |
| 3 | greg.christianson@bingham.com<br>SAMANTHA REARDON (SBN 240068) |
| 4 | samantha.reardon@bingham.com<br>1900 University Avenue |
| 5 | East Palo Alto, CA  94303-2223<br>Telephone:  650.849.4400 |
| 6 | Facsimile:  650.849.4800 |
| 7 | Attorneys for Plaintiff and Counter-defendant<br>SANTA CLARA VALLEY WATER DISTRICT |
| 8 | |
| 9 | MORGAN, LEWIS & BROCKIUS LLP<br>MICHAEL E. MOLLAND (SBN 111830)<br>mmolland@morganlewis.com |
| 10 | BENJAMIN P. SMITH (SBN 197551)<br>bpsmith@morganlewis.com |
| 11 | AARON S. DUTRA (SBN 216971)<br>asdutra@morganlewis.com |
| 12 | One Market, Spear Street Tower<br>San Francisco, CA 94105 |
| 13 | Telephone:  415.442.1000<br>Facsimile:  415.442.1001 |
| 14 | |
| 15 | CREECH, LIEBOW & KRAUS<br>RANDALL C. CREECH (SBN 65542)<br>rcreech@sjlegal.com |
| 16 | 333 West San Carlos Street, Suite 1600<br>San Jose, CA 95110 |
| 17 | Telephone:  408.993.9911<br>Facsimile:  408.993.1335 |
| 18 | |
| 19 | Attorneys for Defendant and Counterclaimant<br>OLIN CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>           Plaintiff,<br><br>       v.<br><br>OLIN CORPORATION,<br><br>           Defendant.<br><br>AND RELATED COUNTERCLAIM. | No. C 07-03756 RMW<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date:   February 15, 2008<br>Time:  10:30 a.m.<br>Place:  Courtroom 6, Fourth Floor<br>Judge:  The Honorable Ronald M. Whyte |

JOINT CASE MANAGEMENT STATEMENT

A/72424480.1

Plaintiff and counter-defendant Santa Clara Valley Water District ("District") and defendant and counterclaimant Olin Corporation ("Olin") jointly submit this Case Management Statement in connection with the Case Management Conference scheduled for February 15, 2008.

**1. Jurisdiction and Service - description of basis for Court's subject matter jurisdiction, whether any issue exists regarding personal jurisdiction or venue, and whether any parties remain to be served:**

This court has jurisdiction based on diversity of citizenship and federal subject matter jurisdiction pursuant to CERCLA, 42 U.S.C. § 9601, *et seq*.

**2. Facts - description of the case and defenses, the key factual events underlying the action, and a brief description of any related proceeding, including any administrative proceeding:**

**The Santa Clara Valley Water District**

The District is a governmental entity established by the California Legislature to comprehensively manage water for beneficial uses and protect against flooding. The District also acts as environmental steward of the streams, riparian corridors, and natural resources of Santa Clara County.

**Olin Corporation**

Olin is a corporation that is organized and existing under the laws of the State of Virginia. Olin owns property located at 425 Tennant Avenue, Morgan Hill (the "Site") where Olin operated a signal flare manufacturing facility from approximately 1956 to 1988. Another company leased the Site from Olin after 1988 and continued signal flare manufacturing until approximately 1996.

**District's Allegations of Perchlorate Contamination at and Emanating From 425 Tennant Avenue, Morgan Hill in First Amended Complaint**

The District alleges that Olin's business operations at the Site resulted in perchlorate contamination of groundwater. Perchlorate is alleged to be a hazardous substance that, if ingested in significant quantities, may impair the function of the thyroid gland.

The affected groundwater is located in the Llagas Sub-basin, a basin that stretches approximately from Cochrane Road near Morgan Hill to the southern border of Santa Clara County. The District alleges that Olin failed to respond to the perchlorate contamination in a

1 timely fashion, requiring the District to act.  Among other things, the District sampled water
2 wells, provided bottled water to residents believed to be impacted by perchlorate groundwater
3 contamination, provided technical support to Olin and the Regional Board to facilitate
4 investigation of the contamination, coordinated the response by affected public entities, assisted
5 with municipal water treatment, engaged counsel and consultants to respond to Olin's
6 contamination, and provided outreach to the community to quell alarm.

**Olin's Allegations in Counterclaim**

8    Olin alleges in its counterclaim that the District's operation of various facilities in
9 and around the entire Llagas Sub-basin from the Anderson Reservoir to the Southern border of
10 Santa Clara County since approximately 1960, including the Anderson Reservoir and the
11 District's spreading facilities throughout the basin, contributed to the presence of perchlorate in
12 the Llagas Sub-basin.

**Procedural History**

14    The District filed suit against Olin on July 20, 2007.  In response to Olin's
15 motions to dismiss and strike, the District filed a First Amended Complaint on October 18, 2007
16 asserting eight causes of action for (1) response cost recovery under CERCLA; (2) declaratory
17 relief under CERCLA; (3) reimbursement under Cal. Water Code § 13304; (4) indemnity under
18 Cal. Health and Safety Code § 25363(e); (5) common law restitution; (6) negligence; (7)
19 declaratory relief under 28 U.S.C. §§ 2201, 2202; and (8) declaratory relief under California law.
20 The District alleges entitlement to punitive and exemplary damages both in its prayer for relief
21 and under its fifth and sixth causes of action.
22    Olin filed a counterclaim on November 1, 2007 asserting seven causes of action
23 for (1) response cost recovery under CERCLA; (2) equitable contribution and recovery under
24 CERCLA; (3) declaratory relief under CERCLA; (4) indemnity under Cal. Health and Safety
25 Code §§ 25300-25395.45, 25363(e); (5) negligence; (6) declaratory relief under 28 U.S.C. §§
26 2201, 2202; (7) declaratory relief under California law.

3.  **Legal Issues - description of the legal issues genuinely in dispute, including whether there are any dispositive or partially dispositive issues appropriate for decision by motion or agreement:**

See number 2 above.

**District's Position:**

The District contends in its First Amended Complaint that Olin has caused the presence of perchlorate in the Llagas Sub-basin through Olin's operation of its facilities. The District contends that it is entitled to reimbursement, indemnification, and damages with respect to response costs incurred by the District; punitive damages; prejudgment interest; declaratory relief; attorneys fees; and such other further relief as the Court may deem appropriate. Among the costs of response sought by the District pursuant to 42 U.S.C. § 9607 are "enforcement activities" (42 U.S.C. § 9601(25)), including attorneys fees incurred by the District in this action.

The District filed a motion to dismiss portions of Olin's counterclaim, which was heard on February 1, 2008. Depending on the ruling, Olin may be required to file an amended counterclaim.

**Olin's Position:**

Olin contends in its counterclaim that the District has contributed to and caused the presence of perchlorate in the Llagas Sub-basin through the District's operation of various facilities in and around the Llagas Sub-basin since approximately 1960, including Anderson Reservoir. Olin has expended millions of dollars to respond or address the presence of such perchlorate in the Sub-basin. Accordingly, Olin contends that it is entitled to reimbursement and indemnification for a substantial portion of its present and future response and remediation costs to address perchlorate in the Sub-basin and seeks further relief in connection with its fourth cause of action for negligence.

Olin denies liability on the merits of all of the District's claims, and has asserted numerous affirmative defenses. The District's claim for punitive damages is subject to Olin's pending motion to strike punitive damages allegations from the District's First Amended Complaint. Olin successfully moved to strike the District's allegation that it is a "state" for purposes of CERCLA. The motion to strike was granted on September 28, 2007.

**4. Motions - description of all prior and pending motions, including a list of all pending motions and their current status and any anticipated motions:**

**Pending Motions:**

Olin filed a motion to strike the punitive damages allegations stated in the District's First Amended Complaint on November 1, 2007. The hearing date for the motion to strike was December 14, 2007. The motion was submitted and is under consideration by the Court.

The District filed a motion to dismiss portions of Olin's counterclaim on December 11, 2007. The motion was heard on February 1, 2008, was submitted, and is under consideration by the Court.

**Prior Motions:**

1. This Court granted Olin's motion to relate cases on August 16, 2007. This case was related to the 245 cases previously related to *Mark Daniels v. Olin Corporation, et al.* C 03-01211 RMW.

2. This Court granted Olin's motion to dismiss without prejudice the District's cause of action for public nuisance from the original complaint on September 28, 2007.

3. This Court granted in part with leave to amend, and denied in part, Olin's motion to strike on September 28, 2007. The Court granted, with leave to amend, Olin's motion to strike allegations relating to punitive damages from the original complaint, but denied Olin's motion to strike the District's jury demand.

**Anticipated Motions**

The parties anticipate that motions for summary judgment and/or partial summary judgment may be filed as the case progresses.

**5. Amendment of Pleadings - description of the extent to which parties, claims or defenses are expected to be added or dismissed:**

The Court's ruling on the District's pending motion to dismiss portions of Olin's Counterclaim may necessitate an amended counterclaim if granted. The Court's ruling on Olin's pending motion to strike punitive damages allegations in the District's First Amended Complaint

may necessitate a further amended complaint if granted. Other amendments to the pleadings may be necessary. Other parties, claims, or defenses may need to be added.

**6.  Evidence Preservation – description of steps taken to preserve evidence relevant to issues in case**

To date, the parties have not identified any potential evidence preservation issues unique to this case.

**7.  Disclosures - description of status of initial disclosure requirements of Fed. R. Civ. P. 26:**

The parties met and conferred regarding the mutual exchange of initial disclosures on November 16, 2007, resulting in initial disclosures on November 26, 2007 pursuant to Federal Rule of Civil Procedure 26(a).

**8.  Discovery - description of discovery taken to date, scope of anticipated discovery, proposed limitations or modifications of discovery rules and a proposed discovery plan:**

To date, the parties have engaged in informal discovery and have made initial disclosures to one another under Rule 26(a).

The District proposes that formal discovery be stayed until after the parties have had a settlement conference with the Magistrate Judge. (See section 12, below.) The District proposes that if the case does not settle during the settlement conference with the Magistrate Judge, the discovery stay be lifted and the parties be free to begin formal discovery.

Olin proposes that all fact discovery begin on February 18, 2008, or, at the latest, when preliminary 12(b)(6) motions addressed to the pleadings are decided.

Olin states that due to the complex nature of this case, it expects that the limitation on the number of depositions set forth in Fed.R.Civ.P. 30(a)(2)(A), and the limitation on the number of interrogatories set forth in Fed.R.Civ.P. 33(a) will be exceeded. Olin agrees to meet and confer with the District to attempt to agree on any stipulations that might be needed to extend discovery, or to seek such an extension upon motion to this court, if it becomes necessary to exceed the limits on discovery.

Olin believes that discovery into the District's claims as set forth in its First Amended Complaint will require more than the ten depositions permitted under Fed.R.Civ.P.

30(a)(2)(A) because a principal defense to the damages pled is that a substantial portion of the damages claim may not be recovered under the state and federal statutes pled by the District. Olin believes that discovery will be extremely fact intensive and require depositions beyond the limitation imposed by Fed.R.Civ.P. 30(a)(2)(A). As to Olin's counterclaim, Olin believes it will require extensive discovery regarding the conduct of the District, its current and former employees and others. There have been many individuals involved in the practices and conduct detailed in Olin's counterclaim. Olin expects extensive depositions regarding these practices and actions which will require more than ten depositions.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

This Court granted Olin's motion to relate cases on August 16, 2007, relating this case to the 245 cases previously related to *Mark Daniels v. Olin Corporation, et al.* C 03-01211 RMW.

**11. Relief – description of all relief sought through complaint or counterclaim, amount of damages sought, and basis for damages:**

**District's Position:**

The District claims that it has incurred more than $4 million in costs, including costs of response, as a result of Olin's contamination, but concedes that Olin, subsequent to the preparation of this lawsuit, reimbursed the District in the amount of $1,201,967, leaving an unreimbursed amount of more than $2,800,000. The District also alleges it continues to incur costs as a result of contamination caused by Olin's release of hazardous substances and wastes at and in the vicinity of the Site. The District further seeks punitive damages, prejudgment interest, declaratory relief, costs and attorneys' fees. In addition, based on the allegations in the counterclaim, the District may seek additional relief in the nature of restitution arising from actions by the District that reduced Olin's costs to comply with directives issued by government regulatory officials.

**Olin's Position:**

Olin alleges in its counterclaim that it is entitled to reimbursement and indemnification for an unidentified but substantial portion of all present and future costs of response, investigation, removal, remedial action and abatement incurred by Olin as a result of the releases of perchlorate or other wastes at and emanating from the District's facilities, including Anderson Reservoir and its various spreading ponds and facilities.

**12. Settlement and ADR – description of prospects for settlement, ADR efforts to date and ADR plan for case:**

A conference call with the Court's ADR unit was held on February 7, 2008. The District has requested an early settlement conference with the Magistrate Judge. Olin requested a settlement conference with the Magistrate Judge no sooner than April 28, 2008, or thereafter, depending on the availability of the Magistrate Judge to hear the matter.

The parties engaged in extensive and unsuccessful pre-litigation private mediation with Judge Gene McDonald over the course of several months in 2007, prior to the time the District filed its complaint.

**13. Consent to Magistrate Judge for all purposes:**

The parties do not consent to a Magistrate Judge for all purposes in this case.

**14. Other References – description of whether case is suitable for binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation:**

Not applicable. See number 12 above.

**15. Narrowing of issues – description of whether issues can be narrowed by agreement or motion**

The parties believe that it is premature at this time to attempt to narrow the issues in this case.

**16. Expedited schedule – description of whether case can be handled on expedited basis**

The parties believe that this case is not amenable to an expedited schedule.

**17. Scheduling – proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial**

The District proposes the following trial schedule:

| Event | Proposed Date |
|---|---|
| Trial | Twelve months after settlement conference with Magistrate Judge |
| Pretrial Conference | Two weeks before trial |
| Joint Pretrial Statement | Three weeks before trial |
| Last Day to Hear Dispositive Motions | Three months before trial |
| Expert Discovery Cut-off | Four months before trial |
| Fact Discovery Cut-off | Five months before trial |
| Designation of Experts | Six months before trial |

Olin proposes the following trial schedule:

| Event | Proposed Date |
|---|---|
| Trial | 16-18 months after initial settlement conference with Magistrate Judge |
| Pretrial Conference | Two weeks before trial |
| Joint Pretrial Statement | Three weeks before trial |
| Last Day to Hear Dispositive Motions | 30 days before trial |
| Expert Discovery Cut-off | 15 days before trial |
| Fact Discovery Cut-off | 30 days before trial |
| Designation of Experts | 90 days before trial |

**18.   Trial – description of whether case will be tried to a jury or to the court and expected length of trial:**

Both sides request a jury trial on claims so triable. Both sides estimate a trial of 20 days. However, the length of a trial depends on what issues remain in the case. The issues have not yet been resolved.

**19.   Disclosure of non-party interested persons or entities:**

Local Rule 3-16 does not apply to the District.

**20.   Such other matters as may facilitate disposition of case:**

Not applicable. To date, the parties have not identified any such matters.

Dated: February 8, 2008              MORGAN, LEWIS & BOCKIUS LLP


By:  /s/Michael E. Molland
Michael E. Molland
Attorneys for Defendant and Counterclaimant
OLIN CORPORATION

DATED:  February 8, 2008


Bingham McCutchen LLP


By:  /s/Christopher P. Berka
Christopher P. Berka
Attorneys for Plaintiff
SANTA CLARA VALLEY WATER DISTRICT

10

JOINT CASE MANAGEMENT STATEMENT

A/72424480.1

**CERTIFICATION BY CHRISTOPHER P. BERKA PURSUANT TO GENERAL RULE NO. 45, SECTION X. RE E-FILING ON BEHALF OF MULTIPLE SIGNATORIES**

1.  I am a lawyer licensed to practice law in the State of California, and am a partner in the law firm of Bingham McCutchen LLP, counsel for plaintiff Santa Clara Valley Water District. The statements herein are made on my personal knowledge, and if called as a witness I could and would testify thereto.

2.  The above e-filed document contains multiple signatures. I declare that concurrence has been obtained from each of the other signatories to file this jointly prepared document with the Court. Pursuant to General Rule No. 45, I shall maintain records to support this concurrence for subsequent production for the Court if so ordered, or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct on February 8, 2008.

        /s/ Christopher P. Berka  
        Christopher P. Berka