E-FILED on   8/18/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OLIN CORPORATION, *et al.*,<br><br>　　　　Defendant. | No. C-07-03756 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OLIN CORP.'S MOTION TO STRIKE<br><br>**[Re Docket No. 35]** |

　　　　Defendant Olin Corporation ("Olin") moves to strike the punitive damages allegations relating to plaintiff Santa Clara Valley Water District's ("SCVWD") restitution and negligence claims from the first amended complaint.  The court previously ordered punitive damages allegations stricken because SCVWD did not adequately plead "oppression, malice, or fraud" with respect to SCVWD's restitution claim.  *Santa Clara Valley Water Dist. v. Olin Corp.*, Docket No. 28 at 9-10, 2007 WL 2890390, at *6 (N.D. Cal. Sept. 30, 2007).  SCVWD added its negligence claim when it filed its first amended complaint; accordingly, the court has not yet ruled on whether punitive damages can be awarded on the basis of SCVWD's negligence claim.

　　　　The court has read the moving and responding papers and considered arguments of counsel presented at a hearing on December 14, 2007.  For the reasons set forth below, Olin's motion to

strike is granted in part and denied in part. Paragraph 61 is ordered stricken because SCVWD has not alleged sufficient facts to justify an award of punitive damages on its restitution claim. Olin's motion is denied in all other respects.

## I. BACKGROUND

Plaintiff SCVWD is a groundwater management agency established by the California State Legislature. FAC ¶¶ 13, 14; *see also* Cal. Water Code App. § 60-1, *et seq*. Its jurisdiction includes the Llagas Subbasin, a groundwater basin extending fifteen miles from Morgan Hill to the southern border of Santa Clara County. FAC ¶ 26. SCVWD monitors this basin, and has discovered a massive, 10-mile plume of perchlorate contamination, affecting hundreds of drinking water wells. FAC ¶¶ 4, 26. Perchlorate is a hazardous chemical that affects the thyroid gland. FAC ¶ 5.

SCVWD alleges that the source of the perchlorate contamination is an industrial facility owned by Olin at 425 Tennant Avenue in Morgan Hill. FAC ¶ 1. Olin allegedly dumped waste containing perchlorate into unlined pits on its site, where the perchlorate migrated into the groundwater. FAC ¶¶ 1, 20. Olin also poured wastewater into open-air sumps, allowing perchlorate to soak into the soil. FAC ¶ 21. Olin operated the facility from 1956 to 1988, then leased it to another company which ran the plant until 1996. FAC ¶ 18. When Olin tried to sell the property, a potential purchaser tested the site and found perchlorate concentrations of 14,000 ppb in the soil and 2,600 ppb in the groundwater. FAC ¶ 25. Further testing revealed the perchlorate contamination had spread into the Llagas Subbasin. FAC ¶ 26. Despite knowing about the spreading perchlorate, Olin failed to respond, leaving SCVWD to sample wells throughout the basin and supply bottled drinking water to more than 1,500 homes and businesses, at a cost of over $4 million. FAC ¶¶ 27, 29.

The above allegations from SCVWD's first amended complaint were also made in its original complaint. SCVWD adds the following paragraph:

> Olin's conduct was malicious, oppressive and/or fraudulent. Olin engaged in despicable conduct with a willful and knowing disregard of the rights and safety of others. For example, Olin knew at least as early as July 1986 that its careless materials handling and disposal practices may have contaminated the groundwater with pollutants. While Olin, at the time in 1986, internally discussed setting aside a reserve of $50 million for potential liability regarding groundwater contamination, it willfully decided to do nothing to protect the groundwater from this threat it had

    created, failing even to conduct any tests to determine whether its contaminants had spread to the groundwater or to warn the District or the public of this threat. Even after its contamination was made public, Olin subjected the District to cruel and unjust hardship in knowing disregard of the District's rights by failing to take appropriate steps to remediate and address the consequences of the release as discussed above and by refusing to compensate the District for its response costs. Among other things, Olin embarked on a strategy in which it refused to honor the District's appropriate requests for reimbursement of costs. Olin's strategy was to delay reimbursement for as long as possible in order to advance Olin's financial interests. Further, unbeknownst to the District at the time, Olin developed a plan to try to coerce concessions from the District in return for reimbursement of the District's costs. As a consequence of implementing this strategy, Olin failed and refused to reimburse the District for costs that the District incurred due to the presence of the contamination resulting from Olin's activities. The District is entitled to punitive and exemplary damages from Olin.

FAC ¶ 31. SCVWD repeats this paragraph under the headings for its claims for relief arising from common law restitution for unjust enrichment and negligence. *See* FAC ¶¶ 61, 66. SCVWD also requests punitive damages in its prayer for relief. FAC Prayer ¶ 4.

## II. ANALYSIS

California law permits punitive damages to be awarded in tort actions where the defendant shows by clear and convincing evidence that defendant has been guilty of "oppression, fraud, or malice." Cal. Civ. Code § 3294. This includes actions for unjust enrichment and restitution where the defendant's obligation arises from fraud or the violation of statutory duties. *See Ward v. Taggart*, 51 Cal. 2d 736, 743 (1959). Punitive damages are not recoverable on negligence claims unless, in addition to negligence, the facts show malice, oppression or fraud by clear and convincing evidence. *Ebaugh v. Rabkin*, 22 Cal. App. 3d 891, 894 (1972). Despite alleging fraud in the first sentence of paragraphs 31, 61, and 66, SCVWD's opposition only argues that its allegations support findings of "oppression" or "malice." Opp'n at 3-4. The only question presented by this motion, therefore, is whether SCVWD's complaint adequately alleges facts that can support a finding of malice or oppression.[1]

---

[1] In a footnote, Olin suggests that public entities may not be allowed to pursue punitive damages, citing *City of Los Angeles v. Shpegel-Dimsey, Inc.*, 198 Cal. App. 3d 1009 (1988). More recent California Court of Appeal cases hold that a public entity may seek punitive damages. *21st Century Ins. Co. v. Superior Court*, 127 Cal. App. 4th 1351, 1366 fn.9 (2005) (collecting cases). The more recent cases criticize *City of Los Angeles* for ignoring the plain meaning of section 3294, which allows "the plaintiff" to recover punitive damages and makes no distinctions between classes of plaintiffs. Accordingly, the court denies Olin's motion to strike on this basis.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OLIN CORP.'S MOTION TO STRIKE
C-07-03756 RMW
TSF         3

1    Section 3294 defines "malice" as "conduct which is intended by the defendant to cause injury
2 to the plaintiff or despicable conduct which is carried on by the defendant with a willful and
3 conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). "Oppression" is
4 defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious
5 disregard of that person's rights." Cal. Civ. Code § 3294(c)(2).

6    With respect to the negligence claim, SCVWD alleges that Olin knew about the potential for
7 harm in 1986, including the potential health risk to those consuming the water, when it discussed
8 setting aside a liability fund. Nonetheless, Olin allowed operations to continue at the site for another
9 twelve years, allegedly taking no steps to abate the threat of pollution, warn anyone, or conduct
10 testing to measure the extent of the damage. If true, these allegations could support a finding of
11 malice, namely "despicable conduct which is carried on by the defendant with a willful and
12 conscious disregard of the rights or safety of others."

13    Olin argues that punitive damages are not recoverable by SCVWD because it did not suffer
14 direct injury as a result of Olin's conduct. *See People v. Superior Court (Jayhill Corp.)*, 9 Cal. 3d
15 283, 287 (1973). However, as the entity responsible for supplying clean drinking water for the
16 citizens within its service area, SCVWD suffered direct injury when the product it supplied was
17 contaminated requiring it to undertake remedial action.

18    With respect to the restitution claim, SCVWD's allegations fall short. The claim focuses on
19 Olin's failure to reimburse SCVWD for its costs in having to respond to and abate the contamination.
20 This is in contrast to the negligence claim which looks at Olin's conduct in causing the
21 contamination and failing to deal with the potential health hazard it created. The facts alleged in the
22 unjust enrichment and restitution claim are, in essence, that Olin does not believe it owes SCVWD
23 any money and therefore refuses to pay restitution. This allegation is not enough to support a
24 finding of "cruel and unjust hardship," otherwise every claim for restitution would merit punitive
25 damages since a failure to pay money believed to be owed is common to every restitution claim.
26 SCVWD's complaint also alleges that Olin "developed a plan to coerce concessions" from SCVWD.
27 Yet the complaint makes no further description of this "plan" or allege what "concessions" Olin
28 allegedly wrongfully demanded. As alleged, SCVWD's complaint does not set forth sufficient facts

to support a finding that Olin's actions giving rise to SCVWD's restitution claim could be deemed "malicious" or "oppressive."

### III.  ORDER

For the foregoing reasons, Olin's motion to strike is granted in part and denied in part. Paragraph 61 is ordered stricken because SCVWD has not alleged sufficient facts to justify an award of punitive damages on its restitution claim. Olin's motion is denied in all other respects.

DATED:     8/18/2008

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Christopher Berka | chris.berka@bingham.com |
| Greg Alan Christianson | greg.christianson@bingham.com |
| Holly Louise Pearson | holly.pearson@bingham.com |

**Counsel for Defendant:**

| | |
|---|---|
| Randall C. Creech | Rcreech@sjlegal.com |
| Benjamin Patrick Smith | bpsmith@morganlewis.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     8/18/2008                              TSF
                                                     **Chambers of Judge Whyte**