**E-filed on:** _____3/13/2009_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>             Plaintiff,<br><br>     v.<br><br>OLIN CORPORATION,<br><br>             Defendant. | No. C-07-03756 RMW<br><br>ORDER REGARDING MOTIONS TO AMEND THE PLEADINGS<br><br>**[Re Docket Nos. 48, 64, 68]** |

This order concerns two motions directed at the state of the pleadings in this complex environmental litigation. On June 20, 2007, the plaintiff Santa Clara Valley Water District ("the District") sued defendant Olin Corporation ("Olin") seeking contribution for various groundwater remediation efforts borne by the District. The District filed an amended complaint on October 18, 2007, which led Olin to file a counterclaim on November 1, 2007. *See* Docket Nos. 29 ("FAC"); 37.

The District moved to dismiss Olin's counterclaims, and that motion is under submission. Olin has now filed two motions. The first seeks leave to amend its counterclaim to try to address deficiencies identified by the District's motion to dismiss and to allege additional claims sounding in fraud. The second motion seeks to require the District to amend the District's complaint to clearly state that the District seeks to recover the cost of its recharge operations. As alleged in the first

amended complaint, the District appeared to seek damages on the order of millions dollars. *See* Docket No. 29 ¶ 29 ("To date, the District has incurred more than $4 million in costs as a result of Olin's contamination."). The course of discovery, however, has led Olin to believe that the District's request for damages may exceed thirty million dollars, i.e., the stakes of the case may have increased by an order of magnitude.

The District opposes the motions. The court has reviewed the papers and considered the arguments of counsel. For the following reasons, the court denies Olin's motion to require the District to amend its complaint and grants Olin's motion to permit it to file its amended counterclaim.

## I.   OLIN'S MOTION TO REQUIRE THE DISTRICT TO AMEND

### A.   The District's Rule 26 Disclosures

The District made its initial disclosures to Olin on November 26, 2007. *See* Dutra Decl., Ex. 1. At that time, the District estimated its damages at $2,805,407, and the damages flowed from many sources. *Id.* at 4. These sources included the cost of providing bottled water to affected residents, sampling well water, treating municipal and private water sources, notifying the public, and providing technical and legal support. *Id.* With interest, the claimed damages hovered about four million dollars. *Id.* The District's amended complaint and initial disclosures make no mention of the costs incurred by the District in recharging the groundwater in the affected area.[1]

On November 10, 2008, the District served Olin with a supplemental disclosure. *See* Dutra Decl., Ex. 12. This disclosure revealed the District's new estimate of its damages, excluding interest, is $31,561,980. *Id.* at 2. The order of magnitude increase in the District's request relief resulted from a new source of claimed damages: the District's $29,840,085 in "costs incurred to date for [the District's] recharge activities in the Llagas Subbasin." *Id.* at 3. To be clear, this sum includes "any

---

[1]   The District points out that it mentioned its groundwater recharging in its complaint, namely, in an allegation describing the general activities of the District: "Under the District Act, the District is authorized to take various actions as necessary to store and recharge groundwater and prevent interference with, waste to, or diminution of the County's water supply." FAC ¶ 28. This statement does not give notice that the District will seek to recover the costs of its recharging operations.

item of expense, whether it's staff or indirect or capital . . . as long as the [D]istrict spent it in the Llagas [S]ubbasin between 2003 and 2008[.]" Dutra Decl., Ex. 3 at 1342:4-1343:7.

The next day, Olin began taking its depositions of the District's 30(b)(6) witnesses. *See* Dutra Decl. ¶ 16.

### B.     Rule 8(a)(3) and Notice Pleading

Olin invokes Federal Rule of Civil Procedure 8(a)(3) to argue that the court should order the District to amend its complaint to set forth its request for damages arising from its groundwater recharge operations. The rule provides that: "A pleading that states a claim for relief must contain a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Olin contends that because the District's first amended complaint does not disclose that it seeks to recover its recharge expenses, the District has not complied with Rule 8(a)(3).

Olin cites no authority suggesting that Rule 8(a)(3) permits the court to order the District to clarify its demand for relief. Nor is this surprising. "Motions directed against the sufficiency or the precision of the Rule 8(a)(3) demand for judgment are rare and an order to amend the prayer for relief will not issue unless the demand is so vague or otherwise defective that a responsive pleading cannot be framed." 5 Wright, Miller & Kane, Fed. Practice & Procedure § 1258; *see, e.g., Baird v. Dassau*, 1 F.R.D. 275, 277 (S.D.N.Y. 1945) (granting Rule 8(a)(3) motion "to present defendant with a complaint to which he can readily prepare an answer"); *cf.* Fed. R. Civ. P. 12(e) (authorizing motions for a more definite statement where the defendant cannot answer the complaint). But Olin has already answered the District's complaint, and thus cannot complain that it cannot frame a responsive pleading.

The court does not mean to suggest that Olin is not entitled to notice of the nature or magnitude of the District's claims for relief. Due process plainly requires such notice. *Hynix Semiconductor Inc. v. Rambus Inc.*, 2007 WL 4062845, *2-*3 (N.D. Cal. Nov. 15, 2007). Though not delivered by the District's pleading, Olin now has notice of the District's claim that it is entitled to recoup every penny it has spent on recharging the Llagas' Subbasin's groundwater. The District has also asserted that it believes that every claim that it asserted in its first amended complaint gives

1   rise to this relief.  Thus, Olin now knows both what the District seeks and the legal theory on which
2   the District believes it is entitled to such relief.  Little would be gained from requiring the District to
3   explicitly plead that which Olin already knows.  *Id.* at *8-*11.

4         Olin disagrees that little would be gained by this exercise in refining the pleadings.  Olin
5   argues that if the District were forced to plead its claim for recovery of its recharge expenses, then
6   Olin could challenge the  viability of such a claim with a motion to dismiss.  Armed with the
7   knowledge of the scope of the District's latest theory of the case, Olin may seek the same relief now
8   by filing a motion for summary judgment.  Accordingly, the court denies Olin's motion to require the
9   District to amend its pleadings.

10        **C.**      **Olin's Alternative Request**

11        In the alternative, Olin requests that the court strike the District's supplemental disclosure
12  containing the District's contention that it is entitled to its recharge expenses as a sanction for the
13  District's failure to disclose it sought its recharge expenses earlier.  Reviewing the materials
14  submitted by Olin, the court disagrees that the District failed to timely supplement its initial
15  disclosures.  To be sure, the District has incurred recharge costs since well before this litigation.  But
16  the District did not develop a theory of its case whereby it could seek those expenses until recently.
17  *See* Dutra Decl., Ex. 2 at 226:15-18 (deposition testimony of a District 30(b)(6) witness that he
18  learned of the effort to recover recharge costs "a few days ago," i.e., mid-November 2008); Ex. 4 at
19  41:16-24 (deposition testimony of the District's damages expert indicating that he did not begin
20  studying the District's recharge expenses until October of 2008).  Thus, the court does not believe
21  that the District sought to recover its recharge expenses for the pendency of the case and only
22  disclosed its intent to do so near the close of discovery.  On the contrary, the District only grasped
23  this theory of its case following collateral developments in state administrative proceedings
24  involving Olin[2] and promptly disclosed its new theory to Olin.

25

26      [2]    In mid-2007, the California Regional Water Quality Control Board issued a cleanup
    and abatement order to Olin that required Olin to "pump and treat" the most contaminated portions
27  of the Llagas Subbasin, but to otherwise monitor the perchlorate concentrations in other regions to
    determine if the District's regular groundwater recharge operations alone would dilute the
28  perchlorate.  *See* Berka Decl. ¶ 26.  The city of Morgan Hill appears to have appealed this order to
    the state water quality control board and the appeal appears to have been dismissed in October 2008

ORDER REGARDING MOTIONS TO AMEND THE PLEADINGS   —   C-07-03756 RMW
TSF                                                                                                 4

1    Even if the District should have been aware of this theory earlier, as discussed in more detail below, neither of the court's case management orders in this case set a deadline for amending the pleadings. *See* Docket Nos. 57 (Feb. 28, 2008); 63 (Dec. 4, 2008). Thus, the District need not show "good cause" under Rule 16 to amend its complaint or assert a new theory of the case. It need only comply with the looser standard of Rule 15, which is plainly met. The court therefore denies Olin's alternative request to strike the District's supplemental disclosure.

### D. Matters Not Reached By This Order

The parties devote a portion of their briefing to arguing about the merits of the District's efforts to recoup its recharge expenses like whether the District has standing to seek such damages and whether the District's legal claims would support the recovery of expenses the District incurs in the ordinary course of its operations. These questions are not appropriately before the court given the scope of Olin's motion. As discussed above, if Olin wishes to challenge the legal propriety of the District's request for such damages, it may do so by filing a motion for partial summary judgment focused on this aspect of the District's case.

## II. OLIN'S MOTION TO AMEND

### A. Case Management Background

The District filed its initial complaint on July 20, 2007. Docket No. 1. It filed its amended complaint on October 18, 2007, and Olin filed its answer and counterclaim on November 1. Docket Nos. 29, 37, 39. Following a case management conference, the court adopted a case management scheduling order setting dates for the end of discovery, dispositive motions and trial. Docket No. 57 (Feb. 28, 2008). The court's order did not, however, set a deadline for amending the pleadings. *See id.*

The parties filed a stipulated modification to the court's scheduling order on December 1, 2008, and the court entered the order three days later. Docket Nos. 62, 63. The stipulated modification remains in effect today, and it set the following deadlines:

---

– only weeks before the District served Olin with its contention that it is entitled to its recharge costs.

| Trial Date: | The Court's first available trial date on or after July 20, 2009 |
|---|---|
| Disclosure of Expert Witnesses: | On or about April 15, 2009 |
| Disclosure of Rebuttal Expert Witnesses: | On or about May 8, 2009 |
| Close of Fact Discovery: | On or about March 27, 2009 |
| Close of Expert Discovery: | On or about May 25, 2009 |
| Last Day to Hear Dispositive Motions: | On or about June 12, 2009 |
| Pre-Trial Conference: | On or about July 9, 2009 |
| Pre-Trial Conference Statement: | On or about July 2, 2009 |

Docket No. 63 at 2-3. The stipulated modification did not include a deadline for amending the pleadings.

In connection with the District's claim to damages arising from its recharge operations, the District's counsel has suggested that the District is willing to continue the trial date and discovery cutoff. Smith Decl. ¶ 4. The District's opposition to Olin's claim does not dispute that the District is willing to modify the case management schedule in connection with the District's claims for relief.

**B.     Legal Standard Under Rule 15**

Because the court's case scheduling orders imposed no deadline for amending the pleadings, Olin is *not* required to show good cause for its desire to amend its counterclaim. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Instead, Olin's motion must only satisfy Rule 15, which instructs the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has often explained that this standard is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Factors bearing on whether to grant leave to amend include bad faith, repeated failure to cure defects, futility and prejudice to the opposing party, but "[p]rejudice is the 'touchstone of the inquiry under rule 15(a).'" *Id.* at 1052 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001)).

**C.     Analysis**

With this standard in mind, the District argues that permitting Olin to amend its counterclaim should be denied because its proposed amendments would be futile, Olin has unduly delayed in

seeking leave to amend, and that the District would suffer undue prejudice if Olin were permitted to amend.

As to undue delay, the District invokes a double standard. The District raised the stakes involved in this case by an order of magnitude three months ago. As discussed above, despite the degree to which this shift in the District's theory of the case has disrupted discovery, the court has denied Olin's motion to strike the District's supplemental disclosure of its damages. To that end, the District has also suggested that it would be amenable to postponing various deadlines to permit *the District* to assert its new theory of the case. It is only fair to permit Olin to do the same and add theories and claims that Olin has uncovered over the course of discovery.

And Olin has not delayed in seeking to amend the claims it already asserted in its original counterclaim. The District responded to those claims with a motion to dismiss (which argued that all of Olin's four claims should be dismissed over the span of six pages of briefing) that the court has taken under submission. It bears noting that the District's motion argued that Olin's counterclaims should be dismissed, but did not try to explain why any such dismissal should be with prejudice. Thus, even if the court were to grant the District's pending motion at this point, it would have done so while giving Olin leave to amend. *Cf. Eminence Capital*, 316 F.3d at 1052 ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment.").

In arguing that Olin's proposed amendment would be futile, the District focuses only on the claims Olin seeks to add asserting theories grounded in fraud, i.e., the District does not contend that Olin's efforts to amend its original counterclaims would be futile. The District does not attack the legal viability of Olin's new fraud theories, but instead argues that Olin's disclosure of witnesses lists only three people who have yet to be deposed, and that not one that has been deposed has proffered evidence of Olin's reliance. Perhaps one of the three undeposed witnesses will. Perhaps Olin will demonstrate reliance in another manner. Olin's burden to establish reliance is, in this context, appropriately tested by a motion for summary judgment as discovery comes to a close, not by denying Olin the chance to plead and develop its case.

Finally, and most importantly, the District argues that permitting Olin to amend its counterclaims will cause the District undue prejudice. The District advances three arguments. First, it argues that Olin's addition of fraud claims will "radically shift the nature of the case." This may be so, but no more so than the District has by alleging it is entitled to recover its recharge expenses. Moreover, Olin's fraud claims arise from the District's recharge activities that the District has now made the focus of this case. Second, the District argues that Olin's amendment will prejudice it by requiring it file another motion to dismiss. This is prejudice, but it is no more undue than the prejudice imposed by the standard practice of granting dismissal with leave to amend. Third, the District argues that Olin's amendment, if granted, will occur two weeks before the close of discovery. As discussed above, the District did not seem concerned about the discovery cutoff with regard to *its* new theories of the case. Accordingly, the court is not persuaded that the prejudice caused by potentially extending the discovery cutoff outweighs the interest of justice in permitting Olin to articulate its case.

### III.  ORDER

For the foregoing reasons, the court denies Olin's motion to require the District to amend its complaint to assert its alleged entitlement to its recharge costs. The court grants Olin's motion to file its amended counterclaim (Docket No. 65, Exhibit 1). Accordingly, the court finds as moot the District's motion to dismiss Olin's counterclaim currently under submission.

DATED:      3/13/2009

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1 | **Notice of this document has been electronically sent to:**

2 | **Counsel for Santa Clara Valley Water District:**

3 | Christopher Berka            chris.berka@bingham.com
Greg Alan Christianson        greg.christianson@bingham.com
4 | Holly Louise Pearson         holly.pearson@bingham.com

5 | **Counsel for Olin Corp.:**

6 | Randall C. Creech            Rcreech@sjlegal.com
Benjamin Patrick Smith        bpsmith@morganlewis.com
7 | Michael Eric Molland         mmolland@morganlewis.com

8 | Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      3/13/2009                          TSF
                                          **Chambers of Judge Whyte**

ORDER REGARDING MOTIONS TO AMEND THE PLEADINGS — C-07-03756 RMW
TSF                                                9