\*\* E-Filed 06/19/2009 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTA CLARA VALLEY WATER DISTRICT,<br><br>　　　　Plaintiff,<br>　v.<br><br>OLIN CORPORATION and DOES 1–10, inclusive,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | No. C07-03756 RMW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**[Re: Docket Nos. 113, 117]** |

Plaintiff Santa Clara Valley Water District (the "District") sued defendant Olin Corporation ("Olin") to recover costs for the District's response to groundwater contamination it alleges Olin caused in the Llagas Sub-basin. Olin countersued the District for reimbursement of Olin's remediation costs on grounds that the District concealed from the public its knowledge of a third party's earlier contamination. A trial is currently scheduled for July 20, 2009.

The District moves to compel a Rule 45 subpoena *duces tecum* against Olin's consultant, MACTEC Engineering and Consulting, Inc. ("MACTEC").[1] Olin opposes the motion on grounds that the District's all-inclusive Document Subpoena Requests ("DSRs") are overly broad, burdensome to a third party, and not relevant. Upon consideration of the papers

---

[1] The District also filed a motion to compel a nearly identical Rule 45 subpoena against another Olin consultant, Geosyntec Consultants ("Geosyntec"). At the hearing, the parties advised the court that they would apply the court's ruling for this motion to the Geosyntec motion as well.

United States District Court
For the Northern District of California

1  filed by the parties, as well as the arguments made at the motion hearing, this court grants the
2  District's motion in part and denies it in part.

**DISCUSSION**

The District moved to compel production for all DSRs in its subpoena. However, by the time the matter came up for hearing, and after a further meet and confer during a recess in the hearing, the parties informed the court that they had resolved all but nine of the DSRs. The court therefore denies as moot all DSRs in the District's motion to compel other than the nine discussed below.

**A.  DSR No. 1**

The District's first DSR asked for all documents relating to the work MACTEC did for Olin. The District later limited the request to all draft reports and memoranda. (Apparently, the District already has the final reports and memoranda.) Olin argued that this limitation was still too broad as MACTEC issued some 200 reports and memoranda. The District intends to use the drafts to determine whether MACTEC removed information beneficial to the District from the final versions. On the eve of trial, however, the court is not persuaded that MACTEC must produce drafts for *all* reports and memoranda. Therefore, the District's motion as to DSR No. 1 is GRANTED with this limitation: the District shall select fifty reports and/or memoranda and MACTEC shall produce the drafts for them.

**B.  DSR No. 3**

DSR No. 3 asked for all documents pertaining to MACTEC's evaluation of perchlorate. The District advised the court it was only asking for items relating to MACTEC's evaluation of and process for determining whether the District was responsible for perchlorate contamination. It argued that such documents directly pertained to Olin's counterclaim against the District. Olin objected that the word "evaluation" still made the DSR too broad. The court agrees that "evaluate" can have varying interpretations, some that would make this DSR overly broad. Accordingly, the District's motion as to DSR No. 3 is GRANTED with this limitation:

///

MACTEC shall produce only those documents that indicate the District's responsibility for perchlorate contamination.

**C.    DSR No. 5**

The fifth DSR asked for documents concerning MACTEC's monitoring of operations and discharge at the Olin facility in Morgan Hill, California. The District later limited the DSR to perchlorate discharge. At the hearing, the District further clarified that it intended the request to apply only to the period of time when the facility was in operation. The District's motion as to DSR No. 5 is therefore GRANTED with this limitation: MACTEC shall produce documents relating to perchlorate discharge up until the time of the facility's closure.

**D.    DSR No. 14**

DSR No. 14 requested all invoices MACTEC submitted to Olin. Olin wanted this request limited to invoices relating to damages that Olin is claiming. The District argued that the invoices for work MACTEC billed, but that Olin did not claim as damages, would help them defend against the amounts Olin did claim. That argument does not convince. In any event, the District presumably could have obtained these invoices from Olin. Accordingly, the motion as to DSR No. 14 is GRANTED with this limitation: MACTEC shall produce invoices relating only to what Olin is claiming as damages.

**E.    DSR No. 15**

The District also asked for the identity of each MACTEC employee that worked for Olin and the nature of each employee's work. The District said it wanted to compare the employees' time records to what MACTEC actually billed. Olin objected that such a response would require the creation of a document, and that the District was implying fraud, which was not at issue. It was further represented to the court that many employee time records were archived and not readily accessible. The court is unpursuaded on the record presented that it should compel MACTEC to produce documents relating to this DSR, especially so close to trial. Accordingly, the District's motion as to DSR No. 15 is DENIED.

///

///

3

**F.    DSR No. 16**

DSR No. 16 asked for evidence of the dates of all payments Olin made to MACTEC. The District noted that Olin is claiming interest from the date of invoice as part of its damage calculation. It asserted it was instead more appropriate to calculate interest from the date of payment. Olin argued that the production would be "somewhat" burdensome for MACTEC, especially for earlier years of the project. The court agrees that delays between the date invoiced and the date paid could affect the interest calculation. However, again, these are documents that the District could have obtained from Olin rather than from a third party. As a result, the motion as to DSR No. 16 is GRANTED with this limitation: MACTEC shall produce evidence of payments Olin made to MACTEC that are within MACTEC's readily available care, custody, or control. MACTEC is not required to access archived or remotely stored information.

**G.    DSR Nos. 17–19**

Finally, the District requested test documents for the influent (No. 17), midpoint (No. 18), and effluent (No. 19) from the Olin facility's ion-exchange treatment system. Although the parties proposed that all three DSRs were at issue, as the conversation continued at the hearing, Nos. 17 and 18 fell away and the parties only discussed No. 19. Therefore, the District's motion as to DSR Nos. 17 and 18 is DENIED.

For DSR No. 19, the parties focused on whether MACTEC obtained any "J-flag values" for perchlorate during its testing for Olin. As explained to the court, J-flag values are test results that may indicate trace levels of perchlorate in water, but because the results are under the detection limit of the chromatograph, perchlorate is reported as not detected. The District wants the chromatograms for the water Olin returned to the ground after its ion-exchange process to determine whether there were any J-flag values. It also wants the underlying test data to confirm MACTEC's results. Olin said that MACTEC could produce any J-flag value results, but that the underlying data was not relevant as the District had not previously suggested that MACTEC falsified its results. The court is not persuaded that the underlying data is necessary for the District to assess the validity of MACTEC's results. The District's

4

1 motion as to DSR No. 19 is therefore GRANTED with this limitation: MACTEC shall produce
2 (1) the standard operating procedures for the chromatographs, including information about
3 reporting limits; (2) the chromatograms showing J-flag values for perchlorate from the effluent
4 of the ion-exchange system; and (3) the calibration records for the dates where a chromatograph
5 generated J-flag values.

6 MACTEC shall provide all responsive documents as described above within ten days of
7 this order.

9 **IT IS SO ORDERED.**

11 Dated: June 19, 2009

12 _____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**Notice will be electronically mailed to:**

| | |
|---|---|
| Christopher Berka | chris.berka@bingham.com |
| Greg Alan Christianson | greg.christianson@bingham.com |
| Emily Jane Leahy | emily.leahy@bingham.com |
| Holly Louise Pearson | holly.pearson@bingham.com |
| Michael Eric Molland | mmolland@morganlewis.com. |
| Randall C. Creech | Rcreech@sjlegal.com |
| Aaron Scott Dutra | asdutra@morganlewis.com |
| Benjamin Patrick Smith | bpsmith@morganlewis.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

6